UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SARAH BRADBURN, PEARL CHERRINGTON, CHARLES HEINLEN and the SECOND AMENDMENT FOUNDATION,

                Plaintiffs,

v.

NORTH CENTRAL REGIONAL LIBRARY DISTRICT,

                Defendant.

No. CV-06-327-EFS

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## I. PRELIMINARY STATEMENT

1. Plaintiffs challenge the constitutionality of a policy adopted by the North Central Regional Library District ("NCRL") whereby the NCRL will not, at the request of adults who wish to access constitutionally-protected speech, disable Internet filters that the NCRL has installed on its publicly-available computer terminals. The NCRL's policy of refusing to disable its Internet filters upon request is restricting the ability of speakers, content providers and patrons of the NCRL's public library branches to access the contemporary marketplace of ideas. Plaintiffs seek permanent injunctive relief that will end this unlawful form of censorship.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF – Page 1

bb280701.3

RAFEL MANVILLE PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660   fax 206.838.2661

Dockets.Justia.com

## II. JURISDICTION AND VENUE

2. The Court has original jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as this is an action to redress the deprivation, under color of state law, of rights secured by the Constitution and laws of the United States. Plaintiffs seek remedies under 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. §§ 1983 and 1988, and Fed. R. Civ. P. 65.

3. The Court has supplemental jurisdiction over Plaintiffs' claim for violation of Article I, Section 5 of the Washington State Constitution pursuant to 28 U.S.C. § 1367(a).

4. Defendant NCRL resides, is found, has agents and transacts business in this judicial district, and its acts in violation of the United States and Washington State Constitutions have arisen and continue to arise in this judicial district. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

5. Plaintiff Sarah Bradburn is a resident of Republic, Ferry County, Washington. Ms. Bradburn is a patron of the Republic branch of the NCRL system. She uses the Republic Public Library's computers to access the Internet for lawful purposes.

6. Plaintiff Pearl Cherrington is a resident of Twisp, Okanogan County, Washington. She is a patron of the Twisp branch of the NCRL system. She uses the Twisp Public Library's computers to access the Internet for lawful purposes.

7. Plaintiff Charles Heinlen is a resident of Okanogan, Okanogan County, Washington. He is a patron of the Omak, Okanogan and Wenatchee branches of the NCRL system. He uses the Omak, Okanogan and Wenatchee Public Libraries' computers to access the Internet for lawful purposes, and lawfully to send and receive email messages.

8. Plaintiff the Second Amendment Foundation ("SAF") is a not-for-profit education, research, publishing and legal action group focusing on the constitutional right to own and possess firearms. SAF is headquartered in Bellevue, Washington, and has more than

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF – Page 2

bb280701.3

RAFEL MANVILLE PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

600,000 members nationwide, including members in Chelan, Douglas, Ferry, Grant and Okanogan Counties. SAF maintains a site on the World Wide Web ("Web") at www.saf.org, and sponsors several publications that are available online. SAF chose this method of publication as an economical and effective way to communicate its views to its members and to interested persons wherever they might live and however they might gain access to the Internet. SAF wishes to communicate the contents of its Web site and sponsored publications to Internet users in North Central Washington who may rely on public library computers for Internet access.

9. Defendant the North Central Regional Library District is a municipal corporation that was established in 1960 by a vote of the rural residents of Chelan, Douglas, Ferry, Grant and Okanogan Counties. The NCRL was formed and is operating under Chapter 27 of the Revised Code of Washington and other statutes applicable to inter-county rural library districts. The NCRL was organized to provide library services for, and operate branch libraries in all areas outside of incorporated cities and towns within Chelan, Douglas, Ferry, Grant and Okanogan Counties, as well as incorporated cities and towns that are either annexed to the aforementioned counties or have entered into service contracts with the NCRL. The NCRL operates 28 community libraries in Chelan, Douglas, Ferry, Grant and Okanogan Counties. The actions of the NCRL that form the basis of this Complaint for Declaratory and Injunctive Relief have been taken under color of statutes, regulations and other laws of the State of Washington.

## IV. FACTS

10. The Internet is a network of interlinked computers and computer networks. Broadband Internet connections are becoming increasingly common, but Internet and broadband penetration rates in rural areas lag behind those in urban and suburban areas. It is thus particularly important that public libraries in rural areas and in small cities and towns provide Internet access – if possible via a broadband connection.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF – Page 3

RAFEL MANVILLE PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

bb280701.3

11.  The Web consists of a vast number of documents stored in computers around the world. Internet users employ tools such as browsers and search engines to locate Web pages, which are accessible via hyperlinks. An enormous amount of information is available on the Web – including art, literature, medical and scientific information, humor, news, sports, religion, history, political commentary, music and government information. Sexually-oriented material is also available, but it constitutes a very small fraction of total Web content.

12.  The NCRL recognizes that the Web contains materials that are enriching to users of all ages. In furtherance of its mission to promote reading and lifelong learning, and to meet the diverse educational, vocational and recreational needs of its patrons, the NCRL provides public Internet access at all of its library branches.

13.  An Internet filter is a software product that filters Web content by keyword or that blocks particular Web sites based on their Uniform Resource Locator ("URL"). An Internet user attempting to view a blocked Web site typically receives an error message indicating that access has been denied. Web content at all NCRL branches is filtered. On information and belief, the NCRL filters Web content using a server software product called SmartFilter, Bess edition, manufactured by California-based Secure Computing Corporation.

14.  Secure Computing categorizes Web sites by means of a secret algorithm and review by human employees. Web sites are currently sorted into the following categories: Alcohol, Anonymizers, Anonymizing Utilities, Art/Culture/Heritage, Auction, Business, Chat, Computing/Internet, Consumer Information, Criminal Skills, Dating/Social, Drugs, Education/Reference, Entertainment/Recreation/Hobbies, Extreme, Finance, For Kids, Forum Bulletin Boards, Gambling, Gambling Related, Game/Cartoon Violence, Games, General News, Government/Military, Gruesome Content, Hacking, Hate Speech, Health, History, Humor, Information Security, Instant Messaging, Interactive Web Applications, Internet Radio/TV, Job Search, Malicious Sites, Media Download, Messaging, Mobile Phone, Moderated, Non-Profit Organizations/Advocacy Groups, Nudity, P2P/File Sharing, Personal

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF – Page 4

bb280701.3

RAFEL MANVILLE PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660   fax 206.838.2661

Network Storage, Personal Pages, Phishing, Politics/Opinion, Pornography, Portal Sites, Profanity, Provocative Attire, Religion and Ideology, Remote Access, Resource Sharing, School Cheating Information, Search Engines, Sexual Materials, Shareware/Freeware, Shopping/Merchandizing, Spam Email URLs, Sports, Spyware, Stock Trading, Streaming Media, Technical/Business Forums, Text/Spoken Only, Tobacco, Travel, Usenet News, Violence, Visual Search Engine, Weapons, Web Ads, Web Mail, Web Phone. The Web sites contained in the above-referenced categories contain a significant quantity of non-obscene expression that is protected by the First Amendment of the Unites States Constitution and by Article I, Section 5 of the Washington State Constitution.

15. The end user of Secure Computing's SmartFilter product can choose which categories of Web sites to block. On information and belief, the NCRL has configured its SmartFilter software to block Web sites in the following categories, or in categories equivalent to the following categories: Alcohol, Anonymizers, Chat, Criminal Skills, Dating/Social, Drugs, Extreme, Gambling, Game/Cartoon Violence, Gruesome Content, Hacking, Hate Speech, Malicious Sites, Nudity, P2P/File Sharing, Personal Pages, Phishing, Pornography, Profanity, School Cheating Information, Sexual Materials, Spyware, Tobacco, Violence, Visual Search Engine and Weapons. The NCRL's configuration of its SmartFilter software in the manner described above results in the blocking of a substantial amount of expression that is protected by the First Amendment of the Unites States Constitution and by Article I, Section 5 of the Washington State Constitution.

16. The NCRL will not, upon request, disable the Internet filters that it has installed on its publicly-available computers in order to allow adult library patrons to conduct bona fide research via the Internet or to access the Web for other lawful purposes.

17. Plaintiff Sarah Bradburn has attempted to use computers maintained by the NCRL to conduct Internet research – particularly regarding alcohol and drug-addiction topics – in connection with academic assignments. When Ms. Bradburn tried to access material and

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF – Page 5

RAFEL MANVILLE PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

bb280701.3

obtain information relating to youth tobacco usage, the Internet filters that the NCRL had installed on its computers prevented her from doing so. The material and information to which Ms. Bradburn has been denied access is protected by the First Amendment of the Unites States Constitution and by Article I, Section 5 of the Washington State Constitution.

18. Plaintiff Pearl Cherrington is a professional photographer, her work consisting mostly of landscapes and outdoor scenes. She has attempted to use computers maintained by the NCRL to conduct Internet research and obtain information regarding art topics – including art galleries that might be interested in displaying her work. She has also attempted to use NCRL computers to conduct Internet research and obtain information about health topics. Her ability to conduct her research and obtain information via the Internet has been restricted by the filters that the NCRL has installed on its computers. The material and information to which Ms. Cherrington has been denied access is protected by the First Amendment of the Unites States Constitution and by Article I, Section 5 of the Washington State Constitution.

19. Plaintiff Charles Heinlen has attempted to use computers maintained by the NCRL to conduct Internet research and obtain information on topics relating to firearms. His ability to conduct research and access information related to firearms has been restricted by the Internet filters that the NCRL has installed on its computers. The filters have also denied Mr. Heinlen access to various dating sites, publications such as Soldier of Fortune Magazine (www.sofmag.com), the Web log (or "blog") that he maintains at www.myspace.com, and photographs embedded in commercial emails that are sent to his Hotmail and Yahoo! email accounts. The material and information to which Mr. Heinlen has been denied access is protected by the First Amendment of the Unites States Constitution and by Article I, Section 5 of the Washington State Constitution.

20. One of the publications that Plaintiff SAF sponsors is Women & Guns, a magazine with its own Web site, located at www.womenandguns.com. Women & Guns is written and edited by women, for women. It covers topics such as self-defense, personal

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF – Page 6

RAFEL MANVILLE PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

bb280701.3

protection, recreational shooting, new products and legal issues. Women & Guns' Web site has been blocked by the Internet filters that the NCRL has installed on its computers. The information contained in Women & Guns is protected by the First Amendment of the Unites States Constitution and by Article I, Section 5 of the Washington State Constitution. Because the NCRL's Internet filters have blocked access to www.womenandguns.com on the NCRL's computers, SAF has been prevented from communicating with Internet users in North Central Washington who rely on public library computers for Internet access.

21. The NCRL's policy of not disabling its Internet filters upon the request of an adult has rendered inaccessible to library patrons a large number of Web sites containing a substantial amount of expression that is protected by the First Amendment of the United States Constitution and by Article I, Section 5 of the Washington State Constitution; has undermined the ability of Plaintiffs Sarah Bradburn, Pearl Cherrington and Charles Heinlen to view constitutionally-protected speech, conduct bona fide research and use the Internet to access the Web for lawful purposes; and has prevented SAF from making constitutionally-protected speech available to patrons of the NCRL.

## V. CAUSES OF ACTION

### A. VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

22. Plaintiffs reallege and incorporate by reference herein the allegations of paragraphs 1 through 21 above.

23. The NCRL's policy of refusing to disable its Internet filters upon the request of adults who wish to conduct bona fide research via the Internet or to access the Web for other lawful purposes violates the First Amendment of the United States Constitution (which is made applicable to state entities through the Fourteenth Amendment) on its face and as applied.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF – Page 7

RAFEL MANVILLE PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660   fax 206.838.2661

bb280701.3

## B. VIOLATION OF ARTICLE I, SECTION 5 OF THE WASHINGTON STATE CONSTITUTION

24. Plaintiffs reallege and incorporate by reference herein the allegations of paragraphs 1 through 23 above.

25. The NCRL's policy of refusing to disable its Internet filters upon the request of adults who wish to conduct bona fide research via the Internet or to access the Web for other lawful purposes violates Article I, Section 5 of the Washington State Constitution on its face and as applied.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Sarah Bradburn, Pearl Cherrington, Charles Heinlen and the Second Amendment Foundation pray for relief as follows:

A. For a declaration that the NCRL's policy of refusing to disable its Internet filters upon the request of adults who wish to conduct bona fide research via the Internet or to access the Web for other lawful purposes violates the First Amendment of the United States Constitution;

B. For a declaration that the NCRL's policy of refusing to disable its Internet filters upon the request of adults who wish to conduct bona fide research via the Internet or to access the Web for other lawful purposes violates Article I, Section 5 of the Washington State Constitution;

C. For an order directing the NCRL and its officers, agents, servants and employees to disable the NCRL's Internet filters upon the request of adults who wish to conduct bona fide research via the Internet or to access the Web for other lawful purposes;

D. For an award of reasonable attorney fees and costs of suit pursuant to 42 U.S.C. § 1988; and

E. For such other and further relief as the Court may deem just and equitable.

DATED this _____ day of November, 2006.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF – Page 8

bb280701.3

RAFEL MANVILLE PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

| | |
|---|---|
| 1 | DATED this 16th day of November, 2006. |
| 2 | RAFEL MANVILLE PLLC |
| 4 | By _____ |
| 5 | Duncan Manville, WSBA #30304<br>Robert A. Hyde, WSBA #33593 |
| 6 | On behalf of the ACLU of Washington |
| 7 | ACLU OF WASHINGTON |
| 10 | By _____ 33593 for<br>Aaron Caplan, WSBA #22525 |
| 12 | Attorneys for Plaintiffs Sarah Bradburn, Pearl Cherrington, Charles Heinlen and the Second Amendment Foundation |

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF – Page 9

RAFEL MANVILLE PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

bb280701.3