Thomas D. Adams, WSBA #18470
tom.adams@bullivant.com
Bullivant Houser Bailey PC
1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930
Facsimile: 206.386.5130

Attorneys for Defendant North
Central Regional Library District

THE HONORABLE EDWARD F. SHEA

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

SARAH BRADBURN, PEARL CHERRINGTON, CHARLES HEINLEN, and the SECOND AMENDMENT FOUNDATION,

Plaintiffs,

v.

NORTH CENTRAL REGIONAL LIBRARY DISTRICT,

Defendant.

No.: CV-06-327-EFS

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT NORTH CENTRAL REGIONAL LIBRARY DISTRICT

Defendant North Central Regional Library District ("NCRL") responds to Plaintiffs' Complaint for Declaratory and Injunctive Relief as follows:

1.  Plaintiffs' "Preliminary Statement" is factually and legally groundless and reflects the frivolous nature of their action. NCRL believes the allegations ¶ 1 require no response. To the extent a response is required, the allegations are denied.

2.  NCRL agrees this Court has jurisdiction over the parties and the subject matter of the action.

ANSWER AND AFFIRMATIVE DEFENSES   Page 1   **Bullivant|Houser|Bailey PC**

3. NCRL agrees this Court may exercise supplemental jurisdiction over Plaintiffs' claim under the Constitution of the State of Washington but denies that this Court should exercise its discretion in this respect.

4. NCRL agrees venue is proper in this Court.

5. NCRL lacks knowledge or information sufficient to form a belief of the allegations ¶ 5 and therefore denies.

6. NCRL lacks knowledge or information sufficient to form a belief of the allegations ¶ 6 and therefore denies.

7. NCRL lacks knowledge or information sufficient to form a belief of the allegations ¶ 7 and therefore denies.

8. NCRL lacks knowledge or information sufficient to form a belief of the allegations ¶ 8 and therefore denies.

9. NCRL agrees it was formed in 1960 to provide library services for municipalities within Chelan, Douglas, Ferry, Grant, and Okanogan Counties. NCRL is dedicated to increasing the quality of life throughout North Central Washington by expanding the benefits offered to and provided by a reading public. NCRL provides the tools, programs, and books to inspire citizens of North Central Washington to read and to continue learning. NCRL is strongly committed to children's literacy. Its mission it to promote reading and lifelong learning.

10. NCRL agrees that internet connectivity is increasingly common in all geographic locations and that, generally speaking, such connectivity serves a valuable societal function. Otherwise, the allegations of ¶ 10 are merely part of Plaintiffs' polemic and require no response from NCRL.

11. NCRL agrees that the internet offers access to a vast amount of information. NCRL also understands that the internet may offer access to misinformation, illegal content, and content not properly accessible to all. NCRL has

legal responsibilities concerning internet access established by law, including without limitation the Children's Internet Protection Act ("CIPA").  NCRL has no way to know whether "sexually-oriented material … constitutes a very small fraction of total Web content" as Plaintiffs contend.  Otherwise, the allegations of ¶ 11 are merely part of Plaintiffs' polemic and require no response from NCRL.

12.  NCRL agrees that internet access can enrich and enhance the learning process for the citizens it serves.

13.  NCRL does not presently utilize the internet filter system described by Plaintiffs.  Consequently NCRL lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations of ¶ 13 and therefore denies them.

14.  NCRL does not presently utilize services offered by Secure Computing.  Consequently NCRL lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations of ¶ 14 and therefore denies them.

15.  NCRL does not presently utilize services offered by Secure Computing.  Consequently NCRL lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations of ¶ 15 and therefore denies them.  NCRL denies it has ever operated an internet filtering system in contravention of the standards established by the Constitutions of the United States or the State of Washington.

16.  NCRL denies the allegations of  ¶ 16.

17.  NCRL does not know what topics Plaintiff Bradburn researched or attempted to research through internet resources it provided or when or where Plaintiff Bradburn attempted such research.  NCRL denies all other allegations of ¶17.

18.  NCRL does not know what topics Plaintiff Cherrington researched or attempted to research through internet resources it provided or when or where Plaintiff Bradburn attempted such research.  NCRL denies all other allegations of

¶18.

19. NCRL does not know what topics Plaintiff Heinlen researched or attempted to research through internet resources it provided or when or where Plaintiff Heinlen attempted such research. Upon information and belief Plaintiff Heinlen is an avid user of social networking sites and maintains a "blog" under the pseudonym "Cannibal Chuck" accessible through the following link: http://www.myspace.com/cannibalchuck. NCRL denies all other allegations of ¶19.

20. NCRL lacks knowledge or information about the content or philosophy of the magazine and internet site entitled "Women & Guns" or www.womenandguns.com. All other allegations of ¶20 are denied.

21. The allegations of ¶21 are denied.

22. NCRL incorporates each of its previous responses to Plaintiffs' allegations.

23. The allegations of ¶23 are denied.

24. NCRL incorporates each of its previous responses to Plaintiffs' allegations.

25. The allegations of ¶25 are denied.

In further response to Plaintiffs' Complaint, NCRL alleges the following Affirmative Defenses:

26. NCRL incorporates each of its previous responses to Plaintiffs' allegations.

27. Plaintiffs allegations fail to state a claim upon which relief can be granted.

28. Plaintiffs claims have been rendered moot by NCRL's recent

installation of an internet filtering system known generally as "Fortinet." Such system went into effect in approximately October 2006 in the normal course of NCRL operations as part of a system wide telecommunications upgrade and for reasons having nothing to do with Plaintiffs' allegations.

29.   Plaintiffs have failed to allege facts constituting a present case or controversy.

30.   Prior to and after the installation of Fortinet, one or more of Plaintiffs failed to seek assistance from NCRL staff in gaining access to internet sites they may have found inaccessible. NCRL has and always has had a procedure in place for dealing with such inquiries. Such policy was made known generally to citizens using NCRL facilities yet Plaintiffs chose not to avail themselves of the process.

31.   Plaintiffs claims are not well-grounded in fact or law and are frivolous under state and federal law. Had Plaintiffs performed reasonable due diligence prior to filing this action they would have discovered the existence and effect of the current internet filter system utilized by NCRL and may have been provided the very access they claim to have been denied.

32.   Plaintiffs claims are not actionable under 42 USC 1983 et. seq.

WHEREFORE, having answered Plaintiffs' Complaint and having alleged its presently known Affirmative Defenses, NCRL prays that:

(1)   Plaintiffs Complaint be dismissed and judgment entered in favor of NCRL;

(2)   NCRL recover its costs and all attorney fees allowed by law including, without limitation, laws such as 42 USC 1988 and Fed. R. Civ. Pro 11;

(3)   NCRL recover such other legal or equitable relief as this Court deems appropriate.

1  DATED: January 2, 2007

2                                          BULLIVANT HOUSER BAILEY PC

4                                          /s/ Thomas D. Adams
                                           Thomas D. Adams, WSBA #18470
5                                          E-mail: tom.adams@bullivant.com
                                           Attorney for Defendant  North Central
6                                          Regional Library District
                                           BULLIVANT HOUSER BAILEY PC
7                                          1601 Fifth Avenue, Suite 2300
                                           Seattle, Washington  98101-1618
8                                          Telephone: 206.292.8930
                                           Facsimile: 206.386.5130

10  3517665.1

**CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

| | |
|---|---|
| rhyde@rafelmanville.com<br>Duncan Manville<br>Robert Hyde<br>Rafel Manville PLLC<br>999 Third Ave, Ste 1600<br>Seattle, WA 98104 | caplan@aclu-wa.org<br>Aaron A. Caplan<br>ACLU of Washington<br>705 Second Avenue, Ste 300<br>Seattle, WA 98104 |

BULLIVANT HOUSER BAILEY PC


By:/s/Elen A. Sale
    Elen A. Sale
    ele.sale@bullivant.com

3517665.1