The Honorable Edward F. Shea

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| SARAH BRADBURN, PEARL CHERRINGTON, CHARLES HEINLEN and the SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH CENTRAL REGIONAL LIBRARY DISTRICT,<br><br>Defendant. | No. CV-06-327-EFS<br><br>**ATTORNEY REPORT** |

The parties submit this Attorney Report pursuant to the Court's January 4, 2007 Notice Setting Court's Scheduling Conference ("Notice"), and Fed. R. Civ. P. 26.

Pursuant to the Notice and Fed. R. Civ. P. 26(f), counsel for the parties conferred by telephone on Monday, January 15, 2007. On the call were Duncan Manville and Robert A. Hyde of Rafel Manville PLLC (representing Plaintiffs), and Thomas D. Adams and Celeste M. Monroe of Bullivant Houser Bailey PC (representing Defendant). Counsel discussed the topics listed in the Notice, and additional items referenced in Fed. R. Civ. P. 26.

**a.   Service of Process on Parties Not Yet Served**

Service has been accomplished on all parties.

ATTORNEY REPORT – Page 1

ca250701

RAFEL MANVILLE PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660   fax 206.838.2661

**b.  Jurisdiction and Venue**

The parties agree that the Court has original jurisdiction over the parties and over the subject matter of this dispute. Plaintiffs contend that the Court has supplemental jurisdiction over their claim for violation of Article I, Section 5 of the Washington State Constitution pursuant to 28 U.S. C. § 1367(a). Defendant contends that the Court may exercise supplemental jurisdiction over Plaintiff's claim under the Washington State Constitution, but that the Court should not exercise such jurisdiction. The parties agree that venue is proper in this Court.

**c.  Anticipated Motions**

Depending on the information that is disclosed during the discovery process, Plaintiffs may file a motion for summary judgment at some point during this litigation. Defendant may file a motion to dismiss on the ground that, according to Defendant, there is no case or controversy for the Court to adjudicate. Each party would oppose a motion to dismiss or for summary judgment filed by the other party.

**d.  Disclosures Required by Fed. R. Civ. P. 26(a)(1)**

*i    Initial disclosures*

The parties have agreed to exchange their initial disclosures on or before February 14, 2007.

*ii    Discovery plan*

The parties are in agreement that discovery in this case should be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of Washington. At this time the parties do not anticipate any need to depart from the requirements and limitations set forth in the foregoing rules.

*iii    Pretrial deadlines*

The parties propose that this case be governed by the following schedule:

RAFEL MANVILLE PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

| | |
|---|---|
| Deadline for disclosing expert witnesses: | April 30, 2007 |
| Deadline for completing discovery: | July 30, 2007 |
| Deadline for hearing dispositive motions: | October 1, 2007 |
| Pretrial conference: | October 15, 2007 |
| Trial | October 29, 2007 |

This case will be tried to the Court, and the parties anticipate that the trial will last two weeks. As the case focuses on the use of Internet filters, audio/video equipment will undoubtedly be needed during the trial. The parties propose arranging for such equipment to be available as the trial date nears.

    e.    **Appropriateness of Special Procedures**

        *i*    *Consolidation of actions*

The parties are not aware of any other actions that could be appropriately consolidated with this one.

        *ii*    *Reference to a master or magistrate, to arbitration, or to the Judicial Panel on Multi-District Litigation*

The parties do not believe that this case should be referenced out.

        *iii*    *Application of the Manual for Complex Litigation*

The parties consider the Manual for Complex Litigation to be generally applicable.

        *iv*    *Bifurcation*

The parties agree that bifurcation will not be necessary.

    f.    **Modification of the Standard Pretrial Procedures**

The parties agree that the standard pretrial procedures need not be modified in this case.

    g.    **Feasibility of bifurcation or otherwise structuring sequence of the trial**

The parties agree that bifurcation or other similar structuring of the trial sequence will not be necessary.

#### h. Statement by Non-Governmental Corporate Party

This requirement does not apply, as the only corporate party to this litigation is the Second Amendment Foundation, a tax-exempt non-profit Washington corporation organized under § 501(c)(3) of the United States Internal Revenue Code.

#### i. Trial by Unites States Magistrate Judge

The parties do not consent to have this case tried by a full-time United States Magistrate Judge.

#### j. Prospects of Settlement

At this point there is no prospect of settlement. Circumstances may change depending how this case evolves through the discovery process and, possibly, through motion practice.

#### k. Whether the Case Involves a Minor or Incompetent Party

This case does not involve a minor or incompetent party. The appointment of a guardian ad litem will not be necessary.

#### l. Other Matters

At this time, the parties are not aware of any other matters that might be conducive to the just, efficient and economical determination of this action.

#### m. A Brief Description of the Claims and Defenses

Defendant is a municipal corporation that operates 28 community library branches in Chelan, Douglas, Ferry, Grant and Okanogan Counties. Plaintiffs are patrons of Defendant's library branches, and a non-profit organization that wishes to communicate the contents of its Web site and sponsored online publications to Defendant's patrons.

Plaintiffs challenge the constitutionality of a policy adopted by Defendant whereby Defendant will not, at the request of adults who wish to access constitutionally-protected speech, disable Internet filters that Defendant has installed on its publicly-available computer terminals. Plaintiffs claim that Defendant's policy of refusing to disable the filters upon request violates the First Amendment of the Unites States Constitution and Article I, Section 5

of the Washington State Constitution. Plaintiffs seek permanent injunctive relief that will end this practice.

Defendant denies that it has ever operated an Internet filtering system in violation of the standards established by the Constitutions of the United States or the State of Washington.

DATED this 30th day of January, 2007.

RAFEL MANVILLE PLLC

By _____
Duncan Manville, WSBA #30304
Robert A. Hyde, WSBA #33593
Attorneys for Plaintiffs Sarah Bradburn, Pearl
Cherrington, Charles Heinlen and the Second
Amendment Foundation

BULLIVANT HOUSER BAILEY PC

By _____ WSBA #30304
Thomas D. Adams, WSBA #18470
Celeste M. Monroe, WSBA #35843
Attorneys for Defendant North Central
Regional Library District

ATTORNEY REPORT – Page 5

RAFEL MANVILLE PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

ca250701