UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH BRADBURN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NORTH CENTRAL REGIONAL LIBRARY DISTRICT, <br><br> Defendant. | NO. CV-06-327-EFS <br><br> **ORDER GRANTING JOINT MOTIONS TO MODIFY CASE SCHEDULING ORDER ON EXPEDITED BASIS** |

BEFORE THE COURT, without oral argument, are Joint Motions to Modify Case Scheduling Order (Ct. Rec. 15) and for Expedited Hearing (Ct. Rec. 14). After reviewing the submitted material, the Court finds good cause to modify the Scheduling Order (Ct. Rec. 9) to extend pretrial deadlines. As a result of these extensions, a continuance of the pretrial conference and trial are necessary. The deadlines set forth in this Order may be amended **only** by Order of the Court and upon a showing of good cause. **IT IS HEREBY ORDERED**:

1. The Joint Motions to Modify Case Scheduling Order **(Ct. Rec. 15)** and for Expedited Hearing **(Ct. Rec. 14)** are **GRANTED.**

2. Rule 26(a)(2) Expert Identification and Reports - Parties are warned that failure to timely identify experts and provide reports in accordance with Rule 26 and this scheduling order may result in exclusion of such testimony absent good reason. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052 (9th Cir. 2005).

SCHEDULING ORDER ~ 1

     a. Defendant shall identify its experts and serve those experts' Rule 26(a)(2) reports on Plaintiffs no later than **October 12, 2007.** Defendant shall also provide dates for which those experts can be available for deposition.

     b. Plaintiffs shall identify their rebuttal experts and serve those experts' Rule 26(a)(2) reports on Defendant no later than **November 9, 2007.** Plaintiffs shall also provide dates for which those experts can be available for deposition.

Counsel is directed to e-mail the Rule 26(a)(2) reports to sheaorders@waed.uscourts.gov at the time they serve the opposing counsel. Counsel is then directed to file a Notice with the Court indicating their compliance with this Scheduling Order's Rule 26(a)(2) requirements.

3.    All discovery, including depositions and perpetuation depositions, shall be completed by **November 16, 2007** ("Discovery Cutoff"). All interrogatories, requests for production, and requests for admission shall be served on the opposing party no later than 70 days prior to the Discovery Cutoff. All motions for protective orders must be filed and served no later than 40 days prior to the Discovery Cutoff. All motions to compel discovery must be filed and served no later than 30 days prior to the Discovery Cutoff.

4.    **THE PARTIES SHALL FILE NO DISCOVERY EXCEPT THOSE PORTIONS NECESSARY TO SUPPORT MOTIONS OR OBJECTIONS.**

5.    All dispositive and *Daubert* motions shall be **FILED AND SERVED** on or before **November 30, 2007.** Responses to dispositive and *Daubert* motions shall be filed and served within 21 days after service of the motion. The reply of the moving party shall be filed and served 5 days,

SCHEDULING ORDER ~ 2

excluding federal holidays and weekends, after service of the opposing party's response. The parties shall also file a Joint Statement of Uncontroverted Facts for purposes of Federal Rule of Civil Procedure 56(d); this Statement shall be filed and served 3 days (excluding federal holidays and weekends) after service of the reply, with a courtesy copy e-mailed to Sheaorders@waed.uscourts.gov in WordPerfect or text-only format.

No supplemental responses or supplemental replies to any dispositive or *Daubert* motion may be filed unless the Court grants a motion to file such documents. Contrary to the Local Rules, dispositive and *Daubert* motions **shall be noted for hearing at least 45 days** after the date of filing. The parties will receive only one hearing date per month for dispositive motions of up to five issues per party.

Parties must identify any issue of liability or damages which should be certified to the State Supreme Court no later than the date for the filing of dispositive motions.

6. When a party relies on deposition testimony to support a position it takes in support or opposition to an issue, that party shall provide the Court with only the pertinent excerpts of the deposition testimony relied upon and shall cite to page and line numbers of the deposition it believes supports its position. See generally LR 56.1(e). Submission of the entire deposition and/or failure to cite to specific portions of the deposition may result in the submission being stricken from the record. *See Orr v. Bank of Am.*, 285 F.3d 764, 774-75 (9th Cir. 2002). In addition, when a party references a document previously filed with or by the Court, that party shall cite to the document by the record number

SCHEDULING ORDER ~ 3

given to the document by the Clerk of the Court, e.g. (Ct. Rec. 43). Furthermore, because the Court is able to easily review previously filed court records, no such documents shall be attached as exhibits to any filing.

7. Although Motions to Reconsider are disfavored, any Motion to Reconsider shall be filed no later than 10 days after the filing date of the Order which is the subject of the motion, and shall be noted for hearing **without oral argument**. No responses or replies to Motions to Reconsider shall be filed, unless the Court expressly requests responses or replies. Counsel shall follow CR 7(h) of the United States District Court **Western District of Washington** local rules. **Motions to Reconsider shall not exceed five pages**.

8. Parties are to comply with Local Rule 7.1(h) when noting motions for hearing, except as modified by this Court for dispositive and *Daubert* motions as set out above. If oral argument is necessary, counsel shall contact the Courtroom Deputy at 509-376-7262 to obtain a hearing date and time.

If there is need to have a motion heard on an expedited basis, the party must file a Motion for Expedited Hearing and an accompanying memorandum establishing need for an expedited hearing. The Motion for Expedited Hearing shall be noted for hearing, without oral argument, no sooner than two days after the filing date of the motion, absent good cause shown.

9. All other dates and deadlines in the Court's Scheduling Order (Ct. Rec. 9) are **STRICKEN** to be reset at the telephonic Scheduling Conference set for **October 3, 2007, at 8:45 a.m.** The parties are to call

SCHEDULING ORDER ~ 4

into the Court's public conference line (509-376-8880); use of cell-phones is prohibited.  Ten days in advance of the hearing, the parties are to submit a joint statement advising the Court as to available trial dates beginning March 2007 and thereafter.

IT IS SO ORDERED.  The District Court Executive is hereby directed to enter this Order and to furnish copies to counsel.

**DATED** this 18th   day of September 2007.

```
                    s/ Edward F. Shea
                    EDWARD F. SHEA
              United States District Judge
```

Q:\Secty\CIVIL\2006\06cv327efs sched ord.amend.frm

SCHEDULING ORDER ~ 5