UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH BRADBURN, et al., | |
| Plaintiffs, | NO. CV-06-327-EFS |
| v. | **SCHEDULING ORDER** |
| NORTH CENTRAL REGIONAL LIBRARY DISTRICT, | |
| Defendant. | |

A telephonic status conference was held in the above-entitled matter on October 18,2 007. Duncan Manville appeared on behalf of Plaintiffs. Thomas Adams appeared on behalf of Defendant. A Joint Status Certificate (Ct. Rec. 19) was filed by the parties. The Court having reviewed the documents in the file and discussed the adoption of a new scheduling order with counsel, now enters the following Scheduling Order. The dates set forth in this Order may be amended **only** by Order of the Court and upon a showing of good cause.

**IT IS ORDERED**:

1. Rule 26(a)(2) Expert Identification and Reports - Parties are warned that failure to timely identify experts and provide reports in accordance with Rule 26 and this scheduling order may result in exclusion of such testimony absent good reason. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052 (9th Cir. 2005).

SCHEDULING ORDER ~ 1

1  a. Plaintiffs shall identify their experts and serve those
2 experts' Rule 26(a)(2) reports on Defendant no later than **November 16,**
3 **2007.** Plaintiffs shall also provide dates for which those experts can be
4 available for deposition.

5  b. Defendant shall identify [its experts and serve those
6 experts' Rule 26(a)(2) reports on Plaintiffs no later than **December 7,**
7 **2007.** Defendant shall also provide dates for which those experts can be
8 available for deposition.

9  c. Plaintiffs shall identify their rebuttal experts and serve
10 those experts' Rule 26(a)(2) reports on Defendant no later than **December**
11 **21, 2007.** Plaintiffs shall also provide dates for which those experts can
12 be available for deposition.

13  Counsel is directed to e-mail the Rule 26(a)(2) reports to
14 "sheaorders@waed.uscourts.gov" at the time they serve the opposing
15 counsel.  Counsel is then directed to file a Notice with the Court
16 indicating their compliance with this Scheduling Order's Rule 26(a)(2)
17 requirements.

18  2.   All discovery, including depositions and perpetuation
19 depositions, shall be completed by **January 18, 2008** ("Discovery Cutoff").
20 All interrogatories, requests for production, and requests for admission
21 shall be served on the opposing party no later than 70 days prior to the
22 Discovery Cutoff.  All motions for protective orders must be filed and
23 served no later than 40 days prior to the Discovery Cutoff.  All motions
24 to compel discovery must be filed and served no later than 30 days prior
25 to the Discovery Cutoff.

26

SCHEDULING ORDER ~ 2

3.  **THE PARTIES SHALL FILE NO DISCOVERY EXCEPT THOSE PORTIONS NECESSARY TO SUPPORT MOTIONS OR OBJECTIONS.**

4.  All dispositive and *Daubert* motions shall be **FILED AND SERVED** on or before **February 2, 2008.** Responses to dispositive and *Daubert* motions shall be filed and served within 21 days after service of the motion. The reply of the moving party shall be filed and served 5 days, excluding federal holidays and weekends, after service of the opposing party's response.  The parties shall also file a Joint Statement of Uncontroverted Facts for purposes of Federal Rule of Civil Procedure 56(d); this Statement shall be filed and served 3 days (excluding federal holidays and weekends) after service of the reply, with a courtesy copy e-mailed to "Sheaorders@waed.uscourts.gov" in WordPerfect or text-only format.

No supplemental responses or supplemental replies to any dispositive or *Daubert* motion may be filed unless the Court grants a motion to file such documents.  Contrary to the Local Rules, dispositive and *Daubert* motions **shall be noted for hearing at least 45 days** after the date of filing.  The parties will receive only one hearing date per month for dispositive motions of up to five issues per party.

Parties must identify any issue of liability or damages which should be certified to the State Supreme Court no later than the date for the filing of dispositive motions.

5.  When a party relies on deposition testimony to support a position it takes in support or opposition to an issue, that party shall provide the Court with only the pertinent excerpts of the deposition testimony relied upon and shall cite to page and line

numbers of the deposition it believes supports its position. See generally LR 56.1(e). Submission of the entire deposition and/or failure to cite to specific portions of the deposition may result in the submission being stricken from the record. See Orr v. Bank of America, 285 F.3d 764, 774-75 (9th Cir. 2002). In addition, when a party references a document previously filed with or by the Court, that party shall cite to the document by the record number given to the document by the Clerk of the Court, e.g. (Ct. Rec. 43). Furthermore, because the Court is able to easily review previously filed court records, no such documents shall be attached as exhibits to any filing.

6. Although Motions to Reconsider are disfavored, any Motion to Reconsider shall be filed no later than 10 days after the filing date of the Order which is the subject of the motion, and shall be noted for hearing **without oral argument**. No responses or replies to Motions to Reconsider shall be filed, unless the Court expressly requests responses or replies. Counsel shall follow CR 7(h) of the United States District Court **Western District of Washington** local rules. **Motions to Reconsider shall not exceed five pages**.

7. Parties are to comply with Local Rule 7.1(h) when noting motions for hearing, except as modified by this Court for dispositive and *Daubert* motions as set out above. If oral argument is necessary, counsel shall contact the Courtroom Deputy at 509-376-7262 to obtain a hearing date and time.

If there is need to have a motion heard on an expedited basis, the party must file a Motion for Expedited Hearing and an accompanying

memorandum establishing need for an expedited hearing.  The Motion for Expedited Hearing shall be noted for hearing, without oral argument, no sooner than two days after the filing date of the motion, absent good cause shown.

No supplemental responses or supplemental replies to any motion may be filed unless the Court grants a motion to file such documents.

8.  Witness/Exhibit lists shall be filed and served and exhibits made available for inspection or copies provided to the parties on or before **March 22, 2008.**  For each witness, the witness list shall include a brief description of the witness, a brief summary of the witness' anticipated testimony, whether the witness will be called as an expert, and any known trial date/time conflicts that witness has.  For each exhibit, the exhibit list shall include a brief description of the exhibit.  Additionally, all exhibits shall be pre-marked; Plaintiffs' exhibits are to be numbered 1-499; Defendant's exhibits shall be numbered 500-999.

Objections to witnesses/exhibits shall be filed and served on or before **March 29, 2008,** AND SHALL BE HEARD AT THE PRETRIAL CONFERENCE.  All objections to witnesses shall set forth a legal basis and explanation for the objection.  Objections to an exhibit or the portion to which there are objections, shall be accompanied by a full and complete copy of the exhibit in question and set forth a short legal basis and explanation for the objection.  The party seeking the admission of the witness or exhibit has five days, excluding federal holidays and weekends, to file a response to the opposing party's objection; no reply is to be filed.

9. Designation of substantive, as opposed to impeachment, deposition or prior testimony to be used at trial shall be highlighted in yellow by Plaintiff or in blue by Defendant in a complete transcript of the deposition or prior testimony and served on or before **March 22, 2008.** Cross-designations shall be highlighted in yellow by Plaintiff or in blue by Defendant in the transcript containing the opposing party's initial designations and shall be served on or before **April 5, 2008.**

All objections to designated deposition or prior testimony and the legal bases for the objections, shall be filed and served on or before **April 12, 2008.** Any designated deposition or prior testimony objected to shall be underlined in black in a complete yellow/blue highlighted copy of the deposition/prior testimony transcript described above. A paper copy of the underlined document shall be filed and served with the objections. The party seeking admission of the testimony has 5 days, excluding federal holidays and weekends, to file a response; no reply is to be filed. If the deposition was videotaped, and the videotape is to be used at trial, the party seeking to use the videotaped deposition shall indicate the relevant portion on both the written transcript and the videotape. Similarly, objections shall be made on the written transcript as explained above along with the applicable time stamp on the videotape noted. All objections to deposition and prior testimony designations shall be heard and resolved at the pretrial conference.

10. All unresolved substantive or evidentiary issues that may forseeably arise during trial shall be addressed by MOTIONS IN LIMINE

SCHEDULING ORDER ~ 6

to be filed and served on or before **March 29, 2008.** Such motions will be addressed and resolved at the pretrial conference.

11.  An **in person** pretrial conference will be held at **10:00 a.m. on May 7, 2008, in Richland, Washington.**

12.  A JOINT PROPOSED PRETRIAL ORDER prepared in accordance with Local Rule 16.1(b) shall be filed on or before **April 29, 2008.** Counsel is instructed to e-mail the Pretrial Order, in WordPerfect or text only format, to "Sheaorders@waed.uscourts.gov".

13.  The list of exhibits contained in the Joint Proposed Pretrial Order shall reflect the exhibit marking scheme described above. In preparing the Joint Proposed Pretrial Order, the parties shall confer regarding duplicative exhibits and determine which party will submit such exhibits for trial. Counsel shall prepare and file a list of all exhibits which will be admitted without objection no later than **May 17, 2008.**

14.  In accordance with Local Rule 83.1(g), each party shall bring to trial, the pretrial conference, and any other hearing on the merits, photocopies of their relevant pre-marked exhibits for the Court, opposing counsel, and testifying witness, unless it is not possible to do so because of the nature of an exhibit. Photocopies for these different individuals are to be organized into separate binders by exhibit number.

15. Trial briefs and Proposed Findings of Fact and Conclusions of Law shall be filed and served on or before **May 17, 2008.** A courtesy copy of these documents shall also be submitted by e-mail to Chambers.

1  Counsel is instructed to e-mail these documents, in WordPerfect or
2  text only format, to "Sheaorders@waed.uscourts.gov".
3      16.  Any time-sensitive materials should be faxed to Chambers at
4  (509) 372-3051.
5      17.  The estimated five day Bench Trial shall commence at **9:00**
6  **a.m.** on **June 2, 2008,** in **Richland,** Washington.  **Counsel shall meet**
7  **with the Court in Chambers at 8:30 a.m. on the day of trial.**
8       IT IS SO ORDERED.  The District Court Executive is hereby
9  directed to enter this Order and to furnish copies to counsel.
10      **DATED** this 6th day of **November, 2007.**
11
12                        S/ Edward F. Shea
                         EDWARD F. SHEA
13                  United States District Judge
14
15
16 Q:\Civil\2006\06cv327efs sched ord.wpd

SCHEDULING ORDER ~ 8