The Honorable Edward F. Shea

Thomas D. Adams
Celeste Mountain Monroe
KARR TUTTLE CAMPBELL
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028
(206) 223-1313
Attorneys for North Central Regional Library District

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| SARAH BRADBURN, PEARL CHERRINGTON, CHARLES HEINLEN, and THE SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH CENTRAL REGIONAL LIBRARY DISTRICT,<br><br>Defendant. | NO. CV-06-327-EFS<br><br>DECLARATION OF DEAN MARNEY |

I, Dean Marney, declare as follows:

DECLARATION OF DEAN MARNEY - 1
CV-06-327-EFS
#658035 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Dockets.Justia.com

1. I am over the age of 18 and competent to testify to the matters set forth herein.

2. I am currently the Director of North Central Regional Library.

3. North Central Regional Library ("NCRL") is an inter-county rural library district and municipal corporation established in 1960.

4. NCRL is organized and operated pursuant to RCW 27.12 et. seq.

5. NCRL provides public library services to over 220,000 people in the areas of Chelan, Douglas, Ferry, Grant and Okanogan counties. (Attached as **Ex. A** is a true and correct copy of a map detailing our branch locations.)

6. The library district is funded by local property taxes, federal money, private grants and endowments.

7. Management and control of NCRL is vested in a regional board ("the Board") composed of two trustees from each of the more populated counties (Chelan and Grant) and one trustee each from the remaining three counties.

8. The Board adopts all policies for the library district.

9. The Board appoints a Director, who manages the library, directs the employees and serves as the liaison agent and two-way channel of communication between the library board and the staff.

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

10. As stated above, I am the current Director, having been appointed to the position in 1990. I have been employed by NCRL since 1977.

11. NCRL maintains a collection over 675,000 books and other materials which are available through twenty-eight (28) community libraries and NCRL's website.

12. NCRL provides service to its rural patrons through a mail order library, which is one of the only remaining mail order services in the country.

13. NCRL's twenty-eight branches vary in size. The largest branch is the Wenatchee, Washington branch, which has approximately 12,000 square feet of public area. The smallest branch is the Twisp, Washington branch which has approximately 701 square feet of public space. The average size of an NCRL branch is approximately 2865 feet.

14. Although there is a separate children's area in each NCRL branch, only one branch has a wall or other partition physically separating the adult section from the children's section.

15. Twenty NCRL branches are staffed by one librarian.

16. NCRL is committed to, and responsible for working cooperatively with public schools in our territory. In 14 of the 26 school districts in NCRL

DECLARATION OF DEAN MARNEY - 3
CV-06-327-EFS
#658035 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

territory, NCRL branch libraries actually serve as the defacto school library for school age children.

17. Internet access is provided in all NCRL branches.

18. Fifty-seven (57%) of NCRL branches have only one or two public use computers. Only three branches have more than four public use computers.

19. In order to qualify for federal LSAT ("Library Services and Technology") and E-rate funds, NCRL is required to operate "a technology protection measure with respect to any of its computers with Internet access that protects against access through such computers to visual depictions that are obscene, child pornography, or harmful to minors." (Attached as **Ex. B** is a true and correct copy of the Children's Internet Protection Act ("CIPA"). See **Ex. B** at ¶1712(a)(2)(f)(1)(A).

20. The "E-Rate program" allows qualifying libraries to purchase internet access at discounted rates. The Library Services and Technology Act ("LSTA") provides grants to states to support public libraries.

21. CIPA defines the terms obscene, child pornography, or harmful to minors to include depictions of sexual conduct, pornography, lewd exhibitionism, nudity, sexual activity, or simulated sexual activity that have no

DECLARATION OF DEAN MARNEY - 4
CV-06-327-EFS
#658035 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

serious literary, artistic, political or scientific value to minors. See **Ex. B** at Section ¶1703(b)(1).

22. CIPA defines the "technology protection measure" to include an Internet filtering device. See **Ex. B**, at Section ¶1703(b)(1).

23. CIPA gives librarians the option of disabling these filters if an adult patron specifically requests they be turned off under specific circumstances, but the statute does not require such requests be granted. See **Ex. B** at ¶1721(D).

24. Consistent with our broad discretion to decide what material to provide to our patrons in fulfillment of our mission to promote reading and lifelong learning, our obligation to create a safe environment for our patrons and employees, as well as our duty to comply with the Children's Internet Protection Act, all Internet use on NCRL library computers is filtered.

25. The mission of the North Central Regional Library is to promote reading and lifelong learning.

26. NCRL's collection development practices reflect our mission. (Attached as **Ex. C** is a true and correct copy of our Collection Development Policy.)

DECLARATION OF DEAN MARNEY - 5
CV-06-327-EFS
#658035 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

27. NCRL's Internet Public Use Policy is applied to reflect our mission. (Attached as **Ex. D** is a true and correct copy of our Internet Public Use Policy.)

28. NCRL will evaluate any request to unblock a site that falls within the blocked categories and classifications contained in our filtering profile.

29. NCRL has created an automated process whereby if a site is blocked, a patron can immediately send an email to NCRL administrators asking them to review the site.

30. Either Director of Public Services, Dan Howard, myself or my designate evaluate each request as we any other collection decision. We consider whether the requested content is consistent with the library's mission.

31. Of the 81 properly submitted automated requests we have received since October 2007, 65 have been evaluated with in 24 hours. The remaining 16 requests were typically made over a weekend or holiday, so decisions could not be made on the same day.

32. NCRL's current filtering profile is consistent with our mission to promote reading and lifelong learning, as well as create a safe environment for our patrons and staff.

DECLARATION OF DEAN MARNEY - 6
CV-06-327-EFS
#658035 v1 / 42703-001

33. NCRL's current filtering profile also facilitates compliance with the Children's Internet Protection Act (CIPA).

34. CIPA emphasizes that determinations regarding what matter is appropriate for minors shall be made locally, not by the federal government, leaving room for community standards. See **Ex. B** at ¶1732 (2).

35. The statute also gives libraries the option of disabling the filter at an adult patrons request to enable access for bona fide research or other lawful purpose. See **Ex. B** at ¶1712(3).

36. Although NCRL researched the feasibility of completely removing the filter for adult patrons, it ultimately decided such a policy change would not only present a technological challenge, but would be inconsistent with its mission.

37. Without having to purchase additional authentication software and hardward, or purchasing a new filtering solution, NCRL would have to designate one computer at each location for unfiltered access.

38. Thirty-two percent (32%) of NCRL branches currently have only one public use computer.

DECLARATION OF DEAN MARNEY - 7
CV-06-327-EFS
#658035 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

39. Beyond the technological challenges, complete removal of the filter would allow for the dissemination of unprotected speech, illegal materials, and information that could dismantle NCRL's entire computer network.

40. Complete removal of the filter would also allow patrons to obtain pornography and other graphic, inappropriate material NCRL would not otherwise provide to its patrons through other mediums.

41. NCRL decided access to such materials would create an unacceptable risk for children and could create a hostile atmosphere for families, children and staff in the library, so it elected to continue its policy of providing filtered access to the Internet at all public use computers.

42. NCRL's decision to continue providing filtered Internet access was informed by the fact that many of its branches are located in buildings that do not allow for much, if any, segregation of children and adults.

43. NCRL's policy of providing filtered Internet access also took into account branch library staff levels.

44. If a library patron views child pornography or other inappropriate content, NCRL has determined its employees could be unwelcomingly exposed to, and put in the position of, having to confront patrons.

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

45. NCRL did not want to employ a procedure that involved a multitude of different opinions from each branch's staff regarding the appropriateness of what people were accessing on the Internet.

46. NCRL administration considered potential options of implementing commonly used privacy measures, such as privacy screens or recessed desks in but rejected them in light of concerns from employees who had previously worked with such technology in other library districts, including Dan Howard.

47. SAF did not speak to NCRL staff or administrators about its concern regarding the alleged unavailability of its "Women & Guns" website prior to filing suit.

48. NCRL did not have an opportunity to investigate or potentially remedy SAF's concerns.

49. At this time, Women & Guns' website is available to NCRL patrons through the public use computers.

50. Ms. Bradburn did not speak to NCRL staff or administrators about her concerns that NCRL's filter was allegedly denying her access to particular websites prior to filing suit.

51. NCRL did not have an opportunity to investigate or potentially remedy Ms. Bradburn's concerns.

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

52. NCRL was utilizing the BESS filter at the time Ms. Bradburn was conducting her research, so it is not clear whether the sites she was attempting to access would be blocked by NCRL's current filtering profile or the Fortiguard filter.

53. Ms. Cherrington did not speak to NCRL staff about her concerns that NCRL's filter was allegedly denying her access to particular websites prior to filing suit.

54. NCRL did not have an opportunity to investigate or potentially remedy Ms. Cherrington's concerns.

55. NCRL was utilizing the BESS filter at the time Ms. Cherrington was conducting her research, so it is not clear whether the sites she was attempting to access would be blocked by the current Fortiguard filtering profile.

56. NCRL currently allows access to YouTube.com, as well as Myspace, understanding site administrators are actively enforcing the Terms of Use policies.

57. Mr. Heinlen is the only Plaintiff who spoke to NCRL staff and administrators prior to filing suit. However, Mr. Heinlen simply demanded the BESS filter be removed and did not request specific sites be unblocked.

58. When BESS was the operative filter, Mr. Heinlen was the only patron to ask NCRL administration to completely disable the filter.

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

59. Since Fortiguard has been installed, no patron has asked NCRL administration to completely disable the filter.

60. As a matter of policy, NCRL will not completely remove the Internet filter at an adult patron's request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 7th day of ~~January~~ February, 2008 at Wenatchee, Washington.

_____
Dean Marney

DECLARATION OF DEAN MARNEY - 11
CV-06-327-EFS
#658025 v1 / 42703-001

# CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Duncan Manville  
1629 2nd Ave. W  
Seattle, WA 98119  

Aaron Caplan  
ACLU of Washington  
705 Second Ave., Ste. 300  
Seattle, WA 98103  

Notice has been delivered by U.S. Mail to:

Catherine Crump  
American Civil Liberties Union Foundation  
125 Broad Street, 17th Floor  
New York, NY 10004  

KARR TUTTLE CAMPBELL

By: *[signature]*  
Heather L. White  
hwhite@karrtuttle.com

DECLARATION OF DEAN MARNEY - 12  
CV-06-327-EFS  
#658035 v1 / 42703-001