# Exhibit A

Dockets.Justia.com

# NORTH CENTRAL REGIONAL LIBRARY DISTRICT
## BRANCH LIBRARY OUTLETS (1996)



AREA CENTERS

COMMUNITY LIBRARIES

Decl of Marney
Page 14

# Exhibit B

TITLE XVII--CHILDREN'S INTERNET PROTECTION

## SEC. 1701. SHORT TITLE.

This title may be cited as the ``Children's Internet Protection Act''.

## SEC. 1702. DISCLAIMERS.

(a) **DISCLAIMER REGARDING CONTENT.**--Nothing in this title or the amendments made by this title shall be construed to prohibit a local educational agency, elementary or secondary school, or library from blocking access on the Internet on computers owned or operated by that agency, school, or library to any content other than content covered by this title or the amendments made by this title.

(b) **DISCLAIMER REGARDING PRIVACY.**--Nothing in this title or the amendments made by this title shall be construed to require the tracking of Internet use by any identifiable minor or adult user.

## SEC. 1703. STUDY OF TECHNOLOGY PROTECTION MEASURES.

(a) **IN GENERAL.**--Not later than 18 months after the date of the enactment of this Act, the National Telecommunications and Information Administration shall initiate a notice and comment proceeding for purposes of--

(1) evaluating whether or not currently available technology protection measures, including commercial Internet blocking and filtering software, adequately addresses the needs of educational institutions;

(2) making recommendations on how to foster the development of measures that meet such needs; and

(3) evaluating the development and effectiveness of local Internet safety policies that are currently in operation after community input.

(b) **DEFINITIONS.**--In this section:

(1) **TECHNOLOGY PROTECTION MEASURE.**--The term ``technology protection measure'' means a specific technology that blocks or filters Internet access to visual depictions that are--

(A) obscene, as that term is defined in section 1460 of title 18, United States Code;

(B) child pornography, as that term is defined in section 2256 of title 18, United States Code; or

(C) harmful to minors.

(2) **HARMFUL TO MINORS.**--The term ``harmful to minors'' means any picture, image, graphic image file, or other visual depiction that--

(A) taken as a whole and with respect to minors, appeals to a prurient interest in nudity, sex, or excretion;

(B) depicts, describes, or represents, in a patently offensive way with respect to what is suitable for minors, an actual or simulated sexual act or sexual contact, actual or simulated normal or perverted sexual acts, or a lewd exhibition of the genitals; and

(C) taken as a whole, lacks serious literary, artistic, political, or scientific value as to minors.

(3) **SEXUAL ACT; SEXUAL CONTACT.**--The terms ``sexual act'' and ``sexual contact'' have the meanings given such terms in section 2246 of title 18, United States Code.

Subtitle A--Federal Funding for Educational Institution Computers

## SEC. 1711. LIMITATION ON AVAILABILITY OF CERTAIN FUNDS FOR SCHOOLS.

Title III of the Elementary and Secondary Education Act of 1965 (20 U.S.C. 6801 et seq.) is amended by adding at the end the following:

## ``PART F--LIMITATION ON AVAILABILITY OF CERTAIN FUNDS FOR SCHOOLS

## ``SEC. 3601. LIMITATION ON AVAILABILITY OF CERTAIN FUNDS FOR SCHOOLS.

``(a) **INTERNET SAFETY.**--

``(1) **IN GENERAL.**--No funds made available under this title to a local educational agency for an elementary or secondary school that does not receive services at discount rates under section 254(h)(5) of the Communications Act of 1934, as added by section 1721 of Children's Internet Protection Act, may be used to purchase computers used to access the Internet, or to pay for direct costs associated with accessing the Internet, for such school unless the school, school board, local educational agency, or other authority with responsibility for administration of such school both--

``(A)(i) has in place a policy of Internet safety for minors that includes the operation of a technology protection measure with respect to any of its computers with Internet access that protects against access through such computers to visual depictions that are--

``(I) obscene;

``(II) child pornography; or

``(III) harmful to minors; and

``(ii) is enforcing the operation of such technology protection measure during any use of such computers by minors; and

``(B)(i) has in place a policy of Internet safety that includes the operation of a technology protection measure with respect to any of its computers with Internet access that protects against access through such computers to visual depictions that are--

``(I) obscene; or

``(II) child pornography; and

``(ii) is enforcing the operation of such technology protection measure during any use of such computers.

``(2) **TIMING AND APPLICABILITY OF IMPLEMENTATION.--**

``(A) **IN GENERAL.--**The local educational agency with responsibility for a school covered by paragraph (1) shall certify the compliance of such school with the requirements of paragraph (1) as part of the application process for the next program funding year under this Act following the effective date of this section, and for each subsequent program funding year thereafter.

``(B) **PROCESS.--**

``(i) **SCHOOLS WITH INTERNET SAFETY POLICIES AND TECHNOLOGY PROTECTION MEASURES IN PLACE.--**A local educational agency with responsibility for a school covered by paragraph (1) that has in place an Internet safety policy meeting the requirements of paragraph (1) shall certify its compliance with paragraph (1) during each annual program application cycle under this Act.

``(ii) **SCHOOLS WITHOUT INTERNET SAFETY POLICIES AND TECHNOLOGY PROTECTION MEASURES IN PLACE.--**A local educational agency with responsibility for a school covered by paragraph (1) that does not have in place an Internet safety policy meeting the requirements of paragraph (1)--

``(I) for the first program year after the effective date of this section in which the local educational agency is applying for funds for such school under this Act, shall certify that it is undertaking such actions, including any necessary procurement procedures, to put in place an Internet safety policy that meets such requirements; and

``(II) for the second program year after the effective date of this section in which the local educational agency is applying for funds for such school under this Act, shall certify that such school is in compliance with such requirements.

Any school covered by paragraph (1) for which the local educational agency concerned is unable to certify compliance with such requirements in such second program year shall be ineligible for all funding under this title for such second program year and all subsequent program years until such time as such school comes into compliance with such requirements.

``(iii) **WAIVERS.**--Any school subject to a certification under clause (ii)(II) for which the local educational agency concerned cannot make the certification otherwise required by that clause may seek a waiver of that clause if State or local procurement rules or regulations or competitive bidding requirements prevent the making of the certification otherwise required by that clause. The local educational agency concerned shall notify the Secretary of the applicability of that clause to the school. Such notice shall certify that the school will be brought into compliance with the requirements in paragraph (1) before the start of the third program year after the effective date of this section in which the school is applying for funds under this title.

``(3) **DISABLING DURING CERTAIN USE.**--An administrator, supervisor, or person authorized by the responsible authority under paragraph (1) may disable the technology protection measure concerned to enable access for bona fide research or other lawful purposes.

``(4) **NONCOMPLIANCE.**--

``(A) **USE OF GENERAL EDUCATION PROVISIONS ACT REMEDIES.**--Whenever the Secretary has reason to believe that any recipient of funds under this title is failing to comply substantially with the requirements of this subsection, the Secretary may--

``(i) withhold further payments to the recipient under this title,

``(ii) issue a complaint to compel compliance of the recipient through a cease and desist order, or

``(iii) enter into a compliance agreement with a recipient to bring it into compliance with such requirements,

in same manner as the Secretary is authorized to take such actions under sections 455, 456, and 457, respectively, of the General Education Provisions Act (20 U.S.C. 1234d).

``(B) **RECOVERY OF FUNDS PROHIBITED.**--The actions authorized by subparagraph (A) are the exclusive remedies available with respect to the failure of a school to comply substantially with a provision of this subsection, and the Secretary shall not seek a recovery of funds from the recipient for such failure.

``(C) **RECOMMENCEMENT OF PAYMENTS.**--Whenever the Secretary determines (whether by certification or other appropriate evidence) that a recipient of funds who is subject to the withholding of payments under subparagraph (A)(i) has cured the failure providing the basis for the withholding of payments, the Secretary shall cease the withholding of payments to the recipient under that subparagraph.

``(5) **DEFINITIONS.**--In this section:

``(A) **COMPUTER.**--The term `computer' includes any hardware, software, or other technology attached or connected to, installed in, or otherwise used in connection with a computer.

``(B) **ACCESS TO INTERNET.**--A computer shall be considered to have access to the Internet if such computer is equipped with a modem or is connected to a computer network which has access to the Internet.

``(C) **ACQUISITION OR OPERATION.**--A elementary or secondary school shall be considered to have received funds under this title for the acquisition or operation of any computer if such funds are used in any manner, directly or indirectly--

``(i) to purchase, lease, or otherwise acquire or obtain the use of such computer; or

``(ii) to obtain services, supplies, software, or other actions or materials to support, or in connection with, the operation of such computer.

``(D) **MINOR.**--The term `minor' means an individual who has not attained the age of 17.

``(E) **CHILD PORNOGRAPHY.**--The term `child pornography' has the meaning given such term in section 2256 of title 18, United States Code.

``(F) **HARMFUL TO MINORS.**--The term `harmful to minors' means any picture, image, graphic image file, or other visual depiction that--

``(i) taken as a whole and with respect to minors, appeals to a prurient interest in nudity, sex, or excretion;

``(ii) depicts, describes, or represents, in a patently offensive way with respect to what is suitable for minors, an actual or simulated sexual act or sexual contact, actual or simulated normal or perverted sexual acts, or a lewd exhibition of the genitals; and

``(iii) taken as a whole, lacks serious literary, artistic, political, or scientific value as to minors.

``(G) OBSCENE.--The term `obscene' has the meaning given such term in section 1460 of title 18, United States Code.

``(H) SEXUAL ACT; SEXUAL CONTACT.--The terms `sexual act' and `sexual contact' have the meanings given such terms in section 2246 of title 18, United States Code.

``(b) EFFECTIVE DATE.--This section shall take effect 120 days after the date of the enactment of the Children's Internet Protection Act.

``(c) SEPARABILITY.--If any provision of this section is held invalid, the remainder of this section shall not be affected thereby.''.

## SEC. 1712. LIMITATION ON AVAILABILITY OF CERTAIN FUNDS FOR LIBRARIES.

(a) AMENDMENT.--Section 224 of the Museum and Library Services Act (20 U.S.C. 9134(b)) is amended--

(1) in subsection (b)--

(A) by redesignating paragraph (6) as paragraph (7); and

(B) by inserting after paragraph (5) the following new paragraph:

``(6) provide assurances that the State will comply with subsection (f); and''; and

(2) by adding at the end the following new subsection:

``(f) INTERNET SAFETY.--

``(1) IN GENERAL.--No funds made available under this Act for a library described in section 213(2)(A) or (B) that does not receive services at discount rates under section 254(h)(6) of the Communications Act of 1934, as added by section 1721 of this Children's Internet Protection Act, may be used to purchase computers used to access the Internet, or to pay for direct costs associated with accessing the Internet, for such library unless--

``(A) such library--

Decl of Marney
Page 21

6

``(i) has in place a policy of Internet safety for minors that includes the operation of a technology protection measure with respect to any of its computers with Internet access that protects against access through such computers to visual depictions that are--

``(I) obscene;

``(II) child pornography; or

``(III) harmful to minors; and

``(ii) is enforcing the operation of such technology protection measure during any use of such computers by minors; and

``(B) such library--

``(i) has in place a policy of Internet safety that includes the operation of a technology protection measure with respect to any of its computers with Internet access that protects against access through such computers to visual depictions that are--

``(I) obscene; or

``(II) child pornography; and

``(ii) is enforcing the operation of such technology protection measure during any use of such computers.

``(2) **ACCESS TO OTHER MATERIALS.**--Nothing in this subsection shall be construed to prohibit a library from limiting Internet access to or otherwise protecting against materials other than those referred to in subclauses (I), (II), and (III) of paragraph (1)(A)(i).

``(3) **DISABLING DURING CERTAIN USE.**--An administrator, supervisor, or other authority may disable a technology protection measure under paragraph (1) to enable access for bona fide research or other lawful purposes.

``(4) **TIMING AND APPLICABILITY OF IMPLEMENTATION.**--

``(A) **IN GENERAL.**--A library covered by paragraph (1) shall certify the compliance of such library with the requirements of paragraph (1) as part of the application process for the next program funding year under this Act following the effective date of this subsection, and for each subsequent program funding year thereafter.

``(B) **PROCESS.**--

Decl of Marney
Page 22

``(i) **LIBRARIES WITH INTERNET SAFETY POLICIES AND TECHNOLOGY PROTECTION MEASURES IN PLACE.**--A library covered by paragraph (1) that has in place an Internet safety policy meeting the requirements of paragraph (1) shall certify its compliance with paragraph (1) during each annual program application cycle under this Act.

``(ii) **LIBRARIES WITHOUT INTERNET SAFETY POLICIES AND TECHNOLOGY PROTECTION MEASURES IN PLACE.**--A library covered by paragraph (1) that does not have in place an Internet safety policy meeting the requirements of paragraph (1)--

``(I) for the first program year after the effective date of this subsection in which the library applies for funds under this Act, shall certify that it is undertaking such actions, including any necessary procurement procedures, to put in place an Internet safety policy that meets such requirements; and

``(II) for the second program year after the effective date of this subsection in which the library applies for funds under this Act, shall certify that such library is in compliance with such requirements.

Any library covered by paragraph (1) that is unable to certify compliance with such requirements in such second program year shall be ineligible for all funding under this Act for such second program year and all subsequent program years until such time as such library comes into compliance with such requirements.

``(iii) **WAIVERS.**--Any library subject to a certification under clause (ii)(II) that cannot make the certification otherwise required by that clause may seek a waiver of that clause if State or local procurement rules or regulations or competitive bidding requirements prevent the making of the certification otherwise required by that clause. The library shall notify the Director of the Institute of Museum and Library Services of the applicability of that clause to the library. Such notice shall certify that the library will comply with the requirements in paragraph (1) before the start of the third program year after the effective date of this subsection for which the library is applying for funds under this Act.

``(5) **NONCOMPLIANCE.**--

``(A) **USE OF GENERAL EDUCATION PROVISIONS ACT REMEDIES.**--Whenever the Director of the Institute of Museum and Library Services has reason to believe that any recipient of funds this Act is failing to comply substantially with the requirements of this subsection, the Director may--

``(i) withhold further payments to the recipient under this Act,

``(ii) issue a complaint to compel compliance of the recipient through a cease and desist order, or

``(iii) enter into a compliance agreement with a recipient to bring it into compliance with such requirements.

``(B) **RECOVERY OF FUNDS PROHIBITED**.--The actions authorized by subparagraph (A) are the exclusive remedies available with respect to the failure of a library to comply substantially with a provision of this subsection, and the Director shall not seek a recovery of funds from the recipient for such failure.

``(C) **RECOMMENCEMENT OF PAYMENTS**.--Whenever the Director determines (whether by certification or other appropriate evidence) that a recipient of funds who is subject to the withholding of payments under subparagraph (A)(i) has cured the failure providing the basis for the withholding of payments, the Director shall cease the withholding of payments to the recipient under that subparagraph.

``(6) **SEPARABILITY**.--If any provision of this subsection is held invalid, the remainder of this subsection shall not be affected thereby.

``(7) **DEFINITIONS**.--In this section:

``(A) **CHILD PORNOGRAPHY**.--The term `child pornography' has the meaning given such term in section 2256 of title 18, United States Code.

``(B) **HARMFUL TO MINORS**.--The term `harmful to minors' means any picture, image, graphic image file, or other visual depiction that--

``(i) taken as a whole and with respect to minors, appeals to a prurient interest in nudity, sex, or excretion;

``(ii) depicts, describes, or represents, in a patently offensive way with respect to what is suitable for minors, an actual or simulated sexual act or sexual contact, actual or simulated normal or perverted sexual acts, or a lewd exhibition of the genitals; and

``(iii) taken as a whole, lacks serious literary, artistic, political, or scientific value as to minors.

``(C) **MINOR**.--The term `minor' means an individual who has not attained the age of 17.

``(D) **OBSCENE**.--The term `obscene' has the meaning given such term in section 1460 of title 18, United States Code.

``(E) **SEXUAL ACT; SEXUAL CONTACT**.--The terms `sexual act' and `sexual contact' have the meanings given such terms in section 2246 of title 18, United States Code.".

(b) **EFFECTIVE DATE**.--The amendment made by this section shall take effect 120 days after the date of the enactment of this Act.

Subtitle B--Universal Service Discounts

## SEC. 1721. REQUIREMENT FOR SCHOOLS AND LIBRARIES TO ENFORCE INTERNET SAFETY POLICIES WITH TECHNOLOGY PROTECTION MEASURES FOR COMPUTERS WITH INTERNET ACCESS AS CONDITION OF UNIVERSAL SERVICE DISCOUNTS.

(a) **SCHOOLS**.--Section 254(h) of the Communications Act of 1934 (47 U.S.C. 254(h)) is amended--

(1) by redesignating paragraph (5) as paragraph (7); and

(2) by inserting after paragraph (4) the following new paragraph (5):

``(5) **REQUIREMENTS FOR CERTAIN SCHOOLS WITH COMPUTERS HAVING INTERNET ACCESS**.--

``(A) **INTERNET SAFETY**.--

``(i) **IN GENERAL**.--Except as provided in clause (ii), an elementary or secondary school having computers with Internet access may not receive services at discount rates under paragraph (1)(B) unless the school, school board, local educational agency, or other authority with responsibility for administration of the school--

``(I) submits to the Commission the certifications described in subparagraphs (B) and (C);

``(II) submits to the Commission a certification that an Internet safety policy has been adopted and implemented for the school under subsection (l); and

``(III) ensures the use of such computers in accordance with the certifications.

``(ii) **APPLICABILITY**.--The prohibition in clause (i) shall not apply with respect to a school that receives services at discount rates under paragraph (1)(B) only for purposes other than the provision of Internet access, Internet service, or internal connections.

``(iii) **PUBLIC NOTICE; HEARING**.--An elementary or secondary school described in clause (i), or the school board, local educational agency, or other authority with responsibility for administration of the school, shall provide reasonable public notice and

hold at least 1 public hearing or meeting to address the proposed Internet safety policy. In the case of an elementary or secondary school other than an elementary or secondary school as defined in section 14101 of the Elementary and Secondary Education Act of 1965 (20 U.S.C. 8801), the notice and hearing required by this clause may be limited to those members of the public with a relationship to the school.

``(B) **CERTIFICATION WITH RESPECT TO MINORS.**--A certification under this subparagraph is a certification that the school, school board, local educational agency, or other authority with responsibility for administration of the school--

``(i) is enforcing a policy of Internet safety for minors that includes monitoring the online activities of minors and the operation of a technology protection measure with respect to any of its computers with Internet access that protects against access through such computers to visual depictions that are--

``(I) obscene;

``(II) child pornography; or

``(III) harmful to minors; and

``(ii) is enforcing the operation of such technology protection measure during any use of such computers by minors.

``(C) **CERTIFICATION WITH RESPECT TO ADULTS.**--A certification under this paragraph is a certification that the school, school board, local educational agency, or other authority with responsibility for administration of the school--

``(i) is enforcing a policy of Internet safety that includes the operation of a technology protection measure with respect to any of its computers with Internet access that protects against access through such computers to visual depictions that are--

``(I) obscene; or

``(II) child pornography; and

``(ii) is enforcing the operation of such technology protection measure during any use of such computers.

``(D) **DISABLING DURING ADULT USE.**--An administrator, supervisor, or other person authorized by the certifying authority under subparagraph (A)(i) may disable the technology protection measure concerned, during use by an adult, to enable access for bona fide research or other lawful purpose.

``(E) **TIMING OF IMPLEMENTATION.**--

``(i) IN GENERAL.--Subject to clause (ii) in the case of any school covered by this paragraph as of the effective date of this paragraph under section 1721(h) of the Children's Internet Protection Act, the certification under subparagraphs (B) and (C) shall be made--

``(I) with respect to the first program funding year under this subsection following such effective date, not later than 120 days after the beginning of such program funding year; and

``(II) with respect to any subsequent program funding year, as part of the application process for such program funding year.

``(ii) PROCESS.--

``(I) SCHOOLS WITH INTERNET SAFETY POLICY AND TECHNOLOGY PROTECTION MEASURES IN PLACE.--A school covered by clause (i) that has in place an Internet safety policy and technology protection measures meeting the requirements necessary for certification under subparagraphs (B) and (C) shall certify its compliance with subparagraphs (B) and (C) during each annual program application cycle under this subsection, except that with respect to the first program funding year after the effective date of this paragraph under section 1721(h) of the Children's Internet Protection Act, the certifications shall be made not later than 120 days after the beginning of such first program funding year.

``(II) SCHOOLS WITHOUT INTERNET SAFETY POLICY AND TECHNOLOGY PROTECTION MEASURES IN PLACE.--A school covered by clause (i) that does not have in place an Internet safety policy and technology protection measures meeting the requirements necessary for certification under subparagraphs (B) and (C)--

``(aa) for the first program year after the effective date of this subsection in which it is applying for funds under this subsection, shall certify that it is undertaking such actions, including any necessary procurement procedures, to put in place an Internet safety policy and technology protection measures meeting the requirements necessary for certification under subparagraphs (B) and (C); and

``(bb) for the second program year after the effective date of this subsection in which it is applying for funds under this subsection, shall certify that it is in compliance with subparagraphs (B) and (C).

Any school that is unable to certify compliance with such requirements in such second program year shall be ineligible for services at discount rates or funding in lieu of services at such rates under this subsection for such second year and all subsequent program years under this subsection, until such time as such school comes into compliance with this paragraph.

``(III) WAIVERS.--Any school subject to subclause (II) that cannot come into compliance with subparagraphs (B) and (C) in such second year program may seek a waiver of subclause (II)(bb) if State or local procurement rules or regulations or competitive bidding requirements prevent the making of the certification otherwise required by such subclause. A school, school board, local educational agency, or other authority with responsibility for administration of the school shall notify the Commission of the applicability of such subclause to the school. Such notice shall certify that the school in question will be brought into compliance before the start of the third program year after the effective date of this subsection in which the school is applying for funds under this subsection.

``(F) NONCOMPLIANCE.--

``(i) FAILURE TO SUBMIT CERTIFICATION.--Any school that knowingly failsto comply with the application guidelines regarding the annual submission of certification required by this paragraph shall not be eligible for services at discount rates or funding in lieu of services at such rates under this subsection.

``(ii) FAILURE TO COMPLY WITH CERTIFICATION.--Any school that knowingly fails to ensure the use of its computers in accordance with a certification under subparagraphs (B) and (C) shall reimburse any funds and discounts received under this subsection for the period covered by such certification.

``(iii) REMEDY OF NONCOMPLIANCE.--

``(I) FAILURE TO SUBMIT.--A school that has failed to submit a certification under clause (i) may remedy the failure by submitting the certification to which the failure relates. Upon submittal of such certification, the school shall be eligible for services at discount rates under this subsection.

``(II) FAILURE TO COMPLY.--A school that has failed to comply with a certification as described in clause (ii) may remedy the failure by ensuring the use of its computers in accordance with such certification. Upon submittal to the Commission of a certification or other appropriate evidence of such remedy, the school shall be eligible for services at discount rates under this subsection.''.

(b) LIBRARIES.--Such section 254(h) is further amended by inserting after paragraph (5), as amended by subsection (a) of this section, the following new paragraph:

``(6) REQUIREMENTS FOR CERTAIN LIBRARIES WITH COMPUTERS HAVING INTERNET ACCESS.--

``(A) INTERNET SAFETY.--

``(i) **IN GENERAL.**--Except as provided in clause (ii), a library having one or more computers with Internet access may not receive services at discount rates under paragraph (1)(B) unless the library--

``(I) submits to the Commission the certifications described in subparagraphs (B) and (C); and

``(II) submits to the Commission a certification that an Internet safety policy has been adopted and implemented for the library under subsection (l); and

``(III) ensures the use of such computers in accordance with the certifications.

``(ii) **APPLICABILITY.**--The prohibition in clause (i) shall not apply with respect to a library that receives services at discount rates under paragraph (1)(B) only for purposes other than the provision of Internet access, Internet service, or internal connections.

``(iii) **PUBLIC NOTICE; HEARING.**--A library described in clause (i) shall provide reasonable public notice and hold at least 1 public hearing or meeting to address the proposed Internet safety policy.

``(B) **CERTIFICATION WITH RESPECT TO MINORS.**--A certification under this subparagraph is a certification that the library--

``(i) is enforcing a policy of Internet safety that includes the operation of a technology protection measure with respect to any of its computers with Internet access that protects against access through such computers to visual depictions that are--

``(I) obscene;

``(II) child pornography; or

``(III) harmful to minors; and

``(ii) is enforcing the operation of such technology protection measure during any use of such computers by minors.

``(C) **CERTIFICATION WITH RESPECT TO ADULTS.**--A certification under this paragraph is a certification that the library--

``(i) is enforcing a policy of Internet safety that includes the operation of a technology protection measure with respect to any of its computers with Internet access that protects against access through such computers to visual depictions that are--

``(I) obscene; or

``(II) child pornography; and

Decl of Marney
Page 29

``(ii) is enforcing the operation of such technology protection measure during any use of such computers.

``(D) **DISABLING DURING ADULT USE.**--An administrator, supervisor, or other person authorized by the certifying authority under subparagraph (A)(i) may disable the technology protection measure concerned, during use by an adult, to enable access for bona fide research or other lawful purpose.

``(E) **TIMING OF IMPLEMENTATION.**--

``(i) **IN GENERAL.**--Subject to clause (ii) in the case of any library covered by this paragraph as of the effective date of this paragraph under section 1721(h) of the Children's Internet Protection Act, the certification under subparagraphs (B) and (C) shall be made--

``(I) with respect to the first program funding year under this subsection following such effective date, not later than 120 days after the beginning of such program funding year; and

``(II) with respect to any subsequent program funding year, as part of the application process for such program funding year.

``(ii) **PROCESS.**--

``(I) **LIBRARIES WITH INTERNET SAFETY POLICY AND TECHNOLOGY PROTECTION MEASURES IN PLACE.**--A library covered by clause (i) that has in place an Internet safety policy and technology protection measures meeting the requirements necessary for certification under subparagraphs (B) and (C) shall certify its compliance with subparagraphs (B) and (C) during each annual program application cycle under this subsection, except that with respect to the first program funding year after the effective date of this paragraph under section 1721(h) of the Children's Internet Protection Act, the certifications shall be made not later than 120 days after the beginning of such first program funding year.

``(II) **LIBRARIES WITHOUT INTERNET SAFETY POLICY AND TECHNOLOGY PROTECTION MEASURES IN PLACE.**--A library covered by clause (i) that does not have in place an Internet safety policy and technology protection measures meeting the requirements necessary for certification under subparagraphs (B) and (C)--

``(aa) for the first program year after the effective date of this subsection in which it is applying for funds under this subsection, shall certify that it is undertaking such actions, including any necessary procurement procedures, to put in place an Internet safety policy and technology protection measures meeting the requirements necessary for certification under subparagraphs (B) and (C); and

``(bb) for the second program year after the effective date of this subsection in which it is applying for funds under this subsection, shall certify that it is in compliance with subparagraphs (B) and (C).

Any library that is unable to certify compliance with such requirements in such second program year shall be ineligible for services at discount rates or funding in lieu of services at such rates under this subsection for such second year and all subsequent program years under this subsection, until such time as such library comes into compliance with this paragraph.

``(III) WAIVERS.--Any library subject to subclause (II) that cannot come into compliance with subparagraphs (B) and (C) in such second year may seek a waiver of subclause (II)(bb) if State or local procurement rules or regulations or competitive bidding requirements prevent the making of the certification otherwise required by such subclause. A library, library board, or other authority with responsibility for administration of the library shall notify the Commission of the applicability of such subclause to the library. Such notice shall certify that the library in question will be brought into compliance before the start of the third program year after the effective date of this subsection in which the library is applying for funds under this subsection.

``(F) NONCOMPLIANCE.--

``(i) FAILURE TO SUBMIT CERTIFICATION.--Any library that knowingly fails to comply with the application guidelines regarding the annual submission of certification required by this paragraph shall not be eligible for services at discount rates or funding in lieu of services at such rates under this subsection.

``(ii) FAILURE TO COMPLY WITH CERTIFICATION.--Any library that knowingly fails to ensure the use of its computers in accordance with a certification under subparagraphs (B) and (C) shall reimburse all funds and discounts received under this subsection for the period covered by such certification.

``(iii) REMEDY OF NONCOMPLIANCE.--

``(I) FAILURE TO SUBMIT.--A library that has failed to submit a certification under clause (i) may remedy the failure by submitting the certification to which the failure relates. Upon submittal of such certification, the library shall be eligible for services at discount rates under this subsection.

``(II) FAILURE TO COMPLY.--A library that has failed to comply with a certification as described in clause (ii) may remedy the failure by ensuring the use of its computers in accordance with such certification. Upon submittal to the Commission of a certification or other appropriate evidence of such remedy, the library shall be eligible for services at discount rates under this subsection.".

(c) **DEFINITIONS.**--Paragraph (7) of such section, as redesignated by subsection (a)(1) of this section, is amended by adding at the end the following:

``(D) **MINOR.**--The term `minor' means any individual who has not attained the age of 17 years.

``(E) **OBSCENE.**--The term `obscene' has the meaning given such term in section 1460 of title 18, United States Code.

``(F) **CHILD PORNOGRAPHY.**--The term `child pornography' has the meaning given such term in section 2256 of title 18, United States Code.

``(G) **HARMFUL TO MINORS.**--The term `harmful to minors' means any picture, image, graphic image file, or other visual depiction that--

``(i) taken as a whole and with respect to minors, appeals to a prurient interest in nudity, sex, or excretion;

``(ii) depicts, describes, or represents, in a patently offensive way with respect to what is suitable for minors, an actual or simulated sexual act or sexual contact, actual or simulated normal or perverted sexual acts, or a lewd exhibition of the genitals; and

``(iii) taken as a whole, lacks serious literary, artistic, political, or scientific value as to minors.

``(H) **SEXUAL ACT; SEXUAL CONTACT.**--The terms `sexual act' and `sexual contact' have the meanings given such terms in section 2246 of title 18, United States Code.

``(I) **TECHNOLOGY PROTECTION MEASURE.**--The term `technology protection measure' means a specific technology that blocks or filters Internet access to the material covered by a certification under paragraph (5) or (6) to which such certification relates.''.

(d) **CONFORMING AMENDMENT.**--Paragraph (4) of such section is amended by striking ``paragraph (5)(A)'' and inserting ``paragraph (7)(A)''.

(e) **SEPARABILITY.**--If any provision of paragraph (5) or (6) of section 254(h) of the Communications Act of 1934, as amended by this section, or the application thereof to any person or circumstance is held invalid, the remainder of such paragraph and the application of such paragraph to other persons or circumstances shall not be affected thereby.

(f) **REGULATIONS.**--

Decl of Marney
Page 32

17

(1) **REQUIREMENT**.--The Federal Communications Commission shall prescribe regulations for purposes of administering the provisions of paragraphs (5) and (6) of section 254(h) of the Communications Act of 1934, as amended by this section.

(2) **DEADLINE**.--Notwithstanding any other provision of law, the Commission shall prescribe regulations under paragraph (1) so as to ensure that such regulations take effect 120 days after the date of the enactment of this Act.

## (g) AVAILABILITY OF CERTAIN FUNDS FOR ACQUISITION OF TECHNOLOGY PROTECTION MEASURES.

(1) **IN GENERAL**.--Notwithstanding any other provision of law, funds available under section 3134 or part A of title VI of the Elementary and Secondary Education Act of 1965, or under section 231 of the Library Services and Technology Act, may be used for the purchase or acquisition of technology protection measures that are necessary to meet the requirements of this title and the amendments made by this title. No other sources of funds for the purchase or acquisition of such measures are authorized by this title, or the amendments made by this title.

(2) **TECHNOLOGY PROTECTION MEASURE DEFINED**.--In this section, the term ``technology protection measure'' has the meaning given that term in section 1703.

(h) **EFFECTIVE DATE**.--The amendments made by this section shall take effect 120 days after the date of the enactment of this Act.

Subtitle C--Neighborhood Children's Internet Protection

## SEC. 1731. SHORT TITLE.

This subtitle may be cited as the ``Neighborhood Children's Internet Protection Act''.

## SEC. 1732. INTERNET SAFETY POLICY REQUIRED.

Section 254 of the Communications Act of 1934 (47 U.S.C. 254) is amended by adding at the end the following:

``(l) **INTERNET SAFETY POLICY REQUIREMENT FOR SCHOOLS AND LIBRARIES**.--

``(1) **IN GENERAL**.--In carrying out its responsibilities under subsection (h), each school or library to which subsection (h) applies shall--

``(A) adopt and implement an Internet safety policy that addresses--

``(i) access by minors to inappropriate matter on the Internet and World Wide Web;

Decl of Marney
Page 33

``(ii) the safety and security of minors when using electronic mail, chat rooms, and other forms of direct electronic communications;

``(iii) unauthorized access, including so-called `hacking', and other unlawful activities by minors online;

``(iv) unauthorized disclosure, use, and dissemination of personal identification information regarding minors; and

``(v) measures designed to restrict minors' access to materials harmful to minors; and

``(B) provide reasonable public notice and hold at least one public hearing or meeting to address the proposed Internet safety policy.

``(2) **LOCAL DETERMINATION OF CONTENT**.--A determination regarding what matter is inappropriate for minors shall be made by the school board, local educational agency, library, or other authority responsible for making the determination. No agency or instrumentality of the United States Government may--

``(A) establish criteria for making such determination;

``(B) review the determination made by the certifying school, school board, local educational agency, library, or other authority; or

``(C) consider the criteria employed by the certifying school, school board, local educational agency, library, or other authority in the administration of subsection (h)(1)(B).

``(3) **AVAILABILITY FOR REVIEW**.--Each Internet safety policy adopted under this subsection shall be made available to the Commission, upon request of the Commission, by the school, school board, local educational agency, library, or other authority responsible for adopting such Internet safety policy for purposes of the review of such Internet safety policy by the Commission.

``(4) **EFFECTIVE DATE**.--This subsection shall apply with respect to schools and libraries on or after the date that is 120 days after the date of the enactment of the Children's Internet Protection Act.".

## SEC. 1733. IMPLEMENTING REGULATIONS.

Not later than 120 days after the date of enactment of this Act, the Federal Communications Commission shall prescribe regulations for purposes of section 254(l) of the Communications Act of 1934, as added by section 1732 of this Act.

Subtitle D--Expedited Review

## SEC. 1741. EXPEDITED REVIEW.

(a) **THREE-JUDGE DISTRICT COURT HEARING.**--Notwithstanding any other provision of law, any civil action challenging the constitutionality, on its face, of this title or any amendment made by this title, or any provision thereof, shall be heard by a district court of 3 judges convened pursuant to the provisions of section 2284 of title 28, United States Code.

(b) **APPELLATE REVIEW.**--Notwithstanding any other provision of law, an interlocutory or final judgment, decree, or order of the court of 3 judges in an action under subsection (a) holding this title or an amendment made by this title, or any provision thereof, unconstitutional shall be reviewable as a matter of right by direct appeal to the Supreme Court. Any such appeal shall be filed not more than 20 days after entry of such judgment, decree, or order.

Decl of Marney
Page 35