The Honorable Edward F. Shea

Thomas D. Adams
Celeste Mountain Monroe
KARR TUTTLE CAMPBELL
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028
(206) 223-1313
Attorneys for North Central Regional Library District

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

SARAH BRADBURN, PEARL CHERRINGTON, CHARLES HEINLEN, and THE SECOND AMENDMENT FOUNDATION,

Plaintiffs,

v.

NORTH CENTRAL REGIONAL LIBRARY DISTRICT,

Defendant.

NO. CV-06-327-EFS

DECLARATION OF DAN HOWARD

I, Dan Howard, declare as follows:

DECLARATION OF DAN HOWARD - 1
CV-06-327-EFS
#657033 v1 / 42703-001

Law Offices
KARR TUTTLE CAMPBELL
A Professional Service Corporation
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

1. I am over the age of 18 and competent to testify to the matters set forth herein.

2. Currently, I am the Director of Public Services for North Central Regional Library.

3. I am in charge of administration of our 28 branch libraries and our Mail Order Library. I also coordinate collection development activities and administer grants.

4. With respect to the individual branches, my responsibilities include, among other things, management of personnel. This includes supervision of all NCRL branch librarians.

5. I expect NCRL branch librarians to monitor and respond to complaints of inappropriate use of our public use computers, particularly to the extent patrons are able to obtain and display materials that are pornographic, obscene or harmful to minors.

6. I do not, however, expect NCRL branch librarians to have to confront patrons engaging in inappropriate behavior facilitated by unrestricted, unfiltered Internet access.

7. Since we started offering Internet access at our branch locations, there have been instances where patrons have obtained sexually explicit, child

DECLARATION OF DAN HOWARD - 2
CV-06-327-EFS
#657033 v1 / 42703-001

pornographic or obscene images on the Web. The number of instances have decreased since we changed our filtering profile to block the classification "image search."

8. When patrons have accessed sexually explicit, child pornographic or obscene images, NCRL librarians and staff have expressed feelings of discomfort, embarrassment and anxiety both in having to view the materials and in confronting the patrons. Several examples follow.

9. Sharron Reddick, NCRL's Omak Branch Librarian, recalls specific incidents where patrons where able to obtain explicit, pornographic images prior to NCRL's decision to block Google images. Ms. Reddick advised Mr. Howard she and her staff felt victimized and even a bit scared when they were subjected to the material. She reported that she and her staff found the confrontation with the patrons stressful and upsetting.

10. Jennifer Thompson, NCRL's Okanogan Branch Substitute Librarian, recalled a specific incident (in approximately March 2007), where a patron was accessing pornography on the Internet. More specifically, he was displaying the rear view of a woman's private parts in full screen. Ms. Thompson told Mr. Howard she felt immediately sickened that someone would have the nerve to view this material in a place where others could see,

DECLARATION OF DAN HOWARD - 3
CV-06-327-EFS
#657033 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

including young kids that might be using the computer. Ms. Thompson reported that viewing the image made her feel uncomfortable and angry and that she believed the display was a form of harassment.

11. Lucile Ames, NCRL's Okanogan Branch Librarian, reports having seen inappropriate pornographic materials both on the computers and at the printers. Ms. Ames told Mr. Howard she felt offended and uncomfortable when she forced to view the material.

12. Gailene Hooper, NCRL's Republic Branch Librarian, reported receiving multiple complaints from patrons about a man who, on more than one occasion, was able to access pornography. Ms. Hooper felt uncomfortable dealing with the patron and discussing the patrons' complaints with him. Ms. Hooper said she has felt threatened when she is in the library alone and a patron has managed to access an inappropriate site.

13. Claire Kirkpatrick, NCRL's Grand Coulee librarian, reported a situation occurring before the Fortiguard filter was installed, when a man loaded pornographic photos on to a public use computer. These photos were seen by a 13-year old female student who was using the computer after the adult patron had left. Ms. Kirkpatrick reported that she felt accosted and did not expect to be exposed to this type of material at work.

DECLARATION OF DAN HOWARD - 4

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

14. Michelle Orosco, NCRL's Bridgeport Branch Librarian, reported a situation on December 28, 2007 when a male patron was using the Internet and printing pornographic images on the public printers. Ms. Orosco said the pictures were sexual and extremely graphic. Ms. Orosco said she was offended when she was forced to view them.

15. Carla Loreto, a former branch librarian at NCRL's Wenatchee branch, reported a situation where she was helping a school age child do research on the public computers. Ms. Loreto suggested the child search Google images, prior to the category being blocked by NCRL administration. When Ms. Loreto typed in the subject, she received a sexually explicit photo of a naked man. Ms. Loreto felt embarrassed, confused and nervous, particularly given that the child had viewed the material.

16. Katy Sessions is the Wenatchee Library Supervisor. Ms. Sessions has reported seeing pornography on the public intent computers to include photographic depictions of sex and oral sex, as well as animated and cartoon depictions of sex acts. Most of the pornography Ms. Session's encountered was shortly after NCRL began offering the Internet (1998-2004). She reports that in the last year there have been fewer instances, particularly since the implementation of the Fortiguard filter. However, during the 1998-2004 period,

DECLARATION OF DAN HOWARD - 5
CV-06-327-EFS
#657033 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Ms. Sessions was taking anti-anxiety medication to cope with uncomfortable confrontations with patrons regarding the Internet.

17. Incidents such as those described above, continue to reinforce our decision to maintain a policy of providing filtered Internet access on our public computers.

18. Dean Marney and I have discussed the adverse impact of having to remove our filter at an adult patron's request. Beyond the technical difficulty of disabling the filter on an single public use computer, we would need to take steps to prevent the inadvertent viewing of explicit and illegal materials by children roaming the library. My experience with widely used privacy measures, such as privacy screens and recessed desks, has revealed that both options are ineffective.

19. Clip-on privacy screens do not effectively block the monitor from people who are walking behind, or seated adjacent to, the computer. Moreover, the screens make it difficult for individuals with disabilities to view the monitor.

20. In my experience, the privacy screens were often removed or vandalized, and were relatively expensive to replace.

21. Additionally, requests to remove the privacy screens were frequent, causing uncomfortable confrontations between patrons and staff.

DECLARATION OF DAN HOWARD - 6
CV-06-327-EFS
#657033 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

21. Additionally, requests to remove the privacy screens were frequent, causing uncomfortable confrontations between patrons and staff.

22. With respect to recessed desks, in my experience I did not find that the recessed configuration prevented people passing by from viewing the screen.

23. In addition, each recessed desk currently retails for approximately $1,000.00.

24. We will not consider hiring security guards for our branches, as is done in some of Washington's largest libraries, including Seattle Public Library and Spokane Public Library. It is our belief that this measure would be too expensive and would adversely change the environment at NCRL branches.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 4th day of February, 2008 at Wenatchee, Washington.

Dan Howard

DECLARATION OF DAN HOWARD - 7
CV-06-327-EFS
#657033 v1 / 42703-001

# CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Duncan Manville
1629 2nd Ave. W
Seattle, WA 98119

Aaron Caplan
ACLU of Washington
705 Second Ave., Ste. 300
Seattle, WA 98103

Notice has been delivered by U.S. Mail to:

Catherine Crump
American Civil Liberties Union Foundation
125 Broad Street, 17th Floor
New York, NY 10004

KARR TUTTLE CAMPBELL

By: _____
Heather L. White
hwhite@karrtuttle.com

DECLARATION OF DAN HOWARD - 8
CV-06-327-EFS
#657033 v1 / 42703-001