The Honorable Edward F. Shea

Thomas D. Adams
Celeste Mountain Monroe
KARR TUTTLE CAMPBELL
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028
(206) 223-1313
Attorneys for North Central Regional Library District

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| SARAH BRADBURN, PEARL CHERRINGTON, CHARLES HEINLEN, and THE SECOND AMENDMENT FOUNDATION,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>NORTH CENTRAL REGIONAL LIBRARY DISTRICT,<br><br>　　　　Defendant. | NO. CV-06-327-EFS<br><br>DEFENDANT NORTH CENTRAL REGIONAL LIBRARY DISTRICT'S MOTION FOR CERTIFICATION OF QUESTIONS OF STATE CONSTITUTIONAL LAW<br><br>*ORAL ARGUMENT REQUESTED* |

DEFENDANT NCRL'S MOTION FOR
CERTIFICATION OF QUESTIONS OF
STATE CONSTITUTIONAL LAW - 1
CV-06-327-EFS
#658037 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

# I. RELIEF REQUESTED

Defendant North Central Regional Library District ("NCRL") requests the entry of an order certifying the following questions to the Washington Supreme Court pursuant to RCW 2.60.020[1]:

> Whether Plaintiffs have standing to challenge on state constitutional grounds NCRL's Internet Use Policy and practice pursuant to which NCRL elects not to disable internet filtering upon the request of library adult patrons.
>
> If Plaintiffs have standing, whether NCRL's Internet Use Policy and practice is permissible under Article I, § 5 of the Washington State Constitution.

# II. BACKGROUND

The *Statement of Facts in Support of Defendant North Central Regional Library District's Motion for Summary Judgment* ("NCRL Statement") is incorporated by this reference and, in part, referenced below:

---

[1] RCW 2.60.020 states:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

DEFENDANT NCRL'S MOTION FOR
CERTIFICATION OF QUESTIONS OF
STATE CONSTITUTIONAL LAW - 2
CV-06-327-EFS
#658037 v1 / 42703-001

NCRL is organized pursuant to RCW 27.12 et. seq. Its mission is to promote reading and lifelong learning. NCRL provides library services to over 220,000 persons throughout the counties of Chelan, Douglas, Ferry, Grant, and Okanogan. (NCRL Statement, ¶1-3)

NCRL consists of 28 separate branches, some as small as Twip branch which operates in about 700 square feet of public space. Most NCRL branches are staffed by a single librarian. Each branch has an area set aside for children but typically such areas are not screened or partitioned from the rest of the facility. (NCRL Statement, ¶11-14)

All branches have public computers offering internet access but most branches have only one or two computers. (NCRL Statement, ¶16-18) NCRL has an Internet Public Use Policy ("the Policy"). Among other provisions, Policy states: "All internet use on NCRL Library computers is filtered." (NCRL Statement, ¶26) NCRL operates the filter at all times for all public users regardless of age because a "technology protection measure" is required by the Childrens' Internet Protection Act (CIPA) to maintain federal funding eligibility, because filtering is consistent with NCRL's mission and traditional role as a public library, and because NCRL is obligated to provide a safe and non-hostile environment for patrons and staff. (NCRL Statement, ¶ 60-99).

DEFENDANT NCRL'S MOTION FOR
CERTIFICATION OF QUESTIONS OF
STATE CONSTITUTIONAL LAW - 3
CV-06-327-EFS
#658037 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

NCRL's filter blocks internet access to web sites falling only into certain defined categories. NCRL provides a means for a patron who believes a particular web site has been blocked in error to request review and such review generally occurs with 24 hours. (NCRL Statement, ¶54-59)

NCRL's internet filtering capability is provided by Fortinet, Inc. As part of a system-wide network uprade in October 2006, NCRL installed a suite of Fortinet products and services including the FortiGuard Web Filtering Service. (NCRL Statement, ¶27-34) The FortiGuard service catalogs tens of millions of web sites into 76 discrete categories from which its customers can select some or all for blocking. FortiGuard allows its customers to override its decisions on the categorization of any particular web site. FortiGuard allows any one to challenge its categorization of a particular web site through an online form. (NCRL Statement, ¶35-53). For purposes of this case, NCRL commissioned a study of the blocking effectiveness of the FortiGuard Web Filtering Service based upon actual usage data by NCRL patrons accessing the internet on NCRL computers. Among other findings, the study showed that over a one week period in August 2007, 20 web pages were blocked out of a total of 600,000 web page requests. (NCRL Statement, ¶100-113).

DEFENDANT NCRL'S MOTION FOR
CERTIFICATION OF QUESTIONS OF
STATE CONSTITUTIONAL LAW - 4
CV-06-327-EFS
#658037 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Plaintiffs Sarah Bradburn, Charles Heinlen, Pearl Cherrington, and the Second Amendment Foundation ("Plaintiffs") allege that NCRL's practice of filtering internet use by adult patrons infringes upon rights guaranteed by the First Amendment of the United States Constitution[2] and Article I, § 5 of the Washington State Constitution[3] NCRL denies that its Policy and practice infringe upon either set of rights. (Ct. Rec. 1, ¶ 1; Ct. Rec. 5, ¶ 1)

### III. LEGAL ANALYSIS

**1. Certification is appropriate because Plaintiffs' Claims Are Dependent Upon State Constitutional Law.**

Plaintiffs contend that NCRL's Policy and practice infringe upon free speech rights granted by the federal and Washington state constitutions, respectively. Plaintiffs allege these theories as separate claims for relief.[4]

Whether Plaintiffs are wrong or right should be addressed as a matter of state law. Federal courts do not reach federal constitutional issues if disputes

---

[2] The First Amendment to the United States Constitution provides in part: *"Congress shall make no law ... abridging the freedom of speech, or of the press; or of the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."*

[3] Article 1, § 5 of the Washington State Constitution states: *"Every person may freely speak, write and publish on all subjects, being responsible for the abuse of that right."*

[4] See Ct. Rec. 1, ¶¶22-23 and ¶ 24-25.

DEFENDANT NCRL'S MOTION FOR
CERTIFICATION OF QUESTIONS OF
STATE CONSTITUTIONAL LAW - 5
CV-06-327-EFS
#658037 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

can be resolved on state constitutional grounds. *See Barnes-Wallace v. City of San Diego*, 471 F.3d 1038, 1046-47 (9th Cir. 2006)("We are bound to resolve state constitutional questions before reaching federal challenges.") citing *City of Mesquite v. Aladdin's Castle, Inc.* 455 U.S. 283, 295 (1982). The Court in *Barnes-Wallace* certified unsettled questions of state constitutional law to the California Supreme Court. 471 F.3d at 1047-48.[5]

Moreover, Plaintiffs' First Amendment challenge is fully encompassed by Plaintiffs' challenge to NCRL's Policy under state constitutional law. Article 1, § 5 of the Washington State Constitution is as broad as the First Amendment. *See Fine Arts Guild v. The City of Seattle*, 74 Wn.2d 503, 512 (1968)(The First Amendment and Art. I, § 5 of the Washington State Constitution are "inferentially interchangeable.") In certain contexts, Article I, § 5 has been held to extend beyond the First Amendment in its protection of individual civil liberties. *See generally Ino Ino Ino v. City of Bellevue*, 132 Wn.2d 103, 114-122 (1997) modified 133 Wn.2d 229, cert. denied 522 U.S. 1077 (1978 ). Because Plaintiffs' First Amendment claims are

---

[5] *See also State v. Coe*, 101 Wn.2d 364, 374 (1984); *State v. Reece*, 110 Wn.2d 766, 770-71 (1988).

DEFENDANT NCRL'S MOTION FOR
CERTIFICATION OF QUESTIONS OF
STATE CONSTITUTIONAL LAW - 6
CV-06-327-EFS
#658037 v1 / 42703-001

Law Offices
KARR TUTTLE CAMPBELL
A Professional Service Corporation
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

not, in any event, broader than their claims under Article I, §5, Plaintiffs' challenge to NCRL's Policy is fully addressed and properly resolved solely as a matter of Washington law.

**2. Certification is Appropriate because Article 1, § 5 has not been interpreted in the circumstances presented by this case.**

RCW 2.60.020 requires as a condition of certification that the Washington law to be ascertained must be law that "has not been clearly determined." Washington law is well-developed on the issue of standing. See, e.g., *Kadoranian v. Bellingham Police Dept.*, 119 Wn. 2d 178, 191 (1992). However, Washington law has not been clearly determined on other raised by their claims. For example, the Washington Supreme Court has found that the right receive information is a "fundamental counterpart" of constitutionally-established free speech rights. See *Voters Educ. Comm. v. PDC*, 161 Wn.2d 470, 483 (2007) quoting *Fritz v. Gorton*, 83 Wn.2d 275, 296-97 (1974). Yet no decision of the Supreme Court has suggested that speech rights are absolute or that such rights are not subject to narrowly tailored restrictions which serve legimate, even compelling state interests.[6]

---

[6] For purposes of this Motion, NCRL assumes that implementation of its filtering policy constitutes state action.

DEFENDANT NCRL'S MOTION FOR
CERTIFICATION OF QUESTIONS OF
STATE CONSTITUTIONAL LAW - 7
CV-06-327-EFS
#658037 v1 / 42703-001

The United States Supreme Court dealt with the use of internet filters in public libraries in response to a First Amendment facial challenge to the Childrens' Internet Protection Act ("CIPA"). In *United States v. American Library Ass'n*, 539 U.S. 94 (2003). A plurality of the Court held that CIPA did not infringe upon the First Amendment rights of library patrons by conditioning libraries' receipt of federal funding upon the installation of a "technology protection measure." *American Library Ass'n.* is an important, instructive decision (e.g., in its discussion of the role of public libraries) but it involved neither an "as applied" challenge to internet filtering by adult patrons nor claims based upon state law.

Similarly, no Washington case has addressed this tension between constitutionally-established free speech and the interest of a public library in limiting internet access consistent with CIPA and the library's mission, community role, and concern for the safety and welfare of its employees and patrons. This is a unique factual setting raising issues of first impression under the Washington State Constituion. In the language of RCW 2.60.020, "it is necessary to ascertain [Washington] law" on precisely these issues to resolve this case.

DEFENDANT NCRL'S MOTION FOR
CERTIFICATION OF QUESTIONS OF
STATE CONSTITUTIONAL LAW - 8
CV-06-327-EFS
#658037 v1 / 42703-001

### 3. Certification Promotes State and Federal Comity.

The United States Supreme Court has endorsed statutory certification procedures as a means of efficiently obtaining definitive answers to unsettled questions of state law from courts best-positioned to address the issues. In *Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) the Court reasoned that "[t]hrough certification of novel or unsettled questions of state law for authoritative answers by a State's highest court, a federal court may save 'time, energy, and resources and help build a cooperative judicial federalism.'" 520 U.S. at 77 quoting *Lehman Brothers v. Schein*, 416 U.S. 386, 391 (1974); See *Broad v. Mannesmann Anlagenbau AG*, 196 F3d 1075-76 (9th Cir. 1999).

Likewise, certification here would give Washington's Supreme Court an opportunity to rule upon the novel questions lying at the heart of this case. As in *Barnes-Wallace, supra*, Plaintiffs' challenge to NCRL's Policy and practice should be certified so the Washington Supreme Court may definitively "chart the proper course" through Washington's constitutional law. 471 F.3d at 1038.

## III. CONCLUSION

NCRL respectfully submits that the Washington Supreme Court is the proper forum to address the state constitutional questions presented by the case, including questions of first impression under Article I, § 5 of the Washington

DEFENDANT NCRL'S MOTION FOR
CERTIFICATION OF QUESTIONS OF
STATE CONSTITUTIONAL LAW - 9
CV-06-327-EFS
#658037 v1 / 42703-001

State Constitution. The state constitutional issues are as broad as the issues raised by Plaintiffs under the First Amendment and the criteria for certification under RCW 2.60.020 are fully satisfied. For these reasons, NCRL asks this Court, in the exercise of its sound discretion, to certify to the Washington Supreme Court the question articulated in this Motion and direct further proceedings pursuant to RCW 2.60.030.

DATED this 4th day of February, 2008.

KARR TUTTLE CAMPBELL

By:/s/ *Thomas D. Adams*
Thomas D. Adams, WSBA #18470
E-mail – tadams@karrtuttle.com
Celeste Mountain Monroe, WSBA #35843
E-mail – cmonroe@karrtuttle.com
Attorneys for Defendant North Central Regional Library District
KARR TUTTLE CAMPBELL
1201 Third Ave., Ste. 2900
Seattle, WA 98101
Telephone: 206.233.1313
Facsimile: 206.682.7100

DEFENDANT NCRL'S MOTION FOR CERTIFICATION OF QUESTIONS OF STATE CONSTITUTIONAL LAW - 10
CV-06-327-EFS
#658037 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

# CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Duncan Manville
1629 2nd Ave. W
Seattle, WA 98119

Aaron Caplan
ACLU of Washington
705 Second Ave., Ste. 300
Seattle, WA 98103

Notice has been delivered by U.S. Mail to:

Catherine Crump
American Civil Liberties Union Foundation
125 Broad Street, 17th Floor
New York, NY 10004

KARR TUTTLE CAMPBELL

By: _____
Heather L. White
hwhite@karrtuttle.com

DEFENDANT NCRL'S MOTION FOR
CERTIFICATION OF QUESTIONS OF
STATE CONSTITUTIONAL LAW - 11
CV-06-327-EFS
#658037 v1 / 42703-001