# Exhibit A

Dockets.Justia.com

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

9

10  SARAH BRADBURN, PEARL
CHERRINGTON, CHARLES HEINLEN
and the SECOND AMENDMENT
11  FOUNDATION,

No.  CV-06-327-EFS

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

12                          Plaintiffs,

13       v.

14  NORTH CENTRAL REGIONAL LIBRARY
DISTRICT,

15

16                          Defendant.

17

## I. PRELIMINARY STATEMENT

19       1.      Plaintiffs challenge the constitutionality of a policy adopted by the North

20  Central Regional Library District ("NCRL") whereby the NCRL will not, at the request of

21  adults who wish to access constitutionally-protected speech, disable Internet filters that the

22  NCRL has installed on its publicly-available computer terminals.  The NCRL's policy of

23  refusing to disable its Internet filters upon request is restricting the ability of speakers, content

24  providers and patrons of the NCRL's public library branches to access the contemporary

25· marketplace of ideas.  Plaintiffs seek permanent injunctive relief that will end this unlawful

26  form of censorship.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF – Page 1


R A F E L   M A N V I L L E ₚₗₗc
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

bb280701.3

## II. JURISDICTION AND VENUE

2.     The Court has original jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as this is an action to redress the deprivation, under color of state law, of rights secured by the Constitution and laws of the United States. Plaintiffs seek remedies under 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. §§ 1983 and 1988, and Fed. R. Civ. P. 65.

3.     The Court has supplemental jurisdiction over Plaintiffs' claim for violation of Article I, Section 5 of the Washington State Constitution pursuant to 28 U.S.C. § 1367(a).

4.     Defendant NCRL resides, is found, has agents and transacts business in this judicial district, and its acts in violation of the United States and Washington State Constitutions have arisen and continue to arise in this judicial district.  Venue is proper in this judicial district pursuant to 28 U.S. C. § 1391(b).

## III. PARTIES

5.     Plaintiff Sarah Bradburn is a resident of Republic, Ferry County, Washington. Ms. Bradburn is a patron of the Republic branch of the NCRL system.  She uses the Republic Public Library's computers to access the Internet for lawful purposes.

6.     Plaintiff Pearl Cherrington is a resident of Twisp, Okanogan County, Washington.  She is a patron of the Twisp branch of the NCRL system.  She uses the Twisp Public Library's computers to access the Internet for lawful purposes.

7.     Plaintiff Charles Heinlen is a resident of Okanogan, Okanogan County, Washington.  He is a patron of the Omak, Okanogan and Wenatchee branches of the NCRL system.  He uses the Omak, Okanogan and Wenatchee Public Libraries' computers to access the Internet for lawful purposes, and lawfully to send and receive email messages.

8.     Plaintiff the Second Amendment Foundation ("SAF") is a not-for-profit education, research, publishing and legal action group focusing on the constitutional right to own and possess firearms.  SAF is headquartered in Bellevue, Washington, and has more than

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF – Page 2

bb280701.3

R A F E L   M A N V I L L E ₚₗₗ꜀
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661
28

1    600,000 members nationwide, including members in Chelan, Douglas, Ferry, Grant and

2    Okanogan Counties. SAF maintains a site on the World Wide Web ("Web") at www.saf.org,

3    and sponsors several publications that are available online.    SAF chose this method of

4    publication as an economical and effective way to communicate its views to its members and

5    to interested persons wherever they might live and however they might gain access to the

6    Internet. SAF wishes to communicate the contents of its Web site and sponsored publications

7    to Internet users in North Central Washington who may rely on public library computers for

8    Internet access.

9        9.    Defendant the North Central Regional Library District is a municipal

10    corporation that was established in 1960 by a vote of the rural residents of Chelan, Douglas,

11    Ferry, Grant and Okanogan Counties. The NCRL was formed and is operating under Chapter

12    27 of the Revised Code of Washington and other statutes applicable to inter-county rural

13    library districts. The NCRL was organized to provide library services for, and operate branch

14    libraries in all areas outside of incorporated cities and towns within Chelan, Douglas, Ferry,

15    Grant and Okanogan Counties, as well as incorporated cities and towns that are either annexed

16    to the aforementioned counties or have entered into service contracts with the NCRL.    The

17    NCRL operates 28 community libraries in Chelan, Douglas, Ferry, Grant and Okanogan

18    Counties. The actions of the NCRL that form the basis of this Complaint for Declaratory and

19    Injunctive Relief have been taken under color of statutes, regulations and other laws of the

20    State of Washington.

21                    **IV. FACTS**

22        10.    The Internet is a network of interlinked computers and computer networks.

23    Broadband Internet connections are becoming increasingly common, but Internet and

24    broadband penetration rates in rural areas lag behind those in urban and suburban areas.    It is

25    thus particularly important that public libraries in rural areas and in small cities and towns

26    provide Internet access – if possible via a broadband connection.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF – Page 3

11.    The Web consists of a vast number of documents stored in computers around the world.  Internet users employ tools such as browsers and search engines to locate Web pages, which are accessible via hyperlinks.  An enormous amount of information is available on the Web – including art, literature, medical and scientific information, humor, news, sports, religion, history, political commentary, music and government information.  Sexually-oriented material is also available, but it constitutes a very small fraction of total Web content.

12.    The NCRL recognizes that the Web contains materials that are enriching to users of all ages.  In furtherance of its mission to promote reading and lifelong learning, and to meet the diverse educational, vocational and recreational needs of its patrons, the NCRL provides public Internet access at all of its library branches.

13.    An Internet filter is a software product that filters Web content by keyword or that blocks particular Web sites based on their Uniform Resource Locator ("URL").  An Internet user attempting to view a blocked Web site typically receives an error message indicating that access has been denied.  Web content at all NCRL branches is filtered.  On information and belief, the NCRL filters Web content using a server software product called SmartFilter, Bess edition, manufactured by California-based Secure Computing Corporation.

14.    Secure Computing categorizes Web sites by means of a secret algorithm and review by human employees.  Web sites are currently sorted into the following categories: Alcohol, Anonymizers, Anonymizing Utilities, Art/Culture/Heritage, Auction, Business, Chat, Computing/Internet, Consumer Information, Criminal Skills, Dating/Social, Drugs, Education/Reference, Entertainment/Recreation/Hobbies, Extreme, Finance, For Kids, Forum Bulletin Boards, Gambling, Gambling Related, Game/Cartoon Violence, Games, General News, Government/Military, Gruesome Content, Hacking, Hate Speech, Health, History, Humor, Information Security, Instant Messaging, Interactive Web Applications, Internet Radio/TV, Job Search, Malicious Sites, Media Download, Messaging, Mobile Phone, Moderated, Non-Profit Organizations/Advocacy Groups, Nudity, P2P/File Sharing, Personal

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF – Page 4

Network Storage, Personal Pages, Phishing, Politics/Opinion, Pornography, Portal Sites, Profanity, Provocative Attire, Religion and Ideology, Remote Access, Resource Sharing, School Cheating Information, Search Engines, Sexual Materials, Shareware/Freeware, Shopping/Merchandizing, Spam Email URLs, Sports, Spyware, Stock Trading, Streaming Media, Technical/Business Forums, Text/Spoken Only, Tobacco, Travel, Usenet News, Violence, Visual Search Engine, Weapons, Web Ads, Web Mail, Web Phone. The Web sites contained in the above-referenced categories contain a significant quantity of non-obscene expression that is protected by the First Amendment of the Unites States Constitution and by Article I, Section 5 of the Washington State Constitution.

15.    The end user of Secure Computing's SmartFilter product can choose which categories of Web sites to block. On information and belief, the NCRL has configured its SmartFilter software to block Web sites in the following categories, or in categories equivalent to the following categories: Alcohol, Anonymizers, Chat, Criminal Skills, Dating/Social, Drugs, Extreme, Gambling, Game/Cartoon Violence, Gruesome Content, Hacking, Hate Speech, Malicious Sites, Nudity, P2P/File Sharing, Personal Pages, Phishing, Pornography, Profanity, School Cheating Information, Sexual Materials, Spyware, Tobacco, Violence, Visual Search Engine and Weapons. The NCRL's configuration of its SmartFilter software in the manner described above results in the blocking of a substantial amount of expression that is protected by the First Amendment of the Unites States Constitution and by Article I, Section 5 of the Washington State Constitution.

16.    The NCRL will not, upon request, disable the Internet filters that it has installed on its publicly-available computers in order to allow adult library patrons to conduct bona fide research via the Internet or to access the Web for other lawful purposes.

17.    Plaintiff Sarah Bradburn has attempted to use computers maintained by the NCRL to conduct Internet research – particularly regarding alcohol and drug-addiction topics – in connection with academic assignments. When Ms. Bradburn tried to access material and

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF – Page 5

R A F E L   M A N V I L L E pllc
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

1  obtain information relating to youth tobacco usage, the Internet filters that the NCRL had

2  installed on its computers prevented her from doing so.  The material and information to

3  which Ms. Bradburn has been denied access is protected by the First Amendment of the

4  Unites States Constitution and by Article I, Section 5 of the Washington State Constitution.

5        18.    Plaintiff Pearl Cherrington is a professional photographer, her work consisting

6  mostly of landscapes and outdoor scenes.  She has attempted to use computers maintained by

7  the NCRL to conduct Internet research and obtain information regarding art topics – including

8  art galleries that might be interested in displaying her work.  She has also attempted to use

9  NCRL computers to conduct Internet research and obtain information about health topics.

10  Her ability to conduct her research and obtain information via the Internet has been restricted

11  by the filters that the NCRL has installed on its computers.  The material and information to

12  which Ms. Cherrington has been denied access is protected by the First Amendment of the

13  Unites States Constitution and by Article I, Section 5 of the Washington State Constitution.

14        19.    Plaintiff Charles Heinlen has attempted to use computers maintained by the

15  NCRL to conduct Internet research and obtain information on topics relating to firearms.  His

16  ability to conduct research and access information related to firearms has been restricted by

17  the Internet filters that the NCRL has installed on its computers.  The filters have also denied

18  Mr. Heinlen access to various dating sites, publications such as Soldier of Fortune Magazine

19  (www.sofmag.com), the Web log (or "blog") that he maintains at www.myspace.com, and

20  photographs embedded in commercial emails that are sent to his Hotmail and Yahoo! email

21  accounts.  The material and information to which Mr. Heinlen has been denied access is

22  protected by the First Amendment of the Unites States Constitution and by Article I, Section 5

23  of the Washington State Constitution.

24        20.    One of the publications that Plaintiff SAF sponsors is Women & Guns, a

25  magazine with its own Web site, located at www.womenandguns.com.  Women & Guns is

26  written and edited by women, for women.  It covers topics such as self-defense, personal

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF – Page 6

RAFEL MANVILLE PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661
32

protection, recreational shooting, new products and legal issues. Women & Guns' Web site has been blocked by the Internet filters that the NCRL has installed on its computers. The information contained in Women & Guns is protected by the First Amendment of the Unites States Constitution and by Article I, Section 5 of the Washington State Constitution. Because the NCRL's Internet filters have blocked access to www.womenandguns.com on the NCRL's computers, SAF has been prevented from communicating with Internet users in North Central Washington who rely on public library computers for Internet access.

21.    The NCRL's policy of not disabling its Internet filters upon the request of an adult has rendered inaccessible to library patrons a large number of Web sites containing a substantial amount of expression that is protected by the First Amendment of the United States Constitution and by Article I, Section 5 of the Washington State Constitution; has undermined the ability of Plaintiffs Sarah Bradburn, Pearl Cherrington and Charles Heinlen to view constitutionally-protected speech, conduct bona fide research and use the Internet to access the Web for lawful purposes; and has prevented SAF from making constitutionally-protected speech available to patrons of the NCRL.

## V. <u>CAUSES OF ACTION</u>

### A. VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

22.    Plaintiffs reallege and incorporate by reference herein the allegations of paragraphs 1 through 21 above.

23.    The NCRL's policy of refusing to disable its Internet filters upon the request of adults who wish to conduct bona fide research via the Internet or to access the Web for other lawful purposes violates the First Amendment of the United States Constitution (which is made applicable to state entities through the Fourteenth Amendment) on its face and as applied.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF – Page 7

bb280701.3

R A F E L   M A N V I L L E PLLC

999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

33

**B. VIOLATION OF ARTICLE I, SECTION 5
OF THE WASHINGTON STATE CONSTITUTION**

24.     Plaintiffs reallege and incorporate by reference herein the allegations of paragraphs 1 through 23 above.

25.     The NCRL's policy of refusing to disable its Internet filters upon the request of adults who wish to conduct bona fide research via the Internet or to access the Web for other lawful purposes violates Article I, Section 5 of the Washington State Constitution on its face and as applied.

**VI.  PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Sarah Bradburn, Pearl Cherrington, Charles Heinlen and the Second Amendment Foundation pray for relief as follows:

A.     For a declaration that the NCRL's policy of refusing to disable its Internet filters upon the request of adults who wish to conduct bona fide research via the Internet or to access the Web for other lawful purposes violates the First Amendment of the United States Constitution;

B.     For a declaration that the NCRL's policy of refusing to disable its Internet filters upon the request of adults who wish to conduct bona fide research via the Internet or to access the Web for other lawful purposes violates Article I, Section 5 of the Washington State Constitution;

C.     For an order directing the NCRL and its officers, agents, servants and employees to disable the NCRL's Internet filters upon the request of adults who wish to conduct bona fide research via the Internet or to access the Web for other lawful purposes;

D.     For an award of reasonable attorney fees and costs of suit pursuant to 42 U.S.C. § 1988; and

E.     For such other and further relief as the Court may deem just and equitable.

DATED this _____ day of November, 2006.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF – Page 8

RAFEL MANVILLE, PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

1    DATED this 16th day of November, 2006.

2                                RAFEL MANVILLE PLLC

3

4                                By _____
                                    Duncan Manville, WSBA #30304
5                                   Robert A. Hyde, WSBA #33593

6                                On behalf of the ACLU of Washington

7

8                                ACLU OF WASHINGTON

9

10                               By _____
                                    Aaron Caplan, WSBA #22525

11

12                               Attorneys for Plaintiffs Sarah Bradburn, Pearl
                                 Cherrington, Charles Heinlen and the Second
13                               Amendment Foundation

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF – Page 9

bb280701.3

# Exhibit B

1  Thomas D. Adams, WSBA #18470
   tom.adams@bullivant.com
2  Bullivant Houser Bailey PC
   1601 Fifth Avenue, Suite 2300
3  Seattle, Washington  98101-1618
   Telephone: 206.292.8930
4  Facsimile: 206.386.5130

5  Attorneys for Defendant North
   Central Regional Library District

6

7

8              IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF WASHINGTON
9                          AT SPOKANE

10

11  SARAH BRADBURN, PEARL
    CHERRINGTON, CHARLES              No.: CV-06-327-EFS
12  HEINLEN, and the SECOND
    AMENDMENT FOUNDATION,             ANSWER AND AFFIRMATIVE
13                                    DEFENSES OF DEFENDANT
                      Plaintiffs,     NORTH CENTRAL REGIONAL
14                                    LIBRARY DISTRICT
         v.
15
    NORTH CENTRAL REGIONAL
16  LIBRARY DISTRICT,

17                    Defendant.

18

19
         Defendant North Central Regional Library District ("NCRL") responds to
20
    Plaintiffs' Complaint for Declaratory and Injunctive Relief as follows:
21
         1.      Plaintiffs' "Preliminary Statement" is factually and legally groundless
22
    and reflects the frivolous nature of their action.  NCRL believes the allegations ¶ 1
23
    require no response.  To the extent a response is required, the allegations are denied.
24
         2.      NCRL agrees this Court has jurisdiction over the parties and the subject
25
    matter of the action.
26

THE HONORABLE EDWARD F. SHEA

3.     NCRL agrees this Court may exercise supplemental jurisdiction over Plaintiffs' claim under the Constitution of the State of Washington but denies that this Court should exercise its discretion in this respect.

4.     NCRL agrees venue is proper in this Court.

5.     NCRL lacks knowledge or information sufficient to form a belief of the allegations ¶ 5 and therefore denies.

6.     NCRL lacks knowledge or information sufficient to form a belief of the allegations ¶ 6 and therefore denies.

7.     NCRL lacks knowledge or information sufficient to form a belief of the allegations ¶ 7 and therefore denies.

8.     NCRL lacks knowledge or information sufficient to form a belief of the allegations ¶ 8 and therefore denies.

9.     NCRL agrees it was formed in 1960 to provide library services for municipalities within Chelan, Douglas, Ferry, Grant, and Okanogan Counties. NCRL is dedicated to increasing the quality of life throughout North Central Washington by expanding the benefits offered to and provided by a reading public. NCRL provides the tools, programs, and books to inspire citizens of North Central Washington to read and to continue learning.  NCRL is strongly committed to children's literacy.  Its mission it to promote reading and lifelong learning.

10.     NCRL agrees that internet connectivity is increasingly common in all geographic locations and that, generally speaking, such connectivity serves a valuable societal function.  Otherwise, the allegations of ¶ 10 are merely part of Plaintiffs' polemic and require no response from NCRL.

11.     NCRL agrees that the internet offers access to a vast amount of information.  NCRL also understands that the internet may offer access to misinformation, illegal content, and content not properly accessible to all.  NCRL has

ANSWER AND AFFIRMATIVE DEFENSES                Page 2        **Bullivant|Houser|Bailey PC**

1 legal responsibilities concerning internet access established by law, including without

2 limitation the Children's Internet Protection Act ("CIPA").   NCRL has no way to

3 know whether "sexually-oriented material … constitutes a very small fraction of total

4 Web content" as Plaintiffs contend.  Otherwise, the allegations of ¶ 11 are merely

5 part of Plaintiffs' polemic and require no response from NCRL.

6       12.    NCRL agrees that internet access can enrich and enhance the learning

7 process for the citizens it serves.

8       13.    NCRL does not presently utilize the internet filter system described by

9 Plaintiffs.  Consequently NCRL lacks knowledge sufficient to form a belief as to

10 the truth or falsity of the allegations of ¶ 13 and therefore denies them.

11       14.    NCRL does not presently utilize services offered by Secure Computing.

12 Consequently NCRL lacks knowledge sufficient to form a belief as to the truth or

13 falsity of the allegations of ¶ 14 and therefore denies them.

14       15.    NCRL does not presently utilize services offered by Secure Computing.

15 Consequently NCRL lacks knowledge sufficient to form a belief as to the truth or

16 falsity of the allegations of ¶ 15 and therefore denies them.   NCRL denies it has

17 ever operated an internet filtering system in contravention of the standards

18 established by the Constitutions of the United States or the State of Washington.

19       16.    NCRL denies the allegations of  ¶ 16.

20       17.    NCRL does not know what topics Plaintiff Bradburn researched or

21 attempted to research through internet resources it provided or when or where

22 Plaintiff Bradburn attempted such research.  NCRL denies all other allegations of

23 ¶17.

24       18.    NCRL does not know what topics Plaintiff Cherrington researched or

25 attempted to research through internet resources it provided or when or where

26 Plaintiff Bradburn attempted such research.  NCRL denies all other allegations of

¶18.

19.     NCRL does not know what topics Plaintiff Heinlen researched or attempted to research through internet resources it provided or when or where Plaintiff Heinlen attempted such research.  Upon information and belief Plaintiff Heinlen is an avid user of social networking sites and maintains a "blog" under the pseudonym "Cannibal Chuck" accessible through the following link: http://www.myspace.com/cannibalchuck.   NCRL denies all other allegations of ¶19.

20.     NCRL lacks knowledge or information about the content or philosophy of the magazine and internet site entitled "Women & Guns" or www.womenandguns.com.  All other allegations of ¶20 are denied.

21.     The allegations of ¶21 are denied.

22.     NCRL incorporates each of its previous responses to Plaintiffs' allegations.

23.     The allegations of ¶23 are denied.

24.     NCRL incorporates each of its previous responses to Plaintiffs' allegations.

25.     The allegations of ¶25 are denied.


In further response to Plaintiffs' Complaint, NCRL alleges the following Affirmative Defenses:

26.     NCRL incorporates each of its previous responses to Plaintiffs' allegations.

27.     Plaintiffs allegations fail to state a claim upon which relief can be granted.

28.     Plaintiffs claims have been rendered moot by NCRL's recent

ANSWER AND AFFIRMATIVE DEFENSES          Page 4          **Bullivant|Houser|Bailey PC**

installation of an internet filtering system known generally as "Fortinet." Such system went into effect in approximately October 2006 in the normal course of NCRL operations as part of a system wide telecommunications upgrade and for reasons having nothing to do with Plaintiffs' allegations.

29.    Plaintiffs have failed to allege facts constituting a present case or controversy.

30.    Prior to and after the installation of Fortinet, one or more of Plaintiffs failed to seek assistance from NCRL staff in gaining access to internet sites they may have found inaccessible. NCRL has and always has had a procedure in place for dealing with such inquiries. Such policy was made known generally to citizens using NCRL facilities yet Plaintiffs chose not to avail themselves of the process.

31.    Plaintiffs claims are not well-grounded in fact or law and are frivolous under state and federal law. Had Plaintiffs performed reasonable due diligence prior to filing this action they would have discovered the existence and effect of the current internet filter system utilized by NCRL and may have been provided the very access they claim to have been denied.

32.    Plaintiffs claims are not actionable under 42 USC 1983 et. seq.

WHEREFORE, having answered Plaintiffs' Complaint and having alleged its presently known Affirmative Defenses, NCRL prays that:

(1)    Plaintiffs Complaint be dismissed and judgment entered in favor of NCRL;

(2)    NCRL recover its costs and all attorney fees allowed by law including, without limitation, laws such as 42 USC 1988 and Fed. R. Civ. Pro 11;

(3)    NCRL recover such other legal or equitable relief as this Court deems appropriate.

ANSWER AND AFFIRMATIVE DEFENSES          Page 5          **Bullivant|Houser|Bailey PC**

1      DATED:  January 2, 2007

2                             BULLIVANT HOUSER BAILEY PC

3

4                          /s/ Thomas D. Adams

                         Thomas D. Adams, WSBA #18470

5                          E-mail: tom.adams@bullivant.com

                         Attorney for Defendant  North Central

6                          Regional Library District

                         BULLIVANT HOUSER BAILEY PC

7                          1601 Fifth Avenue, Suite 2300

                         Seattle, Washington  98101-1618

8                          Telephone: 206.292.8930

                         Facsimile: 206.386.5130

9

10   3517665.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ANSWER AND AFFIRMATIVE DEFENSES            Page 6       **Bullivant|Houser|Bailey PC**

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on January 2, 2007, I electronically filed the foregoing with the Clerk of the Court

3    using the CM/ECF system which will send notification of such filing to the persons listed below:

4    rhyde@rafelmanville.com                    caplan@aclu-wa.org
     Duncan Manville                            Aaron A. Caplan

5    Robert Hyde                                ACLU of Washington
     Rafel Manville PLLC                        705 Second Avenue, Ste 300

6    999 Third Ave, Ste 1600                    Seattle, WA 98104
     Seattle, WA 98104

7

8                                               BULLIVANT HOUSER BAILEY PC

9

10                                              By:/s/Elen A. Sale _____
                                                   Elen A. Sale

11                                                 ele.sale@bullivant.com

12

13   3517665.1

14

15

16

17

18

19

20

21

22

23

24

25

26

ANSWER AND AFFIRMATIVE DEFENSES                          Page 7        **Bullivant|Houser|Bailey PC**

# Exhibit C

The Honorable Edward F. Shea

EXH 15 DATE 8-13-2007
WITNESS A. BRADBURN
BARBARA J. SCOVILLE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

SARAH BRADBURN, PEARL
CHERRINGTON, CHARLES HEINLEN, and
the SECOND AMENDMENT
FOUNDATION,

                   Plaintiffs,

   v.

NORTH CENTRAL REGIONAL LIBRARY
DISTRICT,

                 Defendant.

No. 2:06-cv-327

**PLAINTIFF SARAH BRADBURN'S OBJECTIONS, ANSWERS AND RESPONSES TO DEFENDANT'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF SARAH BRADBURN**

Plaintiff Sarah Bradburn submits the following objections, answers and responses to Defendant's First Interrogatories and Requests for Production to Plaintiff Sarah Bradburn ("Defendant's First Discovery Requests").

## GENERAL OBJECTIONS

The following general objections apply to all or so many of Defendant's First Discovery Requests that for convenience they are set forth immediately below and are hereby incorporated into each specific answer and response set forth below. The assertion of the same, similar or additional objections or partial answers or responses to Defendant's

SARAH BRADBURN'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 1
cp201305

R A F E L   M A N V I L L E ...
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

45

1    interrogatories or requests for production is not intended to waive any of Ms. Bradburn's
2    general objections to Defendant's First Discovery Requests.

3        Ms. Bradburn objects to Defendant's First Discovery Requests (including Defendant's
4    definitions and instructions) to the extent they are burdensome, oppressive, and seek
5    disclosure of information that is neither relevant to the subject matter of this litigation nor
6    reasonably calculated to lead to the discovery of admissible evidence.

7        Ms. Bradburn objects to Defendant's First Discovery Requests (including Defendant's
8    definitions and instructions) to the extent they seek disclosure of information that is protected
9    by the attorney-client privilege, is immune from disclosure as trial preparation materials or
10   attorney work product, or is protected by any other privilege or immunity.

11       Ms. Bradburn objects to Defendant's First Discovery Requests (including Defendant's
12   definitions and instructions) as unduly burdensome to the extent they seek disclosure of
13   information or documents that are already in Defendant's possession, that are equally
14   obtainable by Defendant from other sources, or that are not within Ms. Bradburn's knowledge,
15   possession, custody or control.  To the extent permitted by law, relevant information and
16   documents within the knowledge, possession, custody or control of third parties may be
17   sought by subpoena directed to such third parties.  Such information and documents may not
18   properly be sought through interrogatories or requests for production directed to Ms.
19   Bradburn.

20       Ms. Bradburn objects to Defendant's First Discovery Requests (including Defendant's
21   definitions and instructions) to the extent they seek to impose obligations on Ms. Bradburn
22   that are greater than or inconsistent with the obligations imposed by the Federal Rules of Civil
23   Procedure, the Western District of Washington Local Rules, applicable case law, or laws
24   governing the proper scope of discovery.  Ms. Bradburn further objects to each definition and
25   instruction to the extent it is overly broad, unduly burdensome, vague or ambiguous, and thus
26   likely to lead to a confusing, misleading, inaccurate or incomplete answer or response.

SARAH BRADBURN'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 2
cg20:306

RAFEL MANVILLE rau
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660   fax 206.838.2661

46

1     Ms. Bradburn objects to Defendant's First Discovery Requests (including Defendant's
2 definitions and instructions) to the extent they purport to define the sources of information that
3 are within Ms. Bradburn's possession, custody or control for purposes of Fed.R.Civ.P. 33 and
4 34; and objects to the Discovery Requests to the extent they seek disclosure of information or
5 documents that are not available to or in the possession, custody or control of Ms. Bradburn.

6     Ms. Bradburn has not completed her investigation of the facts relating to this action,
7 nor has she completed discovery in preparation for trial. Ms. Bradburn reserves the right to
8 rely on any facts, documents or other evidence that she may discover or that may become
9 available or come to her attention subsequent hereto. Ms. Bradburn reserves the right to assert
10 additional objections and to amend or supplement her answers and responses to Defendant's
11 First Discovery Requests should Ms. Bradburn discover additional grounds for objection or
12 bases for response.

13     Subject to and without waiver of the foregoing objections, all documents responsive to
14 Defendant's First Discovery Requests that are not privileged, immune from disclosure as trial
15 preparation materials or attorney work product, or protected by any other privilege or
16 immunity will be produced for inspection at the offices of Ms. Bradburn's counsel on a
17 mutually agreeable date.

18     Ms. Bradburn provides the following answers and responses subject to and without
19 waiver of the foregoing objections.

20

21 **INTERROGATORIES**

22 **INTERROGATORY NO. 1**: Identify all individuals who aided in the preparation of your
23 responses to these interrogatories and requests for production.

24 **ANSWER**: No one other than counsel and Ms. Bradburn aided in the preparation of these
25 responses.

26

SARAH BRADBURN'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 3
cg20130S

R A F E L   M A N V I L L E pllc
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660   fax 206.838.2661

47

**INTERROGATORY NO. 2**: Provide your full name, current address and date of birth.

**ANSWER:**

Sarah Bradburn
26 Heron Loop
Republic, WA 99166

Date of birth: April 5, 1950

**INTERROGATORY NO. 3**: How long have you been a patron of NCRL branch libraries?

**ANSWER**: Ms. Bradburn has been a patron of NCRL branch libraries for 17 years.

**INTERROGATORY NO. 4**: Identity all branch locations that you have visited over the past five years, and the dates of each visit to the best of your recollection.

**ANSWER**: During the past five years, Ms. Bradburn has used the Republic branch on a frequent basis. In recent months she has used this branch on approximately a monthly basis, but at times has used it about twice a week. Before moving to Republic, Ms. Bradburn used the branches in Okanogan, Omak, Oroville, and Tonasket.

**INTERROGATORY NO. 5**: In the Complaint, you claim that you "attempted to use computers maintained by the NCRL to conduct Internet research – particularly regarding alcohol and drug-addiction topics – in connection with academic assignments." You also state that the filters have denied you access to material "relating to youth tobacco usage." Please identify the URL addresses, or any other identifying information, for all of the websites for which you claim you were denied access is whole or in part.

**ANSWER**: Ms. Bradburn does not recall the precise Web sites to which she was denied access. In October or November 2003, she used the search engine on the library's computer to search for Web sites with URLs containing keywords including "tobacco" paired with "adolescent" and/or "teenage." The computer responded that no links were accessible for

SARAH BRADBURN'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 4
cg201308

R A F E L   M A N V I L L E...
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

48

1   these queries. Believing that other Internet-equipped computers would have access to
2   information on these topics. Ms. Bradburn traveled to a public library in Spokane where she
3   was able to locate a number of Web pages on these topics without any blockages.

4

5   **INTERROGATORY NO. 6**: Prior to the filing of the Complaint. were you aware of
6   NCRL's Internet Usage Policy?

7   **ANSWER**: Ms. Bradburn was not familiar with any particular document known as the
8   Internet Usage Policy prior to the filing of the Complaint. She remembers knowing at the time
9   that Internet access was limited to 30 minutes per session. that users needed to sign up for
10   access, and that minors were not allowed to look at pornography on library computers.

11

12   **INTERROGATORY NO. 7**: Did you accept NCRL's Internet Usage Policy before
13   accessing the Internet on NCRL computers?

14   **ANSWER**: Ms. Bradburn objects to the word "accept" as vague and ambiguous. Subject to
15   and without waiver of the foregoing objection, Ms. Bradburn states that she does not recall
16   signing or orally agreeing to any specific terms before accessing the Internet on any of the
17   NCRL's computers.

18

19   **INTERROGATORY NO. 8**: With respect to each website identified in Interrogatory No. 5.
20   state the reason(s) that you sought access to the site.

21   **ANSWER**: At the time of the searches referenced in Ms. Bradburn's answer to Interrogatory
22   No. 5, Ms. Bradburn was enrolled in an Eastern Washington University certification program
23   for drug and alcohol counseling. Her course work required her to do research about
24   prevention of teenage tobacco use and media literacy for youth relating to tobacco.

25

26

R A F E L   M A N V I L L E ₚₗₗc
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660 fax 206.838.2661

49

1    **INTERROGATORY NO. 9**: Discuss what efforts. if any, you made to bring your concerns

2    about the blocked sites (identified in Interrogatory No. 5) to the attention of NCRL personnel.

3    including the name of any individual that you spoke with. the date of the conversation and the

4    response.

5    **ANSWER**: None.

6

7    **INTERROGATORY NO. 10**: Discuss what efforts. if any, you made to bring you concerns

8    about the blocked sites (identified in Interrogatory No. 5) to the attention of any other person

9    or entity (other than your attorney). including state or federal officials/employees.  For each

10    individual identify their (its) name. the date of the conversation and the response.

11    **ANSWER**: None.

12

13    **INTERROGATORY NO 11**: Have you accessed, or attempted to access, the Internet at an

14    NCRL branch since the Complaint was filed?

15    **ANSWER**: ~~No.~~ Yes. ✗

16

17    **INTERROGATORY NO 12**: If your answer to the preceding interrogatory is "yes," identify

18    all websites for which you claim access was denied and the steps you took. if any. to bring the

19    matter to the attention of NCRL personnel.

20    **ANSWER**: ~~N/A.~~ Don't remember specific web sites and did not bring

21    it to library personnel's attention. ✗

22    **INTERROGATORY NO. 13**: Please state whether you have ever completed a "Material

23    Section Review Form," pursuant to NCRL policy?

24    **ANSWER**: No.

25

26

SARAH BRADBURN'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 6
cg201305

R A F E L   M A N V I L L E ...
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

50

1 **INTERROGATORY NO 14**: Do you have access to the Internet from any other location
2 besides an NCRL branch library? If so, where?

3 **ANSWER**: Ms. Bradburn does not have Internet access at her home. She believes that other
4 Internet-connected computers may be available in exchange for a fee at the Republic
5 Computer Center.

6

7 **INTERROGATORY NO. 15**: Have you written or spoken publicly, including, without
8 limitation, on any blog or other Internet forum, regarding issues associated with Internet usage
9 and/or accessibility in public facilities?

10 **ANSWER**: Ms. Bradburn has spoken to reporters about this lawsuit, but has not delivered
11 any speeches or done any writing about it.

12

13 **INTERROGATORY NO 16**: If the answer to the preceding interrogatory "yes," please
14 identify the date, location and name of the speaking event; the nature of your involvement or
15 level of participation; and provide a summary of your public statements on the case.

16 **ANSWER**: Ms. Bradburn was interviewed by two reporters who contacted her shortly after
17 this lawsuit was filed. One was from the <u>Wenatchee World</u> and the other was from the
18 <u>Spokane Spokesman-Review</u>. In both interviews, Ms. Bradburn described her problems
19 accessing legitimate Web sites at the library and her objections to the library's filtering policy.

20

21 **INTERROGATORY NO. 17**: If the answer to Interrogatory No. 15 is yes, please identify
22 the title of your writing(s), as well as the date, location (i.e. URL address) and source of the
23 publication or commentary. Please include any and all pseudonym(s) or alias monikers you
24 have used in any postings or publications.

25 **ANSWER**: The articles described in Ms. Bradburn's answer to the previous interrogatory
26 appeared in the referenced publications in November 2006. (Wenatchee World) and
February 2007 (Spokesman Review).

R A F E L   M A N V I L L E...

999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Provide copies of all written or electronic correspondence that you have had with any NCRL branch librarian relating to this case, including but not limited to topics such as NCRL's internet content filter, blocked websites, the Children's Internet Protection Act (CIPA) and <u>United States v. American Library Association</u>.

**RESPONSE:** Ms. Bradburn has no responsive documents.

**REQUEST FOR PRODUCTION NO. 2:** Provide copies of all written or electronic correspondence that you have had with any NCRL administrator relating to this case, including but not limited to topics such as NCRL's internet content filter, blocked websites, the Children's Internet Protection Act (CIPA) and <u>United States v. American Library Association</u>.

**RESPONSE:** Ms. Bradburn has no responsive documents.

**REQUEST FOR PRODUCTION NO. 3:** Provide copies of all written or electronic correspondence that you have had with any state or federal official, including but not limited to topics such as NCRL's internet content filter, blocked websites, the Children's Internet Protection Act (CIPA) and <u>United States v. American Library Association</u>.

**RESPONSE:** Ms. Bradburn has no responsive documents.

**REQUEST FOR PRODUCTION NO. 4:** Provide copies of all written or electronic correspondence that you have had with any other person or entity regarding this case, including but not limited to topics such as NCRL's internet content filter, blocked websites,

SARAH BRADBURN'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 8
c9201308

RAFEL MANVILLE PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main: 206.838.2660  fax 206.838.2661

52

1    the Children's Internet Protection Act (CIPA) and <u>United States v. American Library</u>

2    <u>Association</u>.

                                  *Produced* ~~SB~~

3    <u>RESPONSE</u>: Ms. Bradburn has ~~no~~ responsive documents.

4

5    <u>**REQUEST FOR PRODUCTION NO. 5**</u>: Provide copies of any written/electronic requests

6    that you made to NCRL to have specific sites unblocked at any time prior to or following the

7    filing of the Complaint.

8    <u>RESPONSE</u>: Ms. Bradburn has no responsive documents.

9

10    <u>**REQUEST FOR PRODUCTION NO. 6**</u>: With respect to Interrogatories No. 15 & 16,

11    please provide copies of any and all materials that were prepared in anticipation of, or were

12    relevant to, any public speech or meeting that you participated in discussing the merits of this

13    case, or the issue of Internet usage/accessibility at public facilities, including event flyers,

14    programs, your written submissions and any audio or video tape of the event.

15    <u>RESPONSE</u>: Ms. Bradburn has no responsive documents.

16

17    <u>**REQUEST FOR PRODUCTION NO. 7**</u>: With respect to Interrogatories No. 15 & 17;

18    please provide copies of any and all written/electronic materials that you prepared for public

19    dissemination relating to, or discussing, the merits of this case or the issue of Internet

20    usage/accessibility at public facilities.

21    <u>RESPONSE</u>: Ms. Bradburn has no responsive documents.

22

23

24

25

26

SARAH BRADBURN'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 9
c920:305

R A F E L   M A N V I L L E ᴘʟʟᴄ
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660   fax 206.838.2661

53

1  ANSWERS AND RESPONSES SUBMITTED this 9th day of August, 2007. The
2  undersigned attorney has read the foregoing answers and responses to these discovery
3  requests.

4                                    RAFEL MANVILLE PLLC
5
6                                    By:
7                                         Duncan Manville, WSBA #30304
                                         Robert A. Hyde, WSBA #33593
8                                    Attorneys for Plaintiffs Sarah Bradburn, Pearl
                                     Cherrington, Charles Heinlen and the Second
9                                    Amendment Foundation
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

SARAH BRADBURN'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 10
cg20:308

R A F E L   M A N V I L L E PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

54

## PARTY'S DECLARATION

I am Plaintiff Sarah Bradburn. I certify under penalty of perjury under the laws of the State of Washington that I have read the foregoing answers to the interrogatories contained in Defendant's First Interrogatories and Requests for Production to Plaintiff Sarah Bradburn. know the contents thereof and believe the same to be true and correct.

EXECUTED at _____Omak_____. Washington on _____August 13_____. 2007.

_____Sarah Bradburn_____
sign

_____Sarah Bradburn_____
print

SARAH BRADBURN'S OBJECTIONS. ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 11
c9201308

RAFEL MANVILLE, PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main: 206.838.2660  fax 206.838.2661

55

# Exhibit D

The Honorable Edward F. Shea

EXH __13__ DATE _3-13-2007_
WITNESS _P CHERRING TON_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

SARAH BRADBURN, PEARL
CHERRINGTON, CHARLES HEINLEN. and
the SECOND AMENDMENT
FOUNDATION,

                    Plaintiffs.

        v.

NORTH CENTRAL REGIONAL LIBRARY
DISTRICT.

                    Defendant.

No. 2:06-cv-327

PLAINTIFF PEARL CHERRINGTON'S
OBJECTIONS, ANSWERS AND
RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO PLAINTIFF
PEARL CHERRINGTON

Plaintiff Pearl Cherrington submits the following objections. answers and responses to

Defendant's First Interrogatories and Requests for Production to Plaintiff Pearl Cherrington

("Defendant's First Discovery Requests").

## GENERAL OBJECTIONS

The following general objections apply to all or so many of Defendant's First

Discovery Requests that for convenience they are set forth immediately below and are hereby

incorporated into each specific answer and response set forth below. The assertion of the

same, similar or additional objections or partial answers or responses to Defendant's

R A F E L   M A N V I L L E.
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

57

1 | interrogatories or requests for production is not intended to waive any of Ms. Cherrington's
2 | general objections to Defendant's First Discovery Requests.

3 | Ms. Cherrington objects to Defendant's First Discovery Requests (including
4 | Defendant's definitions and instructions) to the extent they are burdensome, oppressive, and
5 | seek disclosure of information that is neither relevant to the subject matter of this litigation nor
6 | reasonably calculated to lead to the discovery of admissible evidence.

7 | Ms. Cherrington objects to Defendant's First Discovery Requests (including
8 | Defendant's definitions and instructions) to the extent they seek disclosure of information that
9 | is protected by the attorney-client privilege, is immune from disclosure as trial preparation
10 | materials or attorney work product, or is protected by any other privilege or immunity.

11 | Ms. Cherrington objects to Defendant's First Discovery Requests (including
12 | Defendant's definitions and instructions) as unduly burdensome to the extent they seek
13 | disclosure of information or documents that are already in Defendant's possession, that are
14 | equally obtainable by Defendant from other sources, or that are not within Ms. Cherrington's
15 | knowledge, possession, custody or control. To the extent permitted by law, relevant
16 | information and documents within the knowledge, possession, custody or control of third
17 | parties may be sought by subpoena directed to such third parties. Such information and
18 | documents may not properly be sought through interrogatories or requests for production
19 | directed to Ms. Cherrington.

20 | Ms. Cherrington objects to Defendants Discovery Requests (including Defendant's
21 | definitions and instructions) to the extent they seek to impose obligations on Ms. Cherrington
22 | that are greater than or inconsistent with the obligations imposed by the Federal Rules of Civil
23 | Procedure, the Western District of Washington Local Rules, applicable case law, or laws
24 | governing the proper scope of discovery. Ms. Cherrington further objects to each definition
25 | and instruction to the extent it is overly broad, unduly burdensome, vague or ambiguous, and
26 | thus likely to lead to a confusing, misleading, inaccurate or incomplete answer or response.

PEARL CHERRINGTON'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 2
c0201309

R A F E L   M A N V I L L E ...
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.836.2660  fax 206.838.2660

1     Ms. Cherrington objects to Defendant's First Discovery Requests (including

2 Defendant's definitions and instructions) to the extent they purport to define the sources of

3 information that are within Ms. Cherrington's possession, custody or control for purposes of

4 Fed.R.Civ.P. 33 and 34; and objects to the Discovery Requests to the extent they seek

5 disclosure of information or documents that are not available to or in the possession, custody

6 or control of Ms. Cherrington.

7     Ms. Cherrington has not completed their investigation of the facts relating to this

8 action, nor has she completed discovery in preparation for trial. Ms. Cherrington reserves the

9 right to rely on any facts, documents or other evidence that she may discover or that may

10 become available or come to her attention subsequent hereto. Ms. Cherrington reserves the

11 right to assert additional objections and to amend or supplement her answers and responses to

12 Defendant's First Discovery Requests should Ms. Cherrington discover additional grounds for

13 objection or bases for response.

14     Subject to and without waiver of the foregoing objections, all documents responsive to

15 Defendant's First Discovery Requests that are not privileged, immune from disclosure as trial

16 preparation materials or attorney work product, or protected by any other privilege or

17 immunity will be produced for inspection at the offices of Ms. Cherrington's counsel on a

18 mutually agreeable date.

19     Ms. Cherrington provides the following answers and responses subject to and without

20 waiver of the foregoing objections.

21

22                     **INTERROGATORIES**

23 **INTERROGATORY NO. 1**: Identify all individuals who aided in the preparation of your

24 responses to these interrogatories and requests for production.

25 **ANSWER**: No one other than counsel and Ms. Cherrington aided in the preparation of these

26 responses.

R A F E L   M A N V I L L E ...

999 3rd Ave., Ste. 1600, Seattle, WA 98104
main: 206.838.2660  fax: 206.838.2661

59

**INTERROGATORY NO. 2**: Provide your full name, current address and date of birth.

**ANSWER**:

> PCR
> Pearl Ann Cherrington
> PO Box 681
> Twisp, WA 98856
>
> Date of birth: June 28, 1953

**INTERROGATORY NO. 3**: How long have you been a patron of NCRL branch libraries?

**ANSWER**: Ms. Cherrington has been a patron of NCRL branch libraries for 17 years.

**INTERROGATORY NO. 4**: Identify all branch locations that you have visited over the past five years, and the dates of each visit to the best of your recollection.

**ANSWER**: Ms. Cherrington visits the Twisp branch approximately once a week, visits the Winthrop branch approximately five times a year, and visited the Omak branch once in around 2002.

**INTERROGATORY NO. 5**: In the Complaint, you claim that you "attempted to use computers maintained by the NCRL to conduct Internet research and obtain information on topics regarding art topics – including art galleries that might be interested in displaying her work." You also state that the filters have denied you access to "information about health topics." Please identify the URL addresses, or any other identifying information, for all of the websites for which you claim you were denied access is whole or in part.

**ANSWER**: All the following denials of access occurred at the Twisp branch of the NCRL:

> 1.  The NCRL's filter denied access to certain Web sites for art galleries in the Pacific Northwest that were included on a list obtained from Artist Trust. Ms. Cherrington does not have a record of specific URLs that were blocked by the filter, but remembers that a red "STOP" sign appeared when she attempted to view the Web site of a gallery in Idaho.

R A F E L   M A N V I L L E inc
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main: 206.838.2660   fax 206.838.2661

60

2. The NCRL's filter blocked a search engine query for the term "anal fissure." presenting a "STOP" sign instead of returning results.

3. The NCRL's filter blocked access to www.youtube.com. The message displayed indicated that the site was being blocked because it had chat capability.

**INTERROGATORY NO. 6**: Prior to the filing of the Complaint, were you aware of NCRL's Internet Usage Policy?

**ANSWER**: Ms. Cherrington was not familiar with any particular document known as the Internet Usage Policy prior to the filing of the Complaint. She remembers seeing a sign posted near the computer terminal that she was using which stated that users should not tamper with or hack into the library's computer system, but she does not recall this document saying anything about Internet filtering.

**INTERROGATORY NO. 7**: Did you accept NCRL's Internet Usage Policy before accessing the Internet on NCRL computers?

**ANSWER**: Ms. Cherrington objects to the word "accept" as vague and ambiguous. Subject to and without waiver of the foregoing objection, Ms. Cherrington states that she does not recall signing or orally agreeing to any specific terms before accessing the Internet on any of the NCRL's computers.

**INTERROGATORY NO. 8**: With respect to each website identified in Interrogatory No. 5, state the reason(s) that you sought access to the site.

**ANSWER**:

1. Ms. Cherrington was looking for art gallery websites because she is a professional photographer and was hoping to find art galleries at which to sell her work.

2. Ms. Cherrington wished to learn about anal fissures because of health problems she was experiencing.

R A F E L   M A N V I L L E pllc
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2667

61

3. Ms. Cherrington wished to explore www.youtube.com because it was a topic of public discussion and debate that she wished to become familiar with.

**INTERROGATORY NO. 9**: Discuss what efforts, if any, you made to bring your concerns about the blocked sites (identified in Interrogatory No. 5) to the attention of NCRL personnel, including the name of any individual that you spoke with, the date of the conversation and the response.

**ANSWER**:

1. The denial of access to the art gallery Web sites occurred in early summer 2005. On the day access was denied, Ms. Cherrington spoke with librarian Terry Dixon. Ms. Dixon said that the denial of access resulted from the library's filtering software and that she was unable to do anything to allow access to the blocked sites.

2. The blockage of the "anal fissure" search occurred shortly after the first incident. Ms. Cherrington did not bother the librarian about it, since she had been told that the filter could not be turned off.

3. The denial of access to www.youtube.com occurred sometime during the winter of 2006-07. Ms. Cherrington did not speak to a librarian about this.

**INTERROGATORY NO. 10**: Discuss what efforts, if any, you made to bring you concerns about the blocked sites (identified in Interrogatory No. 5) to the attention of any other person or entity (other than your attorney), including state or federal officials/employees. For each individual identify their (its) name, the date of the conversation and the response.

**ANSWER**: Ms. Cherrington spoke about the blocked sites to her husband and friends, but not to any state or federal officials.

**INTERROGATORY NO 11**: Have you accessed, or attempted to access, the Internet at an NCRL branch since the Complaint was filed?

**ANSWER**: Yes.

PEARL CHERRINGTON'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 6
cn201300

R A F E L   M A N V I L L E
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660   fax 206.838.2661

62

1  **INTERROGATORY NO 12**: If your answer to the preceding interrogatory is "yes," identify

2  all websites for which you claim access was denied and the step you took, if any, to bring the

3  matter to the attention of NCRL personnel.

4  **ANSWER**: See the answers relating to www.youtube.com, above.

5

6  **INTERROGATORY NO. 13**: Please state whether you have ever completed a "Material

7  Section Review Form," pursuant to NCRL policy?

8  **ANSWER**: No.

9

10  **INTERROGATORY NO 14**: Do you have access to the Internet from any other location

11  besides an NCRL branch library? If so, where?

12  **ANSWER**: Ms. Cherrington does not have Internet access at her home. She has some

13  Internet access through the computer at her husband's office in downtown Twisp, but only

14  when it is not being used for business purposes.

15

16  **INTERROGATORY NO. 15**: Have you written or spoken publicly, including, without

17  limitation, on any blog or other Internet forum, regarding issues associated with Internet usage

18  and/or accessibility in public facilities?

19  **ANSWER**: Ms. Cherrington has spoken to reporters about this lawsuit, but has not delivered

20  any speeches or done any writing about it.

21

22  **INTERROGATORY NO 16**: If the answer to the preceding interrogatory "yes," please

23  identify the date, location and name of the speaking event; the nature of your involvement or

24  level of participation; and provide a summary of your public statements on the case.

25  **ANSWER**: Ms. Cherrington was interviewed by two reporters who contacted her shortly

26  after this lawsuit was filed. One was K.C. Mahaffey from the Wenatchee World and the other

PEARL CHERRINGTON'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 7
ca201305

R A F E L   M A N V I L L E...

999 3rd Ave., Ste. 1600, Seattle, WA 98104
main: 206.838.2660  fax 206.838.2661

63

1  was from the <u>Methow Valley News</u>. In both interviews, Ms. Cherrington described her
2  problems accessing legitimate Web sites at the library and her objections to the blockages that
3  she had experienced. Ms. Mahaffey also asked Ms. Cherrington about a newly-implemented
4  method to request unblocking of particular Web sites by NCRL headquarters; Ms. Cherrington
5  replied that she did not think the method that had been described to her was fair. because it
6  would take too long to get a site unblocked and it was unrealistic for rural library users.
7
8  <u>INTERROGATORY NO. 17</u>: If the answer to Interrogatory No. 15 is yes, please identify
9  the title of your writing(s), as well as the date. location (i.e. URL address) and source of the
10 publication or commentary. Please include any and all pseudonym(s) or alias monikers you
11 have used in any postings or publications.
12 <u>ANSWER</u>: The articles described in Ms. Cherrington's answer to the previous interrogatory
13 appeared in the referenced publications in November 2006.
14
15                                    <u>REQUESTS FOR PRODUCTION</u>
16 <u>REQUEST FOR PRODUCTION NO. 1</u>:  Provide copies of all written or electronic
17 correspondence that you have had with any NCRL branch librarian relating to this case,
18 including but not limited to topics such as NCRL's internet content filter. blocked websites.
19 the Children's Internet Protection Act (CIPA) and <u>United States v. American Library</u>
20 <u>Association</u>.
21 <u>RESPONSE</u>: Ms. Cherrington has no responsive documents.
22
23 <u>REQUEST FOR PRODUCTION NO. 2</u>:  Provide copies of all written or electronic
24 correspondence that you have had with any NCRL administrator relating to this case.
25 including but not limited to topics such as NCRL's internet content filter. blocked websites.
26

PEARL CHERRINGTON'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 8
c9201309

R A F E L   M A N V I L L E  ₁₁ₐ
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660   fax 206.838.2661

the Children's Internet Protection Act (CIPA) and United States v. American Library Association.

**RESPONSE**: Ms. Cherrington has no responsive documents.

**REQUEST FOR PRODUCTION NO. 3**: Provide copies of all written or electronic correspondence that you have had with any state or federal official, including but not limited to topics such as NCRL's internet content filter, blocked websites, the Children's Internet Protection Act (CIPA) and United States v. American Library Association.

**RESPONSE**: Ms. Cherrington has no responsive documents.

**REQUEST FOR PRODUCTION NO. 4**: Provide copies of all written or electronic correspondence that you have had with any other person or entity regarding this case, including but not limited to topics such as NCRL's internet content filter, blocked websites, the Children's Internet Protection Act (CIPA) and United States v. American Library Association.

**RESPONSE**: Ms. Cherrington has no responsive documents.

**REQUEST FOR PRODUCTION NO. 5**: Provide copies of any written/electronic requests that you made to NCRL to have specific sites unblocked at any time prior to or following the filing of the Complaint.

**RESPONSE**: Ms. Cherrington has no responsive documents.

**REQUEST FOR PRODUCTION NO. 6**: With respect to Interrogatories No. 15 & 16, please provide copies of any and all materials that were prepared in anticipation of, or were relevant to, any public speech or meeting that you participated in discussing the merits of this

PEARL CHERRINGTON'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 9

R A F E L   M A N V I L L E ʀʟʟ
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

65

1  case, or the issue of Internet usage/accessibility at public facilities, including event flyers,

2  programs, your written submissions and any audio or video tape of the event.

3  **RESPONSE**: Ms. Cherrington has no responsive documents.

4

5  **REQUEST FOR PRODUCTION NO. 7**: With respect to Interrogatories No. 15 & 17:

6  please provide copies of any and all written/electronic materials that you prepared for public

7  dissemination relating to, or discussing, the merits of this case or the issue of Internet

8  usage/accessibility at public facilities.

9  **RESPONSE**: Ms. Cherrington has no responsive documents.

10

11  ANSWERS AND RESPONSES SUBMITTED this 9th day of August, 2007. The

12  undersigned attorney has read the foregoing answers and responses to these discovery

13  requests.

14                                    RAFEL MANVILLE PLLC

15

16                                    By: _____

17                                        Duncan Manville, WSBA #30304
                                          Robert A. Hyde, WSBA #33593

18                                        Attorneys for Plaintiffs Sarah Bradburn, Pearl
                                          Cherrington, Charles Heinlen and the Second

19                                        Amendment Foundation

20

21

22

23

24

25

26

PEARL CHERRINGTON'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 10
en201306

RAFEL MANVILLE...
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main: 206.838.2660  fax 206.838.2661

66

## PARTY'S DECLARATION

I am Plaintiff Pearl Ann Cherrington. I certify under penalty of perjury under the laws of the State of Washington that I have read the foregoing answers to the interrogatories contained in Defendant's First Interrogatories and Requests for Production to Plaintiff Pearl Cherrington, know the contents thereof and believe the same to be true and correct.

EXECUTED at _Omak_, Washington on _8/13_, 2007.

_Pearl A. Cherrington_
sign

_Pearl A. Cherrington_
print

PEARL CHERRINGTON'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-3271 – Page 11

RAFEL MANVILLE...
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

67

# Exhibit E

1

2

3

4

5

6

7

EXH __7__ DATE _____

WITNESS _____
BARBARA J. SCOVILLE

8    UNITED STATES DISTRICT COURT
9    EASTERN DISTRICT OF WASHINGTON
     AT SPOKANE

10   SARAH BRADBURN, PEARL
     CHERRINGTON, CHARLES HEINLEN, and
11   the SECOND AMENDMENT
     FOUNDATION,
12
                       Plaintiffs,
13
          v.
14
     NORTH CENTRAL REGIONAL LIBRARY
15   DISTRICT,
16
                       Defendant.
17

No. 2:06-cv-327

**PLAINTIFF CHARLES HEINLEN'S
OBJECTIONS, ANSWERS AND
RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO PLAINTIFF
CHARLES HEINLEN.**

18

19        Plaintiff Charles Heinlen submits the following objections, answers and responses to

20   Defendant's First Interrogatories and Requests for Production to Plaintiff Charles Heinlen

21   ("Defendant's First Discovery Requests").

22                           **GENERAL OBJECTIONS**

23        The following general objections apply to all or so many of Defendant's First

24   Discovery Requests that for convenience they are set forth immediately below and are hereby

25   incorporated into each specific answer and response set forth below. The assertion of the

26   same, similar or additional objections or partial answers or responses to Defendant's

CHARLES HEINLEN'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 1
ch090701

R A F E L   M A N V I L L E ...
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

1    interrogatories or requests for production is not intended to waive any of Mr. Heinlen's

2    general objections to Defendant's First Discovery Requests.

3         Mr. Heinlen objects to Defendant's First Discovery Requests (including Defendant's

4    definitions and instructions) to the extent they are burdensome, oppressive, and seek

5    disclosure of information that is neither relevant to the subject matter of this litigation nor

6    reasonably calculated to lead to the discovery of admissible evidence.

7         Mr. Heinlen objects to Defendant's First Discovery Requests (including Defendant's

8    definitions and instructions) to the extent they seek disclosure of information that is protected

9    by the attorney-client privilege, is immune from disclosure as trial preparation materials or

10   attorney work product, or is protected by any other privilege or immunity.

11        Mr. Heinlen objects to Defendant's First Discovery Requests (including Defendant's

12   definitions and instructions) as unduly burdensome to the extent they seek disclosure of

13   information or documents that are already in Defendant's possession, that are equally

14   obtainable by Defendant from other sources, or that are not within Mr. Heinlen's knowledge,

15   possession, custody or control.  To the extent permitted by law, relevant information and

16   documents within the knowledge, possession, custody or control of third parties may be

17   sought by subpoena directed to such third parties.  Such information and documents may not

18   properly be sought through interrogatories or requests for production directed to Mr. Heinlen.

19        Mr. Heinlen objects to Defendant's First Discovery Requests (including Defendant's

20   definitions and instructions) to the extent they seek to impose obligations on Mr. Heinlen that

21   are greater than or inconsistent with the obligations imposed by the Federal Rules of Civil

22   Procedure, the Western District of Washington Local Rules, applicable case law, or laws

23   governing the proper scope of discovery.  Mr. Heinlen further objects to each definition and

24   instruction to the extent it is overly broad, unduly burdensome, vague or ambiguous, and thus

25   likely to lead to a confusing, misleading, inaccurate or incomplete answer or response.

26

CHARLES HEINLEN'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 2
ch090701

R A F E L   M A N V I L L E PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

70

1    Mr. Heinlen objects to Defendant's First Discovery Requests (including Defendant's
2    definitions and instructions) to the extent they purport to define the sources of information that
3    are within Mr. Heinlen's possession, custody or control for purposes of Fed.R.Civ.P. 33 and
4    34: and objects to the Discovery Requests to the extent they seek disclosure of information or
5    documents that are not available to or in the possession, custody or control of Mr. Heinlen.

6    Mr. Heinlen has not completed his investigation of the facts relating to this action, nor
7    has he completed discovery in preparation for trial. Mr. Heinlen reserves the right to rely on
8    any facts, documents or other evidence that he may discover or that may become available or
9    come to his attention subsequent hereto. Mr. Heinlen reserves the right to assert additional
10   objections and to amend or supplement his answers and responses to Defendant's First
11   Discovery Requests should Mr. Heinlen discover additional grounds for objection or bases for
12   response.

13   Subject to and without waiver of the foregoing objections, all documents responsive to
14   Defendant's First Discovery Requests that are not privileged, immune from disclosure as trial
15   preparation materials or attorney work product, or protected by any other privilege or
16   immunity will be produced for inspection at the offices of Mr. Heinlen's counsel on a
17   mutually agreeable date.

18   Mr. Heinlen provides the following answers and responses subject to and without
19   waiver of the foregoing objections.

20

21                                    **INTERROGATORIES**

22   **INTERROGATORY NO. 1**:  Identify all individuals who aided in the preparation of your
23   responses to these interrogatories and requests for production.

24   **ANSWER**:  No one other than counsel and Mr. Heinlen aided in the preparation of these
25   responses.

26

CHARLES HEINLEN'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 3
ch090701

R A F E L   M A N V I L L E PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

71

1   **INTERROGATORY NO. 2**: Provide your full name, current address and date of birth.

2   **ANSWER**:

3

      Charles M. Heinlen
      13 Barnholt Loop Road
4      Okanogan, WA 98840

5      Date of birth: November 14, 1965

6

7   **INTERROGATORY NO. 3**: How long have you been a patron of NCRL branch libraries?

8   **ANSWER**: Mr. Heinlen has been a patron of NCRL branch libraries for 37 years.

9

10   **INTERROGATORY NO. 4**: Identity all branch locations that you have visited over the past

11   five years, and the dates of each visit to the best of your recollection.

12   **ANSWER**: Mr. Heinlen most regularly uses the Omak branch. He currently visits that

13   branch approximately once every two months, but at other times has visited more frequently.

14   He also used the Moses Lake branch in approximately 2002, the Tonasket branch in

15   approximately 2006, and the Oroville and Okanogan branches most recently in the summer of

16   2007.

17

18   **INTERROGATORY NO. 5**: In the Complaint, you claim that you "attempted to use

19   computers maintained by the NCRL to conduct internet research and obtain information on

20   topics relating to firearms." You also state that the filters have denied you access to "various

21   dating sites, publications such as Soldier of Fortune Magazine, the Web log that (you)

22   maintain at www.myspace.com and photographs embedded in commercial emails that are sent

23   to (your) Hotmail and Yahoo email accounts." Please identify the URL addresses, or any

24   other identifying information, for all of the websites for which you claim you were denied

25   access is whole or in part.

26

R A F E L   M A N V I L L E ₚₗₗ

999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

1   **ANSWER**: Mr. Heinlen does not have a full list of the Web sites to which he has been denied

2   access. Specific sites that Mr. Heinlen remembers being blocked include:

www.myspace.org/cannibalchuck
groups.msn.com/cannibalchuckshomepage/
www.jpfo.org
www.sofmag.com
www.keepandbeararms.com
www.winchester.com and/or www.winchesterguns.com
www.buckknives.com
www.savagearms.com
www.webtender.com
www.guinnesswebstore.com
www.tag.com
www.personals.yahoo.com
www.plentyoffish.com
www.match.com
www.matchdoctor.com
www.eharmony.com
www.chemistry.com
www.tagged.com
www.true.com
www.facebook.com
www.joecartoon.com
www.craigslist.org
www.moderndrunkardmagazine.com
www.theonion.com
www.rotten.com
www.nifty.org
www.trojancondoms.com
www.playboy.com
www.whitehouse.com
www.dryoho.com
www.msnbc.com/modules/starr_rpt/default.htm (The "Starr Report")
http://herpes-coldsores.com/std/syphillis_pictures.htm
www.zone.com
www.swimsuits.com
http://community.parachat.com/adult.html
www.drinksmixer.com/drink1175.html
www.talkcity.com
www.hightimes.com
www.intercasino.com
www.stormfront.org
www.lockpicking101.com
www.victoriassecret.com
http://satanservice.org/coe/suicide/guide/
www.bodyscapes.com
www.imesh.com
www.porno.com
www.krug.org/unit/scripts/dogs.html
www.freepapers.net

CHARLES HEINLEN'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 5
ch090701

RAFEL MANVILLE PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

73

1   www.sexuality.org/sextoys.html
    www.mcclave.com/puke
2   www.smokers.com
    www.carpenoctem.tv/killers/
3   www.geocities.yahoo.com
    www.ehowa.com
4   www.beerandshots.com
    www.hotornot.com
5   www.3xdvd.org
    www.a-systems.org
6   www.afceanc.org
    www.411broadband.com
7   www.411provisions.com
    www.aaronpoehler.com
8   www.alphasrv.com
    www.american-mortgage-and-realty.com
9   www.andrzeilepper.com
    www.angelcrack.com
10  www.anniewildev.com
    www.annuaire-sportif.com
11  www.balda-services.com
    www.brighthorizongiftworld.com
12  www.cawal.com
    www.chavda.com
13  www.clinicadentalmiranda.com
    www.cockatooconnection.com
14  www.compudoctorsa.com
    www.courting-disaster.com
15  www.data70.com
    www.datinginsidertips4u.com
16  www.demonbeach.com
    www.djadamash.com
17  www.domaincontractors.com
    www.ds-ltd.com
18  www.ecdv.com
    www.ericsmovies.com
19  www.faschinghuette.com
    www.findingpoeple.com
20  www.freemanmd.com
    www.fuckthepolice.com
21  www.hirkophoto.com
    www.jbanners.com
22  www.iron-goddess.com
    www.jacquesolivia.com
23  www.kiperhaka.com
    www.latinamericavolunteer.com
24  www.letusmatchyou.com
    www.lisalatham.com
25  www.lonecarrot.com
    www.mangalaminfotech.com
26  www.markrudd.com
    www.miraclealley.com

RAFEL MANVILLE PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

74

1   www.onehost.com
    www.patienceclinic.com
2   www.paybycell.com
    www.pentagonrecords.com
3   www.petersart.com
    www.portocomponents.com
4   www.publicitejng.com
    www.quatuorsaintjean.com
5   www.renaissancevoices.com
    www.squartier.com
6   www.sydneypalmbeach.com
    www.thelastsite.com
7   www.thepeakspetnanny.com
    www.thesundeli.com
8   www.tokyo-genki.com
    www.trafficblizzard.com
9   www.tulipflorists.com
    www.uaeflorist.com
10  www.vacuumequipmentsupplies.com
    www.webmaxtemplates.com
11  www.10jigi.org
    www.alfredvogelgrandprix.org
12  www.antiblog.org
    www.atomichamster.org
13  www.biblioabrera.org
    www.botch.org
14  www.castle-walls.org
    www.columbus-amsterdam-bid.org
15  www.cscstl.org
    www.dabarworship.org
16  www.eatseafood.org
    www.faithchurchofdavis.org
17  www.familiesforfreedom.org
    www.financialbeginnings.org
18  www.healthdirectedriding.org
    www.iastar.org
19  www.iconmaker.org
    www.jdresearch.org
20  www.jeanne-garnier.org
    www.jena.org
21  www.kendohelsinki.org
    www.kindstot.org
22  www.kindnessusa.org
    www.lamberth.org
23  www.lagator.org
    www.lphu.org
24  www.memesak.org
    www.milgramreenactment.ord
25  www.myscienceproject.org
    www.newsongsd.org
26  www.offer.org
    www.ordomag.org

RAFEL MANVILLE pllc

999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660   fax 206.838.2661

1
2
3
4
5
6
7
8

www.orctu.org
www.paperaircraft.org
www.pensarecristiano.org
www.pitch-visualive.org
www.position7tacoma.org
www.rusman.org
www.saros.org
www.sanki.org
www.squidkitty.org
www.submatrix.org
www.swojo.org
www.texorcist.org
www.upennakpsi.org
www.voicecarenetwork.org

In addition to Web sites that could not be accessed at all, the library's filter prevented Mr.

Heinlen from viewing any photos, icons or other graphics sent from commercial e-mail

accounts to his Web-based e-mail accounts, although he could see graphics sent from one

Yahoo account to another. On many occasions he was unable to access the Yahoo or Hotmail

accounts kept under the name "cannibalchuck," although he was able to access other accounts

using different names. At least one NCRL branch librarian suggested that the problem may

have resulted from the filtering software objecting to his login name.


**INTERROGATORY NO. 6**: Prior to the filing of the Complaint, were you aware of

NCRL's Internet Usage Policy?

**ANSWER**: Yes.


**INTERROGATORY NO. 7**: Did you accept NCRL's Internet Usage Policy before

accessing the Internet on NCRL computers?

**ANSWER**: Mr. Heinlen objects to the word "accept" as vague and ambiguous. Subject to

and without waiver of the foregoing objection, Mr. Heinlen states that he does not recall

signing or orally agreeing to any specific terms before accessing the Internet on NCRL

computers. On the login screen, he was required to click "yes" to certain language, but did so

under protest in order to gain access to the Internet.

CHARLES HEINLEN'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 8
ch090701

R A F E L   M A N V I L L E ⸝ʟʟᴄ
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

76

**INTERROGATORY NO. 8**: With respect to each website identified in Interrogatory No. 5, state the reason(s) that you were seeking access to the site.

**ANSWER**: Mr. Heinlen objects to this interrogatory as not reasonably calculated to lead to the discovery of admissible evidence and a violation of his First Amendment rights. Subject to and without waiver of the foregoing objections, Mr. Heinlen responds as follows:

1.  Mr. Heinlen sought access to his personal Web pages at myspace.com and msn.com to maintain and update them, and also to communicate with friends and employers.

2.  Mr. Heinlen sought access to hunting and firearms Web sites in connection with his hunting and shooting hobbies, and to find sources for spare parts and gun repair services.

3.  Mr. Heinlen sought access to dating and social networking sites in order to meet people who shared his interests.

4.  Mr. Heinlen sought access to moderndrunkardmagazine.com to read its articles about authors who drank (including Hemingway and Fitzgerald) and to learn new recipes for mixed drinks.

5.  After first becoming aware of the filtering problem in 2002, Mr. Heinlen conducted many exploratory searches to determine which material was blocked by the NCRL's filter. Mr. Heinlen attempted to access a majority of the Web sites listed in his answer to Interrogatory No. 5 in connection with those searches. Some of the searches were performed at the request of counsel in anticipation of litigation. Plaintiff objects to revealing the strategy behind searches performed at the request of counsel, and any instructions given by counsel in connection with those searches, on grounds of the attorney-client privilege and the work-product doctrine.

**INTERROGATORY NO. 9**: Discuss what efforts, if any, you made to bring you concerns about the blocked sites (identified in Interrogatory No. 5) to the attention of NCRL personnel, including the name of any individual that you spoke with, the date of the conversation and the response.

**ANSWER**: When Mr. Heinlen first encountered blocked sites on NCRL computers, he spoke to the librarian on duty and learned that the NCRL had blocking software in place that was not to be disabled for adult patrons. From that point onward, he made a point of asking library

CHARLES HEINLEN'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 9
ch090701

R A F E L   M A N V I L L E, PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

77

1    staff each time he began an Internet session whether it was possible to fully disable the filter,

2    and each time he was told that it was not allowed. He does not recall the names of all the staff

3    or volunteers to whom he spoke about the filter, but they include staff at the Omak, Tonasket,

4    and Oroville branches, and Lucille Ames at the Okanogan branch. Mr. Heinlen also spoke

5    with and/or corresponded with NCRL administrators Dean Marney and Dan Howard about the

6    filter in an effort to persuade the NCRL to change its filtering policy.

7

8    **INTERROGATORY NO.10**: Discuss what efforts, if any, you made to bring you concerns

9    about the blocked sites (identified in Interrogatory No. 5) to the attention of any other person

10    or entity (other than your attorney), including state or federal official/employees. For each

11    individual identify their (its) name, the date of the conversation and the response.

12    **ANSWER**: Mr. Heinlen spoke to someone named Dan or Don at the office of Washington

13    State Librarian Jan Walsh. Dan or Don told Mr. Heinlen that the NCRL should disable its

14    filter upon the request of adult users, and that he had warned Dean Marney that the NCRL's

15    policy could lead to litigation. This conversation was probably in 2003 or 2004.

16      In 2004, Mr. Heinlen sent a FOIA request to the FCC to learn whether the NCRL was

17    receiving e-rate funds. When he learned that it was, he sent a complaint to the FCC that the

18    library's failure to disable its filter was inconsistent with federal law as interpreted by the U.S.

19    Supreme Court in the United States v. American Library Association case. His complaint was

20    referred to Ray Mendiola at a New Jersey office of the Universal Service Administrative

21    Company (USAC), an entity that administers the e-rate program. Mr. Heinlen recalls Mr.

22    Mendiola seeming incredulous that the NCRL was not willing to disable its filter for adult

23    patrons. Mr. Mendiola said that the USAC would send a questionnaire to the NCRL. Mr.

24    Heinlen sent a FOIA request to the USAC for a copy of the questionnaire, but the request was

25    denied. The conversation with Mr. Mendiola was in October 2004, and the correspondence

26    was in the months immediately before and after.

CHARLES HEINLEN'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 10
ch090701

R A F E L   M A N V I L L E ᴘᴸʟᴄ
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660 fax 206.838.2661

78

1  Mr. Heinlen sent e-mails complaining about the NCRL's filtering policy to the
2  Wenatchee Chamber of Commerce and to the Bill and Melinda Gates Foundation. No reply
3  was received from either. This was probably in 2004 or 2005.

4      Mr. Heinlen has also written about the problem in publications available to the general
5  public, as described below.

6

7  **INTERROGATORY NO 11**: Have you accessed, or attempted to access, the Internet at an
8  NCRL branch since the Complaint was filed?

9  **ANSWER**: After the Complaint was filed, Mr. Heinlen performed some searches on his own
10  initiative and some at the request of counsel to test the NCRL's filtering software. The
11  strategy behind the searches requested by counsel, and any instructions given by counsel in
12  connection with those searches, are protected from disclosure by the attorney-client privilege
13  and the work-product doctrine. Subject to and without waiver of the foregoing privileges, Mr.
14  Heinlen states that he was barred from viewing most of the sites listed as wrongly blocked in
15  the expert report prepared by Bennett Haselton, and was barred from accessing additional sites
16  listed in Mr. Heinlen's answer to Interrogatory No. 5.

17

18  **INTERROGATORY NO 12**: If your answer to the preceding interrogatory is "yes,"
19  identify all websites for which you claim access was denied and the step you took, if any, to
20  bring the matter to the attention of NCRL personnel.

21  **ANSWER**: Mr. Heinlen has been denied access to most of the Web sites listed in his answer
22  to Interrogatory No. 5 since the filing of Plaintiffs' Complaint. On numerous occasions he has
23  asked a librarian to disable the library's filter. On each occasion his request has been denied.

24

25  **INTERROGATORY NO. 13**: Please state whether you have ever completed a "Material
26  Section Review Form," pursuant to NCRL policy?

CHARLES HEINLEN'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 11
ch090701

R A F E L   M A N V I L L E ᴘʟʟᴄ
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

79

1  **ANSWER**: No.

2

3  **INTERROGATORY NO 14**: Do you have access to the Internet from any other location

4  besides an NCRL branch library? If so, where?

5  **ANSWER**: Mr. Heinlen has only sporadic access to the Internet at non-library locations. The

6  Worksource office has one Internet-connected terminal that may be used for job search

7  purposes only. Two businesses in Omak allow unfiltered access to the Internet for a fee:

8  Novel Delights bookstore and the PWN Internet Café. Mr. Heinlen has very limited access to

9  those computers because the businesses are typically operating only during times when he is at

10 work. Mr. Heinlen does not have his own Internet service account, and home access depends

11 solely on whether housemates have service and whether their computers or phone lines are

12 available.

13

14 **INTERROGATORY NO. 15**: Have you written or spoken publicly, including, without

15 limitation. on any blog or other Internet forum, regarding issues associated with Internet usage

16 and/or accessibility in public facilities?

17 **ANSWER**: Mr. Heinlen has written about the library filters on his MySpace and MSN blogs,

18 but those posts may no longer be available due to age. He wrote an article about the filtering

19 problem for the online publication Upside Down World, which is available at

20 http://upsidedownworld.org/librarycensor.htm. He engaged in a short online discussion on a

21 blog that dealt with the NCRL's filter, but does not remember the address of that blog. Mr.

22 Heinlen also wrote a letter to the editor about the filter that was published in the Wenatchee

23 World.

24      After the filing of this lawsuit, Mr. Heinlen was interviewed by reporters from the

25 Wenatchee World. He also appeared as part of a panel presentation about this lawsuit at the

26 ACLU of Washington's annual membership conference in Seattle on February 24, 2007.

CHARLES HEINLEN'S OBJECTIONS. ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 12
ch090701

R A F E L   M A N V I L L E ᵣₗₗ
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

80

1

2  **INTERROGATORY NO 16**:  If the answer to the preceding interrogatory "yes," please

3  identify the date, location and name of the speaking event; the nature of your involvement or

4  level of participation; and provide a summary of your public statements on the case.

5  **ANSWER**:  In all of his writings, interviews and public speeches, Mr. Heinlen described his

6  frustrations with the filter on the NCRL's computers and his reasons for objecting to the

7  NCRL's refusal to disable the filter for adult users.

8

9  **INTERROGATORY NO. 17**:  If the answer to Interrogatory No. 15 is yes, please identify

10  the title of your writing(s), as well as the date, location (i.e. URL address) and source of the

11  publication or commentary.  Please include any and all pseudonym(s) or alias monikers you

12  have used in any postings or publications.

13  **ANSWER**:  See above.  Most of Mr. Heinlen's writings were under his full name, the name

14  "Chuck" or the nickname "Cannibal Chuck."

15

16  ### REQUESTS FOR PRODUCTION

17  **REQUEST FOR PRODUCTION NO. 1**:  Provide copies of all written or electronic

18  correspondence that you have had with any NCRL branch librarian relating to this case,

19  including but not limited to topics such as NCRL's internet content filter, blocked websites,

20  the Children's Internet Protection Act (CIPA) and United States v. American Library

21  Association.

22  **RESPONSE**: Mr. Heinlen has no responsive documents.

23

24  **REQUEST FOR PRODUCTION NO. 2**:  Provide copies of all written or electronic

25  correspondence that you have had with any NCRL administrator relating to this case,

26  including but not limited to topics such as NCRL's internet content filter, blocked websites,

CHARLES HEINLEN'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 13
ch090701

R A F E L   M A N V I L L E ᴘʟʟᴄ
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660   fax 206.838.2661

81

1    the Children's Internet Protection Act (CIPA) and United States v. American Library

2    Association.

3    **RESPONSE**: Mr. Heinlen will produce copies of correspondence with NCRL administrators

4    if he still possesses them.

5

6    **REQUEST FOR PRODUCTION NO. 3**: Provide copies of all written or electronic

7    correspondence that you have had with any state or federal official, including but not limited

8    to topics such as NCRL's internet content filter, blocked websites, the Children's Internet

9    Protection Act (CIPA) and United States v. American Library Association.

10    **RESPONSE**: Mr. Heinlen will produce copies of correspondence with the FCC and USAC if

11    he still possesses them.

12

13    **REQUEST FOR PRODUCTION NO. 4**: Provide copies of all written or electronic

14    correspondence that you have had with any other person or entity regarding this case,

15    including but not limited to topics such as NCRL's internet content filter, blocked websites,

16    the Children's Internet Protection Act (CIPA) and United States v. American Library

17    Association.

18    **RESPONSE**: Mr. Heinlen has no responsive documents.

19

20    **REQUEST FOR PRODUCTION NO. 5**: Provide copies of any written/electronic requests

21    that you made to NCRL to have specific sites unblocked at any time prior to or following the

22    filing of the Complaint.

23    **RESPONSE**: Mr. Heinlen has no responsive documents.

24

25    **REQUEST FOR PRODUCTION NO. 6:** With respect to Interrogatories No. 15 & 16,

26    please provide copies of any and all materials that were prepared in anticipation of, or were

CHARLES HEINLEN'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 14
ch090701

R A F E L   M A N V I L L E pllc
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660   fax 206.838.2661

82

1  relevant to, any public speech or meeting that you participated in discussing the merits of this

2  case, or the issue of Internet usage/accessibility at public facilities, including event flyers,

3  programs, your written submissions and any audio or video tape of the event.

4  **RESPONSE**: Mr. Heinlen has no responsive documents.

5

6  **REQUEST FOR PRODUCTION NO. 7**:  With respect to Interrogatories No. 15 & 17;

7  please provide copies of any and all written/electronic materials that you prepared for public

8  dissemination relating to, or discussing, the merits of this case or the issue of Internet

9  usage/accessibility at public facilities.

10 **RESPONSE**: Mr. Heinlen has no responsive documents other than writings that may still be

11 accessible online.

12

13 ANSWERS AND RESPONSES SUBMITTED this 9th day of August, 2007.  The

14 undersigned attorney has read the foregoing answers and responses to these discovery

15 requests.

16                                    RAFEL MANVILLE PLLC

17

18                                    By:

19                                        Duncan Manville, WSBA #30304
                                        Robert A. Hyde, WSBA #33593
20                                      Attorneys for Plaintiffs Sarah Bradburn, Pearl
                                        Cherrington, Charles Heinlen and the Second
21                                      Amendment Foundation

22

23

24

25

26

CHARLES HEINLEN'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 15
ch090701

R A F E L   M A N V I L L E PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

83

## PARTY'S DECLARATION

2    I am Plaintiff Charles Heinlen. I certify under penalty of perjury under the laws of the

3    State of Washington that I have read the foregoing answers to the interrogatories contained in

4    Defendant's First Interrogatories and Requests for Production to Plaintiff Charles Heinlen,

5    know the contents thereof and believe the same to be true and correct.

6

7    EXECUTED at _Omak_____, Washington on _8/13/2007_, 2007.

8

9    _____
    Sign

10

11    Charles M. Heinlen _____
    print

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CHARLES HEINLEN'S OBJECTIONS, ANSWERS
AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 16
ch090701

R A F E L  M A N V I L L E pllc
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

# Exhibit F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| SARAH BRADBURN, PEARL CHERRINGTON, CHARLES HEINLEN, and the SECOND AMENDMENT FOUNDATION, | | No. 2:06-cv-327 |
| | Plaintiffs, | **PLAINTIFF SECOND AMENDMENT FOUNDATION'S OBJECTIONS, ANSWERS AND RESPONSES TO DEFENDANT'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO THE SECOND AMENDMENT FOUNDATION** |
| v. | | |
| NORTH CENTRAL REGIONAL LIBRARY DISTRICT, | | |
| | Defendant. | |

Plaintiff Second Amendment Foundations ("SAF") submits the following objections, answers and responses to Defendant's First Interrogatories and Requests for Production to the Second Amendment Foundation ("Defendant's First Discovery Requests").

## GENERAL OBJECTIONS

The following general objections apply to all or so many of Defendant's First Discovery Requests that for convenience they are set forth immediately below and are hereby incorporated into each specific answer and response set forth below. The assertion of the same, similar or additional objections or partial answers or responses to the individual

SECOND AMENDMENT FOUNDATION'S OBJECTIONS, ANSWERS AND RESPONSES TO DEFENDANT'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION (Cause No. 2:06-cv-327) – Page 1
cg201306

RAFEL MANVILLE PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660   fax 206.838.2661

1 interrogatories or requests is not intended to waive any of SAF's general objections to

2 Defendant's First Discovery Requests.

3 SAF objects to Defendant's First Discovery Requests (including Defendant's

4 definitions and instructions) to the extent they are burdensome, oppressive, and seek

5 disclosure of information that is neither relevant to the subject matter of this litigation nor

6 reasonably calculated to lead to the discovery of admissible evidence.

7 SAF objects to Defendant's First Discovery Requests (including Defendant's

8 definitions and instructions) to the extent they seek disclosure of information that is protected

9 by the attorney-client privilege, is immune from disclosure as trial preparation materials or

10 attorney work product, or is protected by any other privilege or immunity.

11 SAF objects to Defendant's First Discovery Requests (including Defendant's

12 definitions and instructions) as unduly burdensome to the extent they seek disclosure of

13 information that is already in the possession of Defendant, that is equally obtainable by

14 Defendant from other sources, or that is not within the knowledge, possession, custody or

15 control of SAF. To the extent permitted by law, relevant information within the knowledge,

16 possession, custody or control of third parties may be sought by subpoena directed to such

17 third parties. Such information may not properly be sought through discovery requests

18 directed to SAF.

19 SAF objects to Defendant's First Discovery Requests (including Defendant's

20 definitions and instructions) to the extent they seek to impose obligations on SAF that are

21 greater than or inconsistent with the obligations imposed by the Federal Rules of Civil

22 Procedure, the Western District of Washington Local Rules, applicable case law, or laws

23 governing the proper scope of discovery. SAF further objects to each definition and

24 instruction to the extent it is overly broad, unduly burdensome, vague or ambiguous, and thus

25 likely to lead to a confusing, misleading, inaccurate or incomplete answer or response.

26

RAFEL MANVILLE PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
87
main 206.838.2660  fax 206.838.2661

1    SAF objects to Defendant's First Discovery Requests (including Defendant's

2    definitions and instructions) to the extent they purport to define the sources of information

3    that are within SAF's possession, custody or control for purposes of Fed.R.Civ.P. 33 and 34;

4    and objects to the discovery requests to the extent they seek disclosure of information or

5    documents that are not available to or in the possession, custody or control of SAF.

6    SAF has not completed its investigation of the facts relating to this action, nor has it

7    completed discovery in preparation for trial. SAF reserves the right to rely on any facts,

8    documents or other evidence that it may discover or that may become available or come to its

9    attention subsequent hereto. SAF reserves the right to assert additional objections and to

10   amend or supplement its answers and responses to Defendant's First Discovery Requests

11   should SAF discover additional grounds for objection or bases for response.

12   Subject to and without waiver of the foregoing objections, all documents responsive to

13   Defendant's First Discovery Requests that are not privileged, immune from disclosure as trial

14   preparation materials or attorney work product, or protected by any other privilege or

15   immunity will be produced for inspection at the offices of SAF's counsel on a mutually

16   agreeable date.

17   SAF provides the following answers and responses subject to and without waiver of

18   the foregoing objections.

19

20                                    **INTERROGATORIES**

21   **INTERROGATORY NO. 1**: Please identify all individuals that aided in the preparation of

22   your responses to these interrogatories and requests for production.

23   **ANSWER**: In addition to counsel, Alan M. Gottlieb (founder and executive vice-president of

24   SAF) aided in the preparation of the responses.

25

26

R A F E L   M A N V I L L E ᴘʟʟᴄ

999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660   fax 206.838.2661

1    **INTERROGATORY NO. 2:** Please discuss how the foundation is organized and governed,

2    identifying key individuals by their full name, their respective title or role, and the amount of

3    time that they have been with the foundation.

4    **ANSWER:** SAF is a Washington State non-profit corporation. It is governed by a seven-

5    member board of trustees. The key officers are Alan M. Gottlieb (founder and executive vice-

6    president, who has been with the foundation since 1974) and Joseph P. Tartaro (president,

7    who has been with the organization since 1985).

8

9    **INTERROGATORY NO 3:** If any of the individuals identified above are employed by an

10    entity besides SAF, please identify each individual's current employer.

11    **ANSWER:** Mr. Gottlieb is also employed by the Citizens Committee for the Right to Keep

12    and Bear Arms.

13

14    **INTERROGATORY NO 4:** Please identify the current number of SAF members, including

15    their general geographic distribution.

16    **ANSWER:** SAF has approximately 650,000 contributing members and supporters. Their

17    geographic distribution is in all 50 states with numbers in proportion to population density.

18    The distribution is slightly higher in Washington State where our national office is located.

19    SAF has more than 1,000 contributing members and supporters in the counties served by the

20    North Central Regional Library District.

21

22

23    **INTERROGATORY NO 5:** Please identify all of the publications that the SAF sponsors, as

24    well as estimated circulation or readership statistics.

25    **ANSWER:**

26      Gun Week: 25,000 print circulation, 107,500 readers and 35,000 online visitors.

---

R A F E L  M A N V I L L E PLLC
89
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

1   Women & Guns Magazine: 15,000 print circulation, 40,500 readers and 28,000 online
    visitors.
2
    The Gottlieb-Tartaro Report: 5,500 print circulation, 22,000 readers and 17,000 online
3   visitors.

4   The Reporter: 55,000 print circulation, 110,000 readers and 38,000 online visitors.

5   Journal on Firearms and Public Policy: 6,600 print circulation, 16,500 readers and
    78,000 online visitors.
6
    SAF also operates some Web sites that have no corresponding publication, including
7   www.saf.org, www.keepandbeararms.com, and www.gunbookstore.com.

8

9   **INTERROGATORY NO 6**: With respect to the publications identified in the preceding

10  interrogatory, please identify the method of distribution (i.e. print, electronic, etc...)

11  **ANSWER**: See answer to Interrogatory No. 5, above.

12

13  **INTERROGATORY NO 7**: What political and/or charitable organizations does SAF

14  associate itself with or contribute to (either in the form of time or financial contributions)?

15  **ANSWER**: SAF objects to the term "associate itself with" as vague and ambiguous, not

16  reasonably calculated to lead to the discovery of admissible evidence, and intrusive on SAF's

17  First Amendment rights. Subject to and without waiver of the foregoing objections, SAF

18  answers as follows: SAF does not make financial or in-kind contributions to other

19  organizations. It has no parent or subsidiary corporations. It shares offices with KBNP Radio

20  Inc., KSBN Radio Inc., and KITZ Radio Inc. Mr. Gottlieb also works for the Citizens

21  Committee for the Right to Keep and Bear Arms, which is located in the same building but

22  pays separate rent.

23

24  **INTERROGATORY NO 8**: In the Complaint, SAF states that, "One of the publications that

25  Plaintiff SAF sponsors is Women & Guns, a magazine with its own Website, located at

26  www.womeandgunds.com [sic] ... Women & Guns web site has been blocked by the Internet

SECOND AMENDMENT FOUNDATION'S OBJECTIONS,
ANSWERS AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 5
cg201306

1  filers that the NRL has installed on its computers." How did SAF learn that the website
2  www.womeandgunds.com [sic] was allegedly blocked by NCRL's Internet filter?
3  **ANSWER**: The correct URL for this Web site is www.womenandguns.com. SAF learned
4  that the Web site was blocked from people in central Washington who called SAF's office to
5  let SAF know that they had tried to access the site from their public library and had been
6  denied access to the site and to other firearm-related Web sites.

7

8  **INTERROGATORY NO 9**: Discuss what efforts, if any, SAF made to bring its concerns
9  about the blocked site to the attention of NCRL personnel, including the name of any
10  individual that you spoke with, the date of the conversation and the response.
11  **ANSWER**: None.

12

13  **INTERROGATORY NO. 10**: Discuss what efforts, if any, you made to bring you concerns
14  about the blocked site to the attention of any other person or entity (other than your attorney),
15  including state or federal officials/employees. For each individual identify their (its) name,
16  the date of the conversation and the response.
17  **ANSWER**: None.

18

19  **INTERROGATORY NO. 11**: Has any SAF Board member or employee of SAF accessed,
20  or attempted to access, the Internet at an NCRL branch since the Complaint was filed?
21  **ANSWER**: Not to SAF's knowledge.

22

23  **INTERROGATORY NO. 12**: Please identify all other lawsuits in which SAF has been, or is
24  currently, is a party. For each, please state the name of the case, the court in which it was
25  filed, the date of the filing, and the status of the same.

26

R A F E L   M A N V I L L E PLLC
999 3rd Ave., Ste. 1600. Seattle, WA 98104
main 206.838.2660   fax 206.838.2661

**ANSWER**: The following is a list of major litigation initiated and/or funded by SAF. Cases in which SAF has appeared as amicus are generally not included.

Dearth and Second Amendment Foundation v. Gonzales, U.S. District Court for the Southern District of Ohio, Eastern Division, December 26, 2006. Active case.

Hodgkins and Second Amendment Foundation v. Gonzales, U.S. District Court for the Northern District of Texas, Dallas Division, November 15, 2006. Active case.

Parker et al. v. District of Columbia, U.S. District Court of Appeals for the District of Columbia Circuit, June 14, 2006. Amicus Curiae. Won case; now on appeal to U.S. Supreme Court.

Fiscal, Second Amendment Foundation, et al. v. City and County of San Francisco, Court of Appeal, State of California, First Appellate District, November 9, 2005. Won case; now on appeal.

National Rifle Association, Second Amendment Foundation, et al. v. Nagin and City of New Orleans, U.S. District Court for Eastern District of Louisiana, September 22, 2005. Won injunctive relief and contempt motions; trial date set.

Second Amendment Foundation v. Hamilton County, Ohio State Court and State Court of Appeals and State Supreme Court, 2001-2003. Resulted in state legislature changing state law in manner favorable for gun owners.

United States v. Emerson, U.S. District Court for the Northeastern District of Texas, and on appeal to U.S. Court of Appeals for the 5th Circuit, 1999-2000. Won.

Second Amendment Foundation v. U.S. Conference of Mayors, et al., U.S. District Court for the District of Columbia, 1999. Dismissed on venue grounds.

Second Amendment Foundation v. FEC and Bill Clinton Presidential Campaign, U.S. District Court for the District of Columbia, April 1995. Before case was decided, FEC acted and case became moot.

Second Amendment Foundation v. City of Los Angeles, state court, 1994-1995. Won and was awarded $50,000 in legal fees.

Second Amendment Foundation v. State of California, state court, 1994. In May 1994 California Court of Appeal granted permanent stay against state attorney general.

Second Amendment Foundation v. State of Connecticut, state court, October 1993. Lost.

SAF funded lawsuits by legal advisory board members and other attorneys in 1990 challenging several laws in New York State, Multnomah County, Oregon, Denver, Dayton and various cities in California. SAF won some and lost some.

ACLU v. City of Kennesaw, Georgia state court, March 15, 1982. SAF paid its legal counsel to defend city. ACLU dismissed suit just before trial.

RAFEL MANVILLE PLLC
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

Second Amendment Foundation v. City of Morton Grove, U.S. District Court, Illinois District, July 1981. Lost 2-1 in court of appeals.

Second Amendment Foundation v. City of New Haven, Connecticut state court, June 1980. Won.

Second Amendment Foundation v. Bureau of Alcohol, Tobacco and Firearms, September 1978, U.S. District Court for the District of Columbia. Won.

**INTERROGATORY NO. 13**: With respect to the lawsuits identified above, please state whether the ACLU has been involved in the case on any level either as a party, as associated counsel, or in a different role.

**ANSWER**: The ACLU and SAF were directly opposed in ACLU v. City of Kennesaw, where the ACLU opposed a municipal law, while SAF defended the city.

**INTERROGATORY NO 14**: Are any of the individual plaintiffs members of SAF?

**ANSWER**: No.

**INTERROGATORY NO 15**: Has any SAF Board member/employee written or spoken publicly, including, without limitation, on any blog or other Internet forum, regarding issues associated with Internet usage and/or accessibility in public facilities?

**ANSWER**: Yes.

**INTERROGATORY NO 16**: If the answer to the preceding interrogatory "yes," with respect to public speeches, please identify the speaker: the date, location and name of the speaking event; the nature of SAF's involvement or level of participation; and provide a summary of the public statements.

**ANSWER**: On March 29, 2007, in San Jose, CA, at the Golden State Second Amendment Council, Alan Gottlieb was the featured speaker and talked about SAF's legal cases as part of his presentation.

R A F E L   M A N V I L L E PLLC

999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

1    Alan Gottlieb spoke on various dates on a number of talk radio shows from coast-to-

2   coast. No record of the exact shows was kept. Some were solely about this lawsuit around

3   the time it was filed, while the others mentioned this suit as one of SAF's activities.

4

5   **INTERROGATORY NO 17**:   Similarly, with respect to writings, if the answer to

6   Interrogatory No. 15 was "yes," please identify please identify the title of the writing(s), as

7   well as the date, location (i.e. URL address) and source of the publication or commentary.

8   Please include any and all pseudonym(s) or alias monikers you have used in any postings or

9   publications.

10   **ANSWER**: SAF Sues Library System over Internet Censorship on Gun Websites, November,

11   16, 2006, http://saf.org/viewpr-new.asp?id=203, on www.saf.org and related post on home

12   page with the same title.  The same news release also appeared on U.S. Newswire and

13   KeepAndBearArms.com.

14

15                              **REQUESTS FOR PRODUCTION**

16   **REQUEST FOR PRODUCTION NO. 1**: Please provide the most current copies of all SAF

17   publications, including those which SAF sponsors.

18   **RESPONSE**: Responsive documents will be provided.

19

20   **REQUEST FOR PRODUCTION NO. 2**:  Provide copies of all written or electronic

21   correspondence that you have had with any NCRL personnel relating to this case, including

22   but not limited to topics such as NCRL's internet content filter, blocked websites, the

23   Children's Internet Protection Act (CIPA) and United States v. American Library Association.

24   **RESPONSE**: SAF has no responsive documents.

25

26

R A F E L   M A N V I L L E ⴸⴸ
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

**REQUEST FOR PRODUCTION NO. 3**:  Provide copies of all written or electronic correspondence that you have had with any state or federal official relating to this case, including but not limited to topics such as NCRL's internet content filter, blocked websites, the Children's Internet Protection Act (CIPA) and United States v. American Library Association.

**RESPONSE**:  SAF has no responsive documents.

**REQUEST FOR PRODUCTION NO. 4**:  Provide copies of all written or electronic correspondence that you have had with any other person or entity regarding this case, including but not limited to topics such as NCRL's internet content filter, blocked websites, the Children's Internet Protection Act (CIPA) and United States v. American Library Association.

**RESPONSE**:  SAF has no responsive documents.

**REQUEST FOR PRODUCTION NO. 5**:  Provide copies of any written/electronic requests that you made to NCRL to have specific sites unblocked at any time prior to or following the filing of the Complaint.

**RESPONSE**:  SAF has no responsive documents.

**REQUEST FOR PRODUCTION NO. 6**:  With respect to interrogatories No. 15 & 16, please provide copies of any and all materials that were prepared in anticipation of, or were relevant to, any public speech or meeting that you participated in discussing the merits of this case, or the issue of Internet usage/accessibility at public facilities, including event flyers, programs, your written submissions and any audio or video tape of the event.

**RESPONSE**:  SAF has no responsive documents.

R A F E L   M A N V I L L E ₚₗₗꜱ
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660   fax 206.838.2661

1    **REQUEST FOR PRODUCTION NO. 7**: With respect to Interrogatories No. 15 & 17;

2    please provide copies of any and all written/electronic materials that you prepared for public

3    dissemination relating to, or discussing, the merits of this case or the issue of Internet

4    usage/accessibility at public facilities.

5    **RESPONSE**: Responsive documents will be provided.

6

7        ANSWERS AND RESPONSES SUBMITTED this 13th day of August, 2007. The

8    undersigned attorney has read the foregoing answers and responses to these discovery

9    requests.

10                             RAFEL MANVILLE PLLC

11

12                             By: _____

13                              Duncan Manville, WSBA #30304

                                 Robert A. Hyde, WSBA #33593

14                              Attorneys for Plaintiffs Sarah Bradburn, Pearl

                                 Cherrington, Charles Heinlen and the Second

15                              Amendment Foundation

16

17

18

19

20

21

22

23

24

25

26

R A F E L   M A N V I L L E PLLC
96
999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

## PARTY'S DECLARATION

I am the _EXECUTIVE VICE PRESIDENT_ of the Second Amendment Foundation and am authorized to make this declaration on its behalf. I certify under penalty of perjury under the laws of the State of Washington that I have read the foregoing answers to the interrogatories contained in Defendant's First Interrogatories and Requests for Production to the Second Amendment Foundation, know the contents thereof and believe the same to be true and correct.

EXECUTED at _SEATTLE_, Washington on _SEPTEMBER 12_, 2007.

_Alan M. Gottlieb_
sign

_ALAN M. GOTTLIEB_
print

SECOND AMENDMENT FOUNDATION'S OBJECTIONS,
ANSWERS AND RESPONSES TO DEFENDANT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION (Cause No. 2:06-cv-327) – Page 12
cg201306

RAFEL MANVILLE PLLC

999 3rd Ave., Ste. 1600, Seattle, WA 98104
main 206.838.2660  fax 206.838.2661

97