The Honorable Edward F. Shea

Thomas D. Adams
Celeste Mountain Monroe
KARR TUTTLE CAMPBELL
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028
(206) 223-1313
Attorneys for North Central Regional Library District

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON
### AT SPOKANE

| | |
|---|---|
| SARAH BRADBURN, PEARL CHERRINGTON, CHARLES HEINLEN, and THE SECOND AMENDMENT FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> NORTH CENTRAL REGIONAL LIBRARY DISTRICT, <br><br> Defendant. | NO. CV-06-327-EFS <br><br> DEFENDANT NORTH CENTRAL REGIONAL LIBRARY DISTRICT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 1
CV-06-327-EFS
#659258 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Dockets.Justia.com

# I. INTRODUCTION

Plaintiffs' Motion for Summary Judgment ("Plaintiffs' Motion;" Ct. Rec. 40) presents a sweeping mosaic of constitutional law that is not entirely germane and which is predicated on exaggerations of fact. Plaintiffs Motion should be denied and, for the reasons discussed in Defendant North Central Regional Library District's Motion for Summary Judgment ("NCRL's Motion;" Ct. Rec. 28), judgment should be entered in favor of NCRL. Alternatively, NCRL asks this Court to certify to the Washington Supreme Court the issues raised by Plaintiffs which implicate Art. I, § 5 of the Washington State Constitution. (Ct. Rec. 37)

NCRL responds to Plaintiffs' contentions in approximately the same order Plaintiffs' present them.[1]

# II. SUMMARY OF FACTS

A.   NCRL's Filter is not overly restrictive.

Plaintiffs claim that "the FortiGuard filter allows NCRL to block individual web sites based on any criteria or no criteria at all according to the preferences of library administrators." (Ct. Rec. 40, pg. 3). In fact, NCRL strives to restrict internet access

---

[1] The form of Plaintiffs' Motion contravenes LR 7.1(f) and 10.1(a)(2).

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 2
CV-06-327-EFS
#659258 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

only to the extent necessary to comply with the Children's Internet Protection Act ("CIPA"), to advance NCRL's Collection Development Policy, and to maintain a safe and non-hostile environment for patrons and staff. (Ct. Rec.28, p.11)

Public libraries have broad discretion in building their collections. See *United States v. American Library Ass'n*. 539 U.S. 194, 202 (2003)(hereafter "*ALA*"). Because of the impracticality of reviewing the universe of material available on the internet, filtering is an appropriate collection development tool. 539 U.S. at 208-09. CIPA itself vests libraries with discretion to determine what internet content to restrict. See 47 U.S.C. § 254(l)(2)(Determining "what matter is inappropriate for minors shall be made by the ... library, or other authority responsible[.]")

NCRL utilizes the FortiGuard Web Filtering Service to comply with CIPA and to advance its collection development and other salutary objectives. FortiGuard sorts web sites into 76 categories of which NCRL chooses to block 12. (Ct. Rec. 33, Ex. B). Plaintiffs concede some categories (Hacking, Phishing, Malware, and Spyware) are properly blocked by NCRL. (Ct. Rec. 40, pg. 3 n.2) Some sites previously blocked (e.g., MySpace.com and YouTube.com) have been unblocked because of NCRL's confidence that terms of use are being enforced (Ct. Rec. 31, ¶56).

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 3
CV-06-327-EFS
#659258 v1 / 42703-001

Plaintiffs criticize NCRL because image search sites (e.g., www.images.google.com) are blocked (Ct. Rec.40, p. 4). CIPA requires filtering for visual depictions harmful to minors. Additionally, if image search sites were not blocked the filter could be circumvented easily by a user searching for images associated with blocked categories. NCRL's Policy, however, does forbid all image search capability. Using Plaintiffs' example, a search for "flowers, horses, or oceans" through the Google search engine returns content and images pertaining to the those terms. Only the Google Images feature is blocked. (Ct. Rec, 29, ¶54). Other alternatives exist for NCRL patrons too. A variety of image databases are freely available through the Internet Resources tab at www.NCRL.org.

With respect to the Pornography and Adult Materials categories, Plaintiffs claim that NCRL's filter blocks a substantial amount of material that is neither obscene nor harmful to minors. (Ct. Rec. 40, pg. 4). However, as noted in *ALA*, many libraries exclude pornography from their print collections because it is deemed inappropriate. Libraries have no greater duty to facilitate access to similar material available online. 539 U.S. at 208. A library is not obligated to include material in its collection simply because it is constitutionally-protected. *ALA,* 539 U.S. at 209, n.4.

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 4
CV-06-327-EFS
#659258 v1 / 42703-001

The FortiGuard filter deployed by NCRL is more effective than Plaintiffs suggest at blocking only what is meant to be blocked. In a study of internet use by NCRL patrons over all 28 branches during a recent one week period, Professor Paul Resnick found that only 20 pages out 60,000 web pages requested by users were incorrectly blocked. This results in an error rate of .0333 percent. (Ct. Rec. 29, ¶110). Plaintiffs claim the error rate is 5-10% by dividing the 20 incorrectly blocked sites by the 289 total blocked sites rather than the 60,000 total web pages requested. By either measure, the FortiGuard filter performs reasonably well as applied in the NCRL network. Plaintiffs' conclusions to the contrary are based upon statistical extrapolations of random web sites having no relation to how NCRL patrons actually use NCRL computers. (Ct. Rec 40., p. 4).

B. NCRL's Policy.

Plaintiffs argue that "NCRL could easily turn off the filter on a single terminal for use by a single patron." (Ct. Rec. 40, pg. 4). This is unsupported by the record. What might be technically possible is not the same as what is practical, affordable, or legally-required. In fact, NCRL lacks the software and infrastructure resources to easily disable the filter at a particular computer terminal then re-enable it when the

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 5
CV-06-327-EFS
#659258 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

adult patron finishes. (Ct. Rec. 28, ¶¶66-67). Furthermore, many NCRL branches have only one or two computer terminals. (Ct. Rec. 28, ¶68). The task of manipulating the filter on and off to accommodate an adult seeking unrestricted access unnecessarily burdens NCRL staff and is not clearly permissible under CIPA which states that libraries "may" permit the filter to be disabled for bona fide research and other lawful purposes.  20 U.S.C. § 9134(f)(3); 47 U.S.C. § 254(h)(6)(D).  Nothing in CIPA authorizes the filter to be completely disabled as Plaintiffs here request.  Indeed, the "may" becomes a "must" only if one is willing to re-write CIPA and draw selectively from the varying opinions expressed in *ALA*.   There is abundant discussion in *ALA* about filter disabling but other considerations figure just as prominently in the plurality and concurring opinions, including the capacity of a library to unblock specific web sites. 539 U.S. at 215 (Kennedy, J. concurring).

C.  Less restrictive alternatives are ineffective.

Plaintiffs claim that libraries in Fairbanks, Alaska, Canton, Ohio, and Madras, Oregon allow adults unfiltered internet access and that these libraries have not experienced significant problems with patrons viewing of pornography and other inappropriate material. (Ct. Rec. 40, p. 5).  What may work in these libraries does not

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 6
CV-06-327-EFS
#659258 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

work for NCRL which has documented a number of instances of inappropriate internet use. (Ct. Rec. 29, ¶¶89-98). Similarly, the recessed desks, privacy screens, and "shoulder tap" solutions suggested by Plaintiffs have been considered and rejected as alternatives by NCRL based upon experience and expense. (Ct. Rec.76-85).

D. <u>Plaintiffs have not been harmed</u>.

Plaintiffs claim to be harmed by NCRL's Policy but the evidence suggests otherwise. Plaintiffs Bradburn and Cherrington cannot recall specific web sites to which they were denied access other than youtube.com which is now unblocked. (Ct. Rec. 29, ¶¶123-26; 130-35). Plaintiff Second Amendment Foundation ("SAF") claims to have heard from members that the online version of one of its publications (www.womenandguns.com) was inaccessible on NCRL computers. SAF does not claim to have encountered blocking itself. NCRL has no reason to believe that www.womenandguns has ever been blocked. (Ct. Rec. 29, ¶¶116-119).

Plaintiff Heinlen's principal dissatisfaction arises from restrictions placed on access to his personal page at www.myspace.com although he also contends that adults should have unfettered access to any and all internet content whether constitutionally-protected or not. (Ct. Rec. 29, ¶141). NCRL has unblocked www.myspace.com.

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 7
CV-06-327-EFS
#659258 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

1  NCRL has no obligation to provide patrons with access to content that is not

2
3  constitutionally-protected nor a duty to include material simply because it is

4  constitutionally-protected.

5      In the absence of actual, personal harm rising above general dissatisfaction, a

6
7  party lacks standing to raise "as applied" constitutional challenges to state action

8  alleged to infringe rights of expression. *See Kadoranian v. Bellingham Police Dept.*,

9
10 119 Wn.2d 178, 191 (1992). Plaintiffs have not demonstrated personal harm sufficient

11 to warrant their as applied challenges to NCRL's Policy.

12                          III. ARGUMENT
13
14      As a threshold matter, this Court should decline to address Plaintiff's First

15 Amendment challenge and either decide Plaintiffs' claims under Art. I, § 5 of the

16
17 Washington State Constitution or certify the issues to the Washington Supreme Court.

18 Federal courts should resolve, or certify, state constitutional issues before reaching

19
20 federal challenges. See *Barnes-Wallace v. City of San Diego*, 471 F.3d 1038, 1046-47

21 (9th Cir. 2006). See generally (Ct. Rec. 28, pp. 3-5) and (Ct. Rec. 37).

22

23

24

25

26 DEFENDANT NORTH CENTRAL
27 REGIONAL LIBRARY DISTRICT'S
   MEMORANDUM IN OPPOSITION TO
28 PLAINTIFFS' MOTION FOR SUMMARY
   JUDGMENT - 8
   CV-06-327-EFS
   #659258 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

## A. NCRL's Internet Policy is not overbroad.

Plaintiffs argue that NCRL's Policy violates the First Amendment and Art. I, § 5 on overbreadth grounds. They contend that it limits adults to reading only what is fit for children and blocks access to a "substantial amount" of protected speech. (Ct. Rec. 40, p. 9). NCRL's Policy does not impermissibly restrict speech. The Policy advances NCRL's mission and Collection Development policy, enables it to comply with CIPA, and encourages a safe and non-hostile environment for patrons and staff.

NCRL has no quarrel with the principle that speech appropriate for adults cannot be completely silenced for the sake of protecting children when less restrictive safeguards are shown to exist. See *Ashcroft v. Free Speech Coalition,* 535 U.S. 244, 252 (2002). *Ashcroft,* however, does not consider this principle in the context of internet filtering in a public libraries. The issues before this Court are best informed by *ALA* because of the unique considerations associated with speech rights, public libraries and legal overlay of CIPA.

That said, the idea that not all material suitable for minors should in some measure be left accessible to adults resonates with NCRL which strives to develop its collection for the benefit of all patrons. Consider the 64 categories NCRL chooses ***not***

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 9
CV-06-327-EFS
#659258 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

to block including, for example, categories pertaining to abortion, extremist groups, sex education, alcohol, tobacco, weapons, and violence. (Ct. Rec. 33, Ex. B). Some patrons might consider web sites relating to such topics inappropriate for some minors yet NCRL does not restrict online access to these categories. Conversely, NCLR finds that sites having as their predominant theme adult material, nudity/risqué, or pornographic content add nothing to NCRL's collection – and may thwart other NCRL objectives– even if such topics are constitutionally-protected. As plurality noted in *ALA,* "a public library does not have an obligation to add material to its collection simply because the material constitutionally protected." 539 U.S. at 209 n.4.

Plaintiffs ask this Court to follow *Loudon v. Board of Trustees,* 2 F.Supp.2d 552 (1998) where the Court found that a public library utilizing filtering software improperly limited the access of all patrons to material deemed fit for juveniles. (Ct. Rec. 40, pg. 10) Plaintiffs reliance on *Loudon* is misplaced. *Loudon* preceded the enactment of CIPA which expressly gives libraries authority to determine what it inappropriate for minors. See 47 U.S.C. § 254(l)(2). *Loudon* also predates the Supreme Court's decision in *ALA.* Notably, *Loudon* is not even mentioned in *ALA.*

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 10
CV-06-327-EFS
#659258 v1 / 42703-001

*Loudon* also is an extreme case decided before the advent of more advance filtering software. In *Loudon*, the defendants claimed a public library could constitutionally prohibit access to speech "simply because it was authored by African-Americans, or because is espoused a particular political viewpoint, for example pro-Republican." *Loudon*, 2F.Supp2d at 792. NCRL neither exercises, nor claims, unlimited discretion in configuring the FortiGuard filter. NCRL is guided by its mission statement (to promote reading and lifelong learning), its Collection Development Policy, CIPA's requirements, and the need to protect network integrity and maintain a safe environment for patrons and staff. NCRL restricts access to just 12 of 76 available categories and any site that is blocked by the Policy may be submitted to NCRL or Fortinet for review. (Ct. Rec. 29, ¶¶57-59).

In arguing against NCRL's Policy, Plaintiffs lose sight of NCRL's traditional role and societal mission. By offering online access, NCRL does not transform itself from a public library into an internet café. As a public library, NCRL's overriding function in the communities it serves is to facilitate learning and cultural enrichment. Libraries have broad discretion to decide what materials to provide their patrons. Libraries strive to provide abundant, diverse information offering the greatest direct

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 11
CV-06-327-EFS
#659258 v1 / 42703-001

benefit to their community but creating a collection necessarily involves judgments of quality. *ALA*, 539 U.S. at 202. Due to the vast amount of information available on the internet, a library may properly make decisions about internet content appropriate for its patrons in configuring its internet filter. *Id.* at 209 n.4.

Plaintiffs' argue that NCRL's Policy blocks a "substantial amount" of constitutionally-protected speech. (Ct. Rec. 40, pg. 11-13) As discussed above, the evidence does not support Plaintiffs' contention. Professor Resnick's study found that NCRL users requested access to 60,000 web pages in a particular week in the summer of 2007. FortiGuard allowed instant access to all but 289 pages and of the 289 pages all but 20 pages were correctly blocked pursuant to NCRL's Policy. (Cr. Rec. 32, Ex. D, p. 23-24). While no filter is perfect in culling only what is intended to be blocked, neither the First Amendment nor Art. I, § 5 require perfection. The test for overbreadth is whether a "substantial amount" of content is restricted. *See Virginia v. Hicks*, 539 U.S. 113, 157-58 (2003) (burden on protected speech must be substantial in an absolute sense and in relation to the regulation's legitimate applications before applying "the strong medicine" of overbreadth invalidation.); Ino Ino, Inc. v. Bellevue,

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 12
CV-06-327-EFS
#659258 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

132 Wn.2d 103 (1997). Plaintiffs have not met their burden of proving that has occurred here.

Plaintiffs argue vigorously that NCRL's use and configuration of the Fortiguard filter results in the blocking of "tens of thousands" of web sites, which has "dramatically limited the opportunity for education and discourse" at NCRL branch libraries and that NCRL is removing from circulation "ideas that would otherwise be available to library patrons" simply due to NCRL's preference that patrons not be exposed to them. (Ct. Rec. 40, p. 8) Again, Plaintiffs forget that NCRL's Policy and decision to deploy the FortiGuard filter advance multiple salutary goals, including collection development. Online material to which access is blocked is material that also would not be available to NCRL patrons in the traditional collection of books, periodicals, and other media. NCRL has just one Collection Development Policy.

Plaintiffs' indictment of NCRL's Policy exaggerates its impact on NCRL patrons. Of the ten blocked sites highlighted by Plaintiffs (Ct. Rec. 40, p. 4) four were accessible simply by using a different domain extension. Three others target the local communities they serve www.acceptpregenancy.org (a pregnancy counseling facility in Winter Garden, Florida); www.faithchurchofdavis.org (a community church in Davis,

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 13
CV-06-327-EFS
#659258 v1 / 42703-001

Law Offices
KARR TUTTLE CAMPBELL
A Professional Service Corporation
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Illinois); and www.reaissancevoices.com (an amateur chamber choir from Manitoba, Canada). The other two are commercial sites www.vacuumequipmentsupplies.com and www.tulipflorists.com. Public libraries do not exist to facilitate online commerce. Plaintiffs' examples belie their assertion that NCRL's Policy limits the opportunities for "education and discourse" in some substantial way. Additionally, automated procedures are available which allow any patron to request review of a blocked site for recategorization (in the case of Fortinet) or override (in the case of NCRL). (Ct. Rec 29; ¶¶57-59;¶42). These are the same mechanisms which *ALA* cites as alternative methods by which for patrons may gain access to blocked sites. 539 U.S. at 209.

Plaintiffs also criticize FortiGuard because its category definitions do not track constitutional parameters and because it blocks entire sites as opposed to individual pages within a site where inappropriate materials exists. (Ct. Rec. 40, ¶13). Plainitffs misapprehend NCRL's reasons for deploying the filter one of which is to assist in collection development. NCRL is not delegating to Fortinet the responsibility for determining what is, or is not, constitutionally-protected speech. Plaintiffs' objection to the ForiGuard's focus on sites rather than pages is also misplaced. To the extent that a web site is designed by assigning discrete web addresses ("URLs") to each page

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 14
CV-06-327-EFS
#659258 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

then granular filtering in fact can be performed upon patrons' request as occurred with www.craigslist.com. (See Dep of Walters cited at Ct. Rec. 41, ¶97).

For these reasons, NCRL's Policy of refusing to disable FortiGuard at an adult patron's request is neither overbroad nor an unconstitutional infringement of Plaintiffs' rights under the First Amendment or Art. I, § 5 of the Washington State Constitution.

**B.      NCRL's Policy is not a content-based restriction on speech.**

Plaintiffs argue that NCRL has blocked entire categories because it deems the content "improper." (Ct. Rec 40, p. 13). Again, Plaintiffs misapprehend NCRL's objectives. NCRL has deployed FortiGuard for purposes of collection development and to advance other objectives consistent with its traditional role as a public library. As observed in *ALA*, a library's decision to deploy a filter is properly thought of as collection development decision:

> Moreover, because of the vast quantity of material on the Internet and the rapid pace at which it changes, libraries cannot possibly segregate, item by item, all the Internet material that is appropriate for inclusion from all that is not. While a library cold limit its Internet collection to just those sites it found worthwhile, it could do so only at the cost of excluding an enormous amount of valuable information that it lack s the capacity to review. Given the tradeoff, it is entirely reasonable for public libraries to reject that approach and instead exclude certain categories of content, without making

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 15

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

individualized judgments that everything that they do make available has requisite and appropriate quality.

539 U.S. at 208.

Based on *ALA*, NCRL's Policy, including its use of FortiGuard, is not subject to strict scrutiny. Strict scrutiny applies to regulations affecting speech in public forums. A library is not a "public forum." Forum analysis does not apply "because a public library does not acquire Internet terminals in order to create a public forum for Web publishers to express themselves any more than it collects books in order to provide a public forum for the authors of books to speak." 539 U.S. at 205-06.[2] Instead, libraries "provide Internet access for the same reasons it offers other library resources: to facilitate research, learning, and recreational pursuits by furnishing materials of requisite and appropriate quality." *Id.* Instead, NCRL's Policy is valid as long as it serves an "important or substantial" interest. *ALA*, 539 U.S. at 218.

NCRL's Policy advances a number of important, substantial, and even compelling interests. CIPA requires public libraries seeking eligibility for federal "E-

---

[2] Washington courts follow federal forum analysis. See *City of Seattle v. Mighty Movers*, 152 Wn.2d 343, 363 (2004.

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

rate" and LSTA funds to install a filter on public computers with internet capability to block visual depictions deemed to be obscene, child pornography, or otherwise "harmful to minors." 20 U.S.C. 9153(g); 47 U.S.C. 254(h). NCRL also deploys the filter to facilitate its work with public schools, to minimize confrontations between NCRL staff and adult patrons using computers for inappropriate purposes, to minimize potential liability for hostile work liability, and protect children from speech that may result in physical, emotional and psychological harm. (Ct. Rec. 28, p.11).

NCRL configures FortiGuard and overrides it for certain sites upon request. FortiGuard has been proven to be reasonably effective at blocking what is intended to be blocked. (Ct. Rec. 29, ¶54). Less restrictive means, such as those proposed by Plaintiffs such as installing privacy screens or recessed desks, and asking librarians to monitor the use by adults are impractical, costly, or have shown not to work within NCRL. (Ct. Rec. 29,¶¶77-85). As the plurality discussed in *ALA:*

> Close monitoring of computer users would be far more intrusive than the use of filtering software, and would risk transforming the role of a librarian from a profession to whom patrons turn for assistance into a compliance officer whom many patrons might wish to avoid. Moving terminal to places where their displays cannot easily be seen by other patron, or installing privacy screens or recessed monitors, would not address a library's interest in preventing patrons from deliberately using its

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 17
CV-06-327-EFS
#659258 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

computers to view online pornography. To the contrary, these alternative would make it easier to do so.
*ALA*, 539 U.S. 233, n.3.

Plaintiffs contend that CIPA was found constitutional because of the ease with which a filter could be disabled upon the request of an adult patron. (Ct. Rec. 40, pg. 16-18) Plaintiffs press this point too far. The concurring opinion of Justice Kennedy speculated that a library lacking the capacity to unblock an erroneously blocked site could present grounds for an as applied challenge to CIPA. 539 U.S. at 215. NCRL has such capacity and exactly that mechanism is available to Plaintiffs. Nothing in *ALA* suggests that library must also have the capacity to completely disable a filter upon request. In fact, complete disabling is not authorized by CIPA.

Filtering is the least restrictive means of furthering NCRL's legitimate, substantial, even compelling interests reflected by its Policy. The opportunity for patrons to request that a site be unblocked mitigates any infringement upon protected speech caused by overblocking.

**C.    NCRL's filtering policy is not a prior restraint.**

Plaintiffs contend that NCRL's Policy is tantamount to a prior restraint because it results in the wholesale blocking of particular categories of speech. (Ct. Rec., pgs.

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 18
CV-06-327-EFS
#659258 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

19-20) NCRL acknowledges that the Washington Supreme Court has held that Art. I, §

5 of the Washington State Constitution extends beyond the First Amendment with

respect to prior restraints, deeming them per se unconstitutional. *JJR, Inc. v. Seattle*,

126 Wn2d 1, 6 (1995). However, NCRL's Policy may not be considered a prior

restraint.

A prior restraint is "an administrative or judicial order forbidding

communication prior to their occurrence." *Soundgarden v. Eikenberry*, 123 Wn.2d

750, 764 (1994). A prior restraint, "prohibits further speech, as opposed to punishing

past speech." Id. NCRL's Policy does neither. NCRL has not prohibited expression

or the receipt of information by virtue of its Policy any more than it does so be

declining to purchase a particular book. Prior restraint doctrine does not apply to

internet filtering in libraries because filtering is a "collection development decision."

*ALA*, 539 U.S. 209, n.4. A public library is not obliged to add internet material to its

collection simply because it is constitutionally-protected speech. Id.

III. CONCLUSION

Plaintiffs ask this Court to require NCRL to disable FortiGuard upon the request

of an adult patron. Neither CIPA nor *ALA* require this. There is no evidence NCRL's

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 19
CV-06-327-EFS
#659258 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Policy, on its face or as applied to Plaintiffs, limits adults to reading only what NCRL considers fit for children or that NCRL's filter blocks a substantial amount of speech which limits education and meaningful discourse. NCRL's Policy is narrowly tailored to advance a substantial, even compelling public interest and which is consistent with NCRL's traditional role and duty as a public library.

For these reasons, NCRL requests this Court deny Plaintiffs' Motion or, alternatively, certify the issues raised to the Washington Supreme Court.

DATED this 15th day of February, 2008.

KARR TUTTLE CAMPBELL

By:*/s/ Thomas D. Adams*
Thomas D. Adams, WSBA #18470
E-mail – tadams@karrtuttle.com
Celeste Mountain Monroe, WSBA #35843
E-mail – cmonroe@karrtuttle.com
Attorneys for Defendant North Central Regional
Library District
KARR TUTTLE CAMPBELL
1201 Third Ave., Ste. 2900
Seattle, WA 98101
Telephone: 206.233.1313
Facsimile: 206.682.7100

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 20
CV-06-327-EFS
#659258 v1 / 42703-001

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Duncan Manville
1629 2nd Ave. W
Seattle, WA 98119

Aaron Caplan
ACLU of Washington
705 Second Ave., Ste. 300
Seattle, WA 98103

Notice has been delivered by U.S. Mail to:

Catherine Crump
American Civil Liberties Union Foundation
125 Broad Street, 17th Floor
New York, NY 10004

KARR TUTTLE CAMPBELL

By: _____
Heather L. White
hwhite@karrtuttle.com

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT - 21
CV-06-327-EFS
#659258 v1 / 42703-001