THE HONORABLE EDWARD F. SHEA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH BRADBURN, PEARL CHERRINGTON, CHARLES HEINLEN, and the SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH CENTRAL REGIONAL LIBRARY DISTRICT,<br><br>Defendant | No. CV-06-327-EFS<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT NORTH CENTRAL REGIONAL LIBRARY DISTRICT'S MOTION FOR CERTIFICATION OF QUESTIONS OF STATE CONSTITUTIONAL LAW** |

This case presents no questions of state law that are beyond this Court's competence to decide. Plaintiffs properly invoked this Court's jurisdiction over the federal claim via 28 U.S.C. §§ 1331 (federal question) and 1343(a)(3) (civil rights), and over the state claim via 28 U.S.C. § 1367(a) (supplemental jurisdiction), so this Court should simply decide the case before it. Certification would be an unnecessary complication that would not advance comity or judicial economy. To the contrary, it would needlessly burden this Court, the state court, and the parties.

PLAINTIFFS' OPPOSITION TO MOTION TO CERTIFY
QUESTIONS OF STATE CONSTITUTIONAL LAW -- 1

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

**A. The Standards For Certifying State Law Questions**

In federal cases that implicate questions of state law, the familiar rule of <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64 (1938), directs federal courts to follow local law as expounded by the state courts. <u>Erie</u> does not mean that federal courts are obliged to punt all state law questions to state forums. That approach would defeat the underlying purposes behind federal jurisdiction. Instead, federal courts uphold their duty of comity to state law by deciding the cases before them based on research into state statutes, regulations, and case law. "[M]ere difficulty in ascertaining local law is no excuse for remitting the parties to a state tribunal for the start of another lawsuit." <u>Lehman Bros. v. Schein</u>, 416 U.S. 386, 390 (1974). Referring questions to state courts by way of a certification procedure is needed only when a state law question rises to an unusual level of difficulty.

Certification unavoidably imposes a burden on the state courts, and occasions delay and expense for all of the parties. <u>Id</u>. at 394-95 (Rehnquist, J., concurring). For this reason, certification is limited by the principles announced in federal case law and by a Washington certification statute, RCW 4.60.010 et seq. The present case does not satisfy either set of criteria.

**1. Federal Common Law Guidelines For Certification**

Certification is within the discretion of the federal judge, <u>Lehman Bros.</u>, 416 U.S. at 391; <u>Micomonaco v. State of Washington,</u> 45 F.3d 316, 322 (9th Cir. 1995), so a trial court's decision on a motion to certify will be overturned only for abuse of discretion. It will almost never be an abuse of discretion for the federal judge to "resolve an issue of state law with available research materials already at hand." <u>Lehman Bros.</u>, 416 U.S. at 395 (Rehnquist, J., concurring). Even if there is some "doubt as to local law," certification is not "obligatory." <u>Id.</u> at 390-91 (majority opinion). As the Ninth Circuit has noted:

PLAINTIFFS' OPPOSITION TO MOTION TO CERTIFY
QUESTIONS OF STATE CONSTITUTIONAL LAW -- 2

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION**
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

> Federal courts are not precluded from affording relief simply because neither the state Supreme Court nor the state legislature has enunciated a clear rule governing a particular type of controversy. Were we able to invoke only clearly established state law, litigants seeking to protect their rights in federal courts by availing themselves of our diversity jurisdiction would face an inhospitable forum for claims not identical to those resolved in prior cases.

Paul v. Watchtower Bible & Tract Soc'y, 819 F.2d 875, 879 (9th Cir.1987) (holding that it would violate both the federal and Washington constitutions to allow a Washington common law cause of action to proceed on the facts presented). "Certification is not appropriate where the state court is in no better position than the federal court to interpret the state statute." Micomonaco, 45 F.3d at 322 (denying request to certify). Instead, the Ninth Circuit has approved this formulation: "the question certified must be close, and the issue must be important to the state in terms of comity. The certifying court also should consider the possible delays involved and whether the legal issue can be framed to produce a helpful response by the state." Complaint of McLinn, 744 F.2d 677, 681 (9th Cir. 1984).

Certification is used only where the state law is unclear "because of the absence of state decisions or conflicting decisions in the same state." In re Elliott, 74 Wash.2d 600, 602, 446 P.2d 347 (1968). For example, Parents Involved in Community Schools v. Seattle School Dist. No. 1, 294 F.3d 1085 (9th Cir. 2002), certified a state law claim that hinged upon a newly-enacted statute that had never been interpreted by a state court. Intra-state conflicts were grounds for certification in J&J Celcom v. AT&T Wireless Services, Inc., 481 F.3d 1138, 1142 (9th Cir. 2007) ("the two Washington cases of which we are aware … seem to point in different directions") and Keystone Land & Development Co. v. Xerox Corp., 353 F.3d 1093 (9th Cir. 2003) (noting conflict between competing Washington cases). The need for certification is greatest when a federal judge must decide a case in which the controlling choice-of-law

PLAINTIFFS' OPPOSITION TO MOTION TO CERTIFY
QUESTIONS OF STATE CONSTITUTIONAL LAW -- 3

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION**
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

principles require reference to an unfamiliar state's law, as in Lehman Bros. where a federal judge from New York had to apply Florida law. 416 U.S. at 391. By contrast, in a case involving Washington law, a federal judge in Washington has the benefit of "the common exposure to local law which comes from sitting in the jurisdiction." Id.

If a state law question does not pose special difficulty, federal courts do not certify. E.g., Al-Safin v. Circuit City Stores, Inc., 394 F.3d 1254, 1262 & n.7 (9th Cir. 2005) (declining to certify a question of Washington state law where the existing state case law answered the question). In the recent past, federal courts have found that the existing body of state case law allows them to rule on free speech cases presenting supplemental claims under Art. I, § 5 of the Washington constitution, without any need for certification. See, e.g., Seattle Affiliate of October 22nd Coalition to Stop Police Brutality v. City of Seattle, 430 F.Supp.2d 1185, 1195-96 (W.D. Wash. 2006) (Lasnik, J.); In re Washington State Apple Advertising Commission, 257 F.Supp.2d 1290, 1304 (E.D. Wash. 2003) (Shea, J.); Clark v. City of Lakewood, 259 F.3d 996, 1016 (9th Cir. 2001); Joplin Enterprises v. Allen, 795 F.Supp. 349, 351-52 (W.D. Wash. 1992) (Coughenour, J.).

### 2. State Statute And Court Rules Regarding Certification

Washington adopted the Uniform Certification of Questions of Law Act, which is known in the state as the "Federal Court Local Law Certificate Procedure Act," RCW 2.60.040. Its main provision reads as follows:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

PLAINTIFFS' OPPOSITION TO MOTION TO CERTIFY
QUESTIONS OF STATE CONSTITUTIONAL LAW -- 4

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

RCW 2.60.020. The Washington Supreme Court devoted one of its Rules of Appellate Procedure (RAP) to the subject, which states in relevant part: "The Supreme Court may entertain a petition to determine a question of law certified to it under [RCW 2.60] if the question of state law is one which has not been clearly determined and does not involve a question determined by reference to the United States Constitution." RAP 16.16(a).

The Washington Supreme Court is not required to accept certified questions. Broad v. Mannesmann Anlagenbau, A.G., 141 Wash.2d 670, 676 (2000); Hoffman v. Regence Blue Shield, 140 Wash.2d 121, 128 (2000) (declining to answer a certified question). Indeed, the Washington Supreme Court ruled that the ability to refuse questions improvidently certified was a key to the statute's constitutionality. Elliott, 74 Wn.2d at 607-10.

> The certification act can only be used when there is no state decision or decisions in the state are in conflict. … Furthermore, the act is construed as permissive and not mandatory, thus a certified question which does not meet the criteria of the certification act can be summarily rejected. Nor would this court take jurisdiction of a certified question which involves ultimately a federal constitutional issue, for again this would not meet the criteria of the certification statute.

Id. at 617.

**B.     The Question Relating To Standing Should Not Be Certified**

NCRL nowhere explains why the question of state law standing should be certified. To the contrary, its brief states that "Washington law is well-developed on the issue of standing," NCRL's Motion for Certification at 7. Plaintiffs agree that Washington's law of standing is adequate for this Court to decide any state-law standing question presented to it.

Of even greater importance is that no state law questions relating to standing are "necessary" for this Court to "dispose of" the proceeding. RCW 2.60.020. Plaintiffs' federal and state claims arise from the identical set of facts, so this Court quite properly exercised its

PLAINTIFFS' OPPOSITION TO MOTION TO CERTIFY
QUESTIONS OF STATE CONSTITUTIONAL LAW -- 5

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION**
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367. See, e.g., Long v. City and County of Honolulu, 511 F.3d 901, 907 (9th Cir. 2007). In fact, NCRL nowhere claims that it would be improper for this Court to rule on plaintiffs' state law claim. Hence, for a claim that is properly within this Court's jurisdiction, the only question of standing that matters is whether plaintiffs have standing in this Court. The Washington Supreme Court would not issue any opinion that would purport to tell this federal court which parties have standing before it, so certification would be wholly unnecessary. And of course, on the merits, each of the four plaintiffs has a strong basis for standing in this Court. See Plaintiffs' Opposition to NCRL's Motion for Summary Judgment.

Although it is difficult to tell from NCRL's motion, it may be asking this Court to certify the question of whether plaintiffs would have standing in state court to assert their state law claims. If that is what the motion intends, it should be denied. Like federal courts, Washington courts are not allowed to issue advisory opinions. Futurewise v. Reed, 161 Wash.2d 407, 410, 166 P.3d 708 (2007); Washington Beauty College, Inc. v. Huse, 195 Wash. 160, 164, 80 P.2d 403 (1938). If the plaintiffs have standing to raise their claims in the forum where the suit is filed, it is irrelevant whether they would have standing to raise the question in some other forum. Besides, plaintiffs would have standing in state court under traditional standing principles and also as taxpayers. Washington grants comparatively generous standing to any taxpayer to challenge unlawful expenditures of government funds. Boyles v. Whatcom County Superior Court, 103 Wn.2d 610, 614 (1985) ("taxpayer standing has been given freely in the interest of providing a judicial forum when this state's citizens contest the legality of official acts of their government").

PLAINTIFFS' OPPOSITION TO MOTION TO CERTIFY
QUESTIONS OF STATE CONSTITUTIONAL LAW -- 6

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

**C. The Question Relating To The Merits Should Not Be Certified**

The second question NCRL seeks to certify is the merits of the Art. I, § 5 claim. Certification would be ill-advised for a number of reasons.

First, a state law ruling will not be necessary to the resolution of the case if it is decided on federal grounds. If NCRL's policies violate the First Amendment, the Court will be required to enter judgment in favor of Plaintiffs without regard to the result under the state constitution. The federal questions are being fully briefed by the parties on cross-motions for summary judgment, and this Court will be able to resolve them without reference to any state law. Even if the state questions were to be certified, this Court would retain jurisdiction over the remainder of the case. Broad, 141 Wash.2d at 676. Unnecessary delays should be avoided, because "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns 427 U.S. 347, 374 (1976).

Second, NCRL cannot claim that this is a case where "there is no state decision or decisions in the state are in conflict." Elliott, 74 Wn.2d at 618. There is a well-developed and internally consistent body of state law cases on point. As explained in Plaintiffs' motion for summary judgment, Art. I, § 5 forbids in even stronger terms than the federal constitution any government action that imposes an overbroad restriction on speech that "rise to the level of a prior restraint." Soundgarden v. Eikenberry, 123 Wn.2d 750, 764 (1994); O'Day v. King County, 109 Wn.2d 796, 803-04 (1988). Indeed, this Court has relied in the past upon O'Day to resolve a Washington constitutional question. Washington State Apple Advertising Commission, 257 F.Supp.2d at 1304. This Court need not fear that it would be making any new constitutional law for the state of Washington, since the case can be decided in reliance on existing law.

PLAINTIFFS' OPPOSITION TO MOTION TO CERTIFY
QUESTIONS OF STATE CONSTITUTIONAL LAW -- 7

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION**
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

Third, the Washington Supreme Court will not accept certified questions that have a heavy federal law component. RAP 16.16(a); <u>Elliott</u>, 74 Wn.2d at 618. The cases cited above show that in the area of overbreadth law, the Washington constitution takes the federal law of overbreadth as its starting place. Relying on some of the same case law Plaintiffs rely upon here, this Court followed that approach in <u>Washington State Apple Advertising Commission</u>, 257 F.Supp.2d at 1304:

> [Art. I, § 5] provides no lesser, and sometimes greater, protection that the First Amendment. <u>O'Day v. King County</u>, 109 Wash.2d 796, 802, 749 P.2d 142 (1988). Thus, a violation of the First Amendment is always a violation of the Washington Constitution. As the Court has found that the mandatory assessments violate the United States Constitution, the Court must conclude that the mandatory assessments also violate the Washington Constitution.

Federal courts have undeniable expertise in interpreting the federal constitution, which is likely to resolve the state law claims quickly and easily, just as it did in <u>Washington State Apple Advertising Commission</u>. Unless this Court determines that the case as a whole hinges on the precise margin by which the Washington State Constitution offers more protection than the federal constitution, and that the scope of that difference is unclear, then this Court is in as good a position as the state supreme court to resolve this case.

Fourth, this case calls for an application of established law to undisputed facts. A federal court does not need to wait for a state court decision presenting indistinguishable facts; instead, it may rely on the principles and methods set out in existing case law to reach a decision on the case before it, even if the fact pattern has some novel elements in comparison to previous cases. <u>Paul</u>, 819 F.2d at 879. Applying the law to the facts in this case will not require this Court to announce any novel principles of state law. In this sense, the state court would be in "no better position" than this Court to properly decide the case. <u>Micomonaco,</u> 45 F.3d at 322.

PLAINTIFFS' OPPOSITION TO MOTION TO CERTIFY
QUESTIONS OF STATE CONSTITUTIONAL LAW -- 8

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION**
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

Fifth, the federal question presented in this case is an easy one. The canon counseling against unnecessarily deciding a constitutional question is most important when the constitutional question is one of first impression or one that is of great difficulty. Morse v. Frederick, 127 S.Ct. 2618, 2641 (2007) (Breyer, J., concurring). That concern is not present here, because the federal constitutional question -- like the state constitutional question -- fits squarely within existing case law and statutes. The present case is indistinguishable from Mainstream Loudoun v. Board of Trustees of the Loudoun County Public Library, 24 F.Supp.2d 552 (E.D. Va. 1998), so following that case will create no inconsistencies between federal districts. The rule against overbroad speech restrictions that limit the adult reading population to only that material suitable for children has been established for decades. Butler v. Michigan, 352 U.S. 380, 383 (1957). And the relief requested by Plaintiffs is identical to what Congress has already told NCRL it should do as a condition of receiving federal funds. 20 U.S.C. § 9134(f)(3); 47 U.S.C. § 254(h)(5)(D); United States v. American Library Ass'n, 539 U.S. 194 (2003). The case primarily relied upon by NCRL, Barnes-Wallace v. City of San Diego, 471 F.3d 1038 (9th Cir. 2006), posed genuinely difficult federal constitutional questions pitting the constitutional right of free association against the constitutional rights against establishments of religion and state-sponsored discrimination. There is no similar conflict of rights here, so there is little imperative to avoid the question.

Sixth, NCRL urges this Court to resolve the state law question first. While some federal courts adopt that order of decision, many federal courts choose to decide federal questions first. See, e.g., Washington State Apple Advertising Commission, 257 F.Supp.2d at 1304. For present purposes, the dispositive question is not in what order this Court should address plaintiffs' claims, but whether certification to the Washington Supreme Court is necessary or advisable. It

PLAINTIFFS' OPPOSITION TO MOTION TO CERTIFY
QUESTIONS OF STATE CONSTITUTIONAL LAW -- 9

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION**
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

is not.  Certification is equally unnecessary whether this Court reaches the state constitutional question before or after the federal constitutional question.

**D.     If Certification Is Granted, The Library Should Bear Any Associated Costs**

As Justice Rehnquist noted, certification "entails more delay and expense than would an ordinary decision of the state question on the merits by the federal court." <u>Lehman Bros.</u>, 416 U.S. at 394 (Rehnquist, J., concurring).  If certification is granted, the burdens of delay will inevitably be borne by all the parties, along with both court systems.  The financial costs, however, can and should be assigned more specifically.  Under Washington's certification statute, "costs shall be equally divided between plaintiff and defendant, subject to reallocation as between or among the parties by the federal court involved."  RCW 2.60.030(3).  <u>See also</u>, RAP 16.6(f).  If certification is granted, this Court should exercise the authority granted under the certification statute to allocate all costs of certification to NCRL, since it is the sole party seeking to introduce an extra layer of complication and expense into the litigation.

DATED this 25th day of February, 2008.

AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION

By:     /s/ Aaron H. Caplan
Aaron H. Caplan, WSBA #22525
American Civil Liberties Union of Washington Foundation
705 Second Avenue, Third Floor
Seattle, WA  98103
Tel. (206) 624-2184
Fax (206) 624-2190
caplan@aclu-wa.org

PLAINTIFFS' OPPOSITION TO MOTION TO CERTIFY
QUESTIONS OF STATE CONSTITUTIONAL LAW -- 10

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION**
705 Second Avenue, Suite 300
Seattle, Washington  98104-1799
(206) 624-2184

Duncan Manville, WSBA #30304
1629 2nd Avenue W.
Seattle, WA 98119
Tel. (206) 288-9330
Fax (206) 624-2190
duncan.manville@yahoo.com

Catherine Crump, pro hac vice
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 519-7806
ccrump@aclu.org

Counsel for Plaintiffs

PLAINTIFFS' OPPOSITION TO MOTION TO CERTIFY
QUESTIONS OF STATE CONSTITUTIONAL LAW -- 11

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION**
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

# CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2008, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the persons listed below:

> Thomas D. Adams
> Celeste Mountain Monroe
> KARR TUTTLE CAMPBELL
> 1201 Third Avenue, Suite 2900
> Seattle, WA 98101
>
> Attorneys for Defendant

DATED this 25th day of February, 2008.

> AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION
>
> By: /s/ Aaron H. Caplan
> Aaron H. Caplan, WSBA #22525
> American Civil Liberties Union of Washington Foundation
> 705 Second Avenue, Third Floor
> Seattle, WA 98103
> Tel. (206) 624-2184
> Fax (206) 624-2190
> caplan@aclu-wa.org

PLAINTIFFS' OPPOSITION TO MOTION TO CERTIFY QUESTIONS OF STATE CONSTITUTIONAL LAW -- 12

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION**
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184