The Honorable Edward F. Shea

Thomas D. Adams
Celeste Mountain Monroe
KARR TUTTLE CAMPBELL
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028
(206) 223-1313
Attorneys for North Central Regional Library District

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| SARAH BRADBURN, PEARL CHERRINGTON, CHARLES HEINLEN, and THE SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH CENTRAL REGIONAL LIBRARY DISTRICT,<br><br>Defendant. | NO. CV-06-327-EFS<br><br>NCRL'S REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF QUESTIONS OF STATE CONSTITUTIONAL LAW |

Plaintiffs may misunderstand Defendant North Central Regional Library District's ("NCRL") *Motion for Certification of Questions State Constitutional Law*. (Ct. Rec. 37). NCRL's Motion is not about subject matter jurisdiction or

NCRL'S REPLY IN SUPPORT OF
MOTION FOR CERTIFICATION OF
QUESTIONS OF STATE
CONSTITUTIONAL LAW - 1
CV-06-327-EFS
#661446 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

this Court's capacity to decide issues of state law. The question is whether this Court *should* allow the Washington Supreme Court the opportunity to resolve dispositive issues of first impression under Art. I, § 5 of the Washington Constitution. As held in *Barnes-Wallace v. City of San Diego*, 471 F.3d 1038, 1046.47 (9th Cir. 2006), federal courts are bound "to resolve state constitutional questions before reaching federal challenges."

### A. Standards for Certification.

Plaintiffs cite *Lehman Bros. v. Schein*, 416 U.S. 386 (1974) for the idea that "difficulty in ascertaining local law" is insufficient reason to direct the parties to state court. In *Lehman,* the Court vacated an appellate ruling and remanded for consideration of certification. The principles discussed in *Lehman* apply with even greater force where as here, the case should turn on state constitutional law and RCW 2.60.040 offers direct access to Washington's highest court. See 416 U.S. at 394 (Rehnquist, J. concurring)(certification is a "desirable means" to have an undecided point of state law resolved). Plaintiffs note that certification burdens state courts and may cause delay and expense but certification also offers systemic benefits such as advancement of state and federal comity. In *In Re Elliott*, 74 Wash.2d 600, 610 (1968), the

NCRL'S REPLY IN SUPPORT OF
MOTION FOR CERTIFICATION OF
QUESTIONS OF STATE
CONSTITUTIONAL LAW - 2
CV-06-327-EFS
#661446 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Court found that Washington's certification statute sets a permissive, not a mandatory, standard and "... does not impose onerous or unconstitutional dictates upon this Court." Similarly, the United States Supreme Court wrote in *Arizonans for Official English v. Arizona*, 520 U.S. 43, 77 (1997) that certification offers the opportunity to save time, energy and resources and build a cooperative judicial federalism.

Plaintiffs imply that certification is inappropriate because existing Washington law allows this Court to rule on Plaintiffs' claims under Art. I, §5. Plaintiffs cite five cases in which federal courts have resolved free speech cases in part under Art. I, §5. (Ct. Rec. 52, pg. 4). These cases do not address certification. The fact that certification was not invoked does not mean the procedure was inappropriate or that it was considered and rejected.

The cases also are distinguishable. For example, in *Seattle Affiliate of October 22nd v. City of Seattle*, 430 F. Supp.2d 1185, 1196 (2006) the Court limited its ruling to a federal analysis because there was no argument that Art. I, §5 should be interpreted more broadly than the First Amendment. Here, Plaintiffs do make such an argument. (Ct. Rec. 40, pg. 19) In *Clark v. City of Lakewood*, 259 F.3d 996, 1016 (9th Cir. 2001), the Court held a regulation to

NCRL'S REPLY IN SUPPORT OF
MOTION FOR CERTIFICATION OF
QUESTIONS OF STATE
CONSTITUTIONAL LAW - 3
CV-06-327-EFS
#661446 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

infringe Art. I, §5 but the regulation was effectively identical to one previously held unconstitutional. No Washington case juxtaposes free speech issues with internet filtering in a public library and it is precisely this context that makes this case different. If this Court does not grant certification, it will have to predict how the Washington Supreme Court would balance the competing interests of free expression under Art. I, §5, the societal role of public libraries, and the internet as a collection development tool (assuming Plaintiffs have standing). RCW 2.60.040 allows these issues to be decided in the first instance by the Washington Supreme Court.

**B. The Question of Standing Should Be Certified.**

Plaintiffs argue the question of Plaintiffs' standing to challenge NCRL's Internet Filtering Policy need not be certified. (Ct. Rec. 52, pgs. 5-6). NCRL agrees that Washington law is well-developed on the question of standing. However, the issue of standing is intertwined with the merits of Plaintiffs' claims under Art. 1, § 5. Each Plaintiff lacks standing to assert an "as applied," personal challenge if not personally aggrieved in some substantial way. But determining whether each Plaintiff is aggrieved requires examination of NCRL's Policy and circumstances surrounding each Plaintiff's use of the NCRL

NCRL'S REPLY IN SUPPORT OF
MOTION FOR CERTIFICATION OF
QUESTIONS OF STATE
CONSTITUTIONAL LAW - 4
CV-06-327-EFS
#661446 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

network. In this sense, the questions of standing and the merits of Plaintiffs' challenges to NCRL's Policy are intertwined. Cf. *State v. Francisco*, 107 Wn. App. 247, 252 (2001) citing *Rakas v. Illinois*, 439 U.S. 128, 139 (1979)(standing is theoretically distinct from but inextricably intertwined with the scope of personal rights under the Fourth Amendment). Thus, the standing issue should be certified.

**C.  The Question of the Validity of NCRL's Policy Under Art. I, § 5 Should Be Certified.**

Plaintiffs oppose certifying a question of the validity of NCRL's Policy under Art. I, § 5 for several reasons, each of which is addressed below:

First, Plaintiffs assert that "a state law ruling will not be necessary to the resolution of the case if it is decided on federal grounds." (Ct. Rec. 52, pg. 7) This Court should do the opposite of what Plaintiffs suggest. See *Barnes-Wallace, supra,* 471 F.3d at 1046-47 ("We are bound to resolve state constitutional questions before reaching federal challenges.") citing *City of Mesquite v. Aladdin's Castle, Inc.* 455 U.S. 283, 295 (1982).

NCRL'S REPLY IN SUPPORT OF
MOTION FOR CERTIFICATION OF
QUESTIONS OF STATE
CONSTITUTIONAL LAW - 5
CV-06-327-EFS
#661446 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Second, Plaintiffs argue that this is not a case where there is an absence of state law. (Ct. Rec. 52, pg. 7). Plaintiffs are wrong and their reliance on *Soundgarden v. Eikenberry*, 123 Wn.2d, 750 (1994) and *O'Day v. King*, 109 Wn.2d 796 (1988) is misplaced. *Soundgarden* addressed an "erotic music" statute primarily under federal law. Moreover, *Soundgarden* found the statute to be an unconstitutional "prior restraint." Internet filtering is a collection development tool, not a restraint on speech. See *United States v. American Library Ass'n.*, 539 U.S. 194, 209 n.4 (2003) ("*ALA*"). In *O'Day*, the Court proceeded in part upon "a federal analysis of the narrow issue of whether obscenity is protected speech." 109 Wn.2d at 801. These cases will not help this Court balance personal rights established by Art. I, § 5 with the interests of public libraries striving to fulfill their traditional mission in the digital age.

Third, Plaintiffs argue that RAP 16.16(a) limits certification to questions that are not determined by reference to the United States Constitution. (Ct. Rec. 52, pg. 8). Plaintiffs claim that Art. I. § 5 extends them broader protections than the First Amendment in some respects.[1] NCRL disputes that contention but if

---

[1] E.g., prior restraint and overbreadth analysis. Ct. Rec. 40, pg. 19.

NCRL'S REPLY IN SUPPORT OF
MOTION FOR CERTIFICATION OF
QUESTIONS OF STATE
CONSTITUTIONAL LAW - 6
CV-06-327-EFS
#661446 v1 / 42703-001

Plaintiffs are correct then by definition their claims will not be determined by reference to First Amendment law even if federal law informs the analysis.

Plaintiffs' citation to *In re Washington State Apple Advertising Comm.*, 257 F. Supp.2d 1290 (E.D. Wash. 2003) does not help them. (Ct. Rec. 52, pg. 7-8). In that case, this Court observed that Art. I. § 5 provides no lesser, and sometimes greater, protection than the First Amendment. Consequently, a violation of the First Amendment is always a violation of the Washington Constitution. 257 F.Supp.2d at 1304. NCRL has no quarrel with this principle but its inverse is equally true: state action that is permissible under Art. I, § 5 is also permissible under the First Amendment. The questions here are whether the state issue should be resolved first, thus avoiding the federal analysis, and whether this Court or the Washington Supreme Court should address state constitutional issues of first impression.

Fourth, Plaintiffs argue that this case involves the application of established law to undisputed facts and that even if the facts are "novel" a Washington court is in no better position to decide the issues. (Ct. Rec. 52, pg. 8). Even assuming the material facts are undisputed, they create a profoundly unique context within which to consider constitutional rights of free speech. In

NCRL'S REPLY IN SUPPORT OF
MOTION FOR CERTIFICATION OF
QUESTIONS OF STATE
CONSTITUTIONAL LAW - 7
CV-06-327-EFS
#661446 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

*ALA*, the Court elaborated on the societal role of the public library as a community institution and the considerations raised by its use of internet filter. There is no similar Washington case law to draw upon but presumably the Washington Supreme Court is best situated to apply the Washington Constitution in matters of first impression.

Plaintiffs' citations to *Paul v. Watchtower Bible & Tract Soc'y.*, 819 F.2d 875, 879 (9th Cir. 1987) and *Micomonaco v. State of Wash.*, 45 F.3d 316, 322 (9th Cir. 1995) are unhelpful. Unlike this case, *Paul* did not require the federal court to address a contention that the Washington Constitution is broader than the United States Constitution (with respect to religious freedoms.) 819 F.2d at 880 n.3. In *Micomanaco* the Court was as well-positioned as a state court to determine whether a Washington statute effected a waiver of Eleventh Amendment immunity using criteria well-established in federal case law and its own experience with the issue. 45 F.3d at 322.

<u>Fifth</u>, Plaintiffs argue that the constitutional questions presented fit "squarely within existing case law and statutes." (Ct. Rec. 52, pg. 9). NCRL agrees that *ALA* speaks to the issues but no Washington case considers Art. I, § 5 in an analogous setting. The case which Plaintiffs call "indistinguishable" –

NCRL'S REPLY IN SUPPORT OF
MOTION FOR CERTIFICATION OF
QUESTIONS OF STATE
CONSTITUTIONAL LAW - 8
CV-06-327-EFS
#661446 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

*Mainstream Loudoun v. Board of Trustees*, 24 F. Supp.2d 552 (E.D. Va. 1998) – has no value here. In *Loudoun*, the Court found that a library was a public forum and applied strict scrutiny to invalidate its internet filtering policy. 24 F. Supp.2d at 561-63. The *ALA* plurality nowhere mentions *Loudoun*. More importantly, *ALA* rejected forum analysis and heightened scrutiny as "incompatible with the discretion that public libraries must have to fulfill their traditional missions." 539 U.S. at 205.

Sixth, Plaintiffs argue that federal courts do not always resolve state issues first. (Ct. Rec. 52, pg. 9-10). Plaintiffs cite again to *Washington State Apple Advertising Comm., supra,* where this Court found violations of the federal and state constitutions. However, this Court declined to interpret Art. I, § 5 more broadly than the First Amendment. 257 F. Supp.2d at 1304 n.9. Applying only a federal analysis is proper where a *Gunwall* analysis has not been presented for a broader interpretation of the Washington Constitution. See *Seattle Affilliate, supra,* 430 F. Supp.2d at 1196. Infringing the First Amendment necessarily infringes Art. I, § 5 too. 257 F.Supp.2d at 1304.

NCRL'S REPLY IN SUPPORT OF
MOTION FOR CERTIFICATION OF
QUESTIONS OF STATE
CONSTITUTIONAL LAW - 9
CV-06-327-EFS
#661446 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

### D. NCRL Should Not Bear Plaintiffs' Costs.

This Court should not allocate all costs of certification to NCRL. (Ct. Rec. 52, pg. 10). NCRL is in no better position than Plaintiffs to absorb such costs. Moreover, NCRL is only responding to the claim Plaintiffs chose to plead. Having alleged that Art. I, § 5 offers them broader protections than the First Amendment, Plaintiffs cannot credibly protest about when NCRL invokes an available alternative procedure to address them.

## CONCLUSION

NCRL's Motion should be granted.

DATED this 29th day of February, 2008.

KARR TUTTLE CAMPBELL

By:/s/ *Thomas D. Adams*
Thomas D. Adams, WSBA #18470
E-mail – tadams@karrtuttle.com
Celeste Mountain Monroe, WSBA #35843
E-mail – cmonroe@karrtuttle.com
Attorneys for Defendant North Central Regional Library District
KARR TUTTLE CAMPBELL
1201 Third Ave., Ste. 2900
Seattle, WA 98101
Telephone: 206.233.1313
Facsimile: 206.682.7100

NCRL'S REPLY IN SUPPORT OF
MOTION FOR CERTIFICATION OF
QUESTIONS OF STATE
CONSTITUTIONAL LAW - 10
CV-06-327-EFS
#661446 v1 / 42703-001

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on February 29, 2008, I electronically filed the foregoing with the Clerk of the |
| 3 | Court using the CM/ECF system which will send notification of such filing to the persons listed below: |

Duncan Manville
1629 2nd Ave. W
Seattle, WA 98119

Aaron Caplan
ACLU of Washington
705 Second Ave., Ste. 300
Seattle, WA 98103

Catherine Crump
American Civil Liberties Union Foundation
125 Broad Street, 17th Floor
New York, NY 10004

KARR TUTTLE CAMPBELL

By: /s/ Heather L. White
Heather L. White
hwhite@karrtuttle.com

NCRL'S REPLY IN SUPPORT OF
MOTION FOR CERTIFICATION OF
QUESTIONS OF STATE
CONSTITUTIONAL LAW - 11
CV-06-327-EFS
#661446 v1 / 42703-001