The Honorable Edward F. Shea

Thomas D. Adams
Celeste Mountain Monroe
KARR TUTTLE CAMPBELL
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028
(206) 223-1313
Attorneys for Defendant North Central Regional Library District

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

SARAH BRADBURN, PEARL
CHERRINGTON, CHARLES
HEINLEN, and THE SECOND
AMENDMENT FOUNDATION,

            Plaintiffs,

      v.

NORTH CENTRAL REGIONAL
LIBRARY DISTRICT,

           Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO. CV-06-327-EFS

DEFENDANT NORTH CENTRAL
LIBRARY DISTRICT'S REPLY IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT

DEFENDANT NORTH CENTRAL
LIBRARY DISTRICT'S REPLY IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 1
CV-06-327-EFS
#661 488 v1 / 42703-001

Dockets.Justia.com

# I. INTRODUCTION

Plaintiffs' demand that NCRL provide unfiltered internet access upon the request of an adult patron essentially asks NCRL to abdicate its traditional role and responsibility for collection development. Moreover, if allowed, Plaintiffs' demand would facilitate access to forms of expression which may not be constitutionally-protected, which may jeopardize the interests of patrons and staff, and which may compromise NCRL's ability to comply with CIPA. As it relates to internet filtering, NCRL's policy is rationally-related to meet substantial interests and thus complies with the free speech provisions of the state and federal Constitutions.

# II. ARGUMENT

A. *Plaintiffs Opposition Contravenes the Local Rules.*

LR 10.1(a)(2) requires pleadings, including footnotes, to be double-spaced and presented in 14 point type. Plaintiffs ignore these rules. Properly formatted, Plaintiffs' brief would exceed the page limit established in LR 7.1(f).

B. *Plaintiffs Bradburn, Cherrington, and SAF Lack Standing.*

The "irreducible constitutional minimum" of standing requires that a plaintiff show injury in fact, causation, and redressability. *Lujan v. Defenders of*

DEFENDANT NORTH CENTRAL
LIBRARY DISTRICT'S REPLY IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 2
CV-06-327-EFS
#661488 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

*Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff's showing of "injury in fact" requires evidence of "an invasion of a legally-protected interest which is concrete and particularized and actual or imminent, not conjectural or hypothetical. *Id.* A plaintiff "must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp v. Cuno*, 547 U.S. 332 (2006).

Plaintiffs argue that the inability of Bradburn or Cherrington to identify specific sites they claim were blocked, or SAF's inability to state by its own knowledge that one of its sites was blocked, may be overlooked because Plaintiff Heinlen has standing. Plaintiffs contend that proper standing by any of them provides standing for all. (Ct. Rec. 53, pg. 1-2). Plaintiffs are mistaken. The cases they rely upon are unlike this case where Plaintiffs Bradburn, Cherrington, and SAF have lacked standing from the inception of the lawsuit. Allowing parties to maintain claims, ostensibly based on facts unique to them, simply because a co-party has a stronger claim of standing may address justiciabilty concerns but would fundamentally alter standing doctrine as it presently exists. Cf. *DaimlerChrysler Corp, supra.,* (allowing standing for all claims arising from same nucleus of operative facts would have "remarkable implications.")

DEFENDANT NORTH CENTRAL
LIBRARY DISTRICT'S REPLY IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 3
CV-06-327-EFS
#661488 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Plaintiff Bradburn claims she was denied access to web sites dealing with teen smoking. Bradburn, however, is unable to identify specific sites. In fact, she cannot say with certainty that she was denied access due to internet filtering as opposed to a transient technical problem with the network. (NCRL Statement, ¶123-26; 130-35). Bradburn's allegation is insufficient to create a genuine issue of material fact. In the absence of evidence substantiating "injury in fact," Bradburn lacks standing and her as applied challenge must be dismissed. Similarly, Plaintiff Cherrington claims she was denied access to one or more art gallery sites but cannot identify them. Without specific information, NCRL has no ability to test her contention or even verify that what she claims she could not access was constitutionally-protected speech. Based on the evidence presented, Cherrington cannot demonstrate the "injury in fact" necessary to establish standing.

Cherrington does claim she was denied access to youtube.com and this site was blocked for a period of time due to NCRL's concern that some video content contained disruptive or illegal speech. NCRL decided to unblock the site after reassessing the site's Terms of Use policy and its commitment to enforcing it, including the sites prohibition on the display of pornography and

DEFENDANT NORTH CENTRAL
LIBRARY DISTRICT'S REPLY IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 4
CV-06-327-EFS
#661488 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

sexually explicit behavior.  Since youtube.com is now unblocked, Cherrington's prior inability to access the site has been remedied.

Plaintiffs argue that NCRL could decide in the future to block youtube.com or other cites again.  (Ct. Rec. 53, p. 4), citing *Mainstream Loudon v. Bd. of Trust. of Loudoun County Library*, 24 F. Supp 2d 552, 559 (E.D. Va 1998).  A generalized concern that NCRL might block a web site in the future is conjecture and sufficiently concrete to confer standing.  Moreover, what is and is not filtered by a public library is a matter of collection development, an area where public libraries have broad discretion.  Moreover, *Loudon'* s decision to find that web publishers had standing is questionable in light of *United States v. American Library Ass'n.*, 539 U.S. 194 (2003)("*ALA*").  In *ALA*, a plurality of the Court concluded that a library's decision to use an internet filter is a collection development decision and rejected the characterization of a library as a public forum. 539 U.S. at 205.  The Court elaborated on a library's purpose in providing internet access to its patrons:

> A public library does not acquire Internet terminals in order to create a public forum for Web publishers to express themselves, any more than it collects books in order to provide a public forum for the author of books to speak.... It provides Internet access, not to

DEFENDANT NORTH CENTRAL
LIBRARY DISTRICT'S REPLY IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 5
CV-06-327-EFS
#661488 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

'encourage a diversity of views from private speakers, ... but for the same reasons it offers other library resources: to facilitate research, learning, and recreational pursuits by furnishing materials of requisite and appropriate quality....' As Congress recognized, 'the Internet is simply another method for making information available in a school or library.'... It is 'no more than a technological extension of the book stack.'"

539 U.S. at 206-07 (citations omitted).

Plaintiffs Cherrington, Bradburn, and SAF have not offered evidence sufficient to establish or create a genuine issue of material fact as to their standing to challenge NCRL's Policy on constitutional grounds and Loudon offers them no support. Accordingly, their "as applied" challenges to NCRL's Policy concerning internet filtering should be dismissed.

C.  *NCRL's filtering policy is not overbroad.*

Plaintiffs contend NCRL's Internet Usage policy is overbroad because it limits adults to reading only what is fit for children and blocks access to a substantial amount of protected speech. (Ct. Rec 53, p. 7-11). The evidence does not support this contention. Internet filtering occurs pursuant to NCRL's Internet Use Policy which, in turn, incorporates NCRL's Collection Development Policy. In addition to carrying out collection development

DEFENDANT NORTH CENTRAL
LIBRARY DISTRICT'S REPLY IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 6
CV-06-327-EFS
#661488 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

1  functions, internet filtering enables NCRL to comply with CIPA, provide a safe

2
3  and non-hostile environment for patrons and staff, and otherwise advance

4  NCRL's mission to promoted reading and life long learning.

5
6       Plaintiffs' exaggerate the extent of filtering that occurs pursuant to

7  NCRL's Policy.  Of the 76 categories FortiGuard uses to classify web sites,

8  NCRL chooses to block only these:  hacking, proxy avoidance, phishing,

9
10  malware, spyware, web chat and instant messaging, gambling, image search and

11  video search, adult materials, nudity/risqué and pornography.  To suggest that

12
13  the vast and varied universe of web content available beyond these categories is

14  suitable only for children is not plausible.  (See, e.g., Ct. Rec 33, Ex. B).

15  Moreover, a particular site falling within a blocked category can be brought

16
17  easily (by automated process) to the attention of NCRL or Fortiguard with a

18  request that the filter be overridden or the site re-classified.

19
20       Plaintiffs argue that some categories blocked by NCRL "plainly extend to

21  constitutionally protected material that is not obscene, is not child pornography

22
23  and is not harmful to minors as defined by CIPA."  (Ct. Rec. 53, p 7).  This is

24  possible, but the point does not help Plaintiffs.  A library patron cannot expect

25
26
27  DEFENDANT NORTH CENTRAL
    LIBRARY DISTRICT'S REPLY IN
28  SUPPORT OF  MOTION FOR
    SUMMARY JUDGMENT - 7

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

access to a resource simply because it is constitutionally-protected.   As the Court observed in *ALA*:

> [A] public library does not have an obligation to add material to its collection simply because the material is constitutionally-protected.

539 U.S. at 209 n.4.

In fact, NCRL provides its patrons with a broad array of resources through books and other traditional forms as well as web-based and multi-media formats.   What is unavailable through one channel (e.g., photographs through Google Images) may well be available through traditional media or one of several image databases made available through www.ncrl.org.   Plaintiffs give NCRL little credit for the alternatives it has devised for its patrons.

Plaintiffs' complain specifically that NCRL blocks "all sites about gambling, whether or not they facilitate illegal transactions." (Ct. Rec 58, pg 9.) Again, Plaintiffs overstate their case.   NCRL has unblocked several casino related sites upon request.   NCRL declined to unblock freelotto.com, which hosts gambling, but allowed access to oregonlotto.com. (Ct. Rec. 57).   Plaintiffs also argue the filter "blocks fine art that happens to feature nudity." (Ct. Rec 53, p.   8).      Plaintiffs   offer   as   examples   aretenuda.com/paintings2.asp,

DEFENDANT NORTH CENTRAL
LIBRARY DISTRICT'S REPLY IN
SUPPORT OF  MOTION FOR
SUMMARY JUDGMENT - 8
CV-06-327-EFS
#661488 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

fineartnude.com/webring, and others. Plaintiff Heinlen discusses other sites such as netnude.com, part of which (www.netnude.com/gallery) offers freely accessible photos of individuals and couples displaying frontal nudity. NCRL recognizes that some content on these sites and other sites may be constitutionally-protected expression. That does not mean the content must be included in NCRL's collection. NCRL's role as a public library carries with it the right and responsibility to make content-based judgments about what to include in the collection. Plaintiffs cannot substitute their judgment for that of NCRL. Plaintiffs do not suggest a systemic imbalance in NCRL's collection of which web content is just one part. Although they may wish to have the freedom to travel to every corner of the world wide web nothing in the First Amendment or Art I, § 5 requires NCRL to suspend its own duties and indulge their subjective preferences. Ultimately, internet filtering is a form of collection development, an area where NCRL has broad discretion. See *ALA*, 539 U.S. at 205 ("Public library staffs necessarily consider content in making collection decisions and enjoy broad discretion in making them.").

DEFENDANT NORTH CENTRAL
LIBRARY DISTRICT'S REPLY IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 9
CV-06-327-EFS
#661488 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

*D.*   *Plaintiffs exaggerate the filter's tendency to overblock.*

Plaintiffs claim that, "NCRL does not genuinely dispute the volume of Websites that it prevents it patrons from viewing." (Ct . Rec. 53, pg. 9-11). NCRL <u>does</u> dispute this. NCRL agrees that no known internet filter operates without error but perfect filtering is not the standard. The *ALA* plurality observed:

> Assuming that such erroneous blocking presents constitutional difficulties, any such concerns are dispelled by the ease with which patrons may have the filtering software disabled. When a patron encounters a blocked site, he need only ask a librarian to unblock it or (at least I the case of adults) disable the filter. As the District Court found, libraries have the capacity to permanently unblock any erroneously blocked site.

539 U.S. at 209.

To the extent overblocking raises a constitutional issue, *ALA* allows libraries to deal with it either of two ways: unblock the erroneously blocked site or disable the filter all together. Here, NCRL patrons are able to seek an override from NCRL staff or a reclassification from FortiGuard. The *ALA* plurality and concurring opinions do not require NCRL to do more.

DEFENDANT NORTH CENTRAL
LIBRARY DISTRICT'S REPLY IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 10
CV-06-327-EFS
#661488 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

1    The extent of overblocking that occurs with FortiGuard, as applied and

2

3   configured on the NCRL network, is not substantial. Professor Paul Resnick

4   reviewed data reflecting actual internet use by NCRL patrons during the period

5

6   August 23-29, 2007, rather than assess FortiGuard's effectiveness based upon a

7   random sample of domain names in order to better determine the impact of

8   filtering on NCRL patrons. Professor Resnick found that 20 complete web

9

10   pages were erroneously blocked out of more than 60,000 complete page

11   requests. Plaintiffs argue that Professor Resnick concluded "20 entire web sites"

12

13   were wrongly blocked. (Ct. Rec 53, p. 10). This is incorrect. Depending on the

14   design of the site, access may have permitted to other pages of the site or pages

15   within a site may have been properly blocked according to NCRL's policy.

16

17    Plaintiffs also extrapolate Professor Resnick's findings from one week to

18   one full year (Ct. Rec. 53, pg. 10) and argue that the number of erroneous blocks

19

20   will increase dramatically. While the number of page requests obviously

21   increases as the study period lengthens, there is no basis to speculate that the

22

23   *rate of error* will change from the sub-.0033% determined in the NCRL study.

24    Plaintiffs argue that NCRL's site review procedure is inadequate because

25

26   NCRL unblocks only the sites it considers fit for viewing by all patrons,

27   DEFENDANT NORTH CENTRAL
LIBRARY DISTRICT'S REPLY IN

28   SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 11
CV-06-327-EFS
#661488 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

including children, and because the procedure does not occur promptly enough. (Ct. Rec. 53, pg. 11). Neither contention is accurate.

A decision by NCRL to override the filter does not turn on whether the content is "fit for viewing" by all NCRL patrons, including children. This characterization is Plaintiffs' subjective spin. In truth, NCRL unblocks sites found to predominantly offer material consistent with NCRL's Collection Development Policy, the parameters of CIPA, and which does not otherwise jeopardize the interests and safety of patrons and NCRL employees. The impact of unblocking site on children is one, but not the only, impact NCRL considers. In fact, NCRL has received approximately 90 automated unblocking requests since it launched the procedure on October 1, 2007. Of the 90, three requests were denied because the sites contained specific content deemed by NCRL to be harmful to minors. In two instances, the requested content include pornography or links to pornographic web sites. The third instance involved Mr. Heinlen's recent request to access the "Personals" page of Craiglist.com which commonly includes sexually explicit material and pornography. Thus, although NCRL has broad discretion to decide what is "harmful to minors" under CIPA, experience proves the discretion is conservatively and appropriately exercised.

DEFENDANT NORTH CENTRAL
LIBRARY DISTRICT'S REPLY IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 12
CV-06-327-EFS
#661488 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

*E. Internet filtering policy is not subject to heightened scrutiny.*

Plaintiffs argue that NCRL blocks categories because it deems the content improper. Consequently, they contend, the NCRL's Policy is constitutionally-valid only if narrowly tailored to meet a compelling interest. (Ct. Rec. 53, p 11).

Plaintiffs mischaracterize the purpose of internet filtering performed pursuant to NCRL's Policy and thus misstate the legal test which applies in evaluating its constitutional validity. A public library's decision to deploy an internet filter is a collection development decision. 539 U.S. at 208-09. Libraries necessarily make content-based decisions with respect to internet based materials just as they must with respect to books or other traditional resources. 539 U.S. at 207-08. A library's quality-based judgments about excluding or including internet resources is no more subject to heightened scrutiny than a decision to exclude pornographic material from its print media collection 539 U.S. at 208. As the *ALA* Court noted :

> Moreover, because of the vast quantity of material on the Internet and the rapid pace at which it changes, libraries cannot possibly segregate, item by item, all the Internet material that is appropriate for inclusion from all that is not.... Given that tradeoff, it is entirely reasonable for public libraries to reject that approach and instead exclude certain categories of content,

DEFENDANT NORTH CENTRAL
LIBRARY DISTRICT'S REPLY IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 13
CV-06-327-EFS
#661488 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

1    without making individualized judgments that
2    everything they do make available has requisite and
3    appropriate quality.

4    539 U.S. at 208.

5    Based on *ALA*, NCRL's Policy relating to internet filtering is <u>not</u> subject

6
7    to heightened scrutiny. NCRL's Policy is valid as long as it serves substantial

8    interests. *ALA*, 539 U.S. at 215. The undisputed evidence makes clear that this

9
10   test is easily met.

11   NCRL deploys the FortiGuard filtering solution in part to comply with

12
13   CIPA. CIPA requires public libraries seeking eligibility for federal "E-rate" and

14   LSTA funds to install a filter or otherwise deploy technology to block visual

15
16   depictions deemed to be obscene, child pornography, or otherwise "harmful to

17   minors." 20 U.S.C. 9153(g); 47 U.S.C. 254(h). Plaintiffs claim NCRL's Policy

18   blocks more than CIPA requires without acknowledging that CIPA itself allows

19
20   NCRL to define what is "harmful to minors." In any event, NCRL's Policy is

21   not based on CIPA alone.

22
23   NCRL's Policy also advances NCRL's traditional role and duty as a

24   public library, including its responsibility to exercise professional judgment in

25   shaping its online and traditional collection. These attributes of public libraries
26
27   DEFENDANT NORTH CENTRAL
     LIBRARY DISTRICT'S REPLY IN
28   SUPPORT OF MOTION FOR
     SUMMARY JUDGMENT - 14
     CV-06-327-EFS
     #661488 v1 / 42703-001

are well articulated in the *ALA* plurality and the concurring opinions.  NCRL relies upon its Collection Development Policy in dealing with issues concerning the FortiGuard filter.  (Ct. Rec. 29, pg. 17).  Conversely, Plaintiffs offer no evidence for their assertions that NCRL's Policy "discourages reading and lifelong learning" and that NCRL's Policy "impedes the library's ability to respond to public suggestions." (Ct. Rec 53, pg. 12-13).

Providing appropriate internet access to schools is another substantial interest advanced by NCRL's Policy.  The State of Washington has declared a policy of developing public library service as an element of the State's provision of public education. RCW 27.12.020.  NCRL's Policy facilitates internet access to schools throughout its geographic reach.  Indeed, in 14 of the 26 school districts within NCRL's territory, NCRL branches function as the de facto school libraries.

NCRL's Policy also advances the substantial interest of protecting NCRL patrons and staff by minimize confrontations between staff and adult patrons using computers for inappropriate purposes.  By limiting access to sexually-explicit, pornographic sites, NCRL minimizes situations where librarians must ask patrons to discontinue use.  Certainly NCRL librarians could simply monitor

DEFENDANT NORTH CENTRAL
LIBRARY DISTRICT'S REPLY IN
SUPPORT OF  MOTION FOR
SUMMARY JUDGMENT - 15
CV-06-327-EFS
#661488 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

adults during periods of unfiltered use or, if funding was not a concern, use recessed desks, privacy screens, or provide segregated areas. But such alternatives have not proven effective in NCRL's experience. In *ALA*, the plurality noted that close monitoring of computer users would be far more intrusive than filtering and would risk "transforming a librarian into a compliance officer." Similarly, recessed monitors, privacy screens, or segregated areas make it *easier* for patrons to use library computers to view online pornography. 539 U.S. at 207 n.3.

NCRL has good cause to believe that unfiltered access will lead to inappropriate internet use and create undesirable working conditions for its staff. NCRL has provided detailed evidence (through the Declaration of Dan Howard) of incidents in which NCRL staff claimed to experience discomfort, embarrassment, and anxiety at having to view sexually-explicit material and confront patrons about inappropriate internet use. Plaintiffs' characterization of the evidence as a general "dislike of having to view what some patrons were viewing" unfairly diminishes the issue. (Ct. Rec 53, p 14). Plaintiffs respond to this evidence by claiming it was not timely disclosed and characterizing it as

DEFENDANT NORTH CENTRAL
LIBRARY DISTRICT'S REPLY IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 16
CV-06-327-EFS
#661488 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

inadmissible hearsay. Plaintiffs are wrong. NCRL's Initial Disclosures listed NCRL branch librarians as persons with relevant knowledge. Plaintiffs chose not to pursue discovery from them. Mr. Howard's recitation of the experiences of NCRL staff members is not inadmissible hearsay because NCRL is not offering the incidents to prove the truth of each matter asserted but to prove that NCRL's use of internet filtering is a rational response to concerns expressed by employees. See *Well v. Titanium Metals Corp.*, 361 F.Supp.2d 712, 722 n.10 (S.D. Ohio 2005).

Similarly, NCRL's Policy as it relates to internet filtering operates to minimize the potential for hostile work environment liability. The <u>Adamson v. Minneapolis Public Library</u> case demonstrates the potential for litigation among libraries and staff associated with internet use by patrons. Plaintiffs go too far in suggesting that "the conditions of employment at a public library include a willingness to accept that patrons may read things that the staff would not appreciate" goes too far. (Ct. Rec. 53, pg. 16). NCRL staff is not complaining of *Mein Kampf* and *Huckelberry Finn*. Their concern lies with exposure to unwelcome, sexually-explicit content that none should have to contend with in

DEFENDANT NORTH CENTRAL
LIBRARY DISTRICT'S REPLY IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 17
CV-06-327-EFS
#661488 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

the performance of their daily duties. Striving for a non-hostile work environment is another substantial interest justifying NCRL's Policy as it relates to internet filtering.

NCRL also has a substantial interest in protecting children using its facilities and resources. In *ALA*, Justice Kennedy noted that a library's interest in protecting young library users is "compelling, as all Members of the Court appear to agree." 539 U.S. at 215 (Kennedy, J. concurring). Plaintiffs suggest that the proliferation of pornographic internet content accessed by patrons of the Dallas Public Library is not evidence of a "dangerous environment" and in any case constitutes inadmissible hearsay. The article is admissible because it demonstrates that other libraries are dealing with some of the same repercussions of unfiltered internet use that have influenced NCRL's state of mind. See *Price v. Rochford*, 947 F.2d 829, 833 (7th Cir. 1991)(newspaper articles are self-authenticating and not hearsay if offered not for the truth of the matter asserted but for some other purpose); *Carson Harbor Village Ltd. v. Unocal*, 287 F. Supp.2d 1118, 1146 (C.D. Cal. 1995).

DEFENDANT NORTH CENTRAL
LIBRARY DISTRICT'S REPLY IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 18
CV-06-327-EFS
#661488 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

# III. CONCLUSION

NCRL's Policy as it relates to internet filtering is rationally related to substantial, even compelling, interests in complying with CIPA, providing a safe and non-hostile environment for patrons and staff, promoting public education for school age children, and advancing NCRL's collection development goals. Internet filtering is reasonably effective at blocking only what is intended and balancing the desirable and less desirable attributes of internet use in the unique setting of a public library. To the extent Plaintiffs' have sustained injury through the application of NCRL's Policy and have standing to challenge its constitutionality, NCRL's Policy easily meets the applicable test under both Art. I, § 5 of the Washington Constitution and the First Amendment. NCRL requests that summary judgment be entered in its favor on all claims. Alternatively, questions of Plaintiffs' standing and the validity of NCRL's Policy under Art. I, § 5 should be certified to the Washington Supreme Court.

DEFENDANT NORTH CENTRAL
LIBRARY DISTRICT'S REPLY IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 19
CV-06-327-EFS
#661488 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

DATED this 3rd day of March, 2008

                              KARR TUTTLE CAMPBELL

                              By:/s/ *Thomas D. Adams*
                              Thomas D. Adams, WSBA #18470
                              E-mail – tadams@karrtuttle.com
                              Celeste Mountain Monroe, WSBA #35843
                              E-mail – cmonroe@karrtuttle.com
                              Attorneys for Defendant North Central
                              Regional Library District
                              KARR TUTTLE CAMPBELL
                              1201 Third Ave., Ste. 2900
                              Seattle, WA 98101
                              Telephone: 206.233.1313
                              Facsimile: 206.682.7100

DEFENDANT NORTH CENTRAL
LIBRARY DISTRICT'S REPLY IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 20
CV-06-327-EFS
#661488 v1 / 42703-001

# CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Duncan Manville                    Aaron Caplan
1629 2nd Ave. W                    ACLU of Washington
Seattle, WA  98119                 705 Second Ave., Ste. 300
                                   Seattle, WA  98103

Catherine Crump
American Civil Liberties Union
Foundation
125 Broad Street, 17th Floor
New York, NY  10004

KARR TUTTLE CAMPBELL

By: _____
     Heather L. White
     hwhite@karrtuttle.com

DEFENDANT NORTH CENTRAL
LIBRARY DISTRICT'S REPLY IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 21
CV-06-327-EFS
#661488 v1 / 42703-001