The Honorable Edward F. Shea

Thomas D. Adams
Celeste Mountain Monroe
KARR TUTTLE CAMPBELL
1201 Third Avenue, Suite 2900
Seattle, Washington  98101-3028
(206) 223-1313
Attorneys for North Central Regional Library District

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

SARAH BRADBURN, PEARL
CHERRINGTON, CHARLES
HEINLEN, and THE SECOND
AMENDMENT FOUNDATION,

              Plaintiffs,

      v.

NORTH CENTRAL REGIONAL
LIBRARY DISTRICT,

              Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO.  CV-06-327-EFS

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT

Defendant  North  Central  Regional  Library  submits  the  following
Supplemental  Statement  of  Facts  in  Support  of  its  Motion  for  Summary

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 1
CV-06-327-EFS
#661508 v1 / 42703-001

Dockets.Justia.com

Judgment.  Excepting where Defendants expressly agree with the factual contentions contained in Plaintiff's Counterstatement of Facts in Opposition to Defendants' Motion for Summary Judgment, NCRL disputes every factual assertion in Defendant's Statement of Facts offered in support of its Motion for Summary Judgment, Defendant's Counterstatement in Opposition to Plaintiff's motion; and for the additional reasons stated herein.

1. **Defendant's Fact # 7, contrary to Plaintiffs' Fact #1**:  Dan Howard also plays an important role in determining what categories and classifications of Web sites should be blocked by NCRL's FortiGuard filter.  (Ct. Rec. 49,¶58.)

2. **Defendant's Fact # 15, contrary to Plaintiffs' Fact #2**:  Mr. Marney, Director of the North Central Regional Library, is able to declare that NCRL is responsible for working cooperative with public schools in its territory.  As Director, Mr. Marney manages the entire library district, to include all 28 branches (Ct. Rec. 49, ¶7).  Mr. Marney has personal knowledge of what NCRL's responsibilities are, particularly as it relates to NCRL's obligations under RCW 27.12.020, which speaks directly to public libraries' responsibility to work with public schools, as cited in NCRL's moving brief and referenced in Ct. Rec 49, ¶2.

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 2
CV-06-327-EFS
#661508 v1 / 42703-001

Karr Tuttle Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA 98101

3. **Defendant's Fact #21, contrary to Plaintiffs' Fact #3**:  CIPA explicitly defines the "technology protection measure" to include an internet filtering device.  See ¶1703(b)(1).  Accordingly, NCRL is entitled to assert Fact #21 in its statement – Ct. Rec. 49.  The balance of Plaintiffs objection is argumentative and inaccurate, particularly to the extent Plaintiffs' claim that CIPA only allows a library to block or filter Internet access to "visual depcistions" that are obsencity, child pornography or harmful to minors.  CIPA expressly authorized libraries to block or filter more that the three categories identified above.  See 20 U.S.C. 9134(f)(2).

4. **Defendant's Fact #22, contrary to Plaintiff's Fact #4**:  CIPA explicitly gives librarian the option of disabling internet filters at an adult patron's request, and it does not requires that such requests be granted.  See ¶1721(D).  Accordingly, NCRL is entitled to assert Fact #22 in its statement (Ct. Rec 49).  NCRL objects to Plaintiffs' contention that "although CIPA may not, on its face, require that library filters be disables at the request of adults, the First Amendment of the United States Constitution and Art. I, § 5 of the Washington State Constitution require such disabling."  Plaintiffs' argument is precisely the subject of this lawsuit and may not be asserted as fact.

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 3
CV-06-327-EFS
#661508 v1 / 42703-001

Karr Tuttle Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA  98101

5. **Defendant's Fact # 23, contrary to Plaintiff's Fact #5**:   Mr. Marney may testify regarding the reasons why NCRL filters Internet access.   NCRL disputes Plaintiffs' suggestion that it is required to offer further authority, but to the extent necessary authority can be found throughout NCRL's Statement of Facts and its Motion for Summary Judgment.

The broad discretion afforded to NCRL is supported by express language in *ALA v. United States* which discusses the traditional role of libraries in our society.   See *ALA*, 539 U.S. at 202; See also RCW 27.12.210(9) and (10). NCRL's knowledge that filters help maintain a safe environment for patrons and employees is based on the experience of its administrators. (Ct. Rec. 49, ¶86-90). The fact that NCRL's policy facilitates compliance with CIPA is based on the plain language of the statute, see ¶4 above.

Finally, NCRL objects to Plaintiffs' purported fact that "CIPA does not require or permit NCRL to configure its Internet filter to block an enormous quantity of constitutionally-protected speech, and does not require or permit NCRL to deny request by adults to have the filer disabled." Plaintiffs' offer no evidence that NCRL's filter blocks "an enormous quantity of constitutionally

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 4
CV-06-327-EFS
#661508 v1 / 42703-001

Karr Tuttle Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA 98101

protected speech" (see ¶32 below) and CIPA expressly permits NCRL to deny an adult's request to have the filter disabled. See ¶4 above.

**6. Clarify Defendant's Fact #27 and Plaintiffs' Fact #6:**   Internet access was gradually made available at NCRL branch locations.  Plaintiffs' correctly note that the first branch with Internet access was NCRL's Omak branch, which went online in November 1999.  (See attached Declarations of Barbara Walters, ¶ 3; and Dean Marney at ¶3.)  The second branch was NCRL's Wenatchee branch, which went online in January 2000.  (Walters Decl. at ¶4; Marney Decl. at ¶4).  NCRL used a Surfwatch brand filter at both the Wenatchee and Omak locations, however, the filtering software consistently froze the public use computers that they were installed on.  (Walters Decl. at ¶5; Marney Decl. at ¶5).  NCRL implemented its first system-wide Internet filter in December 2005 and that filter was referred to as "BESS."  (Walters Decl. at ¶6; Marney Decl. at ¶6).

7. **Clarify Defendant's Fact #28 and Plaintiff's Fact #7**:  See ¶6 above.

8. **Defendant's Fact #29, contrary to Plaintiff's Fact #8**:   Defendant's Fact #29 is not hearsay.  The statement is based on Mr. Marney's personal knowledge of the fact that other library districts in the State of Washington were

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 5
CV-06-327-EFS
#661508 v1 / 42703-001

Karr Tuttle Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA  98101

using Internet filters, and that some were using "BESS." Mr. Marney will testify to this in court. NCRL does not concede that the statistics themselves are inadmissible because the public or business records exception applies.

9. **Defendant's Fact #30, contrary to Plaintiff's Fact #9**: BESS was the operative filter at the time of the incidents giving rise to, and discussed, in Plaintiff's Complaint. This is not refuted by any of the statements contained in Defendant's attempted rebuttal. Moreover, although Ms. Cherrington now claims she was denied access to youtube.com, she cannot actually establish that she attempted her search while the Fortiguard filter was in place.

NCRL has allowed access to all specific websites requested by Plaintiffs, except some requested by Charles Heinlen. Certain requests were rejected by NCRL administration because content was inconsistent with NCRL's Mission and Collection Development Policy.

10. **Defendant's Fact #39, contrary to Plaintiff's Fact #10**: Defendant's Fact #39 is not hearsay. The statement is based on Mr. Marney's personal knowledge that FortiGuard provided its customers with an assurance of CIPA compliance. Mr. Marney will testify to this in court. Contrary to Plaintiff's claims, a copy of that certificate was attached Mr. Resnick's declaration as

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 6
CV-06-327-EFS
#661508 v1 / 42703-001

Ex. E.  Mr. Marney's testimony is unchanged by Mr. Chasteen's testimony cited by Plaintiffs regarding the existence or non-existence of an actual certification process.

11. **Defendant's Fact #54 and Plaintiffs' #11**:  It is unclear how Plaintiff's Fact #11 actually clarifies Defendant's Fact #54.  Mr. Heinlen may have, in fact, attempted to access the various websites identified by Plaintiffs.  Mr. Heinlen has only formally requested that access to the personals section of the website be granted.  NCRL has denied Mr. Heinlen's request on the grounds that the content often contains pornography and material harmful to minors.  (See attached Declaration of Dan Howard ¶7).

12. **To clarify Defendant's Fact #55 and Plaintiffs' #12:**  The court may rely on the document attached as Ex. C to Barbara Walter's declaration, attached to Defendant's original Statement of Facts in Support of its Motion for Summary Judgment to clarify any typographical errors.  Defendant's summaries of Fortiguard's definitions set forth in Fact #55 do not, in any way, change the meaning of the terms.

13. **Defendant's Fact #59, contrary to Plaintiffs' #12:**  Dean Marney does, in fact, have personal knowledge of when Mr. Howard responded to unblocking

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 7
CV-06-327-EFS
#661508 v1 / 42703-001

Karr Tuttle Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA 98101

requests that NCRL received after October 1, 2007 and may declare to the same.

Mr. Marney is copied on all correspondence related to this subject and is often directly involved in the decision making process. To the extent necessary, NCRL offers the attached declaration of Dan Howard in support of Defendant's Fact #59. (Howard Decl. at ¶3).

NCRL has responded to all requests for unblocking provided a patron provides contact information. (Howard Decl. at ¶4). The sites highlighted by Plaintiffs in this section, including www.keyartpromotions.com, www.artbyjohndan.com.; www.pethandbook.com; www.firstthings1st.com; and www.ourfamily-web.com have all been unblocked. (Id. at ¶5). NCRL refuses to unblock image search sites on the grounds that it allows patrons to circumvent the filter to obtain obscene, illegal or pornographic material. (Id. at ¶6). However, NCRL does provide access to other image databanks and other resources for the requested material. (Id.)

14.**Defendant's Fact #60, contrary to Plaintiffs' #14:** Plaintiffs' lack personal knowledge to suggest that NCRL's policy of refusing to disable its Internet filer is "not consistent with its mission to promote reading and lifelong learning" or that the policy is "guaranteed to prevent adults from reading and

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 8
CV-06-327-EFS
#661508 v1 / 42703-001

Karr Tuttle Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA 98101

learning." These statements notably do not include any citation to the record, are purely argumentative and should be disregarded. The same is true for Plaintiffs' conclusion that there is no connection between NCRL's filtering profile and the safety of its branches. To the contrary, NCRL has set forth specific evidence that the policy is consistent with its mission through the declarations of Dean Marney and Dan Howard (Ct. Recs. 31 & 34). Both have also declared as to the connection between filtering and branch safety. (Id.)

15. **Defendant's Fact #61, contrary to Plaintiffs' #15:** Although Plaintiff believe NCRL's policy does not comply with CIPA because they misread the statute, NCRL's expressly complies with CIPA. CIPA requires public libraries seeking eligibility for federal "E-rate" and LSTA funds to install a filter on public computers with internet capability to block visual depictions deemed to be obscene, child pornography, or otherwise "harmful to minors." 20 U.S.C. 9153(g); 47 U.S.C. 254(h). Plaintiffs maintain that NCRL's filtering system deviates from these principles in so much as NCRL's filter blocks more than "visual depictions" and that it does not limit its filtering to the three categories enumerated in the statute (obscenity, child pornography and material that is harmful to minors.) However, CIPA expressly allows libraries to filter more

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 9
CV-06-327-EFS
#661508 v1 / 42703-001

Karr Tuttle Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA 98101

than what is expressly discussed in the statute. 20 U.S.C. 9134(f)(2). Plaintiff's also argue that CIPA only requires that minors, not adults, be precluded from viewing material deemed harmful to minors. Nothing in CIPA mandates the filter be completely disabled as Plaintiffs request.

16. **Defendant's Fact #62, contrary to Plaintiffs' #16:** Mr. Marney's testimony is wholly consistent with the statute and based on his personal knowledge. In fact, the citation at Fact #62 includes a reference to Mr. Marney's Declaration at ¶19. Paragraph ¶19 contains a cite to the relevant CIPA section. Plaintiff's objection is baseless.

17. **Defendant's Fact #64, contrary to Plaintiffs' #17:** Mr. Marney's testimony is wholly consistent with the statute and is based on his personal knowledge. In fact, the citation at Fact #64 includes a reference to Mr. Marney's Declaration at ¶34. Paragraph ¶34 contains a cite to the relevant CIPA section. Plaintiff's objection is baseless.

18. **Defendant's Fact #65, contrary to Plaintiffs' #19:** Mr. Marney's testimony is wholly consistent with the statute and is based on his personal knowledge. In fact, the citation at Fact #65 includes a reference to

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 10
CV-06-327-EFS
#661 508 v1 / 42703-001

Karr Tuttle Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA 98101

1    Mr. Marney's Declaration at ¶35.  Paragraph ¶35 contains a cite to the relevant

2
     CIPA section.  Plaintiff's objection is baseless.
3

4       19. **Defendant's Fact #66, contrary to Plaintiffs' #20:**   Mr. Marney, as

5    Director of NCRL, is wholly qualified to discuss the measures his library district
6
7    took to research feasibility of disabling the filter for adult patrons, even if he did

8    not personally do the research.  To the extent necessary, Barbara Walters, may
9
10   also offer testimony in support of the technological challenges.  (Walters Decl.

11   at  ¶9-10).   Recent  research  has  revealed  that  the  specific  technological
12
13   challenges include the need to either purchase additional authentication software

14   or  hardware  or  a  new  filtering  solution,  otherwise  NCRL  would  have  to
15
16   designate one computer at each location for unfiltered access.  (Id.)

17      Plaintiffs may not testify as to whether disabling of the filter at the request of

18   adults  would  be  consistent  with  NCRL's  mission  –  as  they  attempt  to  do  in
19
20   Plaintiffs' Fact #20.  Plaintiffs' lack foundation.  Moreover, Plaintiffs' may not

21   rely on Liam Chasteen's testimony regarding scope of technological challenges
22
23   in removing the filter.  The question presented to Mr. Chasteen and offered by

24   Plaintiffs' does not specifically relate to NCRL.  Plaintiffs' offer no evidence

25   Mr. Chasteen has any personal knowledge of NCRL's network.
26   DEFENDANT NORTH CENTRAL
     REGIONAL LIBRARY DISTRICT'S
27   SUPPLEMENTAL STATEMENT OF
28   FACTS IN SUPPORT OF MOTION          Karr Tuttle Campbell
     FOR SUMMARY JUDGMENT - 11          1201 3rd Avenue
     CV-06-327-EFS                      Suite 2900
     #661508 v1 / 42703-001             Seattle, WA 98101

1       Internet access on all staff computers at all NCRL branches is filtered.

2
3   (Walters Decl. at ¶11).   Staff computers at the administration building in

4   Wenatchee are filtered, but certain computers are enabled to review Internet

5
6   sites requested by patrons.   (Id.)   Notably, Ms. Walters declaration does not

7   contradict Mr. Marney's testimony.   It appears that Plaintiffs' believe "here"

8   means all NCRL branches, as opposed to the administration building where the

9
10  deposition was physically conducted.

11     20. **Defendant's Fact #67, contrary to Plaintiffs' #21:**   NCRL has

12
13  established sufficient foundation for Fact #67.  See ¶19 above.

14     21. **Defendant's Fact #69, contrary to Plaintiffs' #22:**   NCRL directs

15
16  Plaintiffs to NCRL's Fact #66 regarding the technological challenges referenced

17  in NCRL's Fact #69.  Dean Marney and Barbara Walters are qualified to speak

18  on this issue based on their own research.  This court should summarily reject

19
20  the declaration offered by Mr. Bennett Haselton, in which he states that

21  blocking: spam URL, malware, spyware, hacking and proxy avoidance do not

22
23  pose any security threat to the network.  As an initial matter, Mr. Haselton has

24  not established that he has any knowledge of NCRL's network.   Moreover,

25  Mr. Haselton has not established that allowing access to all of the websites

26  DEFENDANT NORTH CENTRAL
    REGIONAL LIBRARY DISTRICT'S
27  SUPPLEMENTAL STATEMENT OF
    FACTS IN SUPPORT OF MOTION
28  FOR SUMMARY JUDGMENT - 12
    CV-06-327-EFS
    #661508 v1 / 42703-001

Karr Tuttle Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA  98101

contained in these categories does not pose a threat. For example, if NCRL allows proxy avoidance, and people are able to use the content to avoid the filter, they could presumably circumvent the filter and obtain information that might otherwise be blocked to take down the network.

22.**Defendant's Fact #71, contrary to Plaintiffs' #23:** NCRL has adduced evidence that allowing unfiltered access would create a risk to patrons or staff and create and unacceptable risk or hostile atmosphere. (See Ct. Rec 49, ¶86-99 and Ex. A to Dean Marney Decl. attached hereto). Plaintiff's offer no evidence in support of their contention to the contrary.

23.**Defendant's Fact #74, contrary to Plaintiffs' #24:** Plaintiffs' fail to offer any support their contention allowing unfiltered Internet access would not put NCRL staff in the position of being unwelcomingly exposed to, and put in the position of, having to confront patrons." Plaintiffs' statement should be disregarded.

24.**Defendant's Fact #84 and Plaintiffs' Fact #27**: Defendant's Fact #84 is not hearsay. The statement is based on Mr. Howard's personal knowledge regarding the cost of recessed desks. Mr. Howard will testify to this in court. The fact that Plaintiff's counsel was able to identify other prices is irrelevant.

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 13
CV-06-327-EFS
#661508 v1 / 42703-001

Karr Tuttle Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA 98101

25. **Defendant's Fact #89, contrary to Plaintiffs' Fact #28**:  As one of the two individuals involved in determining what categories/classifications will be blocked/unblocked under NCRL's current filtering profile, and as the person responsible for dealing with staff concerns and complaints, Mr. Howard has personal knowledge of a change in the prevalence of incidents where patrons have obtained sexually explicit, child pornographic or obscene material and may testify to the same.  Plaintiffs' suggestion that there have been only three incidents is inaccurate.

26. **Defendant's Facts #90-98, contrary to Plaintiffs' Fact #29**: Defendant's Facts #90-98 are not hearsay.  Defendant does not offer the individual stories for the truth of the matter asserted by each librarian or staff member – but to demonstrate Mr. Howard's personal knowledge of staff concerns, which further support NCRL's decision to offer filtered Internet access as a way to protect its patrons and employees.

27. **Defendant's Facts #90-98, contrary to Plaintiffs' Fact #30:** Mr. Howard's description of the events in Facts #90-98 are admissible despite the fact that they do not include the specificity that Plaintiffs' apparently desire

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 14
CV-06-327-EFS
#661508 v1 / 42703-001

Karr Tuttle Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA 98101

(i.e. number of incident, images viewed, etc...).  Plaintiffs offer no authority to the contrary.

Plaintiffs' also repeatedly suggest that NCRL may not use the word "confrontation" to describe an encounter between staff and a patron unless it rises to some unspecified level of anger or violence.  This argument is not supported by the plain meaning of the word or by any evidence offered by Plaintiffs.  Moreover, Plaintiff's offer no authority for their suggestion that NCRL may only evaluate a librarian or staff member's concerns against an "ordinary or reasonable" standard – nor can they show that staff concerns were unreasonable.

28. **Defendant's Facts #90-98, contrary to Plaintiffs' Fact #31:**  Contrary to Plaintiff's claims, NCRL disclosed all of its NCRL's branch librarians as individuals likely to have discoverable information in its initial disclosures. (Declaration of Celeste Monroe; ¶3, Ex. A).  Plaintiffs' counsel elected not to depose these individuals.

29. **Defendant's Facts #90-98, contrary to Plaintiffs' Fact #32:**  NCRL's discussion of two instances in which a minor saw pornographic images certainly does not mean that there have only been two instances.  Again, Plaintiffs'

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 15
CV-06-327-EFS
#661508 v1 / 42703-001

Karr Tuttle Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA  98101

counsel did not request that NCRL identify such examples in written discovery, nor did it elect to depose any of the branch librarians. Furthermore, NCRL obviously employs a filter to protect against the dissemination of pornography and obscenity – and it is working. It is not clear how Plaintiffs' attempts to highlight an allegedly small number of incidents supports their contention that the filter does nothing to protect children, patrons or staff. The evidence demonstrates the opposite.

30. **Defendant's Facts #99, contrary to Plaintiffs' Fact #33**: Plaintiffs' cite absolutely no authority for the legal argument made in Fact #33. Plaintiffs' "fact" should be disregarded.

31. **Defendant's Facts #105, contrary to Plaintiffs' Fact #34**: Plaintiffs also argue that self-censorship reduces the total number of requests for sites that would have been wrongly blocked in the absence of self-censorship. In fact, if patrons engage in self-censorship, that would reduce the number of correct blocks. There is no reason that self-censorship would reduce the number of blocks made in error.

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 16
CV-06-327-EFS
#661508 v1 / 42703-001

Karr Tuttle Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA 98101

32. **Defendant's Facts #110, contrary to Plaintiffs' Fact #35:**   Plaintiff's claims that "NCRL patrons are denied access to Web pages and other URLs 311 times every day, and 113,360 times every year" may not be asserted as fact.

Similarly, Plaintiff's claim that "FortiGuard erroneously blocks 106 helper images every day...and 38,688 helper images every year" may not be asserted as fact. As set forth in Ct. Rec 32, Ex. A (pp. 13-28), Mr. Resnick did not count as pornographic any helper image that was not itself pornographic, even if it was an advertisement or link to a separate site that was. Accordingly, Plaintiff's conclusions are likely overstating Mr. Resnick's findings because pursuant to its policy, NCRL would block helper images that served as links to pornographic websites.

Plaintiffs' objection to NCRL's alleged focus on sites rather than pages is also misplaced. The FortiGuard filer rates individual URLs, not webpages. To the extent  that a web site is designed by assigning discrete web addresses ("URLs") to each page then granular filtering in fact can be performed upon patrons' request as occurred with www.craigslist.com. (See Dep. of Walters cited at Ct. Rec. 41, ¶97).

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 17
CV-06-327-EFS
#661508 v1 / 42703-001

Karr Tuttle Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA  98101

Plaintiffs' offer no evidentiary support for the fact that the actual number of Web sites NCRL's filter erroneously block a week is "almost certainly larger than 20." Clearly, there is no reason the number could not be less than 20.

Plaintiffs are taking Mr. Resnick's findings and playing the trick of extrapolating out from a week to a year to argue that there will be a larger number of errors in a  year.  But, the percentage of pages that people view that are blocked (<1 in 3000) does not go up from such an extrapolation.  If one is trying to assess how much impact the incorrect blocks have on the universe of library patrons or on the universe of people who try and reach library patrons by publishing material on the web the comparison point should be the total number of pages actually or potentially accessed.  Using this methodology, the amount of over-blocking could hardly be "substantial" in comparison to hundreds of thousands of web pages that NCRL patrons visited in a week, or the hundred of millions or billions of web pages that one could have visited.

33. **Defendant's Facts #113, contrary to Plaintiffs' Fact #37**:    See ¶9 above.  None of the Plaintiffs contacted NCRL administration (Dean Marney or Dan Howard) with a specific request to unblock a site prior to filing suit.  (Ct. Rec 31, ¶47-58).

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 18
CV-06-327-EFS
#661508 v1 / 42703-001

Karr Tuttle Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA  98101

34. **Defendant's Fact #123, contrary to Plaintiff's Fact #42:** There is no evidence NCRL's Internet Filter denied Sarah Bradburn access to information she requested relating to youth tobacco use as set forth in Fact #123.

35. **Defendant's Fact #124, contrary to Plaintiff's Fact #43:** For reasons set forth in NCRL's Motion for Summary Judgment and Reply in Support of its Motion for Summary Judgment, Sarah Bradburn cannot establish "injury in fact" therefore she lacks standing to maintain her claim.

36. **Defendant's Fact #130, contrary to Plaintiff's Fact #45:** With the exception of youtube.com, Ms. Cherrington cannot articulate the specific sites she was attempting to access. It is, therefore, unclear whether the sites even contained protected speech and whether they were consistent with NCRL's mission and collection development practices. Ms. Cherrington cannot defeat NCRL's challenged to her standing with such generalized allegations.

37. **Defendant's Fact #132, contrary to Plaintiff's Fact #46:** Youtube.com is currently unblocked. For reasons set forth in NCRL's Motion for Summary Judgment and Reply in Support of its Motion for Summary Judgment, Ms. Cherrington cannot establish "injury in fact" therefore she lacks standing to maintain her claim.

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 19
CV-06-327-EFS
#661508 v1 / 42703-001

Karr Tuttle Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA 98101

38. **To clarify Defendant's Fact #133, and Plaintiff's Fact #47:** Ms. Cherrington alleges that she spoke with the Twisp branch librarian about her concerns about the NCRL filter. Ms. Cherrington did not fill out a material selection request form, nor did she speak with NCRL administration.

39. **To clarify Defendant's Fact #134, and Plaintiff's Fact #48:** As stated above, Ms. Cherrington did not fill out a material selection request form to have the site reviewed by NCRL administration. There is no evidence Ms. Cherrington asked Twisp's librarian to follow-up on the alleged blocked sites. Acccordingly, NCRL administration did not have an opportunity to investigate or potentially remedy Ms. Cherrington's concerns.

40. **To clarify Defendant's Fact #139, and Plaintiff's Fact #51:** Mr. Heinlen is the only plaintiff who spoke to NCRL administration prior to filing suit. As set forth in Defendant's Fact #139, he simply demanded the filter be removed and did not request specific sites be unblocked.

41. **Defendant's Fact #141, contrary to Plaintiff's Fact #52:** Plaintiffs do not dispute that Charles Heinlen believes NCRL patrons should have access to pornography, content directed at illegal activity and constitutionally-unprotected speech through NCRL computers. In fact, Mr. Heinlen's has specifically

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 20
CV-06-327-EFS
#661508 v1 / 42703-001

Karr Tuttle Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA 98101

requested sites that contain such content, including the personals page on craigslist.com, playboy.com and porno.com among others.

42. **Defendant's Fact #146, contrary to Plaintiff's Fact #55:** The claims alleged in Plaintiff's Complaint occurred prior to NCRL's switch from the BESS filter, to the FortiGuard filter. To the extent Sarah Bradburn and Pearl Cherrington could not identify specific sites that they were trying to access, the facts presented did not constitute a present case or controversy. In so much as Pearl Cherrington seeks access to youtube.com, a present case or controversy does not exist because NCRL patrons have access to this material. The same is true with respect to the material available on SAF's website, womenandguns.org.

NCRL has allowed access to all of the specific websites requests by the plaintiffs, excepting a small number of requests made by Charles Heinlen which NCRL administration believe contain content that is inconsistent with NCRL's mission and collection development practices. (Walters Decl. at ¶8).

43. **Defendant's Fact #149, contrary to Plaintiff's Fact #56:** Statements within newspaper articles are self-authenticating and do not constitute hearsay if the statements are offered not for the truth of the matter asserted but for some

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 21
CV-06-327-EFS
#661508 v1 / 42703-001

Karr Tuttle Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA 98101

other purpose such to show the effect on a party's state of mind. See *Price v. Rochford*, 947 F.2d 829, 833 (7th Cir. 1991); *Carson Harbor Village Ltd. v. Unocal*, 287 F.Supp.2d 1118, 1146 (C.D. Cal. 1995). NCRL does not offer the case Brainerdispatch.com article to prove the facts of the case discussed therein, but to illustrate NCRL's awareness of litigation involving library staff and exposure to illicit materials on-line. As it is Mr. Marney who will testify to NCRL's knowledge, the article has been attached to his accompanying declaration at Ex. A.

44.**Defendant's Fact #150, contrary to Plaintiff's Fact #57:** Statements within newspaper articles are self-authenticating and do not constitute hearsay if the statements are offered not for the truth of the matter asserted but for some other purpose such to show the effect on a party's state of mind. See ¶43 above. NCRL does not offer the case Dallas Morning News article to prove the facts of the case discussed therein, but to illustrate NCRL's awareness of the proliferation of pornography when a public library offers unfiltered Internet access. As it is Mr. Marney who will testify to NCRL's knowledge, the article has been attached to his accompanying declaration at Ex. A.

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 22
CV-06-327-EFS
#661508 v1 / 42703-001

Karr Tuttle Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA 98101

The proffered deposition testimony of Dean Marney does not support Plaintiffs' contention that the Dallas library referenced in the article has a "very different clientele" than NCRL – particularly as it relates to what some people may want to view on the Internet.  Moreover, NCRL objects to Plaintiffs' suggestion that the Stark County District Library, the Fairbanks North Star Borough or the Jefferson County Library district share any similarities with NCRL.  In fact, the deposition testimony of the individuals who are currently (or were formerly) employed by these out-of-state libraries reveals that these individuals have absolutely no basis upon which to draw any parallels.  See Declaration of Celeste Monroe (Ex. B, pp16-25, 52-55; Ex. C pp. 14-15; 49-50; Ex. D 36-38; 47-49.)

//

//

//

//

//

//

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 23
CV-06-327-EFS
#661508 v1 / 42703-001

Karr Tuttle Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA 98101

DATED this 3rd day of March, 2008.

KARR TUTTLE CAMPBELL

By:/s/ Thomas D. Adams
Thomas D. Adams, WSBA #18470
E-mail – tadams@karrtuttle.com
Celeste Mountain Monroe, WSBA #35843
E-mail – cmonroe@karrtuttle.com
Attorneys for Defendant North Central
Regional Library District
KARR TUTTLE CAMPBELL
1201 Third Ave., Ste. 2900
Seattle, WA 98101
Telephone: 206.233.1313
Facsimile: 206.682.7100

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 24
CV-06-327-EFS
#661508 v1 / 42703-001

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Duncan Manville
1629 2nd Ave. W
Seattle, WA 98119

Aaron Caplan
ACLU of Washington
705 Second Ave., Ste. 300
Seattle, WA 98103

Catherine Crump
American Civil Liberties Union Foundation
125 Broad Street, 17th Floor
New York, NY 10004

KARR TUTTLE CAMPBELL

By: _____
    Heather L. White
    hwhite@karrtuttle.com

DEFENDANT NORTH CENTRAL
REGIONAL LIBRARY DISTRICT'S
SUPPLEMENTAL STATEMENT OF
FACTS IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 25
CV-06-327-EFS
#661508 v1 / 42703-001

Karr Tuttle Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA 98101