THE HONORABLE EDWARD F. SHEA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH BRADBURN, PEARL CHERRINGTON, CHARLES HEINLEN, and the SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH CENTRAL REGIONAL LIBRARY DISTRICT,<br><br>Defendant | No. CV-06-327-EFS<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTIONS IN LIMINE** |

Plaintiffs believe the following evidentiary matters should be resolved in advance of trial.

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

# I. THE COURT SHOULD EXCLUDE TESTIMONY OF BRANCH LIBRARIANS AND LIBRARY BOARD MEMBERS NOT TIMELY DISCLOSED

NCRL's witness list identifies as potential trial witnesses a number of branch librarians and a member of NCRL's Board of Directors who were not previously disclosed. Throughout the discovery period, plaintiffs relied upon NCRL's express assurance that branch librarians and board members would NOT be testifying, and for this reason did not take their depositions. It would violate Rule 37(c) to allow NCRL to present testimony from witnesses who were kept hidden until after the close of discovery.

## A. Facts Relevant to Motion

### 1. Branch Librarians and Board Members Were Not Identified as Witnesses During the Discovery Period

Rule 26(a)(1)(A) directs that "a party must, without awaiting a discovery request" identify "each individual likely to have discoverable information … <u>that the disclosing party may use to support its claims or defenses</u>…" (emphasis added). The parties exchanged their initial disclosures in February 2007. NCRL's initial disclosures said this regarding branch librarians:

> At this time, it is not known whether any of NCRL's 31 branch librarians will have information necessary for the defense of this case. If, as discovery progresses, NCRL believes that it will need to consult with any of these individuals, it will amend this disclosure.

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTIONS IN LIMINE -- 2

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

Declaration of Duncan Manville in Support of Plaintiffs' Motions In Limine [hereafter, Manville Decl.], Ex. A at 3. An identical statement was made regarding members of NCRL's Board of Directors. Id.

On June 18, 2007, NCRL served responses to Plaintiffs' written discovery requests. Nothing in the text of those answers identified any branch librarians or board members as persons with knowledge or potential trial witnesses. Id., ¶ 3. Moreover, in its answer to Request for Production #10, NCRL said: "At this time, NCRL believes that it has complied with the Initial Disclosure Requirements set forth in the Federal Rules and that it has done its due diligence to produce documents responsive to Plaintiffs' First Interrogatories and Requests for Production. NCRL will continue to supplement its responses as discovery continues." Id., Ex B.

NCRL did indeed supplement its responses to its initial disclosures on several occasions, but only in the form of additional documents. Id., ¶ 4-6. For example, on February 12, 2008, NCRL sent a package of additional documents with a cover letter stating: "Enclosed please find supplemental production to our initial disclosures." Id., Ex. C. At no time did NCRL send any letter or other document to supplement the portion of the initial disclosures expressly stating that branch librarians and board members had not been identified as witnesses with relevant knowledge. Id., ¶ 6.

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTIONS IN LIMINE -- 3

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

Plaintiffs relied upon NCRL's assurances, and chose not to undertake depositions of any branch librarians or library board members. Instead, they deposed witnesses whom NCRL had identified in its initial disclosures: NCRL's Director Dean Marney, its Public Services Director Dan Howard, and its Information Services Manager Barbara Walters. Id., ¶ 7 & Ex. A.

### 2. NCRL Lists Branch Librarians and a Board Member as Witnesses

In its witness list filed on March 24, 2008, NCRL identified for the first time several branch librarians and a board member as trial witnesses. According to NCRL, Connie Kuhlman, who has managed both the Grand Coulee and Moses Lake branches, "will discuss her personal experience with the internet filter, including instances where individuals have circumvented the filter to obtain illicit material. She will also discuss her concerns with unfiltered access." Defendant NCRL's Witness List and Exhibit List (Docket #72) at 4-5. Similar descriptions are given for Sharon Reddick of the Okanogan branch and Katy Sessions of the Wenatchee branch. Id. at 5.

NCRL also listed Deborah Moore, a member of NCRL's board since January 2007, as a trial witness to testify "regarding the current Internet Filtering Policy." Id. at 5-6. Ms. Moore had never been identified as a potential witness in any previous oral or written discovery. It is unclear from the description what

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTIONS IN LIMINE -- 4

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

testimony she would offer that differs from that of NCRL's witnesses Marney, Howard, and Walters.

**B.     Legal Argument**

Federal Rule of Civil Procedure 37(c)(1) states: "If a party fails to … identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that … witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless."

The four witnesses in question (Kuhlman, Reddick, Sessions, and Moore) were not identified in initial disclosures under Rule 26(a), and indeed the Rule 26(a) disclosure specifically said that branch librarians would NOT be called as witnesses unless there was a supplemental disclosure. No supplemental disclosure was made under Rule 26(e). As a result, Rule 37(c)(1) bars these witnesses unless NCRL can show substantial justification or harmlessness. Neither of the exceptions is found here.

NCRL's failure is not substantially justified, given that the proposed witnesses are all employees of or board members of NCRL. Defense counsel has had direct access to these witnesses at all relevant times. This is not a situation where counsel unexpectedly learned of a previously unknown witness with unexpectedly relevant information. To the contrary, nothing prevented timely disclosure of these witnesses. Nor is the lack of disclosure harmless. The

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

discovery cut-off was January 18, 2008.  Plaintiffs relied on NCRL's representations during discovery, and did not seek to take depositions of any branch librarians or board members.  It is now too late under the Court's scheduling order for Plaintiffs to depose the witnesses who were first identified on March 24.  Even if that deadline were to be extended, it would be prejudicial to Plaintiffs' trial preparation for Plaintiffs to have to depose four new witnesses (and perhaps undertake other discovery related to those witnesses and their testimony) in addition to completing the other tasks that must be accomplished before trial.

For the foregoing reasons, NCRL should not be permitted to call Connie Kuhlman, Sharon Reddick, Katy Sessions or Deborah Moore to testify at the trial of this case.

### II.  THE COURT SHOULD EXCLUDE HEARSAY TESTIMONY DESCRIBING THE ALLEGED EXPERIENCES OF BRANCH LIBRARIANS

NCRL's summary judgment briefing and witness list strongly suggest that it may seek to introduce hearsay statements from branch librarians through administration witnesses like Dan Howard.  Such statements fall within no hearsay exception and should be excluded.

**A.  Facts Relevant to Motion**

The Declaration of Dan Howard (Docket #34) submitted by NCRL in support of its motion for summary judgment contained several lengthy paragraphs

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTIONS IN LIMINE -- 6

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington  98104-1799
(206) 624-2184

describing as fact information that was relayed to Mr. Howard by others.  Some of this testimony took the form of simple hearsay where Mr. Howard repeated statements made to him as proof of the matter asserted:

> Lucile Ames, NCRL's Okanogan branch librarian, reports having seen inappropriate pornographic materials both on the computers and at the printers.

Howard Decl., ¶ 11.  Other similar statements were hearsay-within-hearsay:

> Sharron [sic] Reddick, NCRL's Omak Branch Librarian, recalls specific incidents where patrons where [sic] able to obtain explicit, pornographic images prior to NCRL's decision to block Google images.  Ms. Reddick advised Mr. Howard she and her staff felt victimized and even a bit scared when they were subjected to the material.  She reported that she and her staff found the confrontation with the patrons stressful and upsetting.

Id., ¶ 9.  Plaintiffs objected to this use of hearsay on summary judgment, Plaintiffs' Opposition to Summary Judgment, Docket #53 at 14. n.3, and that issue remains to be decided by the Court.

Meanwhile, NCRL's witness list strongly suggests that NCRL intends to have Mr. Howard introduce similar hearsay statements from witnesses who were not disclosed and will not be present in court in any event:

> With respect to the individual branches, Mr. Howard's responsibilities include, among other things, management of personnel.  This includes supervision of all NCRL branch librarians.  … Mr. Howard will discuss his concerns with unfiltered access and the impact on branch staff.

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTIONS IN LIMINE -- 7

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington  98104-1799
(206) 624-2184

NCRL's Amended Witness and Trial Exhibit List (Docket # 73) at 3-4.  NCRL may also seek to have such evidence introduced through Mr. Marney:

> As Director, Mr. Marney serves as the liaison between the Board and library staff. … Mr. Marney will also discuss the other purposes the Internet filters serve … to include … protection of staff and patrons from inadvertent exposure to illegal, pornographic, or other disruptive and inappropriate material.

Id. at 2-3.

**B.     Legal Argument**

To the extent NCRL wishes to introduce evidence that patrons often view pornography on its library terminals, and that this occurs with such frequency or severity as to justify measures alleged to violate the First Amendment, there must be admissible evidence of an actual problem.  In a free speech case, "the government must present more than anecdote and supposition" to support its claim that an actual problem exists requiring the suppression of speech.  United States v. Playboy Entm't Group, Inc., 529 U.S. 803, 822-23 (2000).

Out-of-court statements "offered in evidence to prove the truth of the matter asserted" are hearsay, FRE 801(c), and are inadmissible under FRE 802 unless they fall within one of the exceptions enumerated in FRE 803 and 804.  Statements from testifying witnesses such as Mr. Howard or Mr. Marney that branch librarians told them that pornography was being viewed are offered for precisely this purpose.  No exception applies.  The Court should therefore rule in limine that

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTIONS IN LIMINE -- 8

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

witnesses may not testify to statements by other persons about the existence of a pornography problem.

NCRL may argue that these out-of-court statements of branch librarians are not offered for the truth of the matter, but instead to show Mr. Howard's state of mind, or NCRL's understanding of the situation, without regard to the truth. If NCRL were to make this argument, it would fail. Anecdotes about the viewing of pornography on NCRL computers would only matter if they were true. If Mr. Howard and other NCRL policy-makers implemented their filtering policy based on a false impression that library users were viewing pornography, it would be no defense.

### III. THE COURT SHOULD EXCLUDE HEARSAY FROM NEWSPAPER ARTICLES ABOUT EVENTS ALLEGEDLY OCCURRING IN OTHER LIBRARIES

NCRL seeks to introduce as evidence at trial several newspaper articles describing events that allegedly occurred at other libraries. The newspaper articles will be offered for the truth of the matter asserted, and should be excluded as hearsay.

**A.  Facts Relevant to Motion**

In its motion for summary judgment, NCRL described events that allegedly occurred in the Minneapolis and Houston public libraries, relying on three newspaper articles as the sole source of evidence. Docket #28 (motion), #30-5

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTIONS IN LIMINE -- 9

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

(Exhibits F and G to Declaration of Thomas Adams). Plaintiffs objected to these articles as inadmissible hearsay. Docket #53 at 15, 17. In support of its reply brief (Docket #61), NCRL submitted a new declaration from Dean Marney to which were attached the three articles previously submitted, plus thirteen additional newspaper articles describing other events that had allegedly occurred in libraries around the country. Docket #64 (Marney Declaration), Docket #64-2 (Exhibits). The only authentication of the articles was the following passage from Mr. Marney's declaration:

> NCRL has adduced evidence that allowing unfiltered access would create a risk to patrons or staff and create and [sic] unacceptable risk or hostile atmosphere, not only due to incidents in our library district, but based on my personal knowledge of other districts' and communities' concerns with the dangers presented by unfiltered access. (Attached as Ex. A are true and correct copies of numerous newspaper articles that I have collected discussing this topic).

Docket #64, ¶ 8. There is no further description of any personal experience Mr. Marney had at any other library system, so it appears that the only source of his knowledge is the articles that were attached. The Court has not yet ruled on the summary judgment motion.

NCRL's witness list indicates that it intends to introduce ten of these newspaper articles as trial exhibits. NCRL's Amended Witness and Trial Exhibit List (Docket # 73) at 9-10 (exhibit numbered 706-15).

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

**B. Legal Argument**

A statement found in a newspaper article meets the definition of hearsay from FRE 801(c): "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." NCRL intends to use these articles to prove that certain forms of unfiltered Internet access led to the events described in these articles, and that those events caused other library districts and other communities to develop "concerns with the dangers presented by unfiltered access." The articles may also contain hearsay within hearsay, which is further prohibited under FRE 805.

"Newspaper articles have been held inadmissible hearsay as to their content." Larez v. City of Los Angeles, 946 F.2d 630, 642 (9th Cir. 1991). See also Tyson v. Willauer, 290 F. Supp. 2d 278, 287 n. 5 (D. Conn. 2003) (two newspaper articles attached to motion for summary judgment are excluded as hearsay); United States v. Harris, 271 F.3d 690, 696 (7th Cir.2001) ("daily newspapers are not reliable evidentiary sources"); Articulate Systems, Inc. v. Apple Computer, Inc, 53 F. Supp. 2d 62, 75 (D. Mass. 1999) (article from trade publication was inadmissible hearsay); Fitzgerald v. Town of Kingston, 13 F. Supp. 2d 119 (D. Mass. 1998) (newspaper article "is inadmissible hearsay").

NCRL seeks to introduce the hearsay statements in these articles as proof of what happened in other cities, but the reliability of these statements cannot be

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTIONS IN LIMINE -- 11

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

tested in court. The finder of fact cannot assess the credibility of a printed article, nor can it be cross-examined to reveal potential inaccuracies, omissions, or biases. Plaintiffs recognize that the experiences of other libraries may be probative evidence for the Court. This is why they designated as witnesses several librarians and library administrators from other jurisdictions who will testify at trial about their libraries' successful experience with Internet access that is unfiltered, or with filtering that is immediately disabled upon the request of an adult patron. These witnesses include Kenton Oliver from Canton, Ohio; Sally Beasley from Madras, Oregon; and June Pinnell-Stephens from Fairbanks, Alaska. But unlike NCRL, plaintiffs will present their proof through admissible evidence in the form of live testimony of percipient witnesses and not through untestable hearsay from newspaper articles gathered from the Internet.

The Court should order in limine that hearsay from these newspaper articles cannot be admitted at trial.

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

DATED this 31st day of March, 2008.

                    AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION

By:   /s/ Aaron H. Caplan
Aaron H. Caplan, WSBA #22525
American Civil Liberties Union of Washington Foundation
705 Second Avenue, Third Floor
Seattle, WA 98103
Tel. (206) 624-2184
Fax (206) 624-2190
caplan@aclu-wa.org

Duncan Manville, WSBA #30304
1629 2nd Avenue W.
Seattle, WA 98119
Tel. (206) 288-9330
Fax (206) 624-2190
duncan.manville@yahoo.com

Catherine Crump, pro hac vice
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 519-7806
ccrump@aclu.org

Counsel for Plaintiffs

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTIONS IN LIMINE -- 13

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2008, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the persons listed below:

>Thomas D. Adams
>Celeste Mountain Monroe
>KARR TUTTLE CAMPBELL
>1201 Third Avenue, Suite 2900
>Seattle, WA  98101
>
>Attorneys for Defendant

DATED this 31st day of March, 2008.

>AMERICAN CIVIL LIBERTIES UNION
>OF WASHINGTON FOUNDATION
>
>
>By:     /s/ Aaron H. Caplan
>Aaron H. Caplan, WSBA #22525
>American Civil Liberties Union of Washington Foundation
>705 Second Avenue, Third Floor
>Seattle, WA  98103
>Tel. (206) 624-2184
>Fax (206) 624-2190
>caplan@aclu-wa.org

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTIONS IN LIMINE

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington  98104-1799
(206) 624-2184