The Honorable Edward F. Shea

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH BRADBURN, PEARL CHERRINGTON, CHARLES HEINLEN, and the SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH CENTRAL REGIONAL LIBRARY DISTRICT,<br><br>Defendant. | No. CV-06-327-EFS<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S WITNESSES AND EXHIBITS** |

Pursuant to Paragraph 8 of the Court's November 6, 2007 Scheduling Order, and for the reasons stated below, Plaintiffs Sarah Bradburn, Pearl Cherrington, Charles Heinlen and the Second Amendment Foundation submit the following objections to the witnesses and exhibits that Defendant North Central Regional Library District listed in its March 24, 2008 Witness and Exhibit List and its March 28, 2008 Amended Witness and Exhibit List.

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
WITNESSES AND EXHIBITS – Page 1

## I. WITNESSES.

Plaintiffs object to NCRL's previously-undisclosed witnesses – Connie Kuhlman, Sharon Reddick, Katy Sessions and Deborah Moore – for the reasons stated in Plaintiffs' Motions in Limine and Memorandum in Support of Plaintiffs' Motions in Limine, to be filed separately today.

Plaintiffs reserve the right to object at trial to testimony by any of NCRL's witnesses that is inadmissible for any reason – including without limitation because the testimony is irrelevant, lacks proper foundation, constitutes hearsay, is speculative or purports to state a legal conclusion.

## II. EXHIBITS.

Plaintiffs object to NCRL's proposed Exhibits 533-536 (Attachment A hereto) on the grounds that the exhibits are irrelevant, that NCRL will be unable to lay a proper foundation for the exhibits at trial (since none of NCRL's timely-disclosed witnesses participated in preparing the exhibits or was present for any of the events described therein), and that the exhibits constitute hearsay. See Fed. R. Evid. 401, 402, 801, 802, 901. With regard to relevance in particular, proposed Exhibits 533-536 purport to describe incidents in which library patrons engaged in inappropriate behavior or in which suspected sex offenders were observed in NCRL branches. None of the proposed exhibits indicates that the incident described therein had anything to do with patrons accessing obscenity or other similar content on NCRL's computer terminals. Moreover, NCRL's Director, Dean Marney, testified at deposition that he did not know whether any

of the individuals described in NCRL's proposed Exhibits 533-536 had looked at any inappropriate material on NCRL's computers, <u>see</u> Marney Dep. at 69:11-73:22; Dep. Ex. 31; and that he had "no idea" whether sex offenders have a tendency to look at pornography online in public libraries:

> Q. Handing you Exhibit 30, can you tell me what this is?
>
> A. It is an incident report. It's a copy of an email report from the Moses Lake Branch.
>
> * * *
>
> Q. Do you know if this gentleman looked at any inappropriate material on NCRL computer?
>
> A. No.
>
> * * *
>
> Q. Do you think that there is any connection between this document that's been marked Exhibit 30 and the lawsuit?
>
> A. I think it shows that we do deal with an element of society that is attracted to a public space that we're trying to protect kids from.
>
> Q. Do you know – and the element of society you're talking about here is sex offenders, registered sex offenders?
>
> A. Correct.
>
> Q. Do you know if those registered sex offenders have a tendency to come into public libraries and look at pornography on Internet terminals?
>
> A. <u>I have no idea</u>. I have no idea that they don't.
>
> Q. Do incidents like this – well, how many incidents like this are you aware of at NCRL branches?
>
> A. I think we provided you with three or four.

Marney Dep. at 67:6-68:25 (emphasis added); see also Dep. Ex. 30. Incident reports suggesting that library patrons may occasionally engage in conduct violating library rules and that sex offenders may occasionally frequent public libraries have nothing to do with any of the issues before this Court. NCRL should not be permitted to introduce proposed Exhibits 533-536 into evidence, or to use them for any purpose during its case-in-chief.

Plaintiffs have not been provided with copies of NCRL's proposed Exhibits 542-645. NCRL's attorneys have advised Plaintiffs' counsel that these exhibits will comprise requests by NCRL patrons to allow access to particular Web sites, along with correspondence related to those requests. According to NCRL's counsel, Exhibits 542-645 will be "nearly identical" to Plaintiffs' proposed Exhibit 66. Assuming Exhibits 542-645 consist exclusively of unblocking requests and related correspondence and essentially mirror Plaintiffs' proposed Exhibit 66, Plaintiffs do not anticipate asserting any objections to those exhibits prior to trial. However, because Plaintiffs have not yet seen proposed Exhibits 542-645, Plaintiffs reserve the right to object to them in advance of trial.

Plaintiffs do not object to the report prepared by NCRL's expert, Paul Resnick (NCRL's proposed Exhibit 648), being admitted into evidence – provided Dr. Resnick testifies at trial regarding his work and opinions, and is available for cross-examination; and the report prepared by one of Plaintiffs'

experts, Bennett Haselton (Plaintiffs' proposed Exhibits 53 and 54), is also admitted into evidence.

Plaintiffs object to NCRL's proposed Exhibit 699 (Attachment B hereto) because the document has no relevance to any of the issues before the Court, and constitutes hearsay. See Fed. R. Evid. 401, 402, 801, 802. NCRL should not be permitted to introduce proposed Exhibit 699 into evidence, or to make any use of it during its case-in-chief.

The last exhibit listed in the Witness and Exhibit List that NCRL timely filed with the Court on March 24, 2008 pursuant to paragraph 8 of the Court's November 6, 2007 Scheduling Order was Exhibit 704 ("NCRL Bylaws"). On March 28, 2008, NCRL filed an Amended Witness and Exhibit List identifying fifteen new exhibits (proposed Exhibits 706-720) – including ten newspaper articles (proposed Exhibits 706-715, Attachment C hereto). NCRL should not be permitted to introduce Exhibits 706-715 into evidence at trial, or to use those documents during its case-in-chief, because the exhibits were not timely or properly disclosed. Plaintiffs also object to the exhibits for the reasons stated in Plaintiffs' Motions in Limine and Memorandum in Support of Plaintiffs' Motions in Limine, to be filed separately today.

Plaintiffs reserve the right to object at trial to any proposed defense exhibit should NCRL fail to lay a proper foundation for the exhibit or attempt to use the exhibit for a hearsay or other improper purpose.

Copies of the proposed exhibits to which Plaintiffs object (except proposed Exhibits 542-645) are being submitted herewith.

DATED this 31ST day of March, 2008.

    AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION

    By: /s/ Duncan Manville
Duncan Manville, WSBA #30304
1629 2nd Avenue W.
Seattle, WA 98119
Tel. (206) 288-9330
Fax (206) 624-2190
duncan.manville@yahoo.com

Aaron H. Caplan, WSBA #22525
American Civil Liberties Union of Washington Foundation
705 Second Avenue, Third Floor
Seattle, WA 98103
Tel. (206) 624-2184
Fax (206) 624-2190
caplan@aclu-wa.org

Catherine Crump, pro hac vice
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 519-7806
ccrump@aclu.org

Counsel for Plaintiffs

# CERTIFICATE OF SERVICE

The undersigned certifies that on March 31, 2008, I filed the foregoing Plaintiffs' Objections to Defendant's Witnesses and Exhibits, along with Attachments A-C thereto, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the persons listed below:

Thomas D. Adams
Celeste M. Monroe
Karr Tuttle Campbell
1201 Third Ave., Suite 2900
Seattle, WA 98101
tadams@karrtuttle.com
cmonroe@karrtuttle.com

Aaron Caplan
ACLU of Washington
705 Second Ave.
Suite 300 Hoge Bldg.
Seattle, WA 98104-1799
caplan@aclu-wa.org

Catherine Crump
American Civil Liberties Union
125 Broad St., 18th Floor
New York, NY 10004
ccrump@aclu.org

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Seattle, Washington this 31st day of March, 2008.

          /s/ Duncan Manville
          Duncan Manville, WSBA #30304
          1629 2nd Avenue W.
          Seattle, WA 98119
          Tel. (206) 288-9330
          Fax (206) 624-2190
          duncan.manville@yahoo.com