THE HONORABLE EDWARD F. SHEA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH BRADBURN, PEARL CHERRINGTON, CHARLES HEINLEN, and the SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH CENTRAL REGIONAL LIBRARY DISTRICT,<br><br>Defendant. | No. CV-06-327-EFS<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE** |

Defendant North Central Regional Library District (NCRL) filed a Motion in Limine seeking exclusion of three of Plaintiffs' witnesses and asking the Court to establish a number of evidentiary ground rules for trial. Plaintiffs respond as follows:

PLAINTIFFS' OPPOSITION TO
NCRL'S MOTIONS IN LIMINE -- 1

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

# I. FACT WITNESSES BEESLEY AND OLIVER SHOULD BE PERMITTED TO TESTIFY

NCRL contends that any testimony of Sally Beesley and Kenton Oliver would be irrelevant. Sally Beesley is a librarian, and serves as the Director of the Jefferson County Library District (JCLD) in Madras, Oregon. Pls.' Witness and Exhibit List at 6. Kenton Oliver is also a librarian, and serves as the Executive Director of the Stark County District Library (SCDL), headquartered in Canton, Ohio. Id. at 7. Plaintiffs offer both witnesses to testify about their respective library's Internet usage policies and experiences allowing adults unfiltered access to the Internet. Id. at 6-7.

## A. Beesley's and Oliver's Testimony is Relevant

When Plaintiffs challenge a content-based speech restriction, "the court should ask whether the challenged regulation is the least restrictive means among available, effective alternatives." Ashcroft v. ACLU, 542 U.S. 656, 666 (2004). Beesley and Oliver will offer testimony about alternatives to NCRL's policy. They will testify that libraries similar to NCRL allow adults to have unfiltered Internet access and yet do not report problems with patrons viewing inappropriate material. Such testimony precisely matches the definition of relevant evidence under FRE 401: it is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Here, proof that other libraries

PLAINTIFFS' OPPOSITION TO
NCRL'S MOTIONS IN LIMINE -- 2

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

have found less restrictive means to be feasible and successful is highly relevant to the inquiry this Court must make under Ashcroft and similar cases. NCRL acknowledged in its summary judgment briefing that examination of less restrictive alternatives is part of the constitutional test for content-based speech restrictions. See, e.g., Ct. Rec. Ct. Rec. 48 (NCRL's Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment) at 9 ("NCRL has no quarrel with the principle that speech appropriate for adults cannot be completely silenced or the sake of protecting children when less restrictive safeguards are shown to exist."). NCRL's motion in limine simply ignores that part of the test.

NCRL's other relevance argument is that "neither Ms. Beesley nor Mr. Oliver has any personal knowledge of NCRL's policies, its territories, its patrons, its administration, and therefore, have no basis upon which to draw any parallels." Def.'s Mot. in Limine at 3. The argument misapprehends the purpose of these witnesses' testimony. They are fact witnesses who will describe their own experiences. To the extent it will be necessary to draw parallels between NCRL's policy and those of other libraries, that will be a job for the finder of fact.

### B. There Is No Stipulation That Would Render Beesley's and Oliver's Testimony Irrelevant

NCRL argues that Beesley and Oliver should not be allowed to testify because "the fact that some libraries do not use filters, or will remove the filter on the request of an adult patron, is not disputed." Def.'s Mot. in Limine at 3. There

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

are several problems with this argument. First, NCRL has never stipulated to those facts. To the contrary, when the parties negotiated their joint statement of undisputed facts in relation to the cross-motions for summary judgment, defense counsel insisted that any facts drawn from the depositions of Beesley and Oliver not be included. Compare Ct. Rec. 41 (Plaintiffs' Statement of Material Facts) at 21-23 with Ct. Rec. 71 (Joint Statement of Uncontroverted Facts). A stipulation that does not exist cannot affect the relevance of Beesley's and Oliver's testimony.

Second, even if NCRL had stipulated to these two barebones facts, Beesley's and Oliver's testimony will address more. Both witnesses will describe their libraries' Internet usage policies and the consequences of offering unfiltered access to adults in a level of detail not otherwise available to this Court. They will also describe their library systems as a whole, so the Court can determine whether those systems are good comparisons to NCRL. Since this is a bench trial, Beesley and Oliver may also respond to questions from the Court. Plaintiffs have the right to prove their case through the presentation of live testimony, and not be limited to a shorthand phrase introduced by NCRL in a motion in limine.

### C. Oliver Should Not Be Excluded For Bias

NCRL asks this Court to exclude Oliver because of alleged bias. This objection goes to weight, not admissibility. NCRL cites no case law to support the

PLAINTIFFS' OPPOSITION TO
NCRL'S MOTIONS IN LIMINE -- 4

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

contention that alleged bias of a fact witness is grounds to exclude a witness from testifying altogether. As one court explained:

> Excluding relevant evidence in a bench trial ... on the basis of "unfair prejudice" is a useless procedure. Rule 403 assumes a trial judge is able to discern and weigh the improper inferences that a jury might draw from certain evidence, and then balance those improprieties against probative value and necessity. Certainly, in a bench trial, the same judge can also exclude those improper inferences from his mind in reaching a decision.

Gulf States Utilities Co. v. Ecodyne Corp., 635 F.2d 517, 519 (5th Cir. 1981). Other courts have emphasized that questions of bias implicate credibility and the weight to be given to testimony, and that evaluating credibility is the province of the finder of fact. See, e.g., United States v. Maynie, 257 F.3d 908, 918 (8th Cir. 2001).

Of course, Plaintiffs do not accept NCRL's bald suggestion that Oliver's professional affiliation with the American Library Association (ALA) somehow makes him so biased that he could not testify truthfully in court. Not only is that suggestion wholly devoid of factual support, an individual's associational activities are protected by the First Amendment, see NAACP v. Alabama, 635 F.2d 517 (1958), and as a result there are strict limits on the evidentiary use of associations to show bias, see, e.g., Dawson v. Delaware, 503 U.S. 159 (1992) (holding that admission of evidence of an individual's membership in a racist prison gang violated a criminal NCRL's First Amendment rights). If at trial

PLAINTIFFS' OPPOSITION TO
NCRL'S MOTIONS IN LIMINE -- 5

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

NCRL should seek to impeach witnesses based on their professional or personal associations, it will be a basis for an objection at that time.

Finally, NCRL objects that Oliver is a pawn of the ACLU because he received "verbal updates" from Plaintiffs' counsel about NCRL's filtering policies. Again, this objection goes to weight and not admissibility. In any event, there is nothing improper about counsel explaining to a witness what the central claims of the litigation are. Since Oliver will be testifying about his own library's practices, it is of no moment that his knowledge of NCRL's practices may have come from Plaintiffs' counsel.

## II. EXPERT WITNESS JUNE PINNELL-STEPHENS SHOULD BE PERMITTED TO TESTIFY

NCRL asks this Court to exclude, as allegedly irrelevant, the testimony of Plaintiffs' expert witness June Pinnell-Stephens. The deadline for filing Daubert motions challenging the qualifications of expert witnesses was February 2, 2008. See Scheduling Order, Docket No. 26, ¶ 4. NCRL's argument comes too late and must be rejected out of hand.

Should the Court decide to consider the merits of NCRL's motion in limine regarding Pinnell-Stephens, the Court should overrule NCRL's two specific objections to Pinnell-Stephens' testimony. First, NCRL contends that "[a]ny

PLAINTIFFS' OPPOSITION TO
NCRL'S MOTIONS IN LIMINE -- 6

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

discussion of alternatives to filtering is irrelevant." Def.'s Mot. in Limine at 5. As explained above, this argument is incorrect because, under Ashcroft, 542 U.S. at 666, this Court should "ask whether the challenged regulation is the least restrictive means among available, effective alternatives." Second, NCRL objects to the witness's associations with the ALA and ACLU. For the reasons stated above with regard to Oliver, this argument should be rejected.

### III. NON-PARTY WITNESSES MAY BE EXCLUDED FROM THE COURTROOM DURING TRIAL

Plaintiffs do not object to NCRL's request that non-party witnesses be excluded from the courtroom during trial, provided the rule is applied even-handedly to both parties' witnesses. See Def.'s Mot. in Limine at 6-7.

### IV. THE PARTIES SHOULD NOT BE REQUIRED TO GIVE EIGHT HOURS' NOTICE OF DEPOSITIONS AND EXHIBITS TO BE USED

Plaintiffs have no objection to giving NCRL one court day's prior notice of the witnesses Plaintiffs intend to call to testify the following day. Should Plaintiffs be ordered to give such notice, NCRL should be required to do likewise.

The Court should not, however, order the parties to give each other prior notice of what deposition testimony or exhibits they intend to use and when. To order such disclosures would be improperly to require the parties to divulge important information regarding their respective trial strategies. Nor would such a directive be necessary to ensure the orderly presentation of evidence: surely the

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

parties' counsel are capable of familiarizing themselves with all previously-disclosed deposition excerpts and exhibits, and preparing to cross-examine witnesses without being given a blueprint to what the witnesses' testimony will be.

## V. THE COURT SHOULD DENY NCRL'S MOTION TO PROHIBIT TESTIMONY THAT INCLUDES CONCLUSIONS OF LAW

Plaintiffs agree that the Court, and not the witness, decides the law. But NCRL's motion in limine should be denied as improper and premature. NCRL has failed to identify specific evidence it wishes this Court to exclude. 21 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 5037.18 (explaining that "[t]he trial court can refuse to grant a motion in limine that lacks specificity."). NCRL does not point to any part of the anticipated testimony of Plaintiffs' witnesses that it fears will violate the relevant evidentiary rules. Complex evidentiary questions may arise at the trial of this case. NCRL asks the Court to address those hypothetical questions in a wholly abstract context, without any connection to particular testimony. (NCRL also neglects to discuss FRE 704(a), which expressly allows certain opinion testimony that "embraces an ultimate issue.") NCRL should be required to object at trial to any specific

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

testimony by Plaintiffs' witnesses that it believes includes conclusions of law. At that point, such objections will be ripe for this Court's consideration.

## VI. PLAINTIFFS WILL COMPLY WITH RULE OF PROFESSIONAL CONDUCT 3.4(e)

NCRL asks this court to enter an order formally directing Plaintiffs' counsel to comply with Rule of Professional Conduct 3.4(e). Plaintiffs do not believe any such order is necessary, but of course counsel for Plaintiffs intend to satisfy their ethical obligations in this matter.

DATED this 7th day of April, 2008.

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION


By:   /s/ Catherine Crump
Catherine Crump, pro hac vice
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 519-7806
ccrump@aclu.org

PLAINTIFFS' OPPOSITION TO
NCRL'S MOTIONS IN LIMINE -- 9

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

/s/ Aaron H. Caplan, WSBA #22525
American Civil Liberties Union of
Washington Foundation
705 Second Avenue, Third Floor
Seattle, WA 98103
Tel. (206) 624-2184
Fax (206) 624-2190
caplan@aclu-wa.org

Duncan Manville, WSBA #30304
1629 2nd Avenue W.
Seattle, WA 98119
Tel. (206) 288-9330
Fax (206) 624-2190
duncan.manville@yahoo.com

Counsel for Plaintiffs

PLAINTIFFS' OPPOSITION TO
NCRL'S MOTIONS IN LIMINE -- 10

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2008, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the persons listed below:

> Thomas D. Adams
> Celeste Mountain Monroe
> KARR TUTTLE CAMPBELL
> 1201 Third Avenue, Suite 2900
> Seattle, WA 98101
>
> Attorneys for NCRL

DATED this 7th day of April, 2008.

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION

By: /s/ Catherine Crump

Catherine Crump, pro hac vice
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 519-7806
ccrump@aclu.org

---

PLAINTIFFS' OPPOSITION TO
NCRL'S MOTIONS IN LIMINE

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184