The Honorable Edward F. Shea

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH BRADBURN, PEARL CHERRINGTON, CHARLES HEINLEN, and the SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH CENTRAL REGIONAL LIBRARY DISTRICT,<br><br>Defendant. | No. CV-06-327-EFS<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S AMENDED OBJECTIONS TO PLAINTIFFS' WITNESS AND EXHIBIT LIST** |

Pursuant to Paragraph 8 of the Court's November 6, 2007 Scheduling Order, Plaintiffs Sarah Bradburn, Pearl Cherrington, Charles Heinlen and the Second Amendment Foundation respond as follows to Defendant North Central Regional Library's Amended Objections to Plaintiffs' Witness and Exhibit List With Attached Exhibits.

PLAINTIFFS' RESPONSE TO DEFENDANT'S
AMENDED OBJECTIONS TO PLAINTIFFS'
WITNESS AND EXHIBIT LIST – Page 1

## I. WITNESSES.

### 1. Sally Beesley and Kenton Oliver.

For the reasons stated in Plaintiffs' Opposition to Defendant's Motions in Limine (to be filed separately today; incorporated herein by reference), fact witnesses Sally Beesley and Kenton Oliver should be allowed to testify at the trial of this matter.

### 2. June Pinnell-Stephens.

For the reasons stated in Plaintiffs' Opposition to Defendant's Motions in Limine, expert witness June Pinnell-Stephens should be allowed to testify at trial.

## II. EXHIBITS.

### 1. Plaintiffs' Trial Exhibit No. 1.

Plaintiffs' Exhibit No. 1 (the Library Bill of Rights promulgated by the American Library Association ("ALA")) will be used during the testimony of Plaintiffs' expert June Pinnell-Stephens, who will discuss the traditional role and societal mission of libraries. The ALA Bill of Rights informed the expert opinions that Ms. Pinnell-Stephens has developed in this matter, and Ms. Pinnell-Stephens should be allowed to testify about the Bill of Rights at trial.

NCRL's argument relies on a straw man, namely that a library does not necessarily violate the United States or Washington State Constitutions if it acts in contravention of the ALA Bill of Rights. No one is contending otherwise. But the ALA Bill of Rights is relevant to the constitutional questions presented

in this case because it sheds light on the proper role of libraries in our society, which NCRL itself has frequently acknowledged to be a relevant topic. For example, in its Opposition to Plaintiffs' Motion for Summary Judgment, NCRL said: "[i]n arguing against NCRL's Policy, <u>Plaintiffs lose sight of NCRL's traditional role and societal mission</u>." Ct. Rec. 48 at 11 (emphasis added); <u>see also</u> Ct. Rec. 61 at 14 ("NCRL's Policy also advances NCRL's traditional role and duty as a public library …"). The primary legal authority that NCRL cited for these assertions was the plurality opinion in <u>United States v. American Library Ass'n, Inc.</u>, 539 U.S. 194 (2003) ("<u>ALA</u>"). The <u>ALA</u> plurality discussed the traditional role of public libraries in our society – in the process repeatedly citing the ALA Bill of Rights. <u>ALA</u>, 539 U.S. at 203-04. The ALA Bill of Rights is plainly relevant, and the Court should overrule NCRL's objection to Plaintiffs' Exhibit No. 1.

### 2. **Plaintiffs' Trial Exhibit No. 2.**

NCRL contends that Plaintiffs' Exhibit No. 2 (NCRL's prior Collection Development Guidelines and Procedures) is irrelevant because "NCRL's former guidelines were not in place at the time Plaintiffs' claims arose…." NCRL does not explain when it believes Plaintiffs' claims arose. Suffice it to say, however: NCRL's current Collection Development Policy (Plaintiffs' proposed Trial Exhibit No. 19) was adopted in January 2004 (<u>see</u> Ct. Rec. 41-4 at 222). Plaintiff Sarah Bradburn testified at deposition (and will testify at trial) that NCRL's Internet filter denied her access to various Web sites in October or

November 2003 (see Ct. Rec. 41 at 2). And it is apparent from NCRL's own proposed exhibits (Nos. 700-703, consisting of correspondence from July 2003 between Plaintiff Charles Heinlen and NCRL Director Dean Marney regarding NCRL's refusal to disable its Internet filter upon request), and it will also be clear from Mr. Heinlen's trial testimony, that NCRL's Internet filter denied him access to various Web sites in 2003 – well before NCRL implemented its current Collection Development Policy. The Court should overrule this objection.

### 3. Plaintiffs' Trial Exhibits Nos. 17 and 18.

Plaintiffs' Exhibits Nos. 17 and 18 describe policies of the Jefferson County Library District ("JCLD") in Madras Oregon. These exhibits are relevant to the testimony that JCLD's Director, Sally Beesley, will give at trial regarding JCLD's policy of providing unfiltered Internet access to its patrons, and regarding the consequences of implementing and maintaining that policy. Far from being misleading or confusing as NCRL suggests, the exhibits will help the Court gain an understanding of JCLD's policies and procedures. Ms. Beesley's testimony is relevant and admissible for the reasons stated in Plaintiffs' Opposition to NCRL's Motions in Limine. The Court should overrule this objection.

### 4. Plaintiffs' Trial Exhibit No. 66.

NCRL wishes to redact the personal information of library patrons from documents showing NCRL's history of responding to unblocking requests.

Regardless of whether NCRL's reading of RCW 42.56.310 is correct, Plaintiffs are amenable to modifying Exhibit No. 66 to remove the names and personal information of NCRL's patrons. However, Plaintiffs note that all the documents comprising Exhibit No. 66 – including a large number of unredacted documents – were voluntarily produced by NCRL in discovery. Plaintiffs should not be burdened with having to redact these documents when, according to NCRL, the documents should have been redacted before their initial production. Should NCRL wish to have the names and personal information of its patrons deleted from Plaintiffs' Exhibit No. 66, NCRL should be required to redact that information itself sufficiently in advance of trial to enable the parties to reach agreement concerning the form of a modified exhibit.

5.  **Plaintiffs' Trial Exhibit No. 70.**

Plaintiffs' Exhibit No. 70 shows how NCRL configured the Internet filter (a product known as SmartFilter, Bess Edition) that was in place until the eve of this lawsuit. The exhibit is relevant to show how NCRL has exercised and may in the future exercise its discretion to implement and configure its Internet filter. Moreover, NCRL cites no authority (nor are Plaintiffs aware of any) for the proposition that at trial Plaintiffs should be limited to presenting only a decontextualized snapshot of NCRL's current practices. It is undisputed that NCRL has filtered Internet content continuously since it first made the Internet available to library patrons in the late 1990s. It is undisputed that NCRL has used several filtering products, that the categories of filtered Web content have

changed, and that all Plaintiffs complain about Web sites having been blocked by the Bess filter. It would make no sense for the Court to allow Plaintiffs to testify about their unsuccessful attempts to use the Internet on NCRL's computers before this lawsuit was filed (testimony to which NCRL apparently does not object), while excluding evidence about the filtering product that restricted Plaintiffs' ability to access the Web. NCRL is not prejudiced by Exhibit No. 70, since its witnesses will be free to testify regarding when and why the Bess filter was replaced, and about NCRL's current Internet filter and its configuration. The Court should overrule NCRL's objection to Plaintiffs' Exhibit No. 70.

### 6.    Plaintiffs' Trial Exhibits Nos. 61 and 71.

Plaintiffs have no objection to using Exhibit No. 71 and not Exhibit No. 61 at trial.

### 7.    Plaintiffs' Trial Exhibit No. 76.

Plaintiffs' Exhibit No. 76 summarizes voluminous Exhibit No. 66, the admissibility of which is not in question. Exhibit No. 76 is admissible under Fed. R. Evid. 1006, which contemplates that a chart (such as Exhibit No. 76) summarizing voluminous records that cannot conveniently be examined in court may be admitted into evidence, provided the underlying records are also made available for examination or copying. The Advisory Committee notes accompanying the rule explain that "[t]he admission of summaries of voluminous books, records, or documents offers the only practicable means of

making their contents available to judge and jury." As stated in Wright & Miller:

> Rule 1006 permits secondary evidence concerning the contents of voluminous writings, recordings, or photographs to be admitted in the form of a chart, summary, or calculation. This exception to Rule 1002 is based on the practical need to streamline the process of proof where evidence is contained in a large number of originals that cannot conveniently be examined in court. The practice was well established at common law.

31 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure Evidence § 8041 (2008); accord United States v. Catabran, 836 F.2d 453, 458 (1988) (chart summarizing inventory information from general ledger material was admissible as summary under Fed. R. Evid. 1006).

As for NCRL's request that it be allowed to "supplement" Plaintiffs' Exhibit No. 76, it would not be appropriate for the Court to order such supplementation. As an initial matter, Plaintiffs intend to revise Exhibit No. 76 prior to trial to include references to all the unblocking requests that NCRL has received – including requests received since Exhibit No. 76 was prepared and disclosed. More to the point, NCRL should not be permitted to tinker with Plaintiffs' exhibits. Should NCRL wish to develop and use at trial its own table accurately summarizing the information contained in Plaintiffs' Exhibit No. 66, it may certainly do so.

DATED this 7th day of April, 2008.

AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION

By: /s/ Duncan Manville
Duncan Manville, WSBA #30304
1629 2nd Avenue W.
Seattle, WA 98119
Tel. (206) 288-9330
Fax (206) 624-2190
duncan.manville@yahoo.com

Aaron H. Caplan, WSBA #22525
American Civil Liberties Union of Washington Foundation
705 Second Avenue, Third Floor
Seattle, WA 98103
Tel. (206) 624-2184
Fax (206) 624-2190
caplan@aclu-wa.org

Catherine Crump, pro hac vice
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 519-7806
ccrump@aclu.org

Counsel for Plaintiffs

# CERTIFICATE OF SERVICE

The undersigned certifies that on April 7, 2008, I filed the foregoing Plaintiffs' Response to Defendant's Amended Objections to Plaintiffs' Witness and Exhibit List with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the persons listed below:

Thomas D. Adams
Celeste M. Monroe
Karr Tuttle Campbell
1201 Third Ave., Suite 2900
Seattle, WA 98101
tadams@karrtuttle.com
cmonroe@karrtuttle.com

Aaron Caplan
American Civil Liberties Union of Washington Foundation
705 Second Avenue, Third Floor
Seattle, WA 98103
caplan@aclu-wa.org

Catherine Crump, pro had vice
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
ccrump@aclu.org

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Seattle, Washington this 7th day of April, 2008.

    /s/ Duncan Manville
Duncan Manville, WSBA #30304
1629 2nd Avenue W.
Seattle, WA 98119
Tel. (206) 288-9330
Fax (206) 624-2190
duncan.manville@yahoo.com

PLAINTIFFS' RESPONSE TO DEFENDANT'S
AMENDED OBJECTIONS TO PLAINTIFFS'
WITNESS AND EXHIBIT LIST – Page 9

#663928 v1 / 42703-001