The Honorable Edward F. Shea

Thomas D. Adams
Celeste Mountain Monroe
KARR TUTTLE CAMPBELL
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028
(206) 223-1313
Attorneys for North Central Regional Library District

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| SARAH BRADBURN, PEARL CHERRINGTON, CHARLES HEINLEN, and THE SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH CENTRAL REGIONAL LIBRARY DISTRICT,<br><br>Defendant. | NO. CV-06-327-EFS<br><br>DEFENDANT NCRL'S RESPONSE TO PLAINTIFFS' MOTIONS IN LIMINE |

Defendant North Central Regional Library ("NCRL") hereby responds to Plaintiffs Objections to Defendants' Motions in Limine.

DEFENDANT NCRL'S RESPONSE TO
PLAINTIFFS' MOTIONS IN LIMINE - 1
CV-06-327-EFS
#665540 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

### A. The Court should permit testimony of NCRL branch librarians and board members whose testimony became relevant and necessary following recent motion practice.

#### 1. The Branch Librarians

In its Witness and Exhibit List, NCRL identified the following witnesses, among others: Connie Kuhlman, Katy Sessions, and Sharon Reddick. Ms. Kuhlman is the Grant County Regional Manager and head of Moses Lake Branch. Ms. Sessions is the Chelan/Douglas County Regional Manager & Head of Wenatchee Branch. Ms. Reddick is the Okanogan/Ferry County Regional Manager & Head of Omak Branch. Each is expected to testify regarding her personal experience with NCRL's internet filter, including instances where individuals have circumvented the filter to obtain sexually explicit material.

In its initial disclosure in February 2007, NCRL identified the branch librarians generally and stated that it was "not known" whether they would have information necessary for the defense of the case. This was an accurate statement at the time, given the general and broad allegations in Plaintiffs' complaint which simply stated that NCRL's policy of refusing to disable its Internet filter at the request of an adult patron violated the United States and Washington State Constitutions. Accordingly, in its initial disclosure, NCRL focused on identifying those individuals who developed and implemented the

DEFENDANT NCRL'S RESPONSE TO
PLAINTIFFS' MOTIONS IN LIMINE - 2
CV-06-327-EFS
#665540 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

subject Internet Use policy, including Dean Marney, Dan Howard and Barbara Walters.

The first time that NCRL realized the testimony of the branch librarians was relevant came <u>after</u> reviewing Plaintiff's opposition to NCRL's motion for summary judgment. In response to NCRL's assertion that one of the justifications for its policy of filtered access was to protect its staff from exposure to inappropriate content, Plaintiffs' argued that (1) NCRL's discussion of staff concerns was unpersuasive; (2) there was no evidence that the confrontations between patrons and staff had caused staff unreasonable discomfort or consisted of anything more than "a polite exchange or words"; and (3) there is no evidence that unfiltered access would have an adverse impact on staff. (Ct. Rec. 53, pp. 14-15).

NCRL did not include declarations from staff members in support of its motion because NCRL does not believe it is necessary to prove the consequences of unfiltered internet access to justify its concern for protecting staff from possible consequences. Although NCRL believes Dan Howard, the manager who supervises branch librarians can testify about staff experiences, Plaintiffs contend otherwise. Thus, the branch librarians should be allowed to testify to rebut Plaintiffs' position. Plaintiffs' may not have it both ways. If this

DEFENDANT NCRL'S RESPONSE TO
PLAINTIFFS' MOTIONS IN LIMINE - 3
CV-06-327-EFS
#665540 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

case is tried, NCRL should be permitted to introduce witnesses beyond Dean Marney or Dan Howard, to refute Plaintiffs' argument that unfiltered access does not adversely impact staff.

Moreover, it has only recently become clear that Plaintiffs intend to support their argument on this point with the testimony June-Pinnell Stevens, Kenton Oliver, library professionals who claim that their districts have had relatively few problems with unfiltered adult Internet access. (Ct. Rec. 41, pg. 21-23). As set forth in NCRL's Motion in Limine to exclude these witnesses, Ms. Pinnell-Stevens and Mr. Oliver are personally opposed to Internet filtering, have no personal knowledge of what will or will not work at NCRL branch libraries, and are offered solely to advance the official positions of the American Library Association and the American Civil Liberties Union. (Ct. Rec. 76, pp. 1-6). The only individuals beyond Mr. Marney and Mr. Howard who are competent to testify regarding the impact of NCRL's Internet Policy on NCRL staff, is the staff itself. Thus, if Mr. Oliver and Ms. Pinnell-Stevens testify, the testimony of NCRL's branch librarians must be allowed to rebut the testimony.

For all of the aforementioned reasons, NCRL's disclosure of Ms. Kuhlman, Ms. Sessions, and Ms. Reddick is substantially justified and all three

DEFENDANT NCRL'S RESPONSE TO
PLAINTIFFS' MOTIONS IN LIMINE - 4
CV-06-327-EFS
#665540 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

should be permitted to testify. Should Plaintiffs wish to depose them before trial, NCRL will make them available.

2. NCRL Trustee Deborah Moore

NCRL has identified Deborah Moore as a trial witness. Ms. Moore is an NCRL Trustee from Grant County. NCRL acknowledged the Board generally in its initial disclosures, but Ms. Moore was not specifically named. In light of the vague allegations in Plaintiffs' complaint, it was not clear at that time whether the individual Board members would have information necessary for the defense of the case.

The relevancy of Ms. Moore's testimony became apparent when NCRL received Plaintiffs' motion for summary judgment. In their supporting papers, Plaintiffs' painted Mr. Marney as a censor, wielding unfettered discretion with respect to NCRL's Internet Usage Policy. (Ct. Rec. 41, p. 8-10; Ct. Rec. 55, p. 11-13; Ct. Rec 58, p. 6; ). Ms. Moore's testimony would refute such arguments and clarify that serves as a liaison between the Board and library staff, and that Mr. Marney answers to the Board and implements the policies that the Board adopts. (Ct. Rec. 29, p. 2-3).

DEFENDANT NCRL'S RESPONSE TO
PLAINTIFFS' MOTIONS IN LIMINE - 5
CV-06-327-EFS
#665540 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

For these reasons, NCRL's disclosure of Ms. Moore is substantially justified. NCRL will make Ms. Moore available for deposition should Plaintiffs wish to take it.

**B. Mr. Howard and Mr. Marney may testify regarding the justifications for NCRL's policy of filtering Internet access, to include their personal knowledge of staff concerns with unfiltered access.**

In its Witness and Exhibit List, NCRL described the expected testimony Dan Howard as follows:

> Dan Howard is the Public Services Director for NCRL. Mr. Howard administers NCRL's 28 branch libraries and its mail order library. He also coordinates collection development activities and administer grants. With respect to the individual branches, Mr. Howard's responsibilities include, among other things, management of personnel. This includes supervision of all NCRL branch librarians.
>
> Mr. Howard will testify regarding NCRL's policies, to include: its mission statement, collection development policy and internet usage policy. He will discuss the relationship between the filter and collection development. He will testify regarding his district's need to comply with the Children's Internet Protection Act ("CIPA"). Mr. Howard will also discuss NCRL's current internet filtering profile and the procedure for requesting that certain internet content be unblocked. Mr. Howard will discuss the unblocking requests that NCRL has received from patrons and the process that he and Mr. Marney use in evaluating the requests.

DEFENDANT NCRL'S RESPONSE TO
PLAINTIFFS' MOTIONS IN LIMINE - 6
CV-06-327-EFS
#665540 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

> Mr. Howard will also discuss his experience with certain privacy measures suggested by Plaintiffs, including: (1) privacy screens; (2) recessed desks and (3) a "tap and tell" policy. Mr. Howard discuss his concerns with unfiltered access and the impact on branch staff.

As discussed previously, Mr. Howard supervises all NCRL branch librarians and addresses their concerns as part of his job responsibilities. These concerns include issues librarians have had with the inappropriate use of public use computers by adult patrons. In support of its motion for summary judgment, NCRL offered the declaration of Mr. Howard, which contained discussions of some of these generalized staff concerns. (Ct. Rec. 29. pp. 23-27). These discussions are not offered to prove the truth of the matter asserted, (i.e. Ms. Lucile Ames, NCRL's Okanogan branch librarian actually reported seeing inappropriate pornographic materials on public use computers). Rather, the discussions are offered as evidence of Mr. Howard's personal knowledge of staff anxiety and concerns.

Contrary to Plaintiffs' argument, NCRL does not seek to introduce the discussions as "evidence that patrons often view pornography on its library terminals, and that this occurs with such frequency or severity as to justify measures alleged to violate the First Amendment." (Ct. Rec 78, p. 78). First,

DEFENDANT NCRL'S RESPONSE TO
PLAINTIFFS' MOTIONS IN LIMINE - 7
CV-06-327-EFS
#665540 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

there is no constitutional requirement that NCRL show that the incidents are frequent or severe to permit filtering. Second, Plaintiffs' categorization of the discussions in Mr. Howard's declaration as "anecdote and supposition" is self-serving and inaccurate. The discussions proffered by Mr. Howard's declaration are admissible both in support of NCRL's motion for summary judgment and at trial.

Similarly, Mr. Howard and Mr. Marney may testify regarding their personal concerns with unfiltered access and their perceived impact of unfiltered access on branch staff. As administrators of the library, Mr. Howard and Mr. Marney are free to discuss their justifications for their policy, to include the need to protect staff from the inadvertent viewing of illicit or illegal sexual material. This may include their personal knowledge of staff concerns with unfiltered access. Plaintiffs may make hearsay objections during the course of trial. However, an order granting Plaintiffs motion relating to hypothetical hearsay statements, beyond those contained in Mr. Howard's declaration, would be premature.

DEFENDANT NCRL'S RESPONSE TO
PLAINTIFFS' MOTIONS IN LIMINE - 8
CV-06-327-EFS
#665540 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

**C. Mr. Marney may testify regarding the justifications for NCRL's policy of filtering Internet access, to include his personal knowledge of widespread concerns with patrons using public library Internet terminals to view pornography.**

NCRL seeks to introduce several newspaper articles discussing the availability of pornography at public libraries across the county. Contrary to Plaintiffs' claims, these articles are not offered to prove the truth of the matter asserted (i.e. on January 22, 2008, a Dallas, Texas reporter observed numerous instances in which library patrons obtained pornography at public use computer terminals.) Rather, NCRL seeks to introduce the articles as perspectives on issues associated with internet use in public libraries and their effect on NCRL's policy choices.

Mr. Marney has collected hundreds of newspaper articles discussing a number of topics relating to Internet filtering, only a fraction of which have been identified as trial exhibits. Mr. Marney's personal knowledge of public discourse on the issue of pornography in public libraries is based, in small part, on the particular articles that NCRL seeks to introduce. The articles support for Mr. Marney's belief that absent filtering, more people would use library computers to obtain pornography and other illicit sexual material.

DEFENDANT NCRL'S RESPONSE TO
PLAINTIFFS' MOTIONS IN LIMINE - 9
CV-06-327-EFS
#665540 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

DATED this 14th day of April, 2008

KARR TUTTLE CAMPBELL

By: /s/ Celeste Mountain Monroe
Celeste Mountain Monroe, WSBA #35843
E-mail – cmonroe@karrtuttle.com
Thomas D. Adams, WSBA #18470
E-mail – tadams@karrtuttle.com
Attorneys for Defendant North Central
Regional Library District
KARR TUTTLE CAMPBELL
1201 Third Ave., Ste. 2900
Seattle, WA 98101
Telephone: 206.233.1313
Facsimile: 206.682.7100

DEFENDANT NCRL'S RESPONSE TO
PLAINTIFFS' MOTIONS IN LIMINE - 10
CV-06-327-EFS
#665540 v1 / 42703-001

Law Offices
KARR TUTTLE CAMPBELL
A Professional Service Corporation
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Duncan Manville
1629 2nd Ave. W
Seattle, WA 98119

Aaron Caplan
ACLU of Washington
705 Second Ave., Ste. 300
Seattle, WA 98103

Catherine Crump
American Civil Liberties Union Foundation
125 Broad Street, 17th Floor
New York, NY 10004

KARR TUTTLE CAMPBELL

By: /s/ Heather L. White
Heather L. White
hwhite@karrtuttle.com

DEFENDANT NCRL'S RESPONSE TO
PLAINTIFFS' MOTIONS IN LIMINE - 11
CV-06-327-EFS
#665540 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100