THE HONORABLE EDWARD F. SHEA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SARAH BRADBURN, PEARL CHERRINGTON, CHARLES HEINLEN, and the SECOND AMENDMENT FOUNDATION,

Plaintiffs,

v.

NORTH CENTRAL REGIONAL LIBRARY DISTRICT,

Defendant

No. CV-06-327-EFS

**REPLY IN SUPPORT OF PLAINTIFFS' MOTIONS IN LIMINE**

## I. NCRL CANNOT INTRODUCE PREVIOUSLY UNDISCLOSED WITNESSES

NCRL does not dispute that it did not timely identify Connie Kuhlman, Sharon Reddick, Katy Sessions or Deborah Moore as witnesses who were "likely

REPLY IN SUPPORT OF
PLAINTIFFS' MOTIONS IN LIMINE -- 1

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

to have discoverable information that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a). It also does not dispute that Plaintiffs relied on NCRL's representations in formulating their discovery plan, and that allowing these new witnesses to testify at trial would impose significant burdens on Plaintiffs. See Green v. Baca, 226 F.R.D. 624, 655 (C.D.Cal. 2005) (failure to timely disclose witnesses was not harmless because it undermines the ability to conduct discovery related to those witnesses). The sanction envisioned by Rule 37(c)(1) is to exclude the witnesses; it is NCRL's burden to prove why the Court should not. Id. NCRL offers no reason to deviate from the rule.

  Branch Librarians. NCRL's justification for not disclosing these witnesses boils down to the fact that NCRL didn't think of it until after reading Plaintiffs' summary judgment briefs. (The assertion is hard to credit, since NCRL itself attempted to introduce hearsay statements from these witnesses as part of its opening summary judgment brief, which was written and filed before NCRL ever saw any of Plaintiffs' briefs.) NCRL now states that it did not anticipate any need to prove what events occurred at branch libraries, or in the alternative that it should be allowed to prove those events through the hearsay testimony of Dan Howard. Opposition Brief (Docket #88) at 3. NCRL also implies that Plaintiffs somehow engaged in unfair surprise by noting on summary judgment that NCRL failed to

REPLY IN SUPPORT OF
PLAINTIFFS' MOTIONS IN LIMINE -- 2

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION**
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

introduce sufficient evidence under Rule 56(e) and objecting to its reliance on inadmissible hearsay.

None of this amounts to an excuse for untimely designation of trial witnesses. The justifications (if any) for NCRL's filtering have been an issue in the case since its inception. NCRL was fully capable of determining which witnesses were relevant to its own justifications. Moreover, Plaintiffs did not inject a new issue into the case simply by making easily predictable legal arguments on summary judgment. Nor are Plaintiffs trying to "have it both ways." Id. at 3. Plaintiffs simply want NCRL to follow the rules, because violating them causes prejudice. There is nothing persuasive in NCRL's assertion that if it is not allowed to violate Rule 37(c), it should at least be allowed to violate FRE 802 instead.

NCRL also argues that the branch librarians should be permitted to testify to rebut Plaintiffs' witnesses June Pinnell Stevens, Kenton Oliver, and Sally Beasley. Id. at 3. But Plaintiffs timely disclosed these witnesses under Rule 26(a) and (e), and NCRL deposed them. Nothing prevented NCRL from identifying their allegedly responsive witnesses before the discovery cutoff.

Board Member. NCRL wishes to introduce a library board member to testify, in effect, that Library Director Dean Marney was just following orders. Opposition Brief at 5. If NCRL truly believed testimony of this sort was relevant,

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

nothing prevented it from timely identifying this witness before the close of discovery.

NCRL claims that it did not perceive a need for such testimony until Plaintiffs' summary judgment briefing allegedly "painted Mr. Marney as a censor." Id. Actually, Plaintiffs have always directed this case against the library's unconstitutional policy itself, and not at the agents responsible for implementing that policy. In any event, NCRL always knew that the actions of its senior staff would be at issue, so it should have disclosed long ago any board members whose testimony NCRL thought it "may use," Rule 26(a), to explain those actions.

## II. ALLEGED EXPERIENCES OF BRANCH LIBRARIANS MAY NOT BE PROVEN THROUGH HEARSAY

NCRL argues that when its witnesses testify that branch librarians told them they had seen internet pornography on library terminals, it is offered not to prove that the pornography was there, but merely to prove that the witnesses had personal knowledge that the branch librarians were anxious. Id. at 7. Given the nature of the dispute and the relevant legal standards, it is simply an evidentiary dodge to claim that statements along the lines of "a branch librarian saw a patron looking at pornography" are not introduced to prove the matter asserted. Knowledge of librarians' anxiety is simply not relevant without evaluating the truth of the events that allegedly caused the anxiety.
REPLY IN SUPPORT OF
PLAINTIFFS' MOTIONS IN LIMINE -- 4
AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

This motion in limine is not premature, since Plaintiffs identified the statements that are alleged to be inadmissible hearsay, and NCRL clearly intends to introduce them at trial.

### III. HEARSAY FROM NEWSPAPER ARTICLES ABOUT EVENTS ALLEGEDLY OCCURRING IN OTHER LIBRARIES SHOULD BE EXCLUDED

NCRL asserts that it will introduce newspaper articles describing events in other libraries not to prove that those events occurred, but to provide "perspectives on issues associated with internet use in public libraries and their effect on NCRL's policy choices." Id. at 9. The only "perspectives" offered in these articles is that certain facts asserted therein are true. NCRL's policy choices would only have been affected by the newspaper articles if the facts asserted therein were true. Introduction of these articles as evidence would be textbook hearsay. Green, 226 F.R.D. at 637-39.

NCRL's brief revealed a previously unknown fact: that Mr. Marney has "hundreds" of newspaper clippings on the subject of internet filters, but NCRL sought to introduce only the ones cherry-picked for maximum impact. Id. If Mr. Marney was an expert witness (which he is not), this selective withholding of source material would violate FRE 705. This fact simply underscores the impropriety of allowing Mr. Marney to testify about alleged events in other libraries based on hearsay accounts in newspapers.

REPLY IN SUPPORT OF
PLAINTIFFS' MOTIONS IN LIMINE -- 5

DATED this 18th day of April, 2008.

                          AMERICAN CIVIL LIBERTIES UNION
                          OF WASHINGTON FOUNDATION

By:   /s/ Aaron H. Caplan
Aaron H. Caplan, WSBA #22525
American Civil Liberties Union of Washington Foundation
705 Second Avenue, Third Floor
Seattle, WA 98103
Tel. (206) 624-2184
Fax (206) 624-2190
caplan@aclu-wa.org

Duncan Manville, WSBA #30304
1629 2nd Avenue W.
Seattle, WA 98119
Tel. (206) 288-9330
Fax (206) 624-2190
duncan.manville@yahoo.com

Catherine Crump, pro hac vice
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 519-7806
ccrump@aclu.org

Counsel for Plaintiffs

REPLY IN SUPPORT OF
PLAINTIFFS' MOTIONS IN LIMINE -- 6

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

# CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2008, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the persons listed below:

>Thomas D. Adams
>Celeste Mountain Monroe
>KARR TUTTLE CAMPBELL
>1201 Third Avenue, Suite 2900
>Seattle, WA 98101
>
>Attorneys for Defendant

DATED this 18th day of April, 2008.

>AMERICAN CIVIL LIBERTIES UNION
>OF WASHINGTON FOUNDATION
>
>By: /s/ Aaron H. Caplan
>Aaron H. Caplan, WSBA #22525
>American Civil Liberties Union of Washington Foundation
>705 Second Avenue, Third Floor
>Seattle, WA 98103
>Tel. (206) 624-2184
>Fax (206) 624-2190
>caplan@aclu-wa.org

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTIONS IN LIMINE

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184