UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH BRADBURN, PEARL CHERRINGTON, CHARLES HEINLEN, and the SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH CENTRAL REGIONAL LIBRARY DISTRICT,<br><br>Defendant | No. CV-06-327-EFS<br><br>**PLAINTIFFS' PROPOSED CERTIFIED QUESTION AND BRIEF IN SUPPORT OF THEIR PROPOSED CERTIFIED QUESTION** |

**INTRODUCTION**

On April 23, 2008, this Court entered an Order granting in part Defendant's Motion to Certify Questions of State Constitutional Law ("Motion to Certify").

PLAINTIFFS' PROPOSED CERTIFIED QUESTION
AND BRIEF IN SUPPORT OF THEIR PROPOSED
CERTIFIED QUESTION -- 1

Doc. No. 91.  The Court directed the parties to work together to propose a joint stipulated question to be certified to the Washington State Supreme Court.  The Court also ordered that, if the parties were unable to agree on a question, they should propose independent questions for the Court's review.

The parties were unable to reach an agreement.  Plaintiffs submit this brief in support of their proposed question.

**FACTUAL BACKGROUND**

The Defendant in this case, the North Central Regional Library District ("NCRL"), is a publicly-funded library system.  NCRL provides Internet terminals in each of its 28 branch locations.  Rather than allow patrons to decide what materials to view, NCRL has chosen to deploy an Internet filter to block access to content that it considers inappropriate.  NCRL refuses to disable its filter at the request of adult library patrons.

The filter that NCRL uses categorizes Internet content by subject matter, and then allows NCRL's staff to select certain categories to preclude patrons from viewing.  NCRL has chosen to block access to categories titled Adult Materials, Gambling, Hacking, Malware, Nudity and Risque, Phishing, Pornography, Proxy

PLAINTIFFS' PROPOSED CERTIFIED QUESTION
AND BRIEF IN SUPPORT OF THEIR PROPOSED
CERTIFIED QUESTION -- 2

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington  98104-1799
(206) 624-2184

Avoidance, Spyware, Web Chat, Instant Messaging, Image Search, Video Search, and Spam URL. As defined by the company providing the filtering system, all of these terms are broad enough to include a substantial amount of constitutionally protected speech. In addition to preventing NCRL's patrons from reading materials properly placed into these broad categories, NCRL's filter wrongly identifies a vast range of other Web sites as belonging to these categories, thus blocking access to much content that NCRL itself does not intend to block. The result of NCRL's filtering policy is to prohibit its adult patrons from accessing many thousands of constitutionally protected Web sites.

Three of the Plaintiffs in this case are patrons of NCRL who use the library's Internet access terminals. NCRL's filtering policy has prevented them from conducting research for class assignments, locating legitimate businesses and organizations, and simply engaging in study or leisure reading of constitutionally protected materials. The fourth Plaintiff in this case operates a Web site. Because NCRL's filter blocked this site, NCRL prevented the Plaintiff publisher from communicating with its audience in NCRL's service area.

PLAINTIFFS' PROPOSED CERTIFIED QUESTION
AND BRIEF IN SUPPORT OF THEIR PROPOSED
CERTIFIED QUESTION -- 3

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION**
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

The relief Plaintiffs seek is for NCRL to disable its Internet filter upon the request of individual adult library patrons. The library may continue to use filtering software on its computer terminals, establish filtered access as the default rule, and limit underage users to filtered access. However, when an adult requests unfiltered access to the Internet, such access must be allowed.

Plaintiffs allege that NCRL's policy violates both the First Amendment of the United States Constitution and Article I, Section 5 of the Washington State Constitution. Defendant moved this Court to certify the state constitutional issues to the Washington State Supreme Court. This Court granted that motion, and must now decide how to formulate the certified question.

**PROPOSED CERTIFIED QUESTION**

Plaintiffs ask the Court to adopt the following certified question:

> Whether a public library violates Article I, Section 5 of the
> Washington State Constitution by refusing to disable, upon the request
> of adult library patrons, an Internet filter that blocks constitutionally
> protected speech.

Plaintiffs' proposed question accurately and impartially describes the central issues in this case. The question is stated in fairly broad terms because the Court, in

PLAINTIFFS' PROPOSED CERTIFIED QUESTION
AND BRIEF IN SUPPORT OF THEIR PROPOSED
CERTIFIED QUESTION -- 4

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

comments made during argument on NCRL's Motion to Certify, indicated that it wished to submit a broad question to the Washington State Supreme Court; and also because submission of a broad question will best further the resolution of this case. Plaintiffs have presented this Court, and are likely to present the Washington State Supreme Court, with several alternative theories to support their contention that NCRL's policy violates Article I, Section 5 of the Washington State Constitution. Specifically, and as explained in greater detail in Plaintiffs' summary judgment briefs, Plaintiffs argue that NCRL's policy (1) is impermissibly overbroad, (2) is a content-based speech regulation that fails any form of heightened scrutiny, and (3) rises to the level of an unconstitutional prior restraint. Any certified question should allow Plaintiffs enough latitude to present all three of these theories to the Washington State Supreme Court, thereby increasing the likelihood of the State Supreme Court definitively resolving all the state law issues in this case.

It is also important that the question certified to the State Supreme Court makes clear the narrowness of the constitutional claim at issue here. This case is

PLAINTIFFS' PROPOSED CERTIFIED QUESTION
AND BRIEF IN SUPPORT OF THEIR PROPOSED
CERTIFIED QUESTION -- 5

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

about the right of <u>adults</u> to <u>opt out</u> of Internet filtering. It is not about the right of minors to have unfiltered access to the Internet. None of the Plaintiffs are minors, and Plaintiffs do not seek relief that encompasses unfiltered Internet access for minors. Furthermore, this case is not about the right of adults to have unfiltered access as their default option. The only relief that Plaintiffs seek is that NCRL disable its Internet filters at the specific request of adults. Plaintiffs' proposed certified question makes this clear.

Finally, it is essential that the certified question reflect the fact that NCRL blocks access to constitutionally protected content. Plaintiffs are challenging NCRL's decision to deny its adult patrons access to entire categories of constitutionally protected content, such as information about gambling and all Web sites that feature nudity, regardless of artistic merit. Plaintiffs also challenge NCRL's decision to control content through inherently flawed software that inadvertently blocks access to large numbers of Web sites that are objectionable to no one. NCRL does not dispute that its Internet filter blocks access to constitutionally protected speech, and the fact that such speech is blocked is

PLAINTIFFS' PROPOSED CERTIFIED QUESTION
AND BRIEF IN SUPPORT OF THEIR PROPOSED
CERTIFIED QUESTION -- 6

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

integral to Plaintiffs' claims. The certified question should include this important and undisputed fact.

**OBJECTIONS TO DEFENDANT'S POSSIBLE CERTIFIED QUESTION**

NCRL's proposed certified question is as follows:

> Whether a public library, consistent with Article 1, §5 of the Washington State Constitution, may filter internet access for all patrons to comply with funding requirements of the Children's Internet Protection Act, advance the library's collection development and other objectives, and provide a quality educational resource.

This question is objectionable for several reasons. First, it is excessively broad and vague, and fails to identify the central issue in this case. And second, it contains a misstatement of law and two contested facts that unfairly slant the question in NCRL's favor. The Court should not adopt it.

As noted above, the fundamental issue in this case is whether a public library that filters constitutionally protected Internet content must disable its filter at the request of adults. NCRL's proposed question does not acknowledge that NCRL's filter blocks constitutionally protected speech, it does not mention disabling of Internet filters, and it does not specify that the relief being sought by

PLAINTIFFS' PROPOSED CERTIFIED QUESTION
AND BRIEF IN SUPPORT OF THEIR PROPOSED
CERTIFIED QUESTION -- 7

Plaintiffs would apply only to adults. The question is not descriptive of the issues presented, and has little to no utility as a summary of what this case is about.

NCRL's proposed question is also inaccurate and replete with disputed facts. For example, the proposed question implies that it is necessary for NCRL to filter adults' access to the Internet to comply with the Children's Internet Protection Act. As Plaintiffs previously explained in their summary judgment briefs, this is not the case. Although a federal statute requires NCRL to use some sort of filter as a condition of federal funding, the statute allows and encourages libraries to disable the filter "for bona fide research or other lawful purposes." 20 U.S.C. § 9134(f)(3); 47 U.S.C. § 254(h)(5)(D). Indeed, it is the ability to disable the filter that makes the statute constitutional. See United States v. American Library Ass'n, 539 U.S. 194 (2003) ("ALA"). No statute or regulation requires NCRL to implement an overbroad content-based filtering system without a disabling feature for adults. To the contrary, such a system violates the free speech clauses of the United States Constitution. See Mainstream Loudoun v. Board of Trustees of the Loudoun County Public Library, 24 F.Supp.2d 552 (E.D. Va. 1998); and the Washington

PLAINTIFFS' PROPOSED CERTIFIED QUESTION
AND BRIEF IN SUPPORT OF THEIR PROPOSED
CERTIFIED QUESTION -- 8

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

State Constitution, see Soundgarden v. Eikenberry, 123 Wn.2d 750 (1994).

Plaintiffs also dispute NCRL's factual contentions that filtering advances the library's collection development objections and is necessary to provide a quality educational resource. Because the purpose of a filter is to censor certain information and make it unavailable for patrons' consideration, library filtering is antithetical to a primary role of libraries, which is to provide access to constitutionally protected information. In any event, the disputed legal and factual assertions contained in NCRL's proposed certified question are not central to the issues presented in this case, and they have no place in a certified question.

Plaintiffs' certified question accurately and succinctly captures the central issues in this case. It reflects, in a fair and unbiased fashion, the relief that Plaintiffs seek (disabling of NCRL's Internet filter at the request of adult patrons only), as well as the justification for such relief (the uncontested fact that NCRL's filter blocks access to constitutionally protected material). NCRL's proposed question, by contrast, is overly broad, inaccurate, and slanted in NCRL's favor.

PLAINTIFFS' PROPOSED CERTIFIED QUESTION
AND BRIEF IN SUPPORT OF THEIR PROPOSED
CERTIFIED QUESTION -- 9

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION**
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

Plaintiffs ask this Court to adopt their proposed question to certify to the Washington State Supreme Court.

DATED this 23rd day of May, 2008.

    AMERICAN CIVIL LIBERTIES UNION
    OF WASHINGTON FOUNDATION

By: /s/ Catherine Crump
Catherine Crump, pro hac vice
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 519-7806
ccrump@aclu.org

/s/ Aaron H. Caplan, WSBA #22525
American Civil Liberties Union of Washington Foundation
705 Second Avenue, Third Floor
Seattle, WA 98103
Tel. (206) 624-2184
Fax (206) 624-2190
caplan@aclu-wa.org

Duncan Manville, WSBA #30304
1629 2nd Avenue W.
Seattle, WA 98119
Tel. (206) 288-9330
Fax (206) 624-2190
duncan.manville@yahoo.com

Counsel for Plaintiffs

PLAINTIFFS' PROPOSED CERTIFIED QUESTION
AND BRIEF IN SUPPORT OF THEIR PROPOSED
CERTIFIED QUESTION -- 10

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2008, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the persons listed below:

> Thomas D. Adams
> Celeste Mountain Monroe
> KARR TUTTLE CAMPBELL
> 1201 Third Avenue, Suite 2900
> Seattle, WA 98101
>
> Attorneys for Defendant

DATED this 23rd day of May, 2008.

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION

By: /s/ Catherine Crump

Catherine Crump, pro hac vice
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. (212) 519-7806
ccrump@aclu.org

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTIONS IN LIMINE

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184