The Honorable Edward F. Shea

Thomas D. Adams
Celeste Mountain Monroe
KARR TUTTLE CAMPBELL
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028
(206) 223-1313
Attorneys for North Central Regional Library District

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

SARAH BRADBURN, PEARL CHERRINGTON, CHARLES HEINLEN, and THE SECOND AMENDMENT FOUNDATION,

Plaintiffs,

v.

NORTH CENTRAL REGIONAL LIBRARY DISTRICT,

Defendant.

NO. CV-06-327-EFS

DEFENDANT NORTH CENTRAL REGIONAL LIBRARY DISTRICT'S MEMORANDUM IN SUPPORT OF PROPOSED CERTIFIED QUESTION

**A. NCRL's proposed certified question matches the parameters of the case.**

Pursuant to the Court's April 23, 2008 order (Ct. Rec. 91), Defendant North Central Regional Library District ("NCRL") and Plaintiffs conferred in an

DEFENDANT NORTH CENTRAL'S MEMORANDUM IN SUPPORT OF PROPOSED CERTIFIED QUESTION- 1
CV-06-327-EFS
#671390 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

effort to craft a question to jointly propose for certification to the Washington Supreme Court. The parties' efforts were unsuccessful.

NCRL independently proposes this question for certification:

> Whether a public library, consistent with Article 1, §5 of the Washington State Constitution, may filter internet access for all patrons to comply with funding requirements of the Children's Internet Protection Act, advance the library's collection development and other objectives, and provide a quality educational resource.

NCRL's certified question frames the legal issue in the context giving rise to it. It is particularly important to avoid abstraction in a case that presents an "as applied" constitutional challenge. NCRL accomplishes this by juxtaposing the constitutional standard against the key factors influencing its application. The elements of NCRL's proposed question are addressed further below.

- *Whether a public library, consistent with Article 1, §5 of the Washington State Constitution, may filter internet access for all patrons ...*

The Washington State Constitution is structurally different than the United States Constitution. The federal constitution is a grant of enumerated powers while the state constitution acts as a limitation on the otherwise plenary powers of state government. See *Ino Ino Inc. v. City of Bellevue*, 132 Wn.2d

DEFENDANT NORTH CENTRAL'S
MEMORANDUM IN SUPPORT OF
PROPOSED CERTIFIED QUESTION- 2
CV-06-327-EFS
#671390 v1 / 42703-001

103, 121, 937 P.2d 154 (1997); *State v. Reece*, 110 Wn.2d 766, 780, 757 P.2d 947 (1988). Accordingly, the certified question should be framed in terms of the action a public library "may" take in exercising its broad authority and discretion.

In addition, "may" speaks to the idea that a library may choose not to filter, or filter more or less rigorously, just as NCRL chooses to filter according to criteria that apply to all patrons at all times. NCRL acknowledges that libraries may differ in their balancing of community expectations, the need for federal funding, the vitality of their collection development policies, and other considerations.

NCRL also believes the certified question should state that filtering applies to "all patrons," which is an undisputed fact. Plaintiffs focus only on the adult patrons of NCRL and characterize NCRL's filtering policy as one that ensures adults have access only to online resources deemed fit for children.[1] This is unfair and inaccurate. NCRL's patrons obviously have varying interests, tastes, and sensibilities. For the sake of consistency and quality, NCRL manages traditional and online resources provided to patrons according to

---

[1] See, e.g., Ct. Rec. 40, pgs. 10-11.

DEFENDANT NORTH CENTRAL'S
MEMORANDUM IN SUPPORT OF
PROPOSED CERTIFIED QUESTION- 3
CV-06-327-EFS
#671390 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

uniform criteria. This does not mean all resources must be appropriate for all patrons before being included in NCRL's collection. NCRL's Collection Development policy explicitly cautions that "not all materials will be suitable for all members of the community" and that "parents have the primary responsibility to guide and direct" what their children read and view.[2] Thus, although Plaintiffs dwell on the effect of NCRL's filtering policy on adults, adults are treated no differently than any other patron subset. NCRL's policy applies equally "to all patrons" and the certified question should make that clear.

• *Whether a public library, consistent with Article 1, §5 of the Washington State Constitution, may filter internet access for all patrons **to comply with funding requirements of the Children's Internet Protection Act, advance the library's collection development and other objectives**, ...*

NCRL filters internet access because of its desire to comply with the funding requirements of the Children's Internet Protection Act ("CIPA"), to further its collection development goals, and to otherwise provide a safe, non-hostile environment for patrons and library staff. Plaintiffs disagree with NCRL's interpretation of CIPA and reject collection development and the other reasons as proper grounds for filtering internet access by adult patrons. But

---

[2] Ct. Rec. 71, pgs. 10-11.

DEFENDANT NORTH CENTRAL'S
MEMORANDUM IN SUPPORT OF
PROPOSED CERTIFIED QUESTION- 4
CV-06-327-EFS
#671390 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Plaintiffs' disagreement does not change the fact that these reasons constitute NCRL's rationale for filtering and the rationale is supported by *United States v. American Library Ass'n.*, 539 U.S. 194 (2003) ("*ALA*") and state law. If these factors are not articulated in the certified question, the legal issue is not framed in a meaningful context. In an "as applied" constitutional challenge, context is critical. The certified question should focus the Washington Supreme Court's inquiry on the factors that shape and inform the issue.

No rule or convention requires a certified question to be drafted in a particular form. However it is worth noting that recent examples are context-driven[3], see, e.g., *Parents Involved in Comm. Schools v. Seattle Sch. Dist. No. 1*, 149 Wn.2d 660, 665, 72 P.3d 151 (2003), or are highly-structured, *United States v. Hoffman*, 154 Wn.2d 730, 735-36, 116 P.3d 999 (2005).

---

[3] For example: "By using a racial tiebreaker to determine high school assignments, does Seattle School District Number 1 ' discriminate against, or grant preferential treatment to, any individual or group on the basis of race, ... color, ethnicity, or national origin in the operation of ... public education' in violation of Initiative 200 (I-200), codified at Washington Revised Code § 49.60.400." *Parents Involved in Comm. Schools*, 149 Wn.2d at 665.

DEFENDANT NORTH CENTRAL'S
MEMORANDUM IN SUPPORT OF
PROPOSED CERTIFIED QUESTION- 5
CV-06-327-EFS
#671390 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

• *Whether a public library, consistent with Article 1, §5 of the Washington State Constitution, may filter internet access for all patrons to comply with funding requirements of the Children's Internet Protection Act, advance the library's collection development and other objectives,* **and provide a quality educational resource.**

NCRL's proposed question recognizes the nexus between public education and public libraries in the State of Washington. RCW 27.12.020 codifies "the policy of state, as a part of its provision for public education, to promote the establishment and development of public library service throughout its various subdivisions." Consistent with State policy (and its own mission "to promote reading and lifelong learning"[4]), NCRL provides substantial support to public education. It is undisputed that NCRL branches serve as the functional "school library" in 14 of the 26 school districts operating within NCRL's territorial reach.[5] NCRL's proposed question properly links Washington's legislatively-expressed policy favoring public education with the constitutionality of action taken by NCRL in furtherance of it.

The reference to public education in NCRL's proposed question is important for another reason. In *Parents Involved in Comm. Schools v. Seattle*

---

[4] Ct. Rec. 71, pg. 7, lns. 10-11.

DEFENDANT NORTH CENTRAL'S
MEMORANDUM IN SUPPORT OF
PROPOSED CERTIFIED QUESTION- 6
CV-06-327-EFS
#671390 v1 / 42703-001

*Sch. Dist. No. 1*, 149 Wn.2d 660, 672, 72 P.3d 151 (2003), a case certified by the U.S. Court of Appeals for the Ninth Circuit, the Washington Supreme Court reaffirmed that Art. 9, §1 of the State's Constitution "sets education as the State's highest priority."

Art. 9, §1 states:

> It is the paramount duty of the state to make ample provision for the education of all children residing within its borders, without distinction or preference on account of race, color, caste, or sex.

The Supreme Court in this case ultimately may wish to consider how Plaintiffs' claimed right of unfiltered internet access under Art. 1, §5 implicates the "paramount duty" of public libraries, as State instrumentalities, to help provide Washington's children with quality educational opportunities under Art. 9, §1. NCRL's proposed question accommodates this analysis.

**B. Plaintiffs' proposed Certified Question is inadequate.**

Plaintiffs are expected to propose this certified question:

> Whether a public library violates Article I, Section 5 of the Washington State Constitution by refusing to disable, upon the request of adult library patrons, an Internet filter that blocks constitutionally protected speech.

---

[5] Ct. Rec., pg. 7, lns. 12-18.

DEFENDANT NORTH CENTRAL'S
MEMORANDUM IN SUPPORT OF
PROPOSED CERTIFIED QUESTION- 7
CV-06-327-EFS
#671390 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

This proposed question suffers from a number of deficiencies:

First, it misstates NCRL's duty. Filter disabling is not mandatory. Although *ALA* is a First Amendment case, its discussion of CIPA, internet filtering, and the traditional role of public libraries is instructive. In *ALA*, the Court observed that a filter may be disabled or it may be overridden as to particular web sites. *ALA, supra*, 539 U.S. at 215 (Kennedy, J. concurring). It is undisputed that NCRL has the capability to unblock or override the filter in appropriate circumstances. The certified question should not imply that disabling is a public library's only recourse.

Second, Plaintiffs' proposed question omits the reasons and imperatives that cause NCRL to filter in the first place. Plaintiffs raise "as applied" challenges to NCRL's filtering policy which cannot be resolved in a vacuum. NCRL's rationale and goals for filtering, not addressed by Plaintiffs' proposed question, provides important context.

Third, Plaintiffs' proposed question focuses on "adult patrons." As discussed previously, NCRL objectively applies its policies to all patrons. Plaintiffs' question implies that NCRL's policies apply differently to adults.

DEFENDANT NORTH CENTRAL'S
MEMORANDUM IN SUPPORT OF
PROPOSED CERTIFIED QUESTION- 8
CV-06-327-EFS
#671390 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Fourth, Plaintiffs' proposed question, read literally, implies that NCRL's filter is configured for the very purpose of blocking all constitutionally-protected speech. This suggests a censorship motive that is unsupported by any evidence. Just as *ALA* recognized that no known filtering software operates perfectly, NCRL acknowledges that some constitutionally-protected content is blocked by its filter in error (in which case patrons may invoke the review and override mechanisms). Other content not meeting NCRL's collection development criteria may be blocked by design but this does not translate to censorship. As noted in *ALA*, a library need not include content in its collection simply because the material is constitutionally-protected. 539 U.S. at 209 n. 4. In fact, a library could properly choose to allow access only to sites deemed worthwhile despite the drawbacks of such an approach. 539 U.S. 208. It is enough to establish that internet access is filtered. What is or is not blocked by the filter need not be addressed in the certified question.

Fifth, Plaintiffs' proposed question ignores the public education goals and duties raised by their Art. 1, §5 claims. The education issues are rooted in undisputed evidence (Ct. Rec. 71, pg. 7) and Washington's statutory law (RCW 27.12.020) and Constitution (Art. 9, §1). The certified question should

DEFENDANT NORTH CENTRAL'S
MEMORANDUM IN SUPPORT OF
PROPOSED CERTIFIED QUESTION- 9
CV-06-327-EFS
#671390 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

connect in some manner to a public library's "paramount duty" to help the State provide a quality educational experience for its children.

**C. Conclusion.**

NCRL ask this Court to adopt its proposed Certified Question and certify it to the Washington Supreme Court under RCW 2.60.020.

DATED this 23rd day of May, 2008

KARR TUTTLE CAMPBELL

By:/s/ *Thomas D. Adams*
Thomas D. Adams, WSBA #18470
E-mail – tadams@karrtuttle.com
Celeste Mountain Monroe, WSBA #35843
E-mail – cmonroe@karrtuttle.com
Attorneys for Defendant North Central Regional Library District
KARR TUTTLE CAMPBELL
1201 Third Ave., Ste. 2900
Seattle, WA 98101
Telephone: 206.233.1313
Facsimile: 206.682.7100

DEFENDANT NORTH CENTRAL'S MEMORANDUM IN SUPPORT OF PROPOSED CERTIFIED QUESTION- 10
CV-06-327-EFS
#671390 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

# CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Duncan Manville  
1629 2nd Ave. W  
Seattle, WA 98119

Aaron Caplan  
ACLU of Washington  
705 Second Ave., Ste. 300  
Seattle, WA 98103

Catherine Crump  
American Civil Liberties Union Foundation  
125 Broad Street, 17th Floor  
New York, NY 10004

KARR TUTTLE CAMPBELL

By: _____  
Heather L. White  
hwhite@karrtuttle.com

DEFENDANT NORTH CENTRAL'S MEMORANDUM IN SUPPORT OF PROPOSED CERTIFIED QUESTION- 11
CV-06-327-EFS  
#671390 v1 / 42703-001