Hon. Edward F. Shea

Thomas D. Adams
Celeste Mountain Monroe
KARR TUTTLE CAMPBELL
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028
(206) 223-1313
Attorneys for North Central Regional Library District

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| SARAH BRADBURN, PEARL CHERRINGTON, CHARLES HEINLEN, and THE SECOND AMENDMENT FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH CENTRAL REGIONAL LIBRARY DISTRICT,<br><br>Defendant. | NO. CV-06-327-EFS<br><br>DEFENDANT NCRL'S MEMORANDUM REGARDING RESPONSE TO CERTIFIED QUESTION |

The analysis of the Washington Supreme Court in *Bradburn, et al. v. North Central Reg. Lib. Dist.*, 168 Wn.2d 789, 231 P.3d 166 (2010)

DEFENDANT NCRL'S MEMORANDUM REGARDING RESPONSE TO CERTIFIED QUESTION - 1
CV-06-327-EFS
#758984 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

("*Bradburn*") answers all legal issues held in abeyance by this Court's September 30, 2008 order. (Dkt. 96). Neither Defendant North Central Regional Library District ("NCRL") nor Plaintiffs[1] contend that genuine issues of material fact remain unresolved. Accordingly, this Court should decide the pending cross-motions for summary judgment at this time based on *Bradburn* and the parties' previous submissions.

### I. *Bradburn resolves Plaintiffs' Article I, Section 5 claim.*

On May 6, 2010, the Washington State Supreme Court answered this Court's certified question, holding that:

> a library can, subject to the limitations set forth in this opinion, filter Internet access for all patrons, including adults, without violating article I, section 5 of the Washington State Constitution.

*Bradburn*, 168 Wn.2d at 793.

The *Bradburn* court stated that it would conclude NCRL's filtering policy does not violate article I, section 5, on the record presented but recognized this Court must apply the decision to the case. *See Bradburn*, 168 Wn.2d at 818. Because *Bradburn* unequivocally held that NCRL's filtering policy was

---

[1] *See, e.g.*, Plaintiffs' Opposition to NCRL's Motion for Summary Judgment (Dkt. 53, pg. 1, lns. 2-3): "The facts crucial to resolving this case are not in dispute….."

Law Offices
KARR TUTTLE CAMPBELL
A Professional Service Corporation
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

consistent with article I, section 5 of the Washington State Constitution, summary judgment should be entered for NCRL on this claim.[2]

**II. Plaintiff's First Amendment claim is foreclosed by ALA as explained in Bradburn**

Although *Bradburn* literally deals with Plaintiffs' state constitutional claim, the court drew heavily upon First Amendment law in evaluating Plaintiffs' challenges to NCRL's filtering policy. Thus, the *Bradburn* Court's analysis is highly instructive in resolving Plaintiffs' federal claim.

The First Amendment claim is based on two contentions: first, that NCRL's filtering policy is overbroad;[3] and second, that NCRL's filtering policy is a constitutionally impermissible content-based restriction on speech. Both arguments fail in light of *United States v. American Library Ass'n*, 539 U.S. 194, 123 S. Ct. 2297, 156 L. Ed. 2d 221 (2003) ("*ALA")* and other federal precedent as explained in *Bradburn.*

---

[2] In dealing with questions of state law, federal courts are bound by the decisions of the state's highest court. *See LaFrance Corp. v. Werttemberger*, 2008 LEXIS 98741 at *4 (W.D. Wash. 2008) citing *Glendale Assocs., Ltd. v. NLRB*, 347 F.3d 1145, 1154 (9th Cir. 2003).

[3] Plaintiffs claim overbreadth in "categorizations that fail to track constitutional requirements, filtering errors, and NCRL's policy of blocking entire web sites when a single page is deemed harmful to minors." *Bradburn*, 168 Wn.2d at 804.

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

*A. NCRL's filtering policy is not overbroad.*

In evaluating Plaintiffs' overbreadth arguments for, the *Bradburn* court followed First Amendment methodology:

> Accordingly, in deciding whether the filtering policy suffers from overbreadth under article I, section 5, our analytical approach aligns with the approach taken under the First Amendment.

*Bradburn*, 168 Wn.2d at 801. In doing so, the *Bradburn* court noted that a majority (not a plurality) of the U.S. Supreme Court reached agreement in *ALA* on several key points, including:

• "public forum analysis is inappropriate in determining whether a library can constitutionally filter certain Internet content." *Bradburn*, 168 Wn.2d at 804;

• "strict scrutiny does not apply [to a library's collection decisions]." *Id.* at 805; and

• libraries must exercise discretion when building and maintaining a collection and filtering policies aid in the collection of materials, not the removal of materials after having been selected. *Id. (emphasis supplied).*

Based on these and other rulings from *ALA*, the *Bradburn* court concluded that "a library simply does not have to include all constitutionally protected

Law Offices
KARR TUTTLE CAMPBELL
A Professional Service Corporation
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

materials in its collection" and that a filtering policy that denies access to particular categories of material is not necessarily overbroad. *Bradburn*, 168 Wn.2d at 808. Nothing in *ALA* or other federal First Amendment law warrants a different analysis and conclusion than that reached by the *Bradburn* court.

*B.* *NCRL's filtering policy is not an impermissible content restriction under the First Amendment.*

The *Bradburn* court also drew upon federal First Amendment principles in rejecting the contention that NCRL's filtering policy is an unconstitutional content-based restriction on speech. The *Bradburn* court began its analysis of this issue by rejecting Plaintiffs' assertion that content-based restrictions are presumptively invalid and subject to strict scrutiny. *Bradburn*, 168 Wn.2d at 812 citing *National End. for Arts v. Finley*, 524 U.S. 569, 585, 118 S. Ct. 2168, 141 L. Ed. 2d 500 (1998)("content-based considerations that may be taken into account in the grant-making process are a consequence of the nature of arts funding") and *Arkansas Educ. Tele. Comm. v. Forbes*, 523 U.S. 666, 672-73, 118 S. Ct. 1633, 140 L. Ed. 2d 875 (1998). Instead, the *Bradburn* court agreed with *ALA* that Internet access in a public library is not subject to public forum analysis or heightened scrutiny. In light of the historical civic role of the public library, and the discretion a library must have to make judgments about the

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

makeup of its collection, the *Bradburn* court held that a filtering policy is constitutionally-permissible if it is reasonable in light of the library's mission and policies and is viewpoint neutral. *See Bradburn*, 168 Wn.2d at 811.

The *Bradburn* court determined that NCRL's filtering policy met that standard, noting that:

• NCRL's essential mission is to promote reading and lifelong learning. Thus, it is reasonable to restrict Internet access to maintain an environment conducive to study and contemplative thought;

• NCRL serves as the *de facto* school library in more than half of its branches. Unfiltered Internet access is not well-suited to the education of children and may adversely affect other patrons and library staff as well;

• NCRL patrons have practical alternatives when content is blocked; and

• NCRL's filtering policy draws no distinctions based on the speaker's viewpoint. *Bradburn*, 168 Wn.2d at 816-17.

The *Bradburn* court correctly applied *ALA* and other First Amendment principles in evaluating Plaintiffs' state constitutional claim. The operative facts surrounding Plaintiffs' First Amendment claim, and the rational basis test against which the facts are judged, are no different. Plaintiffs may advocate for

Law Offices
KARR TUTTLE CAMPBELL
A Professional Service Corporation
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

heightened scrutiny but federal law does not support them. Indeed, in *Ass'n. of Christian Schools v. Stearns*, No. 08-56320, 2010 U.S. App. LEXIS 745, at *3 (9th Cir. Jan. 12, 2010),[4] the Ninth Circuit recently cited *ALA*, *Finley*, and *Forbes* (as did the *Bradburn* court) in recognizing that content-based restrictions on speech are subject only to rational basis scrutiny when the government is performing a function requiring subjective judgment. The Court wrote:

> The Supreme Court has rejected heightened scrutiny where, as here, the government provides a public service that, by its nature, requires evaluations of and distinctions based on the content of speech.

Similarly, a Texas district court recently relied upon *ALA* and *Finley* for the same principle: when a public service requires the drawing of content-based distinctions, the decisions that are made are subject to rational basis review. *Institute for Creation for Research Graduate School v. Texas Higher Educ. Coordinating Bd.*, No. A-09-CA-382-SS, 2010 U.S. Dist. LEXIS 60699, at *46-47 (W.D. Tex. June 18, 2010).

As these decisions demonstrate, *Bradburn's* application of a rational basis review to NCRL's filtering policy follows from a correct interpretation of *ALA*

[4] In *Stearns*, the court affirmed a district court's determination that the University of California's admission policy met First Amendment and Equal Protection standards on its face and as applied.

Law Offices
KARR TUTTLE CAMPBELL
A Professional Service Corporation
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

and First Amendment principles. Plaintiffs nevertheless urge this Court to strike down NCRL's filtering policy because of their view that *ALA* requires filtering to stop when an adult patron requests it. *ALA* does not stand for this proposition. Instead, *ALA* supports libraries' use of filtering in making collection decisions as long as a mechanism exists for adult patrons to seek the unblocking of erroneously blocked content consistent with the library's legitimate collection development policies. 539 U.S. at 214-19. NCRL has precisely such a mechanism in place. *See Bradburn*, 168 Wn.2d at 798. Nothing in *ALA* empowers an adult patron to override the reasonable decisions of a library about the access to internet content. Indeed, in his concurring opinion Justice Breyer specifically noted that libraries might, by local law or practice, restrict the ability of patrons to obtain overblocked internet material. 539 U.S. at 219-220.[5]

*ALA*, in any event, is less about the nuances of the concurring and plurality opinions than the central idea that public libraries have broad discretion to shape their collection and their reasonable decisions are not subject to heightened scrutiny. As the *Bradburn* court observed, "the crux of the issue is NCRL's discretion regarding what will be added to its collection." *Bradburn*,

[5] Like the plurality, Justice Breyer observed pragmatically that although filtering software is imperfect, "no one has presented any clearly superior or better fitting alternatives." 539 U.S. at 219.

Law Offices
KARR TUTTLE CAMPBELL
A Professional Service Corporation
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

168 Wn.2d at 810. As to that issue, there simply is no imperative that a public library provide adult patrons access to all constitutionally-protected content available on the internet. Under *ALA*, libraries may appropriately use internet filtering for collection development if mechanisms exist for patrons to obtain access to material inadvertently blocked. The *Bradburn* court applied this essential principle from *ALA* and this Court should do the same.

## III. Unpublished Authorities

Pursuant to LR 7.1(g)(3), NCRL attaches copies of *Ass'n. of Christian Schools v. Stearns*, 2010 Lexis 745 (9th Cir. 2010) and *Institute for Creation for Research v. Texas Higher Educ.*, 2010 Lexis 60699 (W.D. Tex. 2010).

## IV. Conclusion

For these reasons, and for the reasons set forth in its earlier summary judgment submissions, NCRL asks this Court to enter summary judgment in its favor on Plaintiffs' claims under article I, section 5 of the Washington State Constitution and the First Amendment to the U.S. Constitution.

//

//

//

//

Law Offices
KARR TUTTLE CAMPBELL
A Professional Service Corporation
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

DATED this 2nd day of July, 2010

KARR TUTTLE CAMPBELL

By: */s/ Thomas D. Adams*

Thomas D. Adams, WSBA #18470
E-mail – tadams@karrtuttle.com
Celeste Mountain Monroe, WSBA #35843
E-mail – cmonroe@karrtuttle.com
Attorneys for Defendant North Central Regional Library District
KARR TUTTLE CAMPBELL
1201 Third Ave., Ste. 2900
Seattle, WA 98101
Telephone: 206.233.1313
Facsimile: 206.682.7100

DEFENDANT NCRL'S MEMORANDUM REGARDING RESPONSE TO CERTIFIED QUESTION - 10
CV-06-327-EFS
#758984 v1 / 42703-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Duncan Manville
Savitt Bruce & Willey, LLP
1325 Fourth Ave., Ste. 1410
Seattle, WA 98101

Aaron Caplan
Loyola Law School Los Angeles
919 Albany St.
Los Angeles, CA 90015

Catherine Crump
American Civil Liberties Union Foundation
125 Broad Street, 17th Floor
New York, NY 10004

Sarah A. Dunne
American Civil Liberties Union of Washington Foundation
705 Second Ave., Ste. 300
Seattle, WA 98103

KARR TUTTLE CAMPBELL

By: */s/ Heather L. White*
Heather L. White
hwhite@karrtuttle.com

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100