UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH BRADBURN, PEARL CHERRINGTON, CHARLES HEINLEN, and SECOND AMENDMENT FOUNDATION,<br><br>           Plaintiffs,<br><br>      v.<br><br>NORTH CENTRAL REGIONAL LIBRARY DISTRICT,<br><br>           Defendant. | NO. CV-06-0327-EFS<br><br>**ORDER GRANTING NCRL'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, AND CLOSING FILE** |

    Following the Washington Supreme Court's certification ruling, the question remaining from the parties' summary judgment motions, ECF Nos. 28 & 39, is whether Defendant North Central Regional Library District's (NCRL) internet-filtering policy is overbroad or a content-based restriction thereby violating the First Amendment to the U.S. Constitution. After reviewing the submitted materials, considering the relevant authority, and hearing from counsel during an October 25, 2011 hearing,[1] the Court is fully informed. For the reasons given below, the

---

[1] Duncan Manville appeared on behalf of Plaintiffs Sarah Bradburn, Pearl Cherrington, Charles Heinlen, and the Second Amendment Foundation. Thomas Adams appeared on NCRL's behalf.

ORDER ~ 1

Court grants NCRL summary judgment and denies Plaintiffs summary judgment.

**A.  Facts**[2]

With the assistance of federal funding, NCRL provides Internet access at its twenty-eight libraries.  Because Congress mandates that a library receiving federal funds in order to provide Internet access must restrict patrons' Internet access to obscene and child pornographic materials, NCRL utilizes a filter (FortiGuard) to restrict its patrons' Internet access to such materials.  *See* 20 U.S.C. § 9134(f) (Children's Internet Protection Act (CIPA), which also permits a library to restrict additional materials).  According to both its Internet Public Use Policy and Collection Development Policy (collectively, "Policy"), NCRL sets FortiGuard's filtering parameters to filter web pages and sites that depict hacking, phishing, proxy avoidance, malware, and spyware; display nudity; promote sexuality; or allow gambling.  Not all of the blocked web pages and sites contain constitutionally-unprotected speech.  Therefore, as a result of the FortiGuard filter, constitutionally-protected speech is blocked and patrons, even adult patrons, are unable to view the material.

To help reduce the number of mis-blocked web pages and sites, NCRL allows patrons to submit requests to unblock a specific web page or site. If NCRL believes that a blocked web page or site is appropriate for

---

[2] The parties agree that the detailed undisputed facts contained in the Court's prior Order, ECF No. 96, still apply.  Accordingly, the Court only provides the basic facts herein.

ORDER ~ 2

viewing by all of its patrons, it adjusts FortiGuard's parameters so that the web page or site is unblocked for future Internet use.

Through this lawsuit, Plaintiffs challenge the constitutionality of the Policy under both the Washington and U.S. Constitutions. On September 30, 2008, the Court certified the Washington-constitutional question to the Washington Supreme Court. ECF No. 97. On June 7, 2010, the Washington Supreme Court answered the certified question, finding that "a public library may, consistent with article I, section 5 of the Washington State Constitution, filter Internet access for all patrons without disabling the filter to allow access to web sites containing constitutionally protected speech upon the request of an adult library patron." ECF No. 110 at 31.

Now remaining for the Court to address is whether NCRL's decision to not disable the Internet filter at the request of an adult patron violates the First Amendment to the U.S. Constitution.

**B.   Authority and Analysis**

The First Amendment commands:  "Congress shall make no law . . . abridging the freedom of speech, or of the press; or of the right of the people peaceably to assemble, and to petition the Government for a redress of grievance." U.S. Const. amend. I.  The government can violate the First Amendment in many ways, including enacting a statute that is overbroad or impermissibly regulates the content of speech.[3]  *Ashcroft*,

---

[3]  The freedom of speech has limits as certain types of speech, such as defamation, obscenity, and pornography produced with children, are unprotected by the First Amendment.  *Ashcroft v. Free Speech Coal.*, 535

ORDER ~ 3

535 U.S. at 244. The government restriction may either restrict speech itself or restrict access to the speech: both forms of restrictions may violate the First Amendment. *United States v. Playboy Entm't Gp., Inc.*, 529 U.S. 803, 812 (2000).

The parties agree that NCRL, a government entity, restricts its patrons' access to speech on the Internet. The parties disagree as to what level of judicial scrutiny the Court is to apply to NCRL's access-to-speech restriction. As explained below, based on U.S. Supreme Court and Ninth Circuit decisions, the Court concludes it must apply rational review to the Policy.

First, a majority of the Supreme Court ruled that public-forum analysis is not used to determine whether a public library has appropriately exercised its collection-decision-making authority. *United States v. Am. Library Ass'n*, 539 U.S. 94, 205 & 215-16 (2003) (hereinafter "*ALA*"). Second, the Ninth Circuit held that rational review is used where the "government provides a public service that, by its nature, requires evaluations of and distinctions based on the content of speech." *Ass'n of Christian Sch. Int'l v. Stearns,* 362 Fed. Appx. 640, 643 (9th Cir. 2010) (unpublished opinion).

As a public library, NCRL pursues the "worthy missions" of facilitating learning, research, and recreational pursuits. *ALA*, 539 U.S. at 203. It is undisputed that to fulfill these missions, NCRL is not required to provide "universal coverage" and enjoys "broad discretion to decide what material to provide to [its] patrons." *Id.* at 204

---

U.S. 234, 245-56 (2003).

ORDER ~ 4

(internal citation removed). Plaintiffs argue that NCRL's broad discretion is limited to its written materials because the grant of this discretion is based on a library's space and fiscal limitations. However, these limitations are not the only rationale for granting a library broad discretion to make "content-based judgments when deciding what private speech to make available to the public." *Id.* at 204. A library's "need to exercise judgment in making collection decisions depends [also] on its traditional role in identifying suitable and worthwhile material; [and] it is no less entitled to play that role when it collects material from the Internet than when it collects material from any other source." *Id.* at 208. Given the vast, ever changing, and almost unlimited amount of information available on the Internet, the Supreme Court recognized that "libraries cannot possibly segregate, item by item, all the Internet material that is appropriate for inclusion from all that is not." *Id*. Accordingly, NCRL is required to evaluate its patrons' Internet access based on the speech's content. Therefore, the Court subjects NCRL's filtering process to rational review.

Scrutinizing the undisputed facts under rational review, the Court finds NCRL's use of FortiGuard to filter its patrons' Internet access and its decision to not disable the filter upon an adult patron's request complies with the First Amendment. It is reasonable for NCRL to develop an Internet policy that can be implemented consistently throughout its twenty-eight libraries, and it did so by implementing the Policy. NCRL's libraries are relatively small in size and only one has a partition separating the children's portion of the library from the remainder of the library. Blocking Internet sites and pages that contain

ORDER ~ 5

constitutionally-protected material deemed suitable only for adults helps ensure that the environment at NCRL libraries is consistent with its mission of providing learning and research opportunities for individuals of all ages. This is a legitimate government interest.

And NCRL's practice of requiring a patron to request that a particular web site or page be unblocked is an efficient and rationale way for NCRL to determine whether that web site or page is consistent with its policies and mission, especially in light of the Internet's continuous change. NCRL simply does not have the resources to have its staff review the vast and limitless amount of sites and pages on the Internet to determine whether they are consistent with its policies and mission. NCRL's unblocking-request process reasonably accomplishes its policies and mission, while at the same time complying with CIPA.

The Court acknowledges that this process may frustrate some adult patrons. However, without the funding provided by CIPA, NCRL likely could not provide any Internet access to its patrons. This would be a great disservice to the NCRL patrons, many of whom live in rural areas where reliable, affordably-priced Internet access may be difficult to obtain.

**C. Conclusion**

Because NCRL's Policy, including not disabling the Internet filter at the request of an adult patron, is reasonable, there is no overbreadth or impermissible content-based First Amendment violation. For the above-given reasons, **IT IS HEREBY ORDERED:**

1. NCRL's Motion for Summary Judgment, **ECF No. 28**, is **GRANTED**.
2. Plaintiffs' Motion for Summary Judgment, **ECF No. 39,** is **DENIED**.

ORDER ~ 6

3.      **Judgment** is to be entered in NCRL's favor **with prejudice**.

4.      This file shall be **CLOSED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this ___10th___ day of April 2012.

s/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2006\0327.post.certif.frm

ORDER ~ 7